UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



Case No. **00-06145**

**CIV-FERGUSON**

MAGISTRATE JUDGE
SNOW

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and sue the Defendants, BANKAMERICA CORPORATION, a foreign corporation, d/b/a BANK OF AMERICA CORPORATION, a foreign corporation, f/k/a NATIONSBANK, N.A., a national association, and for their cause of action declare and aver as follows:

1.    Plaintiff, ROXANNA L. ESCUDERO (hereinafter referred to as "ESCUDERO"), is a former employee of Defendants, BANKAMERICA CORPORATION d/b/a BANK OF AMERICA CORPORATION, f/k/a NATIONSBANK, N.A., (hereinafter collectively referred to as "NATIONSBANK"). ESCUDERO is a citizen and resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

2.    Plaintiff, KIMBERLY DRAKE (hereinafter referred to as "DRAKE"), is a former



employee of NATIONSBANK. DRAKE is a citizen and resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. Defendant, NATIONSBANK, is a national association regulated by the Federal Deposit Insurance Corporation, engaged in the business of banking in the State of Florida and elsewhere, and is within the jurisdiction of this Court.

4. Plaintiffs bring this action on behalf of themselves and all other employees of NATIONSBANK, similarly situated to them, throughout the NATIONSBANK system, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* (hereinafter referred to as "the FLSA").

5. This action is brought to recover from NATIONSBANK unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. §201, *et seq.*, and specifically under 29 U.S.C. §216(b).

6. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). NATIONSBANK is, and at all times pertinent to this Complaint, was, engaged in interstate commerce. At all times material hereto, the annual gross revenue of NATIONSBANK was, and continues to be, in excess of $500,000.00, per annum.

7. By reason of the foregoing, NATIONSBANK was, during all times hereafter mentioned, and is, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and §203(s).

8. In or about October, 1997, Plaintiff ESCUDERO became employed by NATIONSBANK, initially as a "Consumer Banker II." In or about July, 1999, ESCUDERO became a "Consumer Banker III", and she remained a Consumer Banker III until her

termination on or about October, 29, 1999. By reason of such employment, ESCUDERO was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). Further, ESCUDERO herself was engaged in commerce. The work performed by ESCUDERO was directly essential to the business operations of NATIONSBANK in interstate commerce.

9. In or about October, 1997, Plaintiff DRAKE became employed by NATIONSBANK, initially as a "Consumer Banker II." In or about August, 1999, DRAKE became a "Consumer Banker III," and she remained a Consumer Banker III until her termination on or about October 29, 1999. By reason of such employment, DRAKE was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). Further, DRAKE herself was engaged in commerce. The work performed by DRAKE was directly essential to the business operations of NATIONSBANK in interstate commerce.

10. The additional persons who may become Plaintiffs in this action are employees of NATIONSBANK, throughout the NATIONSBANK system, employed as Consumer Bankers II, III or IV and subject to the pay policies, practices, and procedures described in the paragraphs below.

11. At all times pertinent to this Complaint, NATIONSBANK failed to comply with 29 U.S.C. §201-19 in that Plaintiffs, and those employees similarly situated to Plaintiffs throughout the NATIONSBANK system, performed hours of service for NATIONSBANK for which no provision was made by NATIONSBANK to properly pay Plaintiffs, and those employees similarly situated to Plaintiffs.

12. At all times material hereto, NATIONSBANK had, and still has, a position called "Consumer Banker." At all times material hereto, NATIONSBANK had, and still has, four (4) different levels for its position of "Consumer Banker": Consumer Banker I; Consumer Banker II; Consumer Banker III; and Consumer Banker IV. At all times material hereto, the job duties of "Consumer Bankers," regardless of the different levels, were, and are, the same. The only difference between the different levels was, and is, the sales goals that each particular Consumer Banker level must meet.

13. At all times material hereto, NATIONSBANK correctly classified the position of Consumer Banker I as non-exempt for purposes of the overtime provisions of the FLSA. In or about December 1997, NATIONSBANK reclassified the positions of Consumer Banker II, III and, IV as non-exempt for purposes of the overtime provisions of the FLSA. Prior to in or about December, 1997, NATIONSBANK had intentionally misclassified the positions of Consumer Banker II, III, and IV as exempt. This intentional misclassification is the subject of a separate lawsuit styled *Beverly Levine, et al. v. NationsBank, N.A.*, Case No. 98-6306-CIV-DIMITROULEAS.

14. In the course of their employment as Consumer Bankers II, III or IV with NATIONSBANK, and subsequent to NATIONSBANK's reclassification of these positions as non-exempt in or about December, 1997, Plaintiffs, and other similarly situated employees throughout the NATIONSBANK system, including Consumer Bankers II, III and IV, worked the number of hours required of them, many times in excess of forty (40), but were not paid overtime.

15. Moreover, NATIONSBANK's supervisory personnel either refused to permit Plaintiffs, and, upon information and belief, other similarly situated employees, to record

the number of hours worked in excess of forty (40) or expressly instructed Plaintiffs, and, upon information and belief, other similarly situated employees, against recording the number of hours worked in excess of forty (40), both in clear violation of NATIONSBANK's record-keeping obligations under the FLSA, specifically §211(c).

