UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-FERGUSON
Magistrate Judge Snow

| | |
|---|---|
| ROXANNA L. ESCUDERO, and KIMBERLY DRAKE, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) |
| BANKAMERICA CORPORATION, a foreign corporation d/b/a BANK OF AMERICA CORPORATION, a foreign corporation, f/k/a NATIONSBANK, N.A., a national association, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |



## ANSWER

Bank of America Corporation (f/k/a BankAmerica Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.), which are collectively referred to herein as "defendants," by counsel, answering the Complaint and Demand For Jury Trial ("Complaint") filed by plaintiffs in the above-captioned action:

### First Defense

1.   Upon information and belief, admit plaintiff Escudero is a citizen and resident of Broward County, Florida, and more than eighteen years of age; admit plaintiff Escudero was an employee of NationsBank, N.A. ("NationsBank"); but denies the remaining allegations in paragraph 1 of plaintiffs' Complaint;

2. Upon information and belief, admit plaintiff Drake is a citizen and resident of Broward County, Florida, and more than eighteen years of age; admit plaintiff Drake was an employee of NationsBank; but deny the remaining allegations in paragraph 2 of plaintiffs' Complaint;

3. Admit NationsBank was a national association regulated by the Federal Deposit Insurance Corporation, and was engaged in the business of banking; denies it is required to respond to plaintiffs' jurisdictional allegations to the extent they constitute legal conclusions; and deny the remaining allegations in paragraph 3 of plaintiffs' Complaint;

4. Admit plaintiffs purport to bring this action for compensation and other relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), on behalf of themselves and all other NationsBank employees who are allegedly "similarly situated"; but denies the remaining allegations in paragraph 4 of plaintiffs' Complaint;

5. Admit plaintiffs seek in this action to recover from NationsBank unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, and declaratory and injunctive relief to which plaintiffs believe they are entitled pursuant to the FLSA; but deny the remaining allegations in paragraph 5 of plaintiffs' Complaint;

6. Admit NationsBank was engaged in interstate commerce and had annual gross revenue in excess of $500,000 per annum; admit defendants are engaged in interstate commerce and have annual gross revenue in excess of $500,000 per annum; but deny they are required to respond to the allegations in paragraph 6 of plaintiffs' Complaint to the extent they constitute legal conclusions; and deny the remaining allegations in paragraph 6 of plaintiffs' Complaint;

7. Admit NationsBank was an enterprise engaged in commerce; admit defendants are enterprises engaged in commerce; but deny they are required to respond to the allegations in paragraph 7 of plaintiffs' Complaint to the extent they constitute legal conclusions; and deny the remaining allegations in paragraph 7 of plaintiffs' Complaint;

8. Admit NationsBank hired plaintiff Escudero as a Consumer Banker II in October, 1997; admit NationsBank terminated her employment on or about October 29, 1999, at which time her position title had been changed to Personal Banker II; admit plaintiff Escudero, while employed by NationsBank, was engaged in commerce or was employed by an enterprise engaged in commerce; admit plaintiff Escudero's work was directly essential to NationsBank's business operations; but deny they are required to respond to the remaining allegations in paragraph 8 of plaintiffs' Complaint to the extent they constitute legal conclusions; and deny the remaining allegations in paragraph 8 of plaintiffs' Complaint;

9. Admit NationsBank hired plaintiff Drake as a Consumer Banker II in October, 1997; admit NationsBank promoted plaintiff Drake to the position of Personal Banker III in August, 1999; admit NationsBank terminated her employment on or about October 29, 1999; admit plaintiff Drake, while employed by NationsBank, was engaged in commerce or was employed by an enterprise engaged in commerce; admit plaintiff Drake's work was directly essential to NationsBank's business operations; but deny they are required to respond to the remaining allegations in paragraph 9 of plaintiffs' Complaint to the extent they constitute legal conclusions; and deny the remaining allegations in paragraph 9 of plaintiffs' Complaint;

10. Deny they have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of plaintiffs' Complaint and, accordingly, deny the same;

11.     Deny the allegations in paragraph 11 of plaintiffs' Complaint;

12.     Admit NationsBank had a position known as Consumer Banker and that there were four levels of Consumer Bankers (Consumer Bankers I, II, III & IV); but deny the remaining allegations in paragraph 12 of plaintiffs' Complaint;

13.     Admit NationsBank classified the position of Consumer Banker I as non-exempt for overtime pay purposes; admit NationsBank, in December, 1997, reclassified the positions of Consumer Banker II, III & IV as non-exempt for overtime pay purposes; admit that plaintiffs in the action styled <u>Beverly Levine, et al.</u> v. NationsBank, N.A., Civil Action No. 98-6306-CIV-DIMITRTROULEAS, alleged that NationsBank intentionally misclassified the positions of Consumer Banker II, III & IV as exempt for overtime pay purposes; but deny the remaining allegations in paragraph 13 of plaintiffs' Complaint;

14.     Deny they have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of plaintiffs' Complaint and, accordingly, deny the same;

15.     Deny the allegations in paragraph 15 of plaintiffs' Complaint;

16.     Deny the allegations in paragraph 16 of plaintiffs' Complaint.

17.     Deny the allegations in paragraph 17 of plaintiffs' Complaint;

18.     Incorporate herein by reference its responses to paragraph 1 through 17 of plaintiffs' Complaint;

19.     Admit NationsBank and defendants paid plaintiffs all of the compensation, including overtime compensation to which they were entitled; but deny they are required to respond to the allegations in paragraph 19 of plaintiffs' Complaint to the extent they constitute legal conclusions; and deny the remaining allegations in paragraph 19 of plaintiffs' Complaint;

4

20. Deny the allegations in paragraph 20 of plaintiffs' Complaint;

21. Deny the allegations in paragraph 21 of plaintiffs' Complaint;

22. Deny the allegations in paragraph 22 of plaintiffs' Complaint; and

23. Deny the allegations in the "WHEREFORE" clause of plaintiffs' Complaint.

## Second Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## Third Defense

Defendants acted in good faith at all times relevant to plaintiffs' claims, and reasonably believed they were not violating the FLSA under the circumstances.

## Fourth Defense

Plaintiffs' claims are barred in whole or part by the applicable statute of limitations.

## Fifth Defense

Any alleged action taken by any supervisor which wrongfully denied plaintiffs overtime compensation was taken and done outside the scope of said supervisor's authority and, therefore, would constitute an ultra vires act.

## Sixth Defense

Defendants reserve the right to assert additional affirmative defenses as they become known.

WHEREFORE, Defendants, by counsel, request the Court to dismiss plaintiffs' Complaint, with prejudice; to award defendants the costs herein expended, including their reasonable attorneys' fees; and to grant such further relief as the Court may deem just and proper.

This the 22nd day of May, 2000.

_____

Michael T. Burke (Florida Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George, P.A.,
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:  954/463-2444
Telephone:  954/463-0100 Broward
            305/945-2000 Dade
            561/640-7448 WPB

Richard F. Kane (NC Bar No. 5694)
Bruce M. Steen (VA Bar No. 31062)
McGuire, Woods, Battle & Boothe LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
Telephone:  (704) 373-8999
Facsimile:  (704) 373-8990

Attorneys for Bank of America Corporation and
Bank of America, N.A.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing "ANSWER" in the above-captioned proceeding has been served this day by U.S. mail, postage prepaid, upon Plaintiffs' counsel as listed below:

> Daniel R. Levine, Esq.
> Adam S. Chotiner, Esq.
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

This the 22nd day of May, 2000.

_____
Michael T. Burke