UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
*00-6145*
CASE NO. ~~98-8632~~-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a BANK
OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendant.

_____/



## JOINT SCHEDULING REPORT

COME NOW the Plaintiffs, ROXANNA ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all others similarly situated, and the Defendant, BANKAMERICA

CORPORATION, a foreign corporation d/b/a BANK OF AMERICA CORPORATION, a

foreign corporation, f/k/a NATIONSBANK, N.A., a national association (hereinafter referred

to as "NATIONSBANK"), and, pursuant to this Honorable Court's June 2, 2000 Order

Requiring Counsel to Meet and File Joint Scheduling Report and Local General Rule

16.1.B.7, hereby file their Joint Scheduling Report, as follows:

### (a) DETAILED SCHEDULE OF DISCOVERY

Plaintiffs anticipate serving initial written interrogatories pursuant to Local General



Rule 26.1.G, as well as contention interrogatories at the conclusion of discovery. Plaintiffs also anticipate serving requests for production seeking documents relating to hours/pay. Plaintiffs also anticipate serving interrogatories directed to the issue of similarly situated employees. Finally, Plaintiffs anticipate deposing certain managerial employees.

Defendant anticipates serving written discovery and taking multiple depositions.

Both parties believe this is a standard track case. See Local General Rule 16.1.A.2(b). However, Plaintiffs believe 180 days from the date of this Scheduling Report is appropriate, while Defendant believes 269 days from the date the Court enters the Scheduling Order is appropriate.

**(b)   LIKELIHOOD OF SETTLEMENT**

The parties will discuss settlement in good faith, although there is no immediate likelihood of settlement. Mediation should be ordered upon completion of discovery.

**(c)   LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES**

In light of the fact that the Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to the "collective action" mechanism of 29 U.S.C. §216(b), the appearance of additional parties in the action is likely. In fact, to date, approximately one hundred (100) individuals have filed Consents, effectively opting-in to the action. Plaintiffs anticipate filing a motion to allow notification shortly.

The appearance of additional defendants in the action is not likely.

**(d)   PROPOSED LIMITS ON THE TIME:**

(i)     for Plaintiffs to file a motion for notification – no later than sixty (60) days following the entry of the scheduling order in this case;

2

(ii)    to join other parties and to amend the pleadings –

    (A)    Non-notification related joinder and amendments – no later than sixty (60) days following the entry of the scheduling order in this case;

    (B)    Notification-related joinder and amendments – as per time schedule set by Court in notification order, in the event the Court is inclined to authorize notification.

(iii)    to file and hear dispositive motions – no later than forty-five (45) days following the completion of discovery;

(iv)    to complete discovery – one hundred and eighty (180) days from the date of this Report, according to the Plaintiffs; two hundred and sixty nine (269) days from the date of the Scheduling Order, according to the Defendant. Notwithstanding this time frame, in the event the Court authorizes notification, the parties agree that Defendant should be entitled to no less than ninety (90) days of discovery following any "opt-in" deadline set by the Court. However, this should not be construed in any way as an agreement on the Plaintiffs' part that the Defendant is entitled to wholesale opt-in discovery.

## (e)    PROPOSALS FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES, INCLUDING THE ELIMINATION OF FRIVOLOUS CLAIMS OR DEFENSES

The parties will work together in an effort to formulate and simplify the issues, including the elimination of frivolous claims or defenses.

3

**(f)    THE NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS**

The parties do not anticipate amendments to the pleadings, other than for

notification purposes.

**(g)    THE POSSIBILITY OF OBTAINING ADMISSIONS OF FACTS AND OF DOCUMENTS WHICH WILL AVOID UNNECESSARY PROOF, STIPULATIONS REGARDING AUTHENTICITY OF DOCUMENTS AND THE NEED FOR ADVANCE RULINGS FROM THE COURT ON ADMISSIBILITY OF EVIDENCE**

The parties will work together in an effort to obtain (1) admissions of facts and of

documents which will avoid unnecessary proof and (2) stipulations regarding authenticity

of documents.  The parties do not anticipate the need for advance rulings from the Court

on admissibility of evidence.

**(h)    SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE**

The parties will work together in an effort to avoid unnecessary proof and cumulative

evidence.

**(i)    SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER**

The parties do not believe that reference of matters to the Magistrate Judge is

advisable other than discovery matters.

