UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

             Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,
             Defendant.



## Memorandum Of Law In Support
## Of NationsBank's Motion For Summary Judgment

Bank of America Corporation (f/k/a BankAmerica Corporation) and Bank of America,

N.A. (f/k/a NationsBank, N.A.)(collectively "NationsBank") hereby submit the following

Memorandum of Law in Support of their Motion for Summary Judgment.

### Statement of the Case

On January 31, 2000, Plaintiffs Roxanna L. Escudero and Kimberly Drake ("Named

Plaintiffs") filed this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

("FLSA"), "on behalf of themselves and all other employees of NationsBank similarly situated."

See Complaint and Demand for Jury Trial ("Complaint"), ¶¶ 4 and 10. In their Complaint,



Named Plaintiffs alleged that they worked for NationsBank as Consumer Banker IIs and IIIs; that NationsBank reclassified their positions as non-exempt for purposes of the FLSA in December, 1997; that between December, 1997 and October 29, 1999, they and other similarly situated NationsBank employees worked "many times in excess" of forty (40) hours per week for which excess hours they were not paid overtime pay by NationsBank. See Complaint, ¶¶ 4, 8, 9, 11, 14 and 16. NationsBank filed its Answer on May 22, 2000.

On August 21, 2000, Named Plaintiffs filed their Motion to Allow Notification to Potential Class Members, As Authorized By The Fair Labor Standards Act, 29 U.S.C. § 216(b) ("Motion to Allow Notification"). They alleged in their Motion to Allow Notification that NationsBank "through its banking center managers and other supervisory personnel" refused overtime pay to Consumer Banker IIs, IIIs and IVs, and further prevented or intimidated the putative class from "properly record[ing] their time." See Motion to Allow Notification, ¶ 13. The putative "class," as defined by Named Plaintiffs, consists of all individuals who worked as non-exempt Consumer Banker IIs, IIIs or IVs after NationsBank's reclassification of the positions as non-exempt at some point in December, 1997. See Complaint, ¶ ¶ 10 and 14, and Motion to Allow Notification, ¶¶ 4 and 14.

### Statement of Facts

On December 17, 1997 NationsBank reclassified the positions of Consumer Banker II, III and IV as non-exempt for purposes of the overtime pay provisions of the FLSA. See Concise Statement Of Material Facts As To Which NationsBank Contends There Is No Genuine Issue To Be Tried ("Facts"), ¶ 3, which is being filed contemporaneously with this Memorandum and NationsBank's Motion for Summary Judgment. Of the one hundred nine (109) plaintiffs who filed consents to become plaintiffs in this action by October 1, 2000, twenty-nine (29) terminated

2

their employment with NationsBank prior to the reclassification of the Consumer Banker II-IV

positions as non-exempt on December 17, 1997. See Facts, ¶¶ 6 and 7. Eleven (11) other "opt-

in" plaintiffs transferred out of their Consumer Banker II-IV positions prior to December 17,

1997. See Facts, ¶¶ 6 and 8. Thus, a total of forty (40) "opt-in" plaintiffs were not employed by

NationsBank as Consumer Banker IIs, IIIs or IVs during the relevant time period defined by

Named Plaintiffs in their Complaint for which damages are sought, i.e., after December 17,

1997. See Facts, ¶¶ 6-8.

### Argument

I.     Forty (40) Current "Opt-in" Plaintiffs Are Ineligible To Participate In This Action And
       NationsBank, Therefore, Is Entitled To Summary Judgment On Their Respective Claims.

Summary judgment is appropriate when "the pleadings, . . .admissions on file, together

with affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must

consider all evidence and reasonable inferences arising therefrom in the light most favorable to

the non-moving party; however, said party "may not rest on its pleadings but must set forth

specific facts showing that there is a genuine issue for trial as to those dispositive matters for

which it carries the burden of proof." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

U.S. 574, 587-89, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). Summary judgment, therefore, may

be entered "against a party who fails to make a sufficient showing to establish the existence of an

element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d

265, 106 S. Ct. 2548 (1986).

Under the FLSA, one or more plaintiffs may prosecute an action against a current or

former employer in a representative capacity for "other employees **similarly situated**." See 29

U.S.C. § 216(b) (emphasis added). Such "collective actions" allow plaintiffs who are similarly

3

situated to the representative plaintiffs to "opt-in" to the case by filing written consents to

participate. Id. Each "opt-in" plaintiff bears the burden of showing they are similarly situated to

both the representative plaintiffs and the remainder of the proposed class. See, e.g., Morisky v.

Public Service Electric and Gas Company, 2000 U.S. Dist. Lexis 12546 (D.N.J. 2000). Unless

an "opt-in" plaintiff can make this showing, they should be dismissed as plaintiffs.

Named Plaintiffs have consistently and unequivocally stated to this Court that they

represent "similarly situated" plaintiffs, who as Consumer Banker IIs, IIIs and IVs, worked

overtime hours after December, 1997, but were not allowed to record their overtime hours or

were simply not paid for them. See Complaint and Demand for Jury Trial, ¶ ¶14 and 15, Motion

to Allow Notification, ¶¶ 4, 7 and 10 and Plaintiffs' Reply Memorandum in Support of Motion to

Allow Notification to Potential Class Members, p. 4.[1]

The unassailable evidentiary record now before this Court, however, demonstrates that

forty (40) of the "opt-in" plaintiffs either were no longer employed by NationsBank or

transferred out of their Consumer Banker II, III or IV positions prior to December 17, 1997.

