UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.

_____/

## PLAINTIFFS' NOTICE OF FILING OF CORRECTED/AMENDED AFFIDAVITS

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all others similarly situated, and hereby notify the Court that the

following persons who have previously opted in to the above-referenced litigation and

provided affidavits in support thereof are hereby filing corrected/amended affidavits in

support thereof:

    1.    John Bari

    2.    Mary F. Bolden

    3.    Cari M. Ford

    4.    Diane Kirkland



5.    Julia Kozel

6.    Juan C. Valdez, Sr.

7.    Angela Mobley

Plaintiffs also anticipate filing a corrected/amended affidavit on behalf of Olga

Valdes.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.
Mail this 27th day of October, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al.,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and Richard

F. Kane, Esq., McGuire, Woods, Battle & Boothe, 3700 NationsBank Plaza, Charlotte, NC

28280.

Respectfully submitted,

MUCHNICK WASSERMAN, DOLIN &
LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100 / (305) 624-9100

By: _____

SUSAN L. DOLIN
Fla. Bar No.: 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No.: 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.

_____/

## CORRECTED AFFIDAVIT OF JOHN BARI

STATE OF CALIFORNIA    )
                           ) ss:
COUNTY OF SANTA CLARA  )

BEFORE ME, the undersigned authority, on this date personally appeared JOHN

BARI who, after first being duly sworn deposes and says:

1.    My name is John Bari. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1997, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker II.

3.    In or about December 1997, at which time I worked at NationsBank's Yorktown

banking center, NationsBank reclassified my position as non-exempt, which allowed me to

be eligible for overtime compensation. As of this date, I was also required to fill out time

cards.

4.      During the period December 1997 to March 1998, the Yorktowne banking center
had no branch manager, although it did have a customer service manager, named Brenda,
whose last name I cannot recall. During December of 1997, I did not feel I was receiving
proper training and approached the Regional Manager on this issue, John Stuntz. In early
January, I was then sent to the Turnpike banking center in Northern Virginia for about two (2)
months (January and February 1998) and I recall working some Saturdays during that time
which put my time worked at over forty (40) hours per week. In fact, I was probably working
between forty-six (46) and forty-eight (48) hours during that time. During this time, I do recall
that I did fill out time cards, and I believe that I did indicate my overtime hours on time sheets
during this time.  However, in late February 1998, I was then transferred back to the
Yorktowne branch, where NationsBank had recently hired a banking center manager,
Theodore Gargagliano. Theodore indicated to myself and other employees that we were "not
to record overtime hours on our time record and that NationsBank would not pay overtime."
As a result of these instructions, I only recorded forty (40) hours on my time card each week
even though I worked more than forty (40) hours (as I continued to work six (6) days a week
including Saturdays). If I got paid for overtime work during this period, I neither recall it, nor
do I know how I would have been paid for it based on the instructions I received from
Theodore Gargagliano as mentioned above. At any rate, even if I was paid overtime hours,
it is not nearly equal to the amount of hours worked in total.

5.      During branch meetings with employees, Theodore Gargagliano would reiterate
that he and NationsBank would not pay for overtime work, and that we were not to record
overtime hours worked on our time records. He did state that he would give us time off as
reimbursement for overtime hours worked; however, I do not recall ever taking time off for this
purpose.

6.     After returning to the Yorktowne branch in March 1998, I worked anywhere from forty-four (44) to forty-six (46) hours per week as I worked six (6) days which included Saturdays. However, because of management directives, I recorded and was paid for only forty (40) hours per week to the best of my recollection.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JOHN  BARI

SWORN TO AND SUBSCRIBED before me this 23 day of OCTOBER ___, 2000 by JOHN BARI, who is personally known to me, or who produced CA DRIVERS LIC ___ as identification, and who did take an oath.

_____
Notary Public

My Commission Expires:
DENNIS PEREZ
Acknowledger's Name Stamped,
Typed or Printed

DENNIS PEREZ
Comm. # 1132203
NOTARY PUBLIC - CALIFORNIA
Santa Clara County
My Comm. Expires April 26, 2001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

      Defendants.

_____/

## CORRECTED AFFIDAVIT OF MARY F. BOLDEN

STATE OF MARYLAND  )
                 ) ss:
COUNTY OF BALTIMORE )

BEFORE ME, the undersigned authority, on this date personally appeared MARY F.

BOLDEN who, after first being duly sworn deposes and says:

1.    My name is Mary F. Bolden. I have personal knowledge of the facts recited in

this Affidavit.

