UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/



### PLAINTIFFS' RESPONSE IN OPPOSITION TO NATIONSBANK'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE TO PLAINTIFFS' MOTION TO ALLOW NOTIFICATION TO POTENTIAL CLASS MEMBERS

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all others similarly situated, and, pursuant to Rule 7.1(c)

respectfully request that this Honorable Court deny the Defendant's Motion for Leave to

File Supplemental Response to Plaintiffs' Motion to Allow Notification to Potential Class

Members, and show as follows:

Local General Rule 7.1(c) provides for the filing of three memoranda of law. The

first is to be filed accompanying an initial motion. Thus, the Plaintiffs served their Motion

for Notification together with an incorporated memorandum of law. Within ten (10) days

thereof, the responding party, or the Defendant in this case, could, and did, file a



responding memorandum of law, not to exceed twenty (20) pages in length. Indeed, the Defendant filed a nine (9) page memorandum of law in opposition to Plaintiffs' Motion for Notification including seven (7) attached exhibits thereto, and Plaintiffs, in reply, filed a nine (9) page memorandum with six (6) attached exhibits. Thus, the issue has been completely and fully briefed on the only issue which matters – that is, whether the *Dybach* criteria have been met sufficient for this Court to issue an order requiring notification to those similarly situated to the Plaintiffs nationwide.

If indeed this Court allows the Defendant to file the supplemental response, which appears to be nothing more than additional argument addressed to the same issue based on the same data, just in an expanded fashion – then the Court in fairness and equity must allow the Plaintiffs the opportunity to respond, thus burdening the Court file with two (2) extra, and completely unnecessary, legal memoranda which, when all is said and done, add nothing to the pertinent argument. As the Plaintiffs have already pointed out, at this stage, the only issue is whether the Plaintiffs have met the *Dybach* test, which contains a relatively uncomplicated two-part analysis including: (1) whether there exist individuals similarly situated to the named Plaintiffs; and (2) whether the similarly situated individuals might desire to "opt-in" to the litigation if notified of their right to do so. *Dybach v. State of Florida, Department of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). In its response, Defendant has attempted to twist and turn this uncomplicated issue every which way, up to and including urging this Court to make credibility determinations on the

2

*Escudero, et al. v. BankAmerica Corporation*
Case No. 00-06145-Civ-Dimitrouleas

evidence, but the fact remains that the two threshold questions identified above are all that face the Court at this stage of the game. There is more than sufficient information before the Court at this point to permit the Court to conclude that the Plaintiffs have more than met the *Dybach* test, and thus issue the order for notification, leaving the ancillary issues, such as credibility, for the proper time and the proper day.

Accordingly, the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on behalf of themselves and all others similarly situated, request this Honorable Court to deny the Defendant's Motion for Leave to File a Supplemental Response to Plaintiffs' Motion to Allow Notification to Potential Class Members; however, in the alternative, should the Court decide to allow the Defendant to enter such a supplemental response, then the Plaintiffs would request the opportunity to reply to said supplemental response.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861

3

*Escudero, et al. v. BankAmerica Corporation*
Case No. 00-06145-Civ-Dimitrouleas

-and-

BOIES, SCHILLER & FLEXNER L.L.P.
2435 Hollywood Boulevard
Hollywood, Florida 33020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail this $\frac{5}{\phantom{5}}$ day of November, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et

al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and

Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC 28280.

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com
DANIEL R. LEVINE, ESQ.
E-mail: drlevine@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Pleading\Notification Response Memo.wpd

4