UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.



BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

### PLAINTIFFS' MOTION TO COMPEL PRODUCTION

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all other similarly situated, and hereby move this Honorable Court

to compel the Defendant, BANK OF AMERICA, to produce certain documents pursuant

to a Rule 34 Request to Produce, previously filed, and show as follows:

1.    On or about July 18, 2000, Plaintiffs caused to be served upon Defendant

their first Request for Production of Documents pursuant to Fed. R. Civ. P. 34. That

Request contained, *inter alia,* the following:

> 4.    Personnel file of Rodney Sumter,
> including but not limited to, documents reflecting
> any discipline or counseling and/or reprimand



regarding the payment of overtime compensation
to subordinate employees.

2.    Defendant responded:

> 5.    *NationsBank, by counsel, objects to the
> foregoing document requested on the grounds
> that it seeks disclosure of confidential
> information regarding a NationsBank employee
> who is not party to the above-captioned action.
> NationsBank, by counsel, also objects to the
> foregoing document request on the grounds that
> it seeks information which is neither relevant tot
> he above-captioned action nor reasonably likely
> to lead to the discover of admissible evidence.
> Subject to and without waiving the foregoing
> objections, there are no documents in Rodney
> Sumter's personnel file "reflecting any discipline
> and/or counseling and/or reprimand regarding
> the payment of overtime compensation to
> subordinate employees."*

3.    On or about July 13, 2000, Plaintiff Kimberly Drake was deposed in this

matter, and testified as follows:

> "And I don't know what happened to Rodney but
>
> I do know– a friend of mine informed me that he
>
> got a verbal final warning for allowing me to work
>
> and not paying me for it.   (Tr.   115)(attached
>
> hereto as Exhibit "A:).

4.    Obviously, whether the Defendant did in fact issue any kind of discipline to

Rodney Sumter, who was Drake's banking center manager, or even whether it did not do

so, for violating the overtime laws is of critical importance. Discovery is governed basically

only by the relevancy standard; that is, information is discoverable if it is relevant or

reasonably likely to lead to the discovery of admissible evidence.  See, e.g., *Burns v.*

*Thiokol Chemical Corp.*, 483 F.2d 300 (5th Cir. 1973) (keynote to Federal Discovery Rules is all potentially relevant information, and test for relevancy of materials to be discovered is not admissibility); *United States v. Wright Motor Company*, 536 F.2d 1090 (5th Cir. 1976) (test of relevancy for purposes of discovery under Rule 26(b)(1) is broader than tests for admissibility at trial so that a party may discover information that is not admissible for trial, if such information will have some probable effect on organization and presentation of moving party's case). For the Defendant to claiim that the personnel file of Plaintiff's direct line supervisor is irrelevant is plainly spurious when that manager was directly responsible for some of the violations of the FLSA alleged in this lawsuit, and the Defendant either did or did not discipline him accordingly.

5.    On or about October 5, 2000, Plaintiffs' counsel sent to Defendants' counsel a letter, attached hereto as Exhibit "B", pursuant to Fed. R. Civ. P. 26, a letter in a good faith attempt to resolve this discovery dispute. No reply has been forthcoming from the Defendant's counsel. Based on the foregoing, it is painfully obvious that the Defendant has failed to make the slightest effort to comply with the discovery in question, despite a good faith effort by Plaintiff's counsel to resolve disputed issues with Defendant's counsel. Therefore, an order compelling a response is appropriate. Moreover, Plaintiffs would submit that an appropriate sanction should be imposed on Defendant and/or its counsel, including an order to pay the amount of the reasonable expenses incurred, including a reasonable attorney's fee, because of the violation of Local General Rule 26.1.I.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N

Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this 6th day of November, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and Richard F. Kane, Esq., McGuire, Woods, Battle & Boothe, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280; and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood Blvd., Hollywood, Florida. 33020.

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com
DANIEL R. LEVINE, ESQ.
E-mail: drlevine@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Pleading\compel mot wpd