UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION





Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendant.

## NATIONSBANK'S MOTION FOR SANCTIONS
## AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Bank of

America Corporation (f/k/a BankAmerica Corporation) and Bank of America, N.A. (f/k/a

NationsBank, N.A.)(collectively referred to herein as "NationsBank"), by counsel, state as

follows for their Motion for Sanctions and incorporated Memorandum of Law:

### Motion for Sanctions

1. On January 31, 2000, plaintiffs Roxanna L. Escudero and Kimberly Drake filed the

above-captioned action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, et seq.

("FLSA"), "on behalf of themselves and all others similarly situated." Plaintiffs alleged that they

worked for NationsBank as Consumer Banker IIs and IIIs; that NationsBank reclassified their



positions as non-exempt for purposes of the FLSA in December, 1997; that NationsBank paid them on an hourly basis; and that, between December, 1997 and October 29, 1999, they worked "many times in excess" of forty hours per week. See Complaint & Demand for Jury Trial.

2. Plaintiffs allege, however, that NationsBank violated the FLSA by not paying them overtime pay for those hours worked in excess of forty hours per week. See Complaint & Demand for Jury Trial.

3. On August 21, 2000, nearly seven months after filing their Complaint, plaintiffs filed their Motion to Allow Notification to Potential Class Members, as Authorized by the Fair Labor Standards Act, 29 U.S.C. §216(b)(hereinafter "Motion to Allow Notification"). They alleged in their Motion that NationsBank "through its banking center managers and other supervisory personnel" refused overtime pay to Consumer Banker IIs, IIIs and IVs, and further prevented or intimidated the putative class from "properly record[ing] their time." See Motion to Allow Notification, ¶6.

4. Plaintiffs contend in their Motion that "[a]ll Consumer Banker II, III and IV who performed services for Defendant anytime since the positions were re-classified as non-exempt in or about December, 1997 are entitled to notification." Id., ¶14.

5. Thirteen opt-in plaintiffs filed affidavits in support of the Motion to Allow Notification. In virtually identical affidavits, each of these opt-in plaintiffs stated, under oath and under the penalty of perjury, that, while working as Consumer Bankers, he or she "only indicate[d] forty (40) hours on my timecard each week even though I worked more than forty (40) hours," and that NationsBank "only paid me for forty (40) hours regardless of the number of hours worked." See Exhibits B through N, at ¶¶4 & 6.

2

6.   Contrary to these sworn statements, twelve of the thirteen opt-in plaintiffs who submitted affidavits in support of the Motion to Allow Notification recorded overtime hours and were paid by NationsBank for those overtime hours. The remaining opt-in plaintiff was not employed in the relevant classification here at issue during the pertinent period. See Affidavit of Joyce Butler ("Butler Affidavit"), appended hereto as Exhibit A.  More specifically:

(a)   Contrary to her sworn affidavit, opt-in plaintiff **Cari M. Ford** reported 377.25 overtime hours to NationsBank in 1998. Between January 1, 1999 and January 31, 2000, when she left NationsBank, Ford recorded 232.50 overtime hours. NationsBank paid Ford $14,659.76 in overtime pay in 1998, 1999 and 2000.  Compare Butler Affidavit, ¶4, at Exhibit A & Affidavit of Cari M. Ford, ¶4, appended hereto as Exhibit B.[1]

(b)   Contrary to her sworn affidavit, opt-in plaintiff **Elizabeth Ann Melton** recorded 155.75 hours of overtime in 1998 before going on an extended leave of absence beginning September 10, 1998 (from which she did not return), and NationsBank paid her $2,483.17 in overtime pay in 1998.  Compare Butler Affidavit, ¶9, at Exhibit A & Affidavit of Elizabeth Ann Melton, ¶6, appended hereto as Exhibit C.

---

[1]Ford's affidavit includes a handwritten note that "[t]here were some weeks we would put our hours on our cards." See Affidavit of Cari M. Ford, ¶6, at Exhibit B. This "clarification" does not insulate her from Rule 11 sanctions. The only reasonable inference to be drawn from Ford's affidavit is that she contends she worked significant overtime hours for which NationsBank denied her overtime compensation. As noted above, however, between January 1, 1998 and January 31, 2000 (when she left the Bank), Ford recorded 609.75 hours of overtime and NationsBank paid her $14,659.76 for those overtime hours. See Butler Affidavit, ¶4, at Exhibit A. In addition, contrary to the clear import of her hand-written margin note, in 1999, Ford recorded overtime hours in every pay period save one; presumably the pay period she was on vacation.

cv-06145-LRJ    Document 130    Entered on FLSD Docket 11/13/2000    P

Case No. 00-06145-CIV-DIMITROULEAS/Snow
Escudero v. NationsBank, N.A.

(c)    Contrary to her sworn affidavit, opt-in plaintiff **Virginia Francois**

recorded 99.75 overtime hours in 1998 and 20 overtime hours in 1999. The Bank paid

Francois $2,486.41 in overtime pay in 1998 and 1999. Compare Butler Affidavit, ¶6, at

Exhibit A & Affidavit of Virginia Francois, ¶¶4 & 6, appended hereto as Exhibit D.

(d)    Contrary to her sworn affidavit, opt-in plaintiff **Marilyn Blackmon**

recorded 66.75 overtime hours between January 1 and March 15, 1998 when she left the

Bank, and NationsBank paid her $1,457.79 for those overtime hours. Compare Butler

Affidavit, ¶13, at Exhibit A & Affidavit of Marilyn Blackmon, ¶4, appended hereto as

Exhibit E.

(e)    Contrary to her sworn affidavit, in 1998, **Angela Mobley** recorded 49.50

overtime hours between January 1 and February 25, 1998 when she left the Bank.

NationsBank paid her $990.99 for those overtime hours. Compare Butler Affidavit, ¶11,

at Exhibit A & Affidavit of Angela Mobley, ¶¶4 & 6, appended hereto as Exhibit F.

(f)    Contrary to her sworn affidavit, **Julia Kozel** recorded 41 overtime hours

between January 1 and August 31, 1998 when she left the Bank, and NationsBank paid

her $979.17 for those overtime hours. Compare Butler Affidavit, ¶12, at Exhibit A &

Affidavit of Julia Kozel, ¶¶4 & 6, appended hereto as Exhibit G.

(g)    Contrary to her sworn affidavit, in 1998, **Mary F. Bolden** recorded 7.25

overtime hours in 1998. Between January 1, 1999 and April 18, 2000, when she left the

Bank, she recorded 36.7 overtime hours. The Bank paid Bolden $912.56 in overtime pay

in 1999 and 2000. Compare Butler Affidavit, ¶7, at Exhibit A & Affidavit of Mary F.

Bolden, ¶¶4 & 6, appended hereto as Exhibit H.

4

cv-06145-LRJ  Document 130  Entered on FLSD Docket 11/13/2000  P

Case No. 00-06145-CIV-DIMITROULEAS/Snow
Escudero v. NationsBank, N.A.

(h)  Contrary to his sworn affidavit, **John Bari** recorded 52.50 overtime hours between January 1 and June 22, 1998 when he left the Bank. The Bank paid Bari $814.91 in overtime pay in 1998. Compare Butler Affidavit, ¶5, at Exhibit A & Affidavit of John Bari, ¶¶4 & 6, appended hereto as Exhibit I.

(i)  Contrary to his sworn affidavit, **Juan C. Valdez, Sr**. recorded 19.75 overtime hours in 1998. Between January 1, 1999 and August 31, 2000, he recorded 17.5 overtime hours. The Bank paid Valdez $709.75 for those overtime hours. Compare Butler Affidavit, ¶3, at Exhibit A & Affidavit of Juan C. Valdez, Sr., ¶¶4 & 6, appended hereto as Exhibit J.

(j)  Contrary to his sworn affidavit, **Paul Barber** recorded 21.25 overtime hours between January 1 and April 23, 1998 when he left the Bank. The Bank paid Barber $331.64 of overtime pay in 1998. Compare Butler Affidavit, ¶8, at Exhibit A & Affidavit of Paul Barber, ¶¶4 & 6, appended hereto as Exhibit K.

(k)  Contrary to her sworn affidavit, **Diane Kirkland** recorded 11.50 overtime hours between January 1 and March 13, 1998 when she left the Bank. The Bank paid Kirkland $170.20 of overtime pay in 1998. Compare Butler Affidavit, ¶10, at Exhibit A & Affidavit of Diane Kirkland, ¶¶4 & 6, appended hereto as Exhibit L.

