UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

            Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

            Defendant.



### NATIONSBANK'S REPLY
### TO PLAINTIFFS' OPPOSITION TO NATIONSBANK'S MOTION
### FOR LEAVE TO FILE A SUPPLEMENTAL RESPONSE TO PLAINTIFFS'
### MOTION TO ALLOW NOTIFICATION TO POTENTIAL CLASS MEMBERS

Bank of America Corporation (f/k/a BankAmerica Corporation) and Bank of America,

N.A. (f/k/a NationsBank, N.A.)(collectively referred to herein as "NationsBank"), by counsel,

reply as follows to Plaintiffs' Response in Opposition to NationsBank's Motion for Leave to File

a Supplemental Response to Plaintiffs' Motion to Allow Notification to Potential Class Members

("Plaintiffs' Opposition"):



Case No. 00-06145-CIV-DIMITROULEAS/Snow
Escudero v. NationsBank, N.A.

## Relevant Procedural History

On October 17, 2000, NationsBank filed a Motion for Leave to File a Supplemental Response to Plaintiffs' Motion to Allow Notification to Potential Class Members ("Motion for Leave"). NationsBank established in that Motion (and supporting materials) that plaintiffs, in their reply to NationsBank's opposition to plaintiffs' Motion to Allow Notification: (a) raised new and different arguments in support of their Motion; (b) abandoned the allegations in their Complaint and thirteen suspect affidavits filed in support of their Motion to Allow Notification; and (c) mischaracterized NationsBank's position regarding plaintiffs' counsel's solicitation of additional opt-in plaintiffs. NationsBank requested an opportunity to submit a supplemental response to plaintiffs' Motion to Allow Notification and thereby respond to plaintiffs' new arguments and their attempts to mischaracterize NationsBank's initial arguments in opposition to plaintiffs' Motion to Allow Notification.

On October 27, 2000, before their response to NationsBank's Motion for Leave was due, plaintiffs filed "Corrected Affidavits" on behalf of eight of the thirteen opt-in plaintiffs who had filed affidavits in support of plaintiffs' Motion to Allow Notification. Plaintiffs contend that these "Corrected Affidavits" provide further support for their argument that they have satisfied the standard for "class" notice in an FLSA collective action as set forth in Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991).[1]

---

[1] Plaintiffs filed these "Corrected Affidavits" after NationsBank notified them of its intent to file a Motion for Sanctions pursuant to Fed. R. Civ. P. 11 if plaintiffs did not withdraw the thirteen suspect affidavits and provide certain other relief. In addition to filing the eight "Corrected Affidavits," plaintiffs also filed a notice of their intent to withdrew the affidavits of three of the thirteen opt-in plaintiffs, who also withdrew as plaintiffs in this action. Plaintiffs did not file "Corrected Affidavits" for the two remaining opt-in plaintiffs who filed suspect affidavits in support of plaintiffs' Motion to Allow Notification. Plaintiffs' "Corrected Affidavits" and their refusal to withdraw their initial suspect affidavits are the subject of NationsBank's November 9,

2

Case No. 00-06145-CIV-DIMITROULEAS/Snow<br>
Escudero v. NationsBank, N.A.

On November 3, 2000, despite the fact that they tried to supplement the record on which the Court will decide the "class" notice issue by filing "Corrected Affidavits," plaintiffs filed a memorandum opposing NationsBank's request for supplemental briefing regarding the "class" notice issue.

### Argument

In its Motion for Leave to file a supplemental response to plaintiffs' Motion to Allow Notification, NationsBank requested the Court to grant it the opportunity to file a supplemental brief because plaintiffs

> "filed a reply memorandum in which they: (a) raise new and different arguments, and 'recast' their allegations and depart from their Complaint and sworn affidavits in an attempt to divert the Court's attention from their thirteen suspect affidavits; and (b) mischaracterize NationsBank's position regarding plaintiffs' counsel's solicitation of additional opt-in plaintiffs."

See NationsBank's Motion for Leave, ¶6. In their opposition, plaintiffs did not address any of the foregoing arguments advanced by NationsBank in support of its Motion for Leave to file a supplemental response. Instead, plaintiffs asserted in their response that NationsBank's Motion for Leave to file a supplemental response should be denied because it would "burden[] the Court file with two (2) extra, and completely unnecessary, legal memoranda" and there is "more than sufficient information before the Court at this point" to resolve the class notice issue. See Plaintiffs' Opposition, pp. 2-3. Plaintiffs' position is disingenuous and without merit.

