UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

              Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

              Defendant.



## NATIONSBANK'S RESPONSE TO PLAINTIFFS'
## MOTION TO COMPEL PRODUCTION

Bank of America Corporation (f/k/a BankAmerica Corporation) and Bank of America,

N.A. (f/k/a NationsBank, N.A.)(collectively referred to herein as "NationsBank"), by counsel,

responds as follows to Plaintiffs' Motion to Compel Production ("Motion to Compel") served

upon its undersigned counsel on November 6, 2000:

Plaintiffs' Motion to Compel seeks this Court's authorization to conduct a "fishing

expedition" through Rodney Sumter's confidential personnel records under the guise of

"relevancy." In their Motion to Compel, Plaintiffs insinuate that the production of Rodney



Sumter's personnel file is necessary to confirm the existence, or lack thereof, of any written disciplinary action taken against him by NationsBank in relation to Plaintiff Kim Drake's overtime claims. NationsBank informed Plaintiffs in its discovery response that Mr. Sumter's personnel file contains no such documents. See NationsBank's response to Request No. 5 in Plaintiffs' First Request for Production attached hereto as Exhibit A.

NationsBank's answer should come as no surprise to Plaintiffs since the one thin reed upon which they base their alleged entitlement to Mr. Sumter's personnel file, i.e., the self-serving and speculative hearsay testimony offered by Plaintiff Drake, confirms NationsBank's response that no such documents exist. Plaintiff Drake testified that a "friend" informed her that Mr. Sumter had received a warning about letting her work overtime without pay. See Transcript of Drake Deposition, p. 115, a copy of which is attached hereto as Exhibit B. Even if this hearsay is true, however, Plaintiff Drake's testimony further establishes that this warning was "verbal," not written.

Mr. Sumter's personnel file contains sensitive, confidential and uniquely personal information that is irrelevant to Plaintiffs' FLSA claims under any stretch of the imagination. This information would have no bearing whatsoever on the number of overtime hours Plaintiff Drake purportedly worked, NationsBank's or Mr. Sumter's knowledge of her purported overtime, any pay, or lack thereof, she received from NationsBank for her claimed overtime, or any other germane issue in this lawsuit. NationsBank has plainly informed Plaintiffs that the information they ostensibly seek is not contained in Mr. Sumter's personnel file. If Plaintiffs wish to confirm whether Mr. Sumter was verbally disciplined, then they may depose Mr. Sumter or Plaintiff Drake's "friend." See, e.g., In re: Alexander Grant & Co. Litigation, 110 F.R.D. 545 (S.D. Fla. 1986) (Plaintiffs' motion to compel personnel evaluations denied where depositions are available

to explore the results of such evaluations). The personal and confidential nature of the information contained in Mr. Sumter's personnel file simply overrides Plaintiffs' tenuous "relevancy" argument, and justifies NationsBank's refusal to produce his file.

NationsBank's undersigned counsel did not intentionally ignore Plaintiffs' "good faith" letter of October 5, 2000. That letter posed several questions about NationsBank's responses to Plaintiffs' First Request for Production. In focusing on the time that NationsBank would require to locate the documentation requested by Request for Production Nos. 2 and 3, the undersigned counsel frankly overlooked Plaintiff's query about Mr. Sumter's personnel file. While the undersigned counsel apologizes for any misimpression its oversight created with Plaintiffs' counsel or the Court, NationsBank's failure to respond to this letter has not materially hindered or delayed Plaintiffs' receipt of the requested personnel file. NationsBank's position on the production of the file has remained steadfast since its initial discovery response. The confidential nature of the materials in Mr. Sumter's file, when balanced against Plaintiffs' questionable contentions of the file's relevancy to this action, justifies both NationsBank's objection to Request for Production No. 5 and its refusal to produce Mr. Sumter's personnel file.

WHEREFORE, Defendant NationsBank, by counsel, respectfully requests the Court to enter an order denying Plaintiffs' Motion to Compel Production. If, however, the Court is inclined to grant Plaintiffs' Motion to Compel, then NationsBank requests the Court to conduct an *in camera* inspection of Rodney Sumter's personnel file to confirm NationsBank's position that the file does not contain any documents relevant to disciplinary action taken by NationsBank against Mr. Sumter in relation to Plaintiff Drake's overtime claims.