16. The pay policies, practices and procedures of NATIONSBANK, as described in the above paragraphs, violated the FLSA by failing to provide for overtime pay to Plaintiffs, and other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, for those hours worked in excess of forty (40).

17. As a result of NATIONSBANK's violation of the FLSA's record keeping requirements, as described above, NATIONSBANK has failed to keep and/or maintain accurate time records for Plaintiff's and all other similarly situated employees. Nevertheless, whatever records may exist concerning the number of hours worked by Plaintiffs, and all other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, and the compensation actually paid to such employees, are in the exclusive possession and sole custody and control of NATIONSBANK, and Plaintiffs are unable to state at this time the exact amount due and owing them or each similarly situated employee. Plaintiffs propose to obtain such information by appropriate discovery to be taken promptly in this case.

## COUNT I - RECOVERY OF UNPAID OVERTIME

18. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

19. Plaintiffs are entitled to be paid time and one half for each hour worked in excess of forty (40) per work week and to have such overtime calculated in accordance

with Federal Regulations, to include commission/bonus payments earned in the appropriate work week in the calculation of the regular rate for the purposes of determining overtime entitlement. All similarly situated current and former employees are similarly owed their overtime pay, calculated properly, for those overtime hours they worked and for which they were not properly paid.

20. By reason of the said intentional, willful and unlawful acts of NATIONSBANK, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

21. As a result of NATIONSBANK's violations of the FLSA, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

22. Because NATIONSBANK's violations of the FLSA were, and, upon information and belief, continue to be, willful, Plaintiffs and those similarly situated to them are entitled to their damages for a period of up to three (3) years preceding the date of filing of this lawsuit.

WHEREFORE, Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, and those similarly situated to them, who have or will opt into this action, respectfully request that this Honorable Court declare NATIONSBANK's above-described actions to be in violation of the FLSA, enjoin NATIONSBANK from further engaging in such violations, enter judgment against Defendant, NATIONSBANK, for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, along with liquidated damages, award reasonable attorneys' fees and costs of suit, and grant all other relief the Court deems just and proper, including pre-judgment interest.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this 28th day of January, 2000.

        Respectfully submitted,

        MUCHNICK WASSERMAN DOLIN & LEVINE, LLP
        Attorneys for Plaintiffs
        4000 Hollywood Boulevard
        Suite 620 North
        Hollywood, Florida 33021
        (954) 989-8100 - Broward/(305) 624-9100 - Dade
        (954) 989-8700 - Fax

        By: _____
            DANIEL R. LEVINE, ESQ.
            Fla. Bar No.: 0057861
            ADAM S. CHOTINER, ESQ.
            Fla. Bar No.: 0146315

                -and-

        BOIES, SCHILLER & FLEXNER L.L.P.
        2435 Hollywood Boulevard
        Hollywood, Florida 33020

# CIVIL COVER SHEET

**00-06145 CIV-FERGUSON**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

ROXANNA ESCUDERO and KIMBERLY DRAKE, on behalf of themselves and all others similarly situated,

## DEFENDANTS

BANKAMERICA CORPORATION, a foreign corporation d/b/a BANK OF AMERICA CORPORATION, a foreign corporation, f/k/a NATIONSBANK, N.A.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Broward_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Broward_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A Broward 0:00cv6145 Ferguson/Snow

**MAGISTRATE JUDGE SNOW**

954-989-8100

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Muchnick, Wasserman, Dolin & Levine, LLP
4000 Hollywood Blvd., Suite 620 North
Hollywood, Florida 33021

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

FLSA, 29 U.S.C. §201, et. seq.

**IVa.** 3-5 days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- B ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**B FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**A LABOR**
- ☒ 710 Fair Labor Standards Act
- B ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- B ☐ 791 Empl. Ret. Inc Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**A FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- * ☐ 890 Other Statutory Actions *A or B

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**B PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- *A or B

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** 1,000,000.00

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions): (See attached)

JUDGE _____ DOCKET NUMBER _____

DATE 1-28-00

SIGNATURE OF ATTORNEY OF RECORD

---

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No. _____ Amount: 150.00

Date Paid: 1/31/00   M/ifp:

VIII. RELATED CASE(S) IF ANY:

*Juliet Aldred et al. v. NationsBank, N.A.*, Case No. 97-7547-CIV-DIMITROULEAS

*Dino Amonica et al. v. BankAmerica Corporation f/k/a NationsBank*, Case No. 99-6721-CIV-DIMITROULEAS

*Jacqueline Mintz et al. v. NationsBank, N.A.*, Case No. 98-8632-CIV-DIMITROULEAS

*Beverly Levine, et al. v. NationsBank, N.A.*, Case No. 98-6306-CIV-DIMITROULEAS

*Marla Perlman, et al. v. NationsBank, N.A.*, Case No. 98-8805-CIV-DIMITROULEAS