**(j)    PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL**

Two weeks.

**(k) REQUESTED DATE OR DATES FOR CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE, AND TRIAL**

The parties request a final pretrial conference sixty (60) days following the close of discovery. According to Plaintiffs' discovery schedule, on or about March 1, 2001. According to the Defendant's discovery schedule, on or about June 1, 2001.

The Plaintiffs believe a status conference would be beneficial in or about October of this year.

The parties request that the trial be set on any docket following the date of the pretrial conference (either March or June 2001, depending on the discovery schedule).

**(l) ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE**

Plaintiffs believe that insofar as approximately one hundred (100) individuals from all different geographic locations have already opted-in to this action, Plaintiffs would suggest that this Court authorize notification at the earliest possible stage, while allowing Defendant to file an appropriate motion to "decertify" the action. See *Hoffman-La Roche, Inc. v. Sperling*, 483 U.S. 465, 468 (1989). Judicial intervention at an early stage ensures timely, accurate and informative disclosure to all similarly situated employees. *Id.* Such disclosure will expedite the instant action by apprizing Defendant as to the identity of all claimants at the earliest possible time. *Id.* Since the Court's involvement in the notification process is "inevitable", it should occur prior to the notification of class members and the filing of a significant number of notices of consent. *Id.*

5

Defendant does not share Plaintiffs' belief in this regard, objects to the inclusion of

the preceding paragraph in this Joint Scheduling Report, and further states that it intends

to vigorously oppose notification.

DATED: July 5th, 2000.

Respectfully submitted.

McGUIRE WOODS BATTLE &
BOOTHE, LLP
Attorneys for Defendant
3700 Bank of America Plaza
101 South Tryon Street
Charlotte, N.C. 28280
(704) 373-8957 Phone
(704) 373-8828 Fax

By: _____ (for)
RICHARD F. KANE, ESQ.
NC Bar No. 5694
Pro Hac Vice
BRUCE M. STEEN
VA Bar No. 31062
Pro Hac Vice

- and -

Michael Burke, Esq.
JOHNSON, ANSELMO, MURDOCH,
BURKE & GEORGE
790 E. Broward Boulevard
Suite 400
Ft. Lauderdale, FL 33303-0220
(954) 463-0100 Phone
(954) 463-2444 Fax

MUCHNICK, WASSERMAN,
DOLIN & LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., Ste. 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, Esq.
Fla. Bar No. 708690
DANIEL R. LEVINE, Esq.
Fla. Bar No. 0057681

Anne Hinds, Esq.
Caryl Boies, Esq.
BOIES, SCHILLER & FLEXNER
LLP.
2435 Hollywood Boulevard
Hollywood, Florida 33020
(954) 929-1190 phone
(954) 929-1185 fax

6

Defendant does not share Plaintiffs' belief in this regard, objects to the inclusion of

the preceding paragraph in this Joint Scheduling Report, and further states that it intends

to vigorously oppose notification.

DATED:  July 5th, 2000.

Respectfully submitted,

McGUIRE WOODS BATTLE &
BOOTHE, LLP
Attorneys for Defendant
3700 Bank of America Plaza
101 South Tyron Street
Charlotte, N.C. 28280
(704) 373-8957 Phone
(704) 373-8828 Fax


By:  _____
RICHARD F. KANE, ESQ.
NC Bar No. 5694
Pro Hac Vice
BRUCE M. STEEN
VA Bar No.  31062
 Pro Hac Vice

- and -

Michael Burke, Esq.
JOHNSON, ANSELMO, MURDOCH,
BURKE & GEORGE
790 E. Broward Boulevard
Suite 400
Ft. Lauderdale, FL 33303-0220
(954) 463-0100 Phone
(954) 463-2444 Fax

MUCHNICK, WASSERMAN,
DOLIN & LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., Ste. 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax


By:  _____
SUSAN L. DOLIN, Esq.
Fla. Bar No. 708690
DANIEL R. LEVINE, Esq.
Fla. Bar No. 0057861

Anne Hinds, Esq.
Caryl Boies, Esq.
BOIES, SCHILLER & FLEXNER,
LLP,
2435 Hollywood Boulevard
Hollywood, Florida 33020
(954) 929-1190 phone
(954) 929-1185 fax

6