These plaintiffs, therefore, are in no way "similarly situated" to Named Plaintiffs, and cannot

---

[1] In their Reply Memorandum in Support of their Motion to Allow Notification, Named
Plaintiffs concisely delineate the nature of and time period for both their and the putative class'
FLSA claims as follows:

> "[t]he Court will recall that the operative period in *Levine* was **up until**
> December 1997 when NationsBank reclassified the Consumer Banker II,
> III and IV positions as non-exempt. The operative period in the instant
> case begins **following** December 1997 **after** the reclassification, and
> alleges that despite the newly appropriate classification of Consumer
> Bankers IIs, IIIs and IVs as non-exempt, NationsBank nevertheless
> continued to refuse to pay these employees overtime" (emphasis in
> original).

4

maintain a claim on the allegations contained in Named Plaintiffs' Complaint. NationsBank,

therefore, is entitled to summary judgment on their claims.

A.    Twenty-nine "opt-in" plaintiffs cannot maintain a claim because their
      employment with NationsBank terminated prior to December 17, 1997.

The chart attached as Exhibit 1 to the Robinson Affidavit identifies twenty-nine (29)

"opt-in" plaintiffs who terminated their employment with NationsBank prior to December 17,

1997.[2]  See Facts, ¶ 7.  As this chart indicates, these twenty-nine "opt-in" plaintiffs terminated

their employment with NationsBank during a two-year period from October 24, 1995 through

November 14, 1997.  Id.  Their claims, therefore, are fatally flawed - they cannot claim overtime

compensation for purported "excess hours" worked after December 17, 1997 when they were not

even employed by NationsBank during that period. Compare id. to Complaint, ¶¶ 10 and 14 and

Motion to Allow Notification, ¶¶ 4 and 14.  Under any reasonable interpretation of Named

Plaintiffs' allegations, the first twenty-nine (29) "opt-in" plaintiffs listed on Exhibit 1 to the

Robinson Affidavit are ineligible to participate in this lawsuit.

B.    Eleven additional "opt-in" plaintiffs cannot maintain a claim because they left their
      Consumer Banker II, III or IV positions prior to December 17, 1997.

The chart attached as Exhibit 1 to the Robinson Affidavit further identifies eleven (11)

"opt-in" plaintiffs who transferred out of their Consumer Banker II, III or IV positions prior to

December 17, 1997.[3]  See Facts, ¶ 8.  Again, Named Plaintiffs have brought this action on behalf

of Consumer Banker IIs, IIIs and IVs who purportedly worked overtime hours without

compensation **after** the date in December 1997 when NationsBank reclassified the position as

---

[2] The first twenty-nine entries on the chart highlighted in yellow indicate the "opt-in"
plaintiffs who terminated their employment with NationsBank prior to December 17, 1997.

[3] The entries on the chart highlighted in red indicate the "opt-in" plaintiffs who transferred
out of their Consumer Banker II, III or IV positions prior to December 17, 1997.

non-exempt for overtime pay purposes. See Facts, ¶ 4. Like those "opt-in" plaintiffs whose

employment with NationsBank terminated prior to December 17, 1997, these eleven "opt-in"

plaintiffs can in no way establish they are "similarly situated" to the putative class of employees

Named Plaintiffs purport to represent since they did work as Consumer Bankers during the

relevant time period. Compare Facts, ¶ 8 to Complaint, ¶¶ 10 and 14 and Motion to Allow

Notification, ¶¶ 4 and 14. NationsBank, therefore, also is entitled to summary judgment on the

claims of these eleven "opt-in" plaintiffs.

### Conclusion

Based upon the facts and arguments asserted above, NationsBank respectfully requests

the Court to enter an Order: granting its Motion for Summary Judgment on the claims of the

forty (40) "opt-in" plaintiffs identified herein; dismissing the claims of these forty (40) Plaintiffs

with prejudice; awarding NationsBank the cost and reasonable attorneys' fees expended in

prosecuting this Motion; and awarding such other and further relief as the Court deems just and

proper.

Respectfully submitted, this the 23rd day of October, 2000.

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
(954) 463-0100; Facsimile (954) 463-2444

Richard F. Kane (NC Bar No. 5694)
Bruce M. Steen (VA Bar No. 31062)
McGUIREWOODS LLP
3700 NationsBank Plaza
Charlotte, North Carolina 28280

Counsel for NationsBank, N.A.

6

Case No. 00-06145-CIV-DIMITROULEAS/Snow
Escudero v. NationsBank, N.A.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing in the above-captioned

proceeding has been served this day by U.S. mail, postage prepaid, upon plaintiffs' counsel as

listed below:

Susan L. Dolin, Esq.
Daniel R. Levine, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

This the **23**<sup>rd</sup> day of October, 2000.

Michael T. Burke