2.    In or about 1990, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's

Randallstown banking center, NationsBank reclassified my position as non-exempt, which

allowed me to be eligible for overtime compensation. As of this date, I was also required to

fill out time cards.

4.     However, since December 1997, Barbara Mullin, the branch manager at NationsBank's Randallstown banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.     During branch meetings with employees, Barbara Mullin would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. The only exception to this was that we were allowed to record overtime for hours in excess of forty (40) that were spent at cluster meetings and regional meetings. If it was for actual individually performed work, it was not to be recorded or paid.

6.     Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty-eight (58) hours per week. I would work on some Saturdays from 10:00 a.m. to 12:00 or 1:00 p.m., and during the week, sometimes until 7:00 p.m. or 8:00 p.m. In fact, I was there late enough to be seen often by the janitor. Particularly in 1998, NationsBank installed new systems, and we had to spend time learning those. It was not possible to get the job done in forty (40) hours. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked, except for the branch meetings or promotions mentioned in paragraph 5.

FURTHER AFFIANT SAYETH NAUGHT.

MARY F. BOLDEN

SWORN TO AND SUBSCRIBED before me this 12Th day of _____, 1999, by MARY F. BOLDEN, who is personally known to me, or who produced _____ as

identification, and who did take an oath.

_Jean L. Hayes_
Notary Public
My Commission Expires:
_april 19, 2003_
Acknowledger's Name Stamped,
Typed or Printed

Jean L. Hayes

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## CORRECTED AFFIDAVIT OF CARI M. FORD

STATE OF MISSOURI    )
                       ) ss:
COUNTY OF ST. LOUIS  )

BEFORE ME, the undersigned authority, on this date personally appeared CARI M.

FORD who, after first being duly sworn deposes and says:

1.     My name is Cari M. Ford. I have personal knowledge of the facts recited in this

Affidavit.

2.     In or about 1990, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.     In or about December 1997, at which time I worked at NationsBank's Olivette

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4. However, since December 1997, the branch manager at NationsBank's Olivette banking center, indicated to myself and the other employees that NationsBank did not want to pay for overtime work, regardless of whether it was worked, and many times we were instructed not to record overtime hours worked on our time records. As a result of these instructions, I would only put on my time cards the number of overtime hours I worked which I thought would get processed and not be returned to me. I did not, however, record all of my overtime hours.

5. For example, it was expected that we would not take lunch. We would put out cookies and other refreshments for the customers, but we used to joke that NationsBank should fit us with IVs and catheters and just infuse us with food at our desks. I did not put down the hours on my time cards that I did not take for lunch. There was so much work to do that it was impossible to get it done during forty (40) hours, so I would come in early, and not put those hours down on my time card either.

6. There were times when I would records closer to the true number of hours I worked (i.e., more overtime hours) on my time card than others, depending on who the managers were. Sometimes the hub managers would come down on the banking center managers about the number of overtime hours, and the banking center managers would then come down on us, so I was not able to records as many hours (i.e., closer to the true number of hours that I worked) as I might otherwise have done.

7. During branch meetings with employees, the branch manager would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6. Despite these instructions, I did record some, but not nearly all, of the overtime hours which I worked.

7. I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Herman Travis, Jennifer Shar, and Deborah Pollard. These

individuals worked hours in excess of forty (40) in given workweeks for which they did not

receive appropriate compensation. I do not believe that they are aware of their legal right to

recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime,

although I felt that what NationsBank was doing was wrong and unfair.

FURTHER AFFIANT SAYETH NAUGHT.

_Cari M. Ford_
CARI M. FORD

SWORN TO AND SUBSCRIBED before me this _18_ day of _Oct_ ,2000 by CARI M.
FORD, who is personally known to me, or who produced _Drivers License_ as
identification, and who did take an oath.

_Marie G. Baber_
Notary Public
My Commission Expires:
_3.8.02_

Acknowledger's Name Stamped,
Typed or Printed

MARIE G. BADER
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: March 8, 2002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.

_____/

## AMENDED AFFIDAVIT OF DIANE KIRKLAND

STATE OF FLORIDA      )
                      ) ss:
COUNTY OF POLK      )

        BEFORE ME, the undersigned authority, on this date personally appeared DIANE

KIRKLAND who, after first being duly sworn deposes and says:

        1.     My name is Diane Kirkland. I have personal knowledge of the facts recited in this

Affidavit.