(l)  Contrary to his sworn affidavit, **Jeff Motley** recorded 19.50 overtime hours in 1998. The Bank paid Motley $365.62 of overtime pay in 1998. Compare Supplemental Affidavit of Joyce Butler, ¶ 3, appended hereto as Exhibit O & Affidavit of Jeff Motley, ¶¶4 & 6, appended hereto as Exhibit M.

7.  Contrary to her sworn affidavit, opt-in plaintiff Olga Valdes, did not work as a Consumer Banker during the relevant time period and, therefore, is not eligible to participate in

this action. Compare Butler Affidavit, ¶14, at Exhibit A & Affidavit of Olga Valdes, appended hereto as Exhibit N.

8. On September 28, 2000, pursuant to Fed. R. Civ. P. 11(c)(1)(A), NationsBank served upon plaintiffs' counsel its draft Motion for Sanctions. In its Motion, NationsBank requested plaintiffs: (a) to withdraw the Ford, Melton, Francois, Blackmon, Mobley, Kozel, Bolden, Bari, Valdez, Barber, Kirkland, Motley and Valdes affidavits; (b) to withdraw plaintiffs' Motion to Allow Notification; and (c) to voluntarily dismiss, with prejudice, the claims of opt-in plaintiffs Ford, Melton, Francois, Blackmon, Mobley, Kozel, Bolden, Bari, Valdez, Barber, Kirkland, Motley and Valdes.

9. By letter dated October 27, 2000, plaintiffs' counsel responded to NationsBank's draft Motion for Sanctions, but refused to comply with NationsBank's requested relief.

10. Instead, plaintiffs' counsel stated in their letter response that Paul C. Barber , Virginia Francois and Elizabeth Ann Melton "were confused as to the dates of certain events" and, therefore, would withdraw their affidavits and withdraw as plaintiffs. See Plaintiffs' Notice of Withdrawal of Opt-In Plaintiffs and Withdrawal of Affidavits, appended hereto as Exhibit P.[2]

11. Plaintiffs filed "Corrected Affidavits" for eight of the remaining eleven affiants/opt-in plaintiffs – John Bari, Mary F. Bolden, Cari M. Ford, Diane Kirkland, Julia Kozel, Juan C. Valdez, Sr., Angela Mobley and Olga Valdes. See Plaintiffs' Notice of Filing of Corrected/Amended Affidavits (together with "Corrected Affidavits"), appended hereto as Exhibit Q & Plaintiffs' Notice of Filing of Corrected/Amended Affidavits of Olga Valdes, appended hereto as Exhibit R.

---

[2]Pursuant to Local Rule 7.7, NationsBank has not appended hereto a copy of plaintiffs' counsel's October 27, 2000 letter response to its draft Motion for Sanctions.

12. However, in their "Corrected Affidavits," the eight opt-in plaintiffs contradict their initial affidavits, do not deny that each of them recorded overtime hours, and do not deny that they had received overtime pay during the relevant time period. The eight opt-in plaintiffs also do not refute NationsBank's evidence regarding the number of overtime hours they recorded or the amount of overtime pay they received.

13. Even when confronted with the evidence regarding the (at times significant) overtime hours they recorded and for which they were paid, the eight opt-in plaintiffs did not even attempt to explain why they stated under oath in their initial affidavits that NationsBank did not pay them any overtime, and only permitted them to record, and only paid them for forty hours of work per week regardless of the number of hours they worked per week. Plaintiffs made no effort to explain or justify the material misstatements of fact they made in their initial affidavits.

14. Finally, plaintiffs did not provide any information regarding and did not file "Corrected Affidavits" on behalf of the two remaining affiants – Jeff Motley and Marilyn Blackmon.

**Memorandum of Law**

I.    Motion for Sanctions

Pursuant to Fed. R. Civ. P. 11, a party who "file[s] a pleading or other paper that has no reasonable factual basis" is subject to sanction. See Lake v. Dep't of Treasury, 905 F. Supp. 1061, 1062 (M.D. Ga. 1995), citing, United States v. Milam, 855 F.2d 739, 742 (11th Cir. 1988). The Court has broad discretion in crafting the appropriate sanction, which may include dismissal of the cause, American Inmate Paralegal Ass'n v. Cline, 859 F.2d 59 (8th Cir. 1988), an attorneys' fee award, Donaldson v. Clark, 819 F.2d 1551, 1557 (11th Cir. 1987), or other "directives of a nonmonetary nature." See Fed. R. Civ. P. 11(c)(2). Sanctions may be imposed against the client, and the client alone, see Eastway Constr. Corp. v. City of New York, 637 F. Supp. 558, 569-70 (E.D.N.Y. 1986), modified, 821 F.2d 121 (2nd Cir. 1987), particularly where the client himself or herself has signed the offending pleading. See Sussman v. Salem, Saxen & Nielsen, 150 F.R.D. 209, 212-14 (M.D. Fla. 1993).

Here, by affixing their signatures to their affidavits, opt-in plaintiffs Ford, Melton, Francois, Blackmon, Mobley, Kozel, Bolden, Bari, Valdez, Barber, Kirkland , Motley and Valdes certified to the Court that, "to the best of [their] knowledge, information and belief, formed after an inquiry reasonable under the circumstances," they worked overtime hours as non-exempt Consumer Bankers for which NationsBank failed to compensate them. See Fed. R. Civ. P. 11(b)(3). In fact, each of these opt-in plaintiffs certified under oath that NationsBank told them it would not pay for overtime and that they were not to record overtime on their timecards. Each also certified under oath that "I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours" and that "NationsBank only paid me for

8

forty (40) hours regardless of the number of hours worked." See Exhibits B through N, at ¶¶4 &

6.

The Affiants' factual representations to this Court are demonstrably false. In each of their

respective relevant time periods, opt-in plaintiffs Ford, Melton, Francois, Blackmon, Mobley,

Kozel, Bolden, Bari, Valdez, Barber, Kirkland and Motley recorded the following overtime

hours and were paid for those overtime hours by NationsBank.[3]

| Opt-in Plaintiff | Relevant Time Period | Overtime Hours | Overtime Pay |
|---|---|---|---|
| Cari M. Ford | 25 months | 609.75 | $14,659.76 |
| Elizabeth Ann Melton | 9 months | 155.75 | 2,483.17 |
| Virginia Francois | 22 months | 119.75 | 2,486.41 |
| Marilyn Blackmon | 3 months | 66.75 | 1,457.79 |
| Angela Mobley | 2 months | 49.50 | 990.99 |
| Julia Kozel | 8 months | 41.00 | 979.17 |
| Mary F. Bolden | 28 months | 43.95 | 912.56 |
| John Bari | 6 months | 52.50 | 814.91 |
| Juan C. Valdez, Sr. | 30 months | 37.25 | 709.75 |
| Paul Barber | 4 months | 21.25 | 331.64 |
| Diane Kirkland | 2 ½ months | 11.50 | 170.20 |
| Jeff Motley | 13 ½ months | 19.50 | 365.62 |

As for opt-in plaintiff Olga Valdes, she never worked as a non-exempt Consumer Banker and,

therefore, is not even eligible to participate in this action.

In short, the affidavits of Ford, Melton, Francois, Blackmon, Mobley, Kozel, Bolden,

Bari, Valdez, Barber, Kirkland, Motley and Valdes have no reasonable factual basis, the opt-in

plaintiffs' misrepresentations to the Court violate the requirements of Fed. R. Civ. P. 11, and

NationsBank is entitled to its requested relief.

---

[3]The relevant time period is defined as that time period for each plaintiff between December 17, 1997 (when Consumer Bankers were reclassified as non-exempt for overtime pay purposes) and the date they left the Consumer Banker position.

9

Nothing in plaintiffs' response to NationsBank's notice of its intent to file this Motion for Sanctions, including their "Corrected Affidavits," changes the foregoing conclusions. First, plaintiffs did not provide any information regarding, and did not file "Corrected Affidavits" on behalf of two of the thirteen affiants – Jeff Motley and Marilyn Blackmon. The Court and NationsBank, therefore, are left with Motley's and Blackmon's demonstrably false affidavits and statements of fact.