First, plaintiffs' new-found concern for judicial economy and their assertion that there exists "more than sufficient information" in the record are inconsistent with their own recent conduct. They protest "burdening" the Court with two extra legal memoranda; yet they

---

2000 Motion for Sanctions, which is currently pending before the Court.

cv-06145-LRJ Document 132 Entered on FLSD Docket 11/14/2000

Case No. 00-06145-CIV-DIMITROULEAS/Snow
Escudero v. NationsBank, N.A.

apparently do not have the same concern about burdening the Court with thirteen suspect affidavits which they refuse to withdraw from the record, or eight "Corrected Affidavits" which they just filed in support of their Motion to Allow Notification. Nor can there be "more than sufficient information before the Court" if plaintiffs believed it necessary to file eight additional "Corrected Affidavits" which directly contradict the original affidavits.[2]

Second, plaintiffs' opposition to NationsBank's Motion for Leave to file a supplemental response is particularly ironic given their recent filing of "Corrected Affidavits" for eight of the thirteen opt-in plaintiffs who originally submitted affidavits in support of plaintiffs' Motion to Allow Notification. On October 27th, plaintiffs filed eight "Corrected Affidavits" in an effort to supplement the record before the Court as it considers their Motion to Allow Notification. Six days later, plaintiffs filed a memorandum with this Court, see Plaintiffs' Opposition, seeking to deny NationsBank the ability to do so as well.

## Conclusion

In sum, plaintiffs "opened the door" for NationsBank's supplemental response to their Motion to Allow Notification by expanding in their reply memorandum the scope of the argument and evidence bearing upon the class notification issue. They further opened the door for NationsBank's supplemental response by filing eight "Corrected Affidavits" in a failed effort to rehabilitate their suspect evidence. Plaintiffs should not now be permitted to preclude this

---

[2] Plaintiffs maintain that the "credibility" of the thirteen suspect affidavits is a "red herring" and irrelevant to the Court's Dybach analysis. To the contrary, the Court must make at least a threshold credibility finding before it can rely on the accuracy and veracity of plaintiffs' affidavits. And, despite their protestations to the contrary, plaintiffs must agree with this view; there is no other explanation for their attempt to rehabilitate the credibility of their evidence by filing eight "Corrected Affidavits."

4

Court's consideration of NationsBank's supplemental response under the guise of judicial economy when their own actions and conduct have made that supplemental response so relevant.

Based on the foregoing, NationsBank respectfully requests the Court to accept for filing and consider its Supplemental Response to Plaintiffs' Motion to Allow Notification to Potential Class Members, the original of which is appended as Exhibit 1 to NationsBank's October 17, 2000, Motion for Leave to file a supplemental response to plaintiffs' Motion to Allow Notification.

This the 13th day of November, 2000.

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
(954) 463-0100; (954) 463-2444 (Facsimile)

Richard F. Kane (NC Bar No. 5694)
Bruce M. Steen (VA Bar No. 31062)
McGuire Woods LLP
3700 NationsBank Plaza
Charlotte, North Carolina 28280
(704) 373-8999; (704) 373-8990 (Facsimile)

Counsel to NationsBank, N.A.

5

Case No. 00-06145-CIV-DIMITROULEAS/Snow
Escudero v. NationsBank, N.A.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing in the above-captioned proceeding has been served this day by U.S. mail, postage prepaid, upon plaintiffs' counsel as listed below:

>  Susan L. Dolin, Esquire
>  Daniel R. Levine, Esquire
>  Muchnick, Wasserman, Dolin & Levine, LLP
>  Presidential Circle Building, Suite 620 North
>  4000 Hollywood Blvd.
>  Hollywood, Florida 33021
>
>  Caryl Boies, Esquire
>  Anne E. Hinds, Esquire
>  Boies, Schiller & Flexner, LLP
>  2435 Hollywood Boulevard, Suite 200
>  Hollywood, Florida 33020

This the 13th day of November, 2000.

Michael T. Burke (Fla. Bar No. 338771)