3

This the 22nd day of November, 2000.

Richard F. Kane (NC Bar No. 5694)
Bruce M. Steen (VA Bar No. 31062)
McGuire Woods LLP
3700 NationsBank Plaza
Charlotte, North Carolina 28280
(704) 373-8999; (704) 373-8990  (Facsimile)

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George. P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida  33303-0220
(954) 463-0100; (954) 463-2444 (Facsimile)

Counsel to NationsBank, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing in the above-captioned

proceeding has been served this day by U.S. mail, postage prepaid, upon plaintiffs' counsel as

listed below:

> Susan L. Dolin, Esquire
> Daniel R. Levine, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, Florida 33021
>
> Caryl Boies, Esquire
> Anne E. Hinds, Esquire
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, Florida 33020

This the 22nd day of November, 2000.

Bruce M. Steen (VA Bar No. 31062)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

| | |
|---|---|
| ROXANNA L. ESCUDERO, and | ) |
| KIMBERLY DRAKE, on behalf of | ) |
| themselves and all others similarly | ) |
| situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| a foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| a foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association, | ) |
| | ) |
| Defendant | ) |

### NationsBank's Responses
### to Plaintiffs' First Request for Production

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Bank of America

Corporation (f/k/a BankAmerica Corporation) and Bank of America, N.A., (f/k/a

NationsBank, N.A.), which are collectively referred to herein as "defendants" or

"NationsBank," respond as follows to Plaintiffs' First Request for Production to Defendant:

### Document Requests

1.     The original document, titled "Use For Hours Reported from 11/29/99 –

12/05/99" for Nancy Rojas. The document is marked "Mail Code: FL8-179-01-01."

**Response:**

See documents D1-1 through D1-2, produced herewith. NationsBank will make the original of this document available at the office of its local counsel for inspection and copying by plaintiffs' counsel at a mutually convenient time and date.

2. For any and all pay periods during the Plaintiffs' employment, any

documents that reflect the alarm records of the Plaintiffs' signing in and out, entering and

exiting the building.

**Response:**

NationsBank has been searching for and attempting to access the "alarm records" requested by the foregoing document request. NationsBank will produce these documents as soon as they are located and available. The process involves a significant undertaking and is not yet complete. The scope of the search, therefore, is not yet completely defined, and NationsBank, by counsel, reserves the right to rely on the objection that the foregoing document request imposes upon it an undue burden and expense.

3. For any and all pay periods during the Plaintiffs' employment, any

documents that reflect the computer logs of the Plaintiffs logging on and off of their

computer systems.

**Response:**

NationsBank has been searching for and attempting to access the "computer logs" requested by the foregoing document request. NationsBank will produce these documents as soon as they are located and available. The process involves a significant undertaking and is not yet complete. The scope of the search, therefore, is not yet completely defined, and NationsBank, by counsel, reserves the right to rely on the objection that the foregoing document request imposes upon it an undue burden and expense.

4. Personnel file of Rodney Sumter, including but not limited to, documents

reflecting any discipline or counseling and/or reprimand regarding the payment of overtime

compensation to subordinate employees.

2

**Response:**

NationsBank, by counsel, objects to the foregoing document request on the grounds that it seeks disclosure of confidential information regarding a NationsBank employee who is not party to the above-captioned action. NationsBank, by counsel, also objects to the foregoing document request on the grounds that it seeks information which is neither relevant to the above-captioned action nor reasonably likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, there are no documents in Rodney Sumter's personnel file "reflecting any discipline and/or counseling and/or reprimand regarding the payment of overtime compensation to subordinate employees."

This the 11th day of September, 2000.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGuireWoods LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
Telephone:   (704) 373-8999
Facsimile:   (704) 373-8990

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
Telephone:   (954) 463-0100
Facsimile:   (954) 463-2444

Attorneys for Bank of America Corporation

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV-DIMITROULEAS/SNOW

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served this

day by U.S. mail, postage prepaid, upon Plaintiffs' counsel as listed below:

Daniel R. Levine, Esq.
Adam S. Chotiner, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

This the 11th day of September, 2000.