        2.     In or about 1986, I was employed by NationsBank.  I was employed by

NationsBank as a Consumer Banker II.

        3.     In or about December 1997, at which time I worked at NationsBank's South Winter

haven banking center, NationsBank reclassified my position as non-exempt, which allowed me

to be eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, Louise Home, the branch manager at NationsBank's South Winter haven banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. The usual hours which I worked were from 7:30 a.m. through 6:30 p.m. with an hour lunch, although sometimes I took a shorter lunch. I did not work Saturdays. I did record only forty (40) hours, usually 8.00 a.m. until 5:00 p.m. with an hour's lunch.

5.    I left the Bank on or about March 13, 1998, and found out that after some nineteen years of service (including NationsBank's predecessors), I was not going to get my vacation pay when I left. I was told that that was because I left in March and did not work a full year. I told my branch manager, Louise Home, around February that I would be quitting and that I was upset that I would not get my vacation pay, and she advised me to put down some of the overtime hours that I had in fact worked so that I could get some compensation. As to the other overtime shown on NationsBank's records, I believe that this represents approved call nights, which we were allowed to record as overtime. However, we were not allowed to record overtime that we necessarily worked to finish our individual work, and the overtime reflected by NationsBank as having been paid to me is not nearly the full amount of the overtime that I in fact worked.

6.    During branch meetings with employees, Louise Home would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Mickey Barnett. This individual worked hours in excess of forty (40) in given workweeks for which he did not receive appropriate compensation. I do not believe that he is aware of his legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

**FURTHER AFFIANT SAYETH NAUGHT.**



DIANE KIRKLAND

SWORN TO AND SUBSCRIBED before me this 25 day of October 2000, by DIANE
KIRKLAND, who is personally known to me, or who produced _____ as
identification, and who did take an oath.

Notary Public
My Commission Expires June 2, 2002

Acknowledger's Name Stamped,
Typed or Printed

TRICIA A. GILDER
MY COMMISSION # CC 747617
EXPIRES: 06/02/2002
1-800-4-NOTARY  Fla Notary Services & Bonding Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

       Defendants.

_____/

## AMENDED AFFIDAVIT OF JULIA KOZEL

STATE OF FLORIDA    )
                    ) ss:
COUNTY OF SARASOTA  )

BEFORE ME, the undersigned authority, on this date personally appeared JULIA KOZEL

who, after first being duly sworn deposes and says:

1.    My name is Julia Kozel. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1986, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's South Venice

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, Janet Jones, the b̶r̶a̶n̶c̶h̶ x̶x̶m̶a̶n̶a̶g̶e̶r̶x̶x̶ ̶a̶t̶ Retail Marketing
Manager at

South Sarasota/Charlotte Region

NationsBank's ~~South Venice banking center~~ indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours, except that we were allowed to record Saturday hours worked, even if it took us over forty (40) hours. I worked Saturdays from 8:30 a.m. until 12:30 p.m. and did record that time. However, it was not possible to complete my regular work load in forty hours, and during the week I would come in early and stay late. However, I was not allowed to record those hours on my time card, and did not do so, even though I worked them.

5.    During branch meetings with employees, Janet Jones would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours as described in paragraph 5 on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty (50) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked, except when I worked Saturdays as described above.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Tracy Blitch. This individual worked hours in excess of forty (40) in given workweeks for which she did not receive appropriate compensation. I do not believe that she is aware of her legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

8.    I worked for NationsBank's predecessors from March 1979 through all the mergers and considered myself a good employee. I would in no way try to defraud anyone in any way.

FURTHER AFFIANT SAYETH NAUGHT.

_Julia Kozel_
JULIA KOZEL

SWORN TO AND SUBSCRIBED before me this 16 day of ___October___, 2000, by JULIA KOZEL, who is personally known to me, or who produced __FL Drivers License__ as identification, and who did take an oath.



Notary Public
My Commission Expires:

_____
Acknowledger's Name Stamped,
Typed or Printed

TAMMIE R. RIFE
MY COMMISSION # CC 838062
EXPIRES May 18, 2003
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

      Defendants.

_____/

## AMENDED AFFIDAVIT OF JUAN C. VALDEZ SR.

STATE OF MARYLAND     )
                      ) ss:
COUNTY OF MONTGOMERY  )

      BEFORE ME, the undersigned authority, on this date personally appeared JUAN C.

VALDEZ SR. who, after first being duly sworn deposes and says:

      1.    My name is Juan C. Valdez Sr. I have personal knowledge of the facts recited in

this Affidavit.