Second, as regards opt-in plaintiffs Paul C. Barber, Virginia Francois and Elizabeth Ann Melton, plaintiffs' counsel simply states that these three affiants "were confused as to the dates of certain events." See Exhibit P. Plaintiffs do not explain in what ways they were confused; they do not explain which of the very specific factual allegations in their affidavits were in error based on that confusion; they do not dispute or refute NationsBank's evidence that they recorded and were paid overtime pay during the relevant time period; and they do not explain what reasonable inquiry they made before signing affidavits which contained such material misstatements of fact. Plaintiffs' counsel simply state that Barber, Francois and Melton withdraw their affidavits and withdraw as opt-in plaintiffs. However, as NationsBank informed plaintiffs' counsel before filing this Motion, NationsBank respectfully submits that it is entitled to, inter alia, a dismissal, with prejudice, as to these three opt-in plaintiffs based on their Rule 11 violations.

Third, plaintiffs' "Corrected Affidavits" for the remaining eight affiants/opt-in plaintiffs – John Bari, Mary F. Bolden, Cari M. Ford, Diane Kirkland, Julia Kozel, Juan C. Valdez, Sr., Angela Mobley and Olga Valdes – are similarly unavailing. See Exhibit Q. In their "Corrected Affidavits," the eight opt-in plaintiffs do not deny that they recorded overtime hours and that NationsBank paid them overtime during the relevant time period. The eight opt-in plaintiffs do

10

v-06145-LRJ    Document 130    Entered on FLSD Docket 11/13/2000    Pa

Case No. 00-06145-CIV-DIMITROULEAS/Snow
Escudero v. NationsBank, N.A.

not refute NationsBank's evidence regarding the number of overtime hours they recorded or the
amount of overtime pay they received.

Even when confronted with the evidence regarding the (at times significant) overtime
hours they recorded and for which they were paid, the eight opt-in plaintiffs do not even attempt
to explain why they stated under oath in their initial affidavits that NationsBank only permitted
them to record, and only paid them for forty hours of work per week regardless of the number of
hours they worked. In their "Corrected Affidavits," plaintiffs make no effort to explain or justify
the material misstatements of fact they made in their initial affidavits. For example, affiant Cari
M. Ford did not even try to argue that she was "confused" or "forgot" that NationsBank paid her
almost $15,000 in overtime pay during the relevant time period. When confronted with the facts,
she merely asserts now that she recorded "some, but not nearly all" of the overtime hours she
worked. This "corrected" allegation is inconsistent with plaintiffs' Complaint and Ford's initial
affidavit (in which she, like all the other affiants, asserts a claim of no overtime having been
paid), and NationsBank respectfully submits that the "corrected" Ford affidavit, like those of her
seven fellow opt-in plaintiffs, should be rejected because they violate plaintiffs' Rule 11
obligations.

v-06145-LRJ    Document 130    Entered on FLSD Docket 11/13/2000    P

Case No. 00-06145-CIV-DIMITROULEAS/Snow
Escudero v. NationsBank, N.A.

II.    Motion to Allow Notification

Plaintiffs filed the "Corrected Affidavits" in part to support their pending Motion to Allow Notification. According to plaintiffs, the "Corrected Affidavits" together with the presence of additional opt-in plaintiffs satisfy the Dybach standard for notice in an FLSA collective action.[4] Plaintiffs' position is without merit.

In their "Corrected Affidavits," plaintiffs make disparate and divergent allegations regarding their overtime claims. Contrary to their original allegations that they were not paid for any of their overtime, one of the affiants now claims he was paid for part, but not all of the time he worked as non-exempt Consumer Banker, see Exhibit Q (Bari Affidavit); another now claims that she was permitted to record only those overtime hours devoted to regional or "cluster" meetings, see Exhibit Q (Bolden Affidavit); another now claims that she was permitted to record only those overtime hours devoted to "approved call nights," see Exhibit Q (Kirkland Affidavit); another now claims she was paid only for those overtime hours she worked on Saturdays, see Exhibit Q (Kozel Affidavit); yet another now claims she was paid only for "some" of her Saturday hours. See Exhibit Q (Mobley Affidavit). If they have any relevance whatsoever and if they are true, the "Corrected Affidavits," therefore, confirm that decisions regarding overtime are made at the individual banking centers by individual managers; thus demonstrating that this matter is not well-suited to prosecution or resolution as a collective action.

---

[4]Because plaintiffs rely on these newly-filed "Corrected Affidavits" in support of their Motion for Class Notification, NationsBank respectfully submits that the filing of the affidavits is further support for the Court granting NationsBank's October 17, 2000 Motion for Leave to File a Supplemental Response to Plaintiffs' Motion to Allow Notification to Potential Class Members.

12

## Conclusion & Requested Relief

Based on the foregoing, defendant NationsBank, by counsel, hereby respectfully requests the Court to grant its Motion for Sanctions and to enter an order:

1.    striking the initial and "corrected" affidavits of opt-in plaintiffs Ford, Melton, Francois, Blackmon, Mobley, Kozel, Bolden, Bari, Valdez, Barber, Kirkland, Motley and Valdes;

2.    striking, or in the alternative, denying Plaintiff's Motion to Allow Notification;

3.    dismissing, with prejudice, the claims of opt-in plaintiffs Ford, Melton, Francois, Blackmon, Mobley, Kozel, Bolden, Bari, Valdez, Barber, Kirkland, Motley and Valdes;

4.    and directing the opt-in plaintiffs to reimburse NationsBank for the attorneys' fees incurred in responding to plaintiffs' Motion to Allow Notification and preparing this Motion for Sanctions; and

5.    awarding such further relief as the Court deems just and proper.

This the 9th day of November, 2000.

_Richard F. Kane_
Richard F. Kane (NC Bar No. 5694)
Bruce M. Steen (VA Bar No. 31062)
McGuireWoods LLP
3700 NationsBank Plaza
Charlotte, North Carolina 28280
(704) 373-8999; Facsimile (704) 373-8990

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
(954) 463-0100; Facsimile (954) 463-2444

Counsel for NationsBank, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing in the above-captioned

proceeding has been served this day by U.S. mail, postage prepaid, upon plaintiffs' counsel as

listed below:

Susan L. Dolin, Esquire
Daniel R. Levine, Esquire
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esquire
Anne E. Hinds, Esquire
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

This the 9th day of November, 2000.

Richard F. Kane

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS/Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

          Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

          Defendant.

## AFFIDAVIT OF JOYCE BUTLER

Joyce Butler, being first duly sworn, deposes and says as follows:

1.    I am currently employed by the Defendant in the above-captioned action (the "Bank") as Loan Processor for the Montgomery/Frederick, Maryland Region. Prior to my promotion to this position in August of this year, I served as Vice President and Personnel Manager for the Bank. I am authorized by the Bank to make this Affidavit on its behalf.

2.    I make this Affidavit based upon my personal knowledge and my review of the Bank's personnel and payroll records.

3.    The Bank has employed Juan C. Valdez, Sr. as a Consumer Banker III/Senior Personal Banker since February 1, 1994. Mr. Valdez's current title is "Senior Personal Banker", as all Consumer Banker III and IV positions were so renamed by the Bank on September 1, 2000. The Bank reclassified Mr. Valdez's Consumer Banker III/Senior Personal Banker position

as non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Mr. Valdez reported 19.75 hours of overtime on the time records he submitted to the Bank in 1998. Mr. Valdez reported 17.5 hours of overtime on the time records he submitted to the Bank in 1999, and between January 1 and August 31, 2000. The Bank's payroll register also indicates that the Bank paid Mr. Valdez overtime pay totaling $372.79 during 1998 and $336.96 during 1999 and 2000.

4.    The Bank employed Cari M. Ford as a Consumer Banker III from January 1, 1997 through January 31, 2000. The Bank reclassified Ms. Ford's Consumer Banker III position as non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Ms. Ford reported 377.25 hours of overtime on the time records she submitted to the Bank in 1998. Ms. Ford reported 232.5 hours of overtime on the time records she submitted to the Bank in 1999, through January 1 and January 31, 2000. The Bank's payroll register also indicates that the Bank paid Ms. Ford overtime pay totaling $9,224.98 during 1998 and $5,434.78 during 1999 and 2000.

5.    The Bank employed John Bari as a Consumer Banker II from November 3, 1997 through June 22, 1998. The Bank reclassified Mr. Bari's Consumer Banker II position as non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Mr. Bari reported 52.50 hours of overtime on the time records he submitted to the Bank in 1998. The Bank's payroll register also indicates that the Bank paid Mr. Bari a total of $814.91 in overtime pay during 1998.

6.    The Bank employed Virginia Francois as a Consumer Banker III from September 1, 1996 through October 12, 1999. The Bank reclassified Ms. Francois' Consumer Banker III position as non-exempt for overtime pay purposes on December 17, 1997. Based upon my

2

review of the Bank's payroll register, Ms. Francois reported 99.75 hours of overtime on the time records she submitted to the Bank in 1998. Ms. Francois reported 20 hours of overtime on the time records she submitted to the Bank in 1999. The Bank's payroll register also indicates that the Bank paid Ms. Francois overtime pay totaling $2,078.17 during 1998 and $408.24 during 1999 and 2000.