Richard F. Kane

**USE FOR HOURS REPORTED FROM <u>11/29/99 - 12/05/99</u>**



**Bank of America**

Mail Code: <u>FL8-179-01-01</u>

Name: <u>ROJAS, NANCY</u>

**MARKING DIRECTIONS**

• Erase carefully any bubbles you wish to change.

• Do not make extra marks on the timesheet.

CORRECT: ⊏ ● ⊏ ⊏

## Mandatory information for payroll processing:

**SOCIAL SECURITY #**

2 6 1 0 2 8 2 9 6

**JOB REC.#**

**TIME CAPTURE END DATE**

| Month | Day | Year |
|---|---|---|
| 12 | 05 | 99 |

**ROUNDING RULES:**

| Minutes | | Round to: |
|---|---|---|
| :00 THROUGH | :07 | .00 |
| :08 THROUGH | :22 | .25 |
| :23 THROUGH | :37 | .50 |
| :38 THROUGH | :52 | .75 |
| :53 THROUGH | :59 | .00 |

| Hundredths | | Round to: |
|---|---|---|
| .00 THROUGH | .12 | .00 |
| .13 THROUGH | .37 | .25 |
| .38 THROUGH | .62 | .50 |
| .63 THROUGH | .87 | .75 |
| .88 THROUGH | .99 | .00 |

## BORROWED TIME

Of the hours recorded on the opposite side, indicate the total number of hours worked in cost centers other than your home cost center.



**Co - Cost Center**

| HRS | MIN |
|---|---|
| 01 | 09 00 |
| 02 | 10 25 |
| 03 | 11 50 |
| 04 | 12 75 |
| 05 | 13 |
| 06 | 14 |
| 07 | 15 |
| 08 | 16 |

**Co - Cost Center**

| HRS | MIN |
|---|---|
| 01 | 09 00 |
| 02 | 10 25 |
| 03 | 11 50 |
| 04 | 12 75 |
| 05 | 13 |
| 06 | 14 |
| 07 | 15 |
| 08 | 16 |

**Co - Cost Center**

| HRS | MIN |
|---|---|
| 01 | 09 00 |
| 02 | 10 25 |
| 03 | 11 50 |
| 04 | 12 75 |
| 05 | 13 |
| 06 | 14 |
| 07 | 15 |
| 08 | 16 |

Total hours worked in the above cost center ▷

Total hours worked in the above cost center ▷

Total hours worked in the above cost center ▷

Return timesheet to NC1-021-03-14. Written information is not used by Personnel Operations for processing pay; ensure all bubbles are filled in.



**ASSOCIATE SIGNATURE**

(904) 615-9816

Area Code    Complete Phone #
*(Required)*

**SUPERVISOR SIGNATURE**

(904) 615-9916

Area Code    Complete Phone #
*(Required)*



**FOR FULL -TIME ONL**
**DOCKED HOURS**

To be completed by Supervisor

| | HRS | | | | | MI |
|---|---|---|---|---|---|---|
| 01 | 06 | 11 | 16 | 21 | 26 | 31 | 36 |
| 02 | 07 | 12 | 17 | 22 | 27 | 32 | 37 |
| 03 | 08 | 13 | 18 | 23 | 28 | 33 | 38 |
| 04 | 09 | 14 | 19 | 24 | 29 | 34 | 39 |
| 05 | 10 | 15 | 20 | 25 | 30 | 35 | 40 |