                  1994 JCV
      2.    In or about 1994, I was employed by NationsBank. I was employed by NationsBank

as a Consumer Banker III.

      3.    In or about December 1997, at which time I worked at NationsBank's Flower Avenue

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

      4.    However, since December 1997, the branch manager at NationsBank's Flower

Avenue banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would, to the best of my recollection, indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During branch meetings with employees, the branch manager would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty-five (55) hours per week. However, to the best of my recollection, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

7.    From December 1997 through the present time, we have had more than four managers at the Flower Avenue Branch. I was the one conducting the loan-a-thon, during this period, which is the after-hours telemarketing. This often extended late into the evening. Some of the telemarketing was done from our office and some other times we were directed to go to different offices to do the telemarketing.

8.    If there were some overtime hours paid for or reflected on my time cards, it was time that was overlooked by the manager or whoever was in charge of checking my timecards. However, the overtime NationsBank claims to have paid me in no way represents the full amount of overtime which I worked. To this day, the managers continue to direct us not to work overtime and not to report overtime which we do work.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Cecilia Sanders, Emily Harris, and a person named "Sharda" (I cannot recall her last name). These individuals worked hours in excess of forty (40) in given workweeks for which they did not receive appropriate compensation. I do not believe that they are aware of

their legal right to recover damages; I certainly was not until I consulted an attorney regarding

unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JUAN C. VALDEZ SR.

SWORN TO AND SUBSCRIBED before me this _23_ day of _October_ 1999, by JUAN C.
VALDEZ SR., who is personally known to me, or who produced _____ as
identification, and who did take an oath.

_____
Notary Public
My Commission Expires:

**JACQUELINE CAPUTI**
Notary Public, State of Maryland
Prince George's County
My Commission Expires Feb. 2, 2(

_____
Acknowledger's Name Stamped,
Typed or Printed

**JACQUELINE CAPUTI**
Notary Public, State of Maryland
Prince George's County
My Commission Expires Feb 2 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.

_____/

## CORRECTED AFFIDAVIT OF ANGELA MOBLEY

STATE OF GEORGIA    )
                       ) ss:
COUNTY OF FULTON    )

BEFORE ME, the undersigned authority, on this date personally appeared ANGELA

MOBLEY who, after first being duly sworn deposes and says:

1.    My name is Angela Mobley. I have personal knowledge of the facts recited in

this Affidavit.

2.    In or about 1997, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker IV.

3.    In or about December 1997, at which time I worked at NationsBank's Bankhead

banking center, NationsBank reclassified my position as non-exempt, which allowed me to

be eligible for overtime compensation. As of this date, I was also required to fill out time

cards.

4.    At the time we became required to fill out time cards, our start time was moved up from 8:00 a.m. to 8:30 a.m. I was still so busy that I did not take a lunch. Also, my manager, Tamara Lomax, instructed my to sign out at 5:00 p.m. or 5:30 p.m., even though I frequently was not through with my work at that time. Nevertheless, because Ms. Lomax instructed me to do so, I signed out at that time and kept working, sometimes until 8:00 p.m. or 9:00 p.m.

5.    I worked on Saturdays from approximately 8:30 a.m. until 1:00 p.m. Sometimes I would stay later on Saturdays as well, but I was instructed to sign out by 1:00 p.m., which I did. I was, however, paid for Saturday work (at least some of it) even if it put me over forty (40) hours.

6.    The banking center was open on Fridays late, and my working hours were 8:00 a.m. until 7:00 p.m. I was told by Tamara Lomax that I had to sign out at 7:00 p.m., even if I had to continue working, which I did frequently. In fact, I was registered for school then, and I had signed up for a Friday evening class which began at 7:15 p.m., and I recall missing the class frequently because I was stuck at work. I was not paid for these hours.

7.    Even if NationsBank did in fact pay me some overtime, what it paid me was not the true amount of overtime which I had worked, as I was not permitted to record my true hours.

FURTHER AFFIANT SAYETH NAUGHT.

_Angela Mobley_
ANGELA MOBLEY

SWORN TO AND SUBSCRIBED before me this $\frac{26}{}$ day of _October_ , 2000 by ANGELA MOBLEY, who is personally known to me, or who produced _Pl.vces  license_ as identification, and who did take an oath.

_Linda S Rutio_
Notary Public
My Commission Expires:

_____

Acknowledger's Name Stamped,
Typed or Printed