7.    The Bank employed Mary F. Bolden as a Consumer Banker III from July 1, 1996 through April 18, 2000. The Bank reclassified Ms. Bolden's Consumer Banker III position as non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Ms. Bolden reported 7.25 hours of overtime on the time records she submitted to the Bank in 1998. Ms. Bolden reported 36.7 hours of overtime on the time records she submitted to the Bank in 1999, and January 1 through April 18, 2000. The Bank's payroll register also indicates that the Bank paid Ms. Bolden overtime pay totaling $143.58 during 1998 and $768.98 during 1999 and 2000.

8.    The Bank employed Paul Barber as a Consumer Banker II from December 1, 1996 through April 23, 1998. The Bank reclassified Mr. Barber's Consumer Banker II position as non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Mr. Barber reported 21.25 hours of overtime on the time records he submitted to the Bank in 1998. The Bank's payroll register also indicates that the Bank paid Mr. Barber a total of $331.64 in overtime pay during 1998.

9.    The Bank employed Elizabeth Ann Melton as a Consumer Banker II from December 16, 1997 through January 12, 1999. Ms. Melton requested a leave of absence beginning September 10, 1998, which leave of absence was extended through her termination date of January 12, 1999. The Bank reclassified Ms. Melton's Consumer Banker II position as

3

non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Ms. Melton reported 155.75 hours of overtime on the time records she submitted to the Bank in 1998. The Bank's payroll register also indicates that the Bank paid Ms. Melton a total of $2,483.13 in overtime pay during 1998.

10.     The Bank employed Diane Kirkland as a Consumer Banker II from December 16, 1993 through March 13, 1998. The Bank reclassified Ms. Kirkland's Consumer Banker II position as non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Ms. Kirkland reported 11.50 hours of overtime on the time records that she submitted to the Bank in 1998. The Bank's payroll register also indicates that the Bank paid Ms. Kirkland a total of $170.20 in overtime pay during 1998.

11.     The Bank employed Angela Mobley as a Consumer Banker III from June 30, 1997 through February 25, 1998. The Bank reclassified Ms. Mobley's Consumer Banker III position as non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Ms. Mobley reported 49.50 hours of overtime on the time records that she submitted to the Bank in 1998. The Bank's payroll register also indicates that the Bank paid Ms. Mobley a total of $990.99 in overtime pay during 1998.

12.     The Bank employed Julia Kozel as a Consumer Banker III from December 1, 1995 through August 31, 1998. The Bank reclassified Ms. Kozel's Consumer Banker III position as non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Ms. Kozel reported 41 hours of overtime on the time records that she submitted to the Bank in 1998. The Bank's payroll register also indicates that the Bank paid Ms. Kozel a total of $979.17 in overtime pay during 1998.

13.    The Bank employed Marilyn Blackmon as a Consumer Banker IV from March 1, 1997 through March 15, 1998. The Bank reclassified Ms. Blackmon's Consumer Banker IV position as non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Ms. Blackmon reported 66.75 hours of overtime on the time records that she submitted to the Bank in 1998. The Bank's payroll register also indicates that the Bank paid Ms. Blackmon a total of $1,457.79 in overtime pay during 1998.

14.    The Bank's personnel records indicate that Olga Valdes was only employed as a Consumer Banker II from September 15, 1995 through April 30, 1996. After that date, Ms. Valdes was employed as a Relationship Associate in the Consumer International Banking Group until the end of her employment tenure with the Bank on September 11, 1998.

Further this affiant sayeth not.

Joyce Butler

STATE OF __Virginia__

COUNTY OF __Fairfax__

To Wit:

The foregoing Affidavit was personally subscribed and sworn to before me, __Carol Kobustern__, a Notary Public for the above-referenced jurisdiction, on September 15th, 2000 by JOYCE BUTLER.

Notary Public

(Official Seal)

My Commission Expires    April  30, 2002.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## AFFIDAVIT OF CARI M. FORD

STATE OF MISSOURI   )
                   ) ss:
COUNTY OF ST. LOUIS  )

BEFORE ME, the undersigned authority, on this date personally appeared CARI M.

FORD who, after first being duly sworn deposes and says:

1.    My name is Cari M. Ford. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1990, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's Olivette

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, the branch manager at NationsBank's Olivette banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During branch meetings with employees, the branch manager would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty (50) hours per week. However, NationsBank only paid me for *(when: till we were some weeks but we would put our hours on our)* forty (40) hours regardless of the number of hours worked.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Herman Travis, Jennifer Sharp and Deborah Pollard. These individuals worked hours in excess of forty (40) in given workweeks for which they did not receive appropriate compensation. I do not believe that they are aware of their legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

CARI M. FORD

SWORN TO AND SUBSCRIBED before me this 12 day of July, 2000, by CARI M. FORD, who is personally known to me, or who produced _____ as identification, and who did take an oath.

Notary Public
My Commission Expires: MARIE G. BADER
Notary Public — Notary Seal
STATE OF MISSOURI
Acknowledger's Name Stamped, St. Louis County
Typed or Printed    My Commission Expires: March 8, 2002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

   Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association.

   Defendants.

_____/

### AFFIDAVIT OF ELIZABETH ANN MELTON

STATE OF GEORGIA   )
        ) ss:
COUNTY OF GLYNN   )

BEFORE ME, the undersigned authority, on this date personally appeared ELIZABETH

ANN MELTON who, after first being duly sworn deposes and says:

1.  My name is Elizabeth Ann Melton. I have personal knowledge of the facts recited

in this Affidavit.

2.  In or about 1997, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.  In or about December 1997, at which time I worked at NationsBank's Brunswick

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, Lorrie Ethridge, the branch manager at NationsBank's Brunswick banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During branch meetings with employees, Lorrie Ethridge would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty (50) hours per week. However, NationsBank only paid me for· forty (40) hours regardless of the number of hours worked.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Greg Hollis, Julie Wynn, and Francis Bryant. These individuals worked hours in excess of forty (40) in given workweeks for which they did not receive appropriate compensation. I do not believe that they are aware of their legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

Elizabeth Ann Melton
(ELIZABETH ANN MELTON)

SWORN TO AND SUBSCRIBED before me this 5th day of ___July___, 1999, by ELIZABETH ANN MELTON, who is personally known to me, or who produced _____ as identification, and who did take an oath.

Doretha Bynn M. Lismore
Notary Public
My Commission Expires:    Notary Public, Glynn County, Georgia
Doretha Lynn M. Lismore    My Commission Expires June 3, 2003
Acknowledger's Name Stamped,
Typed or Printed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others
      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

      Defendants.
_____/

## AFFIDAVIT OF VIRGINIA FRANCOIS

STATE OF TEXAS     )
                ) ss:
COUNTY OF FORT BEND  )

BEFORE ME, the undersigned authority, on this date personally appeared VIRGINIA

FRANCOIS who, after first being duly sworn deposes and says:

1.    My name is Virginia Francois. I have personal knowledge of the facts recited in

this Affidavit.

2.    In or about 1990, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's Westheimer

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, ~~Barbara Baye,~~ the branch manager at NationsBank's Westheimer banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During branch meetings with employees, ~~Barbara Baye~~ *Manager* would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty (50) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Elaina Sanchez. This individual worked hours in excess of forty (40) in given workweeks for which she did not receive appropriate compensation. I do not believe that she is aware of her legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

_Virginia Francois_
VIRGINIA FRANCOIS

SWORN TO AND SUBSCRIBED before me this __3__ day of __June__, 1999, by VIRGINIA FRANCOIS, who is personally known to me, or who produced __D. L.__ __(known)__ as identification, and who did take an oath.

_Maricela E. Rodriguez_
Notary Public
My Commission Expires:
MARISELA E. RODRIGUEZ
Acknowledger's Name Stamped,
Typed or Printed

MARISELA E. RODRIGUEZ
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 7-9-2003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

           Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association.

           Defendants.

_____/

## AFFIDAVIT OF MARILYN BLACKMON

STATE OF MISSOURI    )
                     ) ss:
COUNTY OF JACKSON  )

BEFORE ME, the undersigned authority, on this date personally appeared MARILYN

BLACKMON who, after first being duly sworn deposes and says:

1.    My name is Marilyn Blackmon. I have personal knowledge of the facts recited in

this Affidavit.