Bank of America
Form # 00-13-1876B

| DAILY HOURS WORKED | | VACATION | | ILLNESS | | HOLIDAY | | HOLIDAY WKD | | OTHER PAID TIME | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN |

| DAILY HOURS WORKED | | VACATION | | ILLNESS | | HOLIDAY | | HOLIDAY WKD | | OTHER PAID TIME | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN |

| DAILY HOURS WORKED | | VACATION | | ILLNESS | | HOLIDAY | | HOLIDAY WKD | | OTHER PAID TIME | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN |

| DAILY HOURS WORKED | | VACATION | | ILLNESS | | HOLIDAY | | HOLIDAY WKD | | OTHER PAID TIME | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN |

| DAILY HOURS WORKED | | VACATION | | ILLNESS | | HOLIDAY | | HOLIDAY WKD | | OTHER PAID TIME | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN |

| DAILY HOURS WORKED | | VACATION | | ILLNESS | | HOLIDAY | | HOLIDAY WKD | | OTHER PAID TIME | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN |

| DAILY HOURS WORKED | | VACATION | | ILLNESS | | HOLIDAY | | HOLIDAY WKD | | OTHER PAID TIME | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN | HRS | MIN |

WEEKLY TOTAL OF HOURS EXCLUDING HOLIDAY WORKED

| DAILY TOTAL= | VACATION TOTAL= | ILLNESS TOTAL= | HOLIDAY TOTAL= | HOLIDAY WKD TOTAL= | OTHER PAID TIME TOTAL= | |
|---|---|---|---|---|---|---|
| 7 | 8 | 16 | 8 | | | 39 |

| MONDAY | | TUESDAY | | WEDNESDAY | | THURSDAY | | FRIDAY | | SATURDAY | | SUNDAY | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IN | OUT | IN | OUT | IN | OUT | IN | OUT | IN | OUT | IN | OUT | IN | OUT |
| 850 | 1053 | 9 | 750 | 1200 | 1250 | 1500 | 9 | 916 | 9 | 504 | 9 | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO and         )
KIMBERLY DRAKE, on behalf of    )
themselves and all others       )
Similarly situated,             )
                                )           **COPY**
            Plaintiffs,         )
                                )
Vs.                             )
                                )
BANKAMERICA CORPORATION, a      )
Foreign corporation d/b/a BANK  )
OF AMERICA CORPORATION, a       )
Foreign corporation f/k/a       )
NATIONSBANK, N.A., a national   )
Association,                    )
                                )
            Defendant.          )
- - - - - - - - - - - - - - - - - - - - - - - - -
                        337 E. Las Olas Boulevard
                        Fort Lauderdale, Florida
                        July 13th, 2000
                        9:30 a.m. - 12:05 p.m.

APPEARANCES:

        MUCHNICK, WASSERMAN, DOLIN & LEVINE, LLP
        By ADAM S. CHOTINER, ESQ., ESQ.
        Attorney for the Plaintiffs

        McGUIRE, WOODS, BATTLE & BOOTHE, LLP
        By RICHARD F. KANE, ESQ.
        Attorney for the Defendant

        Also Present:  Roxanna L. Escudero

                - - - - - - - - -
                DEPOSITION

                    OF

                KIMBERLY DRAKE
                - - - - - - - - -

1   to four hour lunches on a Friday afternoon.  And I said,
2   if I'm going to be terminated, I'm going to let you know
3   that that's what's going on.  And she said, fine, I've
4   been notified, you let me know.
5            I said, let me clear out my desk and let me
6   clear out my safe deposit box and I'll be on my way,
7   because I don't want to come back here to clear out my
8   safe deposit box.  And they said, okay, no problem.
9            So DonnaMarie stayed in the office, made
10  some phone calls.  Rodney went over with me to my desk
11  and let me get my personal things.  And he went into the
12  actual safe deposit box with me to get my safety deposit
13  box stuff.  Then at that time he gave me a hug.  And I
14  said, Rodney, I didn't mean to get you in trouble, but
15  if you're going to terminate me, I'm going to let them
16  know what's going on.  And he said, don't worry about
17  it.  I'll take care of myself.  And then I left.
18           And I don't know what happened to Rodney
19  but I do know -- a friend of mind informed me that he
20  got a verbal final written warning for allowing me to
21  work and not paying me for it.
22           And when I went out to the car to get with
23  Roxanne, I told her the whole conversation.  And she
24  informed me the reason that they probably asked me the
25  overtime question was 'cause she had called human