2.    In or about 1993, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker IV.

3.    In or about December 1997, at which time I worked at NationsBank's 63 Street

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.     However, since December 1997, Patti Peterson, the branch manager at NationsBank's 63 Street banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.     During branch meetings with employees, Patti Peterson would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.     Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty (50) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

7.     I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Lisa Bradley and Debbie Overton. These individuals worked hours in excess of forty (40) in given workweeks for which they did not receive appropriate compensation. I do not believe that they are aware of their legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

MARILYN BLACKMON

SWORN TO AND SUBSCRIBED before me this _11th_ day of _July_, 1999, by MARILYN BLACKMON, who is personally known to me, or who produced _____ as identification, and who did take an oath.

Notary Public
My Commission Expires:
HAZEL E. NUNN
Acknowledger's Name Stamped,
Typed or Printed
STATE OF MISSOURI
Jackson County
My Comm. Expires Mar. 16, 2002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## AFFIDAVIT OF ANGELA MOBLEY

STATE OF GEORGIA    )
                   ) ss:
COUNTY OF FULTON    )

BEFORE ME, the undersigned authority, on this date personally appeared ANGELA

MOBLEY who, after first being duly sworn deposes and says:

1.    My name is Angela Mobley. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1997, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker IV.

3.    In or about December 1997, at which time I worked at NationsBank's Bankhead

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, Tamara Lomax, the branch manager at NationsBank's Bankhead banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During branch meetings with employees, Tamara Lomax would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from fifty (50) to fifty-five (55) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

FURTHER AFFIANT SAYETH NAUGHT.

_____
ANGELA MOBLEY

SWORN TO AND SUBSCRIBED before me this ⊥⊥ day of ⊥⊥⊥⊥⊥, 1999, by ANGELA MOBLEY, who is personally known to me, or who produced ⊥⊥ ⊥⊥ _____ as identification, and who did take an oath.

_____
Notary Public
My Commission Expires:
Notary Public Fulton County, Georgia
_____
Acknowledger's Name Stamped,
My Commission Expires
Typed or Printed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others
              Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,
              Defendants.
_____/

## AFFIDAVIT OF JULIA KOZEL

STATE OF FLORIDA      )
                      ) ss:
COUNTY OF SARASOTA    )

BEFORE ME, the undersigned authority, on this date personally appeared JULIA KOZEL

who, after first being duly sworn deposes and says:

1.    My name is Julia Kozel. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1986, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's South Venice

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.
                                                              Retail Marketing Manager
4.    However, since December 1997, Janet Jones, the ~~branch manager~~ at

South Sarasota/Charlotte Region

NationsBank's ~~South Venice banking center~~, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.      During ~~monthly~~ meetings with employees, Janet Jones would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.      Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty (50) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

7.      I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Tracy Blitch. This individual worked hours in excess of forty (40) in given workweeks for which she did not receive appropriate compensation. I do not believe that she is aware of her legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JULIA KOZEL

SWORN TO AND SUBSCRIBED before me this 5 day of July, 1999, by JULIA KOZEL, who is personally known to me, or who produced Florida drivers license as identification, and who did take an oath.

_____
Notary Public
My Commission Expires:

_____
Acknowledger's Name Stamped,
Typed or Printed



TAMMIE R. RIFE
MY COMMISSION # CC 838062
EXPIRES: May 18, 2003
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.

_____/

## AFFIDAVIT OF MARY F. BOLDEN

STATE OF MARYLAND   )
                    ) ss:
COUNTY OF BALTIMORE )

      BEFORE ME, the undersigned authority, on this date personally appeared MARY F.

BOLDEN who, after first being duly sworn deposes and says:

      1.     My name is Mary F. Bolden. I have personal knowledge of the facts recited in

this Affidavit.

      2.     In or about 1990, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

      3.     In or about December 1997, at which time I worked at NationsBank's

Randallstown banking center, NationsBank reclassified my position as non-exempt, which

allowed me to be eligible for overtime compensation. As of this date, I was also required to

fill out time cards.

4.      However, since December 1997, Barbara Mullin, the branch manager at NationsBank's Randallstown banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.      During branch meetings with employees, Barbara Mullin would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.      Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to sixty (60) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

FURTHER AFFIANT SAYETH NAUGHT.

MARY F. BOLDEN

SWORN TO AND SUBSCRIBED before me this ___ day of _____, 1999, by MARY F. BOLDEN, who is personally known to me, or who produced _____ as identification, and who did take an oath.

_____
Notary Public
My Commission Expires:

_____
Acknowledger's Name Stamped,
Typed or Printed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

      Defendants.

_____/

## AFFIDAVIT OF JOHN BARI

STATE OF CALIFORNIA    )
                      ) ss:
COUNTY OF SANTA CLARA   )

BEFORE ME, the undersigned authority, on this date personally appeared JOHN BARI

who, after first being duly sworn deposes and says:

1.    My name is John Bari. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1997, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker II.

3.    In or about December 1997, at which time I worked at NationsBank's Yorktown

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time

cards.

4.    However, since December 1997, Theodore Gargagliano, the branch manager at NationsBank's Yorktown banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During branch meetings with employees, Theodore Gargagliano would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty (50) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JOHN  BARI

SWORN TO AND SUBSCRIBED before me this /4th day of ___July___, 1999, by JOHN BARI, who is personally known to me, or who produced(Calif. Drivers License as identification, and who did take an oath.

_____
Notary Public
My Commission Expires:
____June 23, 2004____
Acknowledger's Name Stamped,
Typed or Printed


MARIETTA SIMLIA
Commission # 1245262
Notary Public - California
Santa Clara County
My Comm. Expires Jun 23, 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

       Defendants.
_____/

## AFFIDAVIT OF JUAN C. VALDEZ SR.

STATE OF MARYLAND     )
                       ) ss:
COUNTY OF MONTGOMERY   )

    BEFORE ME, the undersigned authority, on this date personally appeared JUAN C.

VALDEZ SR. who, after first being duly sworn deposes and says:

    1.    My name is Juan C. Valdez Sr. I have personal knowledge of the facts recited in

this Affidavit.

    2.    In or about 1991, I was employed by NationsBank. I was employed by NationsBank

as a Consumer Banker III.

    3.    In or about December 1997, at which time I worked at NationsBank's Flower Avenue

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

    4.    However, since December 1997, the branch manager at NationsBank's Flower

Avenue banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During branch meetings with employees, the branch manager would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty-five (55) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Cecilia Sanders, Emily Harris, and a person named "Sharda" (I cannot recall her last name). These individuals worked hours in excess of forty (40) in given workweeks for which they did not receive appropriate compensation. I do not believe that they are aware of their legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

JUAN C. VALDEZ SR.

SWORN TO AND SUBSCRIBED before me this 2O day of July, 1999, by JUAN C. VALDEZ SR., who is personally known to me, or who produced _____ as identification, and who did take an oath.

_____
Notary Public
My Commission Expires:
C2 | 02 | 04
Acknowledger's Name Stamped,
Typed or Printed

JACQUELINE CAPUTI
Notary Public, State of Maryland
Baltimore County
My Commission Expires Feb 2 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others
          Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

          Defendants.
_____/

### AFFIDAVIT OF PAUL C. BARBER

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF SARASOTA      )

BEFORE ME, the undersigned authority, on this date personally appeared PAUL C.

BARBER who, after first being duly sworn deposes and says:

1.    My name is Paul C. Barber. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1996, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker II.

3.    In or about December 1997, at which time I worked at NationsBank's Southgate

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time

cards.

4.     However, since December 1997, Laura Russo, the branch manager at NationsBank's Southgate banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.     During branch meetings with employees, Laura Russo would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.     Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to forty-five (45) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

FURTHER AFFIANT SAYETH NAUGHT.

PAUL C. BARBER

SWORN TO AND SUBSCRIBED before me this ⟨ day of ___, 1999, by PAUL C. BARBER, who is personally known to me, or who produced _____ as identification, and who did take an oath.

Notary Public
My Commission Expires:  Jan 7, 2001

Acknowledger's Name Stamped,
Typed or Printed



KRISTIN K. CAWTHORNE
MY COMMISSION # CC 891664
EXPIRES: January 7, 2001
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## AFFIDAVIT OF DIANE KIRKLAND

STATE OF FLORIDA    )
                     ) ss:
COUNTY OF POLK     )

BEFORE ME, the undersigned authority, on this date personally appeared DIANE

KIRKLAND who, after first being duly sworn deposes and says:

1.    My name is Diane Kirkland. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1986, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker II.

3.    In or about December 1997, at which time I worked at NationsBank's South Winter

haven banking center, NationsBank reclassified my position as non-exempt, which allowed me

to be eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, Louise Horne, the branch manager at NationsBank's South Winter haven banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.   As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During branch meetings with employees, Louise Horne would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to sixty-five (65) hours per week.   However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Mickey Barnett. This individual worked hours in excess of forty (40) in given workweeks for which he did not receive appropriate compensation. I do not believe that he is aware of his legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

DIANE KIRKLAND

SWORN TO AND SUBSCRIBED before me this **7** day of __JUly__, 1999, by DIANE KIRKLAND, who is personally known to me, or who produced _____ as identification, and who did take an oath.

Notary Public
My Commission Expires: **09/29/00**

Acknowledger's Name Stamped
Type of Printed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## AFFIDAVIT OF JEFF MOTLEY

STATE OF TEXAS      )
                     ) ss:
COUNTY OF COLLIN   )

BEFORE ME, the undersigned authority, on this date personally appeared JEFF
MOTLEY who, after first being duly sworn deposes and says:

1.    My name is Jeff Motley. I have personal knowledge of the facts recited in this
Affidavit.

2.    In or about 1996, I was employed by NationsBank. I was employed by
NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's Plano banking
center, NationsBank reclassified my position as non-exempt, which allowed me to be eligible for
overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, Shirley Stanley, a NationsBank sales manager, acting from instructions from the North Dallas Administration, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During branch meetings with employees, Shirley Stanley would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from fifty (50) to sixty (60) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Terrell Walker. This individual worked hours in excess of forty (40) in given workweeks for which he did not receive appropriate compensation. I do not believe that he is aware of his legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

JEFF MOTLEY

SWORN TO AND SUBSCRIBED before me this 17 day of July, 2000, 1999, by JEFF MOTLEY, who is personally known to me, or who produced Texas Driver L, as identification, and who did take an oath.

JONATHAN A. DAMON
Notary Public
State of Texas
My Comm. Exp. 11-02-03

Notary Public
My Commission Expires:
11/02/03
Acknowledger's Name Stamped,
Typed or Printed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

       Defendants.
_____/

## AFFIDAVIT OF OLGA VALDES

STATE OF FLORIDA   )
                ) ss:
COUNTY OF MIAMI-DADE )

BEFORE ME, the undersigned authority, on this date personally appeared OLGA

VALDES who, after first being duly sworn deposes and says:

1.    My name is Olga Valdes. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1993, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker II.

3.    In or about December 1997, at which time I worked at NationsBank's Brickell

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, Donna Marie Kirlew, the regional manager for consumer bankers, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During branch meetings with employees, Donna Marie Kirlew would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to sixty (60) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

FURTHER AFFIANT SAYETH NAUGHT.

OLGA VALDES

SWORN TO AND SUBSCRIBED before me this 28 day of _____, 1999, by OLGA VALDES, who is personally known to me, or who produced _____ as identification, and who did take an oath.

Notary Public

Ana Diaz
My Commission # CC 876880
Expires Oct. 5, 2003
Bonded Thru
Acknowledgers Name Stamped, In
Typed or Printed

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS/Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendant.

## SUPPLEMENTAL AFFIDAVIT OF JOYCE BUTLER

Joyce Butler, being first duly sworn, deposes and says as follows:

1.    I am currently employed by the Defendant in the above-captioned action (the "Bank") as Loan Processor for the Montgomery/Frederick, Maryland Region. Prior to my promotion to this position in August of this year, I served as Vice President and Personnel Manager for the Bank. I am authorized by the Bank to make this Affidavit on its behalf.

2.    I make this Affidavit based upon my personal knowledge and my review of the Bank's personnel and payroll records.

3.    The Bank employed Jeff Motley as a Consumer Banker III from February 16, 1997 through February 4, 1999. The Bank reclassified Mr. Motley's Consumer Banker III position as non-exempt for overtime pay purposes on December 17, 1997. Based upon my review of the Bank's payroll register, Mr. Motley reported 19.50 hours of overtime on the time

records he submitted to the Bank in 1998. The Bank's payroll register also indicates that the Bank paid Mr. Motley a total of $365.62 in overtime pay during 1998.

Further this affiant sayeth not.

Joyce Butler

STATE OF $\underline{MAReYLAND}$

COUNTY OF $\underline{MonTeomery}$

To Wit:

The foregoing Affidavit was personally subscribed and sworn to before me, $\underline{Jonn\ D\ Singlace}$ , a Notary Public for the above-referenced jurisdiction, on October 16, 2000 by JOYCE BUTLER.

Notary Public

(Official Seal)

My Commission Expires: $3-/-0\ Z$

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

Defendants.
_____/

### PLAINTIFFS' NOTICE OF WITHDRAWAL OF OPT-IN
### PLAINTIFFS AND WITHDRAWAL OF AFFIDAVITS

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all others similarly situated, and hereby notifies the Court that the

following persons who have previously opted in to the above-referenced litigation and

provided affidavits in support thereof hereby withdraw from the litigation and withdraw their

affidavits:

1.    Paul C. Barber

2.    Virginia Francois

3.    Elizabeth Ann Melton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this 27th day of October, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al.,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and Richard F. Kane, Esq. McGuire, Woods, Battle & Boothe, 3700 NationsBank Plaza, Charlotte, NC

28280.

Respectfully submitted,

MUCHNICK WASSERMAN, DOLIN & LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100 / (305) 624-9100

By: _____

SUSAN L. DOLIN
Fla. Bar No.: 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No.: 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



          Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

          Defendants.
_____/

## PLAINTIFFS' NOTICE OF FILING OF CORRECTED/AMENDED AFFIDAVITS

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all others similarly situated, and hereby notify the Court that the

following persons who have previously opted in to the above-referenced litigation and

provided affidavits in support thereof are hereby filing corrected/amended affidavits in

support thereof:

1. John Bari

2. Mary F. Bolden

3. Cari M. Ford

4. Diane Kirkland

5.     Julia Kozel

6.     Juan C. Valdez, Sr.

7.     Angela Mobley

Plaintiffs also anticipate filing a corrected/amended affidavit on behalf of Olga

Valdes.

## CERTIFICATE OF SERVICE

*as*

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent ~~via U.S.~~

*Noted*                 *(mAiL)*

~~Mail this~~ 27th day of October, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al.,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and Richard

*(Fed. Exp)*

F. Kane, Esq., McGuire, Woods, Battle & Boothe, 3700 NationsBank Plaza, Charlotte, NC

28280.

Respectfully submitted,

MUCHNICK WASSERMAN, DOLIN &
LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100 / (305) 624-9100

By: *Susan L. Dolin*

SUSAN L. DOLIN
Fla. Bar No.: 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No.: 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

      Defendants.

_____/

## CORRECTED AFFIDAVIT OF JOHN BARI

STATE OF CALIFORNIA    )
                       ) ss:
COUNTY OF SANTA CLARA  )

BEFORE ME, the undersigned authority, on this date personally appeared JOHN

BARI who, after first being duly sworn deposes and says:

1.    My name is John Bari. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1997, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker II.

3.    In or about December 1997, at which time I worked at NationsBank's Yorktown

banking center, NationsBank reclassified my position as non-exempt, which allowed me to

be eligible for overtime compensation. As of this date, I was also required to fill out time

cards.

4.    During the period December 1997 to March 1998, the Yorktowne banking center had no branch manager, although it did have a customer service manager, named Brenda, whose last name I cannot recall.  During December of 1997, I did not feel I was receiving proper training and approached the Regional Manager on this issue, John Stuntz.  In early January, I was then sent to the Turnpike banking center in Northern Virginia for about two (2) months (January and February 1998) and I recall working some Saturdays during that time which put my time worked at over forty (40) hours per week.  In fact, I was probably working between forty-six (46) and forty-eight (48) hours during that time.  During this time, I do recall that I did fill out time cards, and I believe that I did indicate my overtime hours on time sheets during this time.  However, in late February 1998, I was then transferred back to the Yorktowne branch, where NationsBank had recently hired a banking center manager, Theodore Gargagliano.  Theodore indicated to myself and other employees that we were "not to record overtime hours on our time record and that NationsBank would not pay overtime."  As a result of these instructions, I only recorded forty (40) hours on my time card each week even though I worked more than forty (40) hours (as I continued to work six (6) days a week including Saturdays).  If I got paid for overtime work during this period, I neither recall it, nor do I know how I would have been paid for it based on the instructions I received from Theodore Gargagliano as mentioned above.  At any rate, even if I was paid overtime hours, it is not nearly equal to the amount of hours worked in total.

5.    During branch meetings with employees, Theodore Gargagliano would reiterate that he and NationsBank would not pay for overtime work, and that we were not to record overtime hours worked on our time records.  He did state that he would give us time off as reimbursement for overtime hours worked; however, I do not recall ever taking time off for this purpose.

6.    After returning to the Yorktowne branch in March 1998, I worked anywhere from

forty-four (44) to forty-six (46) hours per week as I worked six (6) days which included

Saturdays. However, because of management directives, I recorded and was paid for only

forty (40) hours per week to the best of my recollection.

FURTHER AFFIANT SAYETH NAUGHT.



JOHN  BARI

SWORN TO AND SUBSCRIBED before me this 23 day of 6cT0B3c , 2000 by JOHN
BARI, who is personally known to me, or who produced A Rivers Uc      as
identification, and who did take an oath.

DENNIS PEREZ
Comm. # 1132203
NOTARY PUBLIC · CALIFORNIA
Santa Clara County
My Comm. Expires April 25, 2001

Notary Public
My Commission Expires:
DENNIS PEREZ
Acknowledger's Name Stamped,
Typed or Printed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## CORRECTED AFFIDAVIT OF MARY F. BOLDEN

STATE OF MARYLAND  )
                 ) ss:
COUNTY OF BALTIMORE )

BEFORE ME, the undersigned authority, on this date personally appeared MARY F.

BOLDEN who, after first being duly sworn deposes and says:

1.    My name is Mary F. Bolden. I have personal knowledge of the facts recited in

this Affidavit.

2.    In or about 1990, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's

Randallstown banking center, NationsBank reclassified my position as non-exempt, which

allowed me to be eligible for overtime compensation. As of this date, I was also required to

fill out time cards.

4. However, since December 1997, Barbara Mullin, the branch manager at NationsBank's Randallstown banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5. During branch meetings with employees, Barbara Mullin would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. The only exception to this was that we were allowed to record overtime for hours in excess of forty (40) that were spent at cluster meetings and regional meetings. If it was for actual individually performed work, it was not to be recorded or paid.

6. Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty-eight (58) hours per week. I would work on some Saturdays from 10:00 a.m. to 12:00 or 1:00 p.m., and during the week, sometimes until 7:00 p.m. or 8:00 p.m. In fact, I was there late enough to be seen often by the janitor. Particularly in 1998, NationsBank installed new systems, and we had to spend time learning those. It was not possible to get the job done in forty (40) hours. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked, except for the branch meetings or promotions mentioned in paragraph 5.

FURTHER AFFIANT SAYETH NAUGHT.

MARY F. BOLDEN

SWORN TO AND SUBSCRIBED before me this _12th_ day of _October_ , 1999, by MARY F. BOLDEN, who is personally known to me, or who produced _____ as

identification, and who did take an oath.

_Jean L. Hayes_

Notary Public
My Commission Expires:
_April 19, 2003_

Acknowledger's Name Stamped,
Typed or Printed

Jean L. Hayes

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

      Defendants.
_____/

## CORRECTED AFFIDAVIT OF CARI M. FORD

STATE OF MISSOURI  )
                ) ss:
COUNTY OF ST. LOUIS  )

BEFORE ME, the undersigned authority, on this date personally appeared CARI M.

FORD who, after first being duly sworn deposes and says:

1.    My name is Cari M. Ford. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1990, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's Olivette

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, the branch manager at NationsBank's Olivette banking center, indicated to myself and the other employees that NationsBank did not want to pay for overtime work, regardless of whether it was worked, and many times we were instructed not to record overtime hours worked on our time records.  As a result of these instructions, I would only put on my time cards the number of overtime hours I worked which I thought would get processed and not be returned to me.  I did not, however, record all of my overtime hours.

5.    For example, it was expected that we would not take lunch.  We would put out cookies and other refreshments for the customers, but we used to joke that NationsBank should fit us with IVs and catheters and just infuse us with food at our desks.  I did not put down the hours on my time cards that I did not take for lunch.  There was so much work to do that it was impossible to get it done during forty (40) hours, so I would come in early, and not put those hours down on my time card either.

6.    There were times when I would records closer to the true number of hours I worked (i.e., more overtime hours) on my time card than others, depending on who the managers were.  Sometimes the hub managers would come down on the banking center managers about the number of overtime hours, and the banking center managers would then come down on us, so I was not able to records as many hours (i.e., closer to the true number of hours that I worked) as I might otherwise have done.

7.    During branch meetings with employees, the branch manager would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Despite these instructions, I did record some, but not nearly all, of the overtime hours which I worked.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit.  Although I cannot remember all of their names, I do recall Herman Travis, Jennifer Shar, and Deborah Pollard.  These

individuals worked hours in excess of forty (40) in given workweeks for which they did not

receive appropriate compensation. I do not believe that they are aware of their legal right to

recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime,

although I felt that what NationsBank was doing was wrong and unfair.

FURTHER AFFIANT SAYETH NAUGHT.

_____
CARI M. FORD

SWORN TO AND SUBSCRIBED before me this _18_ day of _Oct_____ ,2000 by CARI M.
FORD, who is personally known to me, or who produced _Drivers License_____ as
identification, and who did take an oath.

_____
Notary Public
My Commission Expires:
_3.8.02_

MARIE G. BADER
Notary Public — Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: March 8, 2002

Acknowledger's Name Stamped,
Typed or Printed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## AMENDED AFFIDAVIT OF DIANE KIRKLAND

STATE OF FLORIDA        )
                        ) ss:
COUNTY OF POLK          )

        BEFORE ME, the undersigned authority, on this date personally appeared DIANE

KIRKLAND who, after first being duly sworn deposes and says:

        1.    My name is Diane Kirkland. I have personal knowledge of the facts recited in this

Affidavit.

        2.    In or about 1986, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker II.

        3.    In or about December 1997, at which time I worked at NationsBank's South Winter

haven banking center, NationsBank reclassified my position as non-exempt, which allowed me

to be eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4    However, since December 1997, Louise Horne, the branch manager at NationsBank's South Winter haven banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. The usual hours which I worked were from 7:30 a.m. through 6:30 p.m. with an hour lunch, although sometimes I took a shorter lunch. I did not work Saturdays. I did record only forty (40) hours, usually 8:00 a.m. until 5:00 p.m. with an hour's lunch.

5.    I left the Bank on or about March 13, 1998, and found out that after some nineteen years of service (including NationsBank's predecessors), I was not going to get my vacation pay when I left. I was told that that was because I left in March and did not work a full year. I told my branch manager, Louise Horne, around February that I would be quitting and that I was upset that I would not get my vacation pay, and she advised me to put down some of the overtime hours that I had in fact worked so that I could get some compensation. As to the other overtime shown on NationsBank's records, I believe that this represents approved call nights, which we were allowed to record as overtime. However, we were not allowed to record overtime that we necessarily worked to finish our individual work, and the overtime reflected by NationsBank as having been paid to me is not nearly the full amount of the overtime that I in fact worked.

6.    During branch meetings with employees, Louise Horne would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Mickey Barnett. This individual worked hours in excess of forty (40) in given workweeks for which he did not receive appropriate compensation. I do not believe that he is aware of his legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DIANE KIRKLAND

SWORN TO AND SUBSCRIBED before me this 25 day of October 2000, by DIANE
KIRKLAND, who is personally known to me, or who produced _____ as
identification, and who did take an oath.

_____
Notary Public
My Commission Expires June 2, 2002

Acknowledger's Name Stamped,
Typed or Printed



TRICIA A. GILDER
MY COMMISSION # CC 747517
EXPIRES: 06/02/2002
Notary Service & Bonding Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.

_____/

## AMENDED AFFIDAVIT OF JULIA KOZEL

STATE OF FLORIDA    )
                  ) ss:
COUNTY OF SARASOTA  )

BEFORE ME, the undersigned authority, on this date personally appeared JULIA KOZEL

who, after first being duly sworn deposes and says:

1.    My name is Julia Kozel. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1986, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's South Venice

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, Janet Jones, the ~~branch manager at~~ Retail Marketing

Manager at

South Sarasota/Charlotte Region

NationsBank's South Venice banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours, except that we were allowed to record Saturday hours worked, even if it took us over forty (40) hours. I worked Saturdays from 8:30 a.m. until 12:30 p.m. and did record that time. However, it was not possible to complete my regular work load in forty hours, and during the week I would come in early and stay late. However, I was not allowed to record those hours on my time card, and did not do so, even though I worked them.

5.      During branch meetings with employees, Janet Jones would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours as described in paragraph 5 on our time records.

6.      Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty (50) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked, except when I worked Saturdays as described above.

7.      I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Tracy Blitch. This individual worked hours in excess of forty (40) in given workweeks for which she did not receive appropriate compensation. I do not believe that she is aware of her legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

8.      I worked for NationsBank's predecessors from March 1979 through all the mergers and considered myself a good employee. I would in no way try to defraud anyone in any way.

FURTHER AFFIANT SAYETH NAUGHT.

Julia Kozel
JULIA KOZEL

SWORN TO AND SUBSCRIBED before me this 16 day of ___October___, 2000, by JULIA KOZEL, who is personally known to me, or who produced __FL Drivers License__ as identification, and who did take an oath.



Notary Public
My Commission Expires:

_____
Acknowledger's Name Stamped,
Typed or Printed

TAMMIE R. RIFE
MY COMMISSION # CC 838062
EXPIRES May 18, 2003
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## AMENDED AFFIDAVIT OF JUAN C. VALDEZ SR.

STATE OF MARYLAND    )
                        ) ss:
COUNTY OF MONTGOMERY   )

BEFORE ME, the undersigned authority, on this date personally appeared JUAN C.

VALDEZ SR. who, after first being duly sworn deposes and says:

1.    My name is Juan C. Valdez Sr. I have personal knowledge of the facts recited in

this Affidavit.

2.    In or about 1994, I was employed by NationsBank. I was employed by NationsBank

as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's Flower Avenue

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, the branch manager at NationsBank's Flower

Avenue banking center, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would, to the best of my recollection, indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.      During branch meetings with employees, the branch manager would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.      Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty-five (55) hours per week. However, to the best of my recollection, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

7.      From December 1997 through the present time, we have had more than four managers at the Flower Avenue Branch. I was the one conducting the loan-a-thon, during this period, which is the after-hours telemarketing. This often extended late into the evening. Some of the telemarketing was done from our office and some other times we were directed to go to different offices to do the telemarketing.

8.      If there were some overtime hours paid for or reflected on my time cards, it was time that was overlooked by the manager or whoever was in charge of checking my timecards. However, the overtime NationsBank claims to have paid me in no way represents the full amount of overtime which I worked. To this day, the managers continue to direct us not to work overtime and not to report overtime which we do work.

7.      I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Cecilia Sanders, Emily Harris, and a person named "Sharda" (I cannot recall her last name). These individuals worked hours in excess of forty (40) in given workweeks for which they did not receive appropriate compensation. I do not believe that they are aware of

their legal right to recover damages; I certainly was not until I consulted an attorney regarding

unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

JUAN C. VALDEZ SR.

SWORN TO AND SUBSCRIBED before me this _23_ day of _October_ 1999, by JUAN C. VALDEZ SR., who is personally known to me, or who produced _____ as identification, and who did take an oath.

Notary Public
My Commission Expires:

JACQUELINE CAPU
Notary Public, State of Mary
Prince George's County
My Commission Expires: Feb 2

Acknowledger's Name Stamped,
Typed or Printed

**JACQUELINE CAPUTI**
Notary Public, State of Maryland
Prince George's County
My Commission Expires: Feb. 2, 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

      Defendants.
_____/

## CORRECTED AFFIDAVIT OF ANGELA MOBLEY

STATE OF GEORGIA    )
                   ) ss:
COUNTY OF FULTON    )

BEFORE ME, the undersigned authority, on this date personally appeared ANGELA

MOBLEY who, after first being duly sworn deposes and says:

1. My name is Angela Mobley. I have personal knowledge of the facts recited in

this Affidavit.

2. In or about 1997, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker IV.

3. In or about December 1997, at which time I worked at NationsBank's Bankhead

banking center, NationsBank reclassified my position as non-exempt, which allowed me to

be eligible for overtime compensation. As of this date, I was also required to fill out time

cards.

4.    At the time we became required to fill out time cards, our start time was moved up from 8:00 a.m. to 8:30 a.m. I was still so busy that I did not take a lunch. Also, my manager, Tamara Lomax, instructed my to sign out at 5:00 p.m. or 5:30 p.m., even though I frequently was not through with my work at that time. Nevertheless, because Ms. Lomax instructed me to do so, I signed out at that time and kept working, sometimes until 8:00 p.m. or 9:00 p.m.

5.    I worked on Saturdays from approximately 8:30 a.m. until 1:00 p.m. Sometimes I would stay later on Saturdays as well, but I was instructed to sign out by 1:00 p.m., which I did. I was, however, paid for Saturday work (at least some of it) even if it put me over forty (40) hours.

6.    The banking center was open on Fridays late, and my working hours were 8:00 a.m. until 7:00 p.m. I was told by Tamara Lomax that I had to sign out at 7:00 p.m., even if I had to continue working, which I did frequently. In fact, I was registered for school then, and I had signed up for a Friday evening class which began at 7:15 p.m., and I recall missing the class frequently because I was stuck at work. I was not paid for these hours.

7.    Even if NationsBank did in fact pay me some overtime, what it paid me was not the true amount of overtime which I had worked, as I was not permitted to record my true hours.

FURTHER AFFIANT SAYETH NAUGHT.

ANGELA MOBLEY

SWORN TO AND SUBSCRIBED before me this 26 day of October, 2000 by ANGELA MOBLEY, who is personally known to me, or who produced _Fl.Vers Lirnse_ as identification, and who did take an oath.

Notary Public
My Commission Expires:

_____
Acknowledger's Name Stamped,
Typed or Printed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## PLAINTIFFS' NOTICE OF FILING OF CORRECTED/AMENDED AFFIDAVIT OF OLGA VALDES

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all others similarly situated, and hereby notifies the Court that

OLGA VALDES, who has previously opted in to the above-referenced litigation and

provided an affidavit in support thereof, is hereby filing an amended affidavit in support

thereof.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via FAX

U.S. Mail this 31st day of October, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et

al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida  33303-0220 and

Richard F. Kane, Esq., McGuire, Woods, Battle & Boothe, 3700 NationsBank Plaza,

Charlotte, NC  28280.

Respectfully submitted,

MUCHNICK WASSERMAN, DOLIN &
LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100 / (305) 624-9100

By: _____

SUSAN L. DOLIN
Fla. Bar No.: 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No.: 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## AMENDED AFFIDAVIT OF OLGA VALDES

STATE OF FLORIDA    )
                 ) ss:
COUNTY OF MIAMI-DADE )

BEFORE ME, the undersigned authority, on this date personally appeared OLGA

VALDES who, after first being duly sworn deposes and says:

1.    My name is Olga Valdes. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1993, I was employed by NationsBank, after having been employed

by some of its predecessors. I was employed by NationsBank as a Consumer Banker II. I

retired from NationsBank in or about September 1, 1998.

3.    Sometime in 1996, my job title was changed to that of "relationship manager."

However, my job duties were the exact same as those of a consumer banker II. The only

distinction was that I serviced accounts that were held by account holders outside of the

United States, and much of my business was performed by telephone instead of in person.

However, I sold the same bank products, and provided the same customer services as I did

when I was classified as a Consumer Banker II. We even had telemarketing "call nights" one

night per week when we were expected to telemarket in foreign countries from 5:00 p.m. until

8:00 p.m. In fact, I would work at other branches on Saturdays as a Consumer Banker II.

I was not aware that my title was no longer "consumer banker" until I received new business

cards with the title "relationship manager" on them. The only time I filled out time cards was

while I was a Consumer Banker II until sometime in 1995; then we stopped.

4.     In December 1997, NationsBank announced that all consumer bankers were

going to be required to fill out time cards from then on, because people were suing the bank

for failure to pay overtime. However, as a "relationship manager," I never received a time

card to fill out, nor was I paid for overtime hours (in excess of forty (40) in any one workweek)

which I worked. This was so even though I continued to work in excess of forty (40) hours as

described in paragraph 3 and continued to do the same job as a "consumer banker."

FURTHER AFFIANT SAYETH NAUGHT.

_____
OLGA VALDES

SWORN TO AND SUBSCRIBED before me this 27 day of December, 2000, by OLGA
VALDES, who is personally known to me, or who produced _____ as
identification, and who did take an oath.

_____
Notary Public
My Commission Expires:

Acknowledged Name Stamp
Typed or Printed