UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
*00 6145*
Case No. 98-06506-CIV-DIMITROULEAS/Snow

| | |
|---|---|
| ROXANA L. ESCUDERO, and. | ) |
| KIMBERLY DRAKE, on behalf | ) |
| of themselves and all others ) | |
| Similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| A foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| A foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association | ) |
| | ) |
| Defendant. | ) |
| | ) |

FILED by _____ D.C.

_____ 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**NationsBank's Reply to Plaintiffs' Final Response and
Amended Final Response to NationsBank's Motion for Summary Judgment**

Bank of America Corporation (f/k/a BankAmerica Corporation) and Bank of America, N.A.

(f/k/a NationsBank, N.A.)(collectively referred to herein as "NationsBank"), by counsel, hereby

replies as follows to Plaintiffs' November 22, 2000 Final Response and November 27, 2000

Amended Final Response to NationsBank's Motion for Summary Judgment:



## I. Argument

A.    NationsBank is Entitled to Summary Judgment On Each Claim Asserted by the Twenty-Nine Opt-in Plaintiffs Who Terminated Their Employment Prior to December 17, 1997.

The competing burdens of the movant and non-movant on a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are well established. The movant bears the initial burden of establishing the absence of a genuine issue of material fact, and may discharge this burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." See, e.g., Mora v. University of Miami, 15 F. Supp. 2d 1324, 1331-32 (S.D. Fla. 1998), quoting, Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Once the movant sustains it burden, the non-movant then must "present evidence sufficient to make a 'showing that the jury could reasonably find for that party'." Id., quoting, Allen v. Tysons Foods, Inc., 121 F.3d 642, 643 (11th Cir. 1993). "Where the nonmoving party bears the burden of proof of an essential element [of that] party's[claim], summary judgment is warranted when the party fails to make a showing sufficient to establish the essential element. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id., quoting, Celotex Corp., 106 S. Ct. at 1252.

Plaintiffs concede in both their Final Response and Amended Final Response that NationsBank is entitled to Summary Judgment as to twelve of the twenty-nine opt-in plaintiffs who

2

terminated their employment with the Bank prior to December 17, 1997. Plaintiffs refer to these opt-in plaintiffs as the "Category 1" opt-in plaintiffs.[1]

Plaintiffs further concede in their responses that they have "no factual basis for disputing [NationsBank's] contentions with regard to the remaining [17] individuals" in Category 1 who terminated their employment with NationsBank prior to December 17, 1997. That is, plaintiffs concede a "complete failure of proof" as to the claims asserted by each of the seventeen remaining opt-in plaintiffs in Category 1. See Plaintiffs' Final Response, p. 3. NationsBank, therefore, is entitled to summary judgment on their claims.[2]

B.    NationsBank also is Entitled to Judgment as to the Claims of Ten of the Eleven Opt-in Plaintiffs Who Transferred Out of their Consumer Banker Positions Prior to December 17, 1997, Including those of June McKinley and Eloise Batts.

    1.    Plaintiffs concede summary judgment as to eight "Category 2" plaintiffs.

Plaintiffs concede in their Final Response and Amended Final Response that they can proffer no factual basis to rebut NationsBank's Motion for Summary Judgment on eight (8) of the eleven (11) plaintiffs who transferred out of their Consumer Banker positions with the Bank prior to December 17, 1997. Plaintiffs refer to these plaintiffs as "Category 2" opt-in plaintiffs. See Plaintiffs' Final Response, p. 3 and Footnote 2 herein. Since Plaintiffs have absolutely no basis on

---

[1] These twelve plaintiffs are: Andrea Cordell, Stephanie Strozier, Traci Ratcliff, Katherine Kennedy, Rita Silverman, Deborah A. Pye-Lee, Peggy J. Biggs, Lillian Moreno Vaccato, Jennie Pumphrey, Antoinette Queen, M. Christina Guerin-Davidson and Lisa Beach.

[2] These seventeen opt-in plaintiffs are: Anita Alexander (Parial), Tina R. Albritton, Janice Cole, Christopher Coleman, James Carl Copeland, Lyndia M. Cox, Nancy German, Marcia Heuser, Todd Hill, Wendy Louderback, Joe J. Northcutt, Miriam Osavio, Irma W. Powell, Lily Rubenstein, Sallie Savage, Kathleen Martinez Stuchberry and Carolyn S. Walker.

3

which to contest summary judgment as to these eight opt-in plaintiffs, NationsBank is entitled to summary judgment on their claims.[3] See Mora, 15 F. Supp. 2d at 1332.

### 2. June McKinley & Eloise Batts

Rule 56(c) of the Federal Rules of Civil Procedure identifies the types of pleadings and materials on which a party may rely to oppose a motion for summary judgment. See Celotex, 106 S. Ct. at 2553. With respect to affidavits, Rule 56(e) of the Federal Rules of Civil Procedure requires that:

"an opposing affidavit shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Plaintiffs cannot satisfy these standards as to opt-in plaintiffs June McKinley or Eloise Batts.

Rather, in a feeble attempt to defend against NationsBank's Motion for Summary Judgment as to McKinley's and Batts' claims, Plaintiffs submit unsworn, hearsay statements allegedly made by both women wherein they claim they worked for NationsBank as Consumer Bankers in 1997 and 1998. See McKinley statement appended hereto as Exhibit 1 & Batts' statement appended hereto as Exhibit 2. These unsworn, unverified statements fall well short of the Rule 56(e) standard. They are nothing more than unsigned, unsworn, self-serving hearsay statements, and, as this Court has often noted, "a [party] may not rely on rank hearsay . . . to oppose proper motions for summary judgment." Hughes v. Ameranda Hess Corp., 187 F.R.D. 682, 688 (S.D. Fla 1999).

Furthermore, these statements fail to satisfy any other standard of admissibility or competency. These statements, therefore, do not rebut NationsBank's motion for summary judgment

---

[3] These 8 opt-in plaintiffs are: Willie B. Brice, Patrick A. Banks, Sherry Fyffe, Rodney N. Hensley, Cindy C. McDonald, Anastasia Monroe, Adelia Smith and Julia L. Washington.

as to McKinley's or Batts' claims. See Mora, 15 F. Supp. 2d at 1333-34 (noting that unsworn witness statements do not "constitute competent summary judgment evidence for consideration" by this Court).[4]

### 3. Olga Valdes

In her Amended Affidavit, Olga Valdes asserts that she worked as a Consumer Banker II at domestic branches on the weekends. See Amended Affidavit of Olga Valdes, ¶ 3, appended hereto as Exhibit 3. NationsBank acknowledges that, with this statement, Valdes has created a genuine issue of material fact as to whether she is a proper party plaintiff in the above-captioned action.

## II. Conclusion

Based upon the facts and arguments asserted above, NationsBank is entitled to summary judgment on: (a) the claims of all twenty-nine "Category 1" opt-in plaintiffs who terminated their employment with the Bank prior to December 17, 1997; and (b) the claims of ten of the eleven "Category 2" opt-in plaintiffs, including the claims of June McKinley and Eloise Batts, who transferred out of their Consumer Banker positions with the Bank before December 17, 1997. NationsBank, therefore, respectfully renews its request that the Court enter an Order granting its motion for summary judgment on the claims of the opt-in plaintiffs identified above; dismissing the claims of these thirty-nine plaintiffs with prejudice; awarding NationsBank the cost and reasonable

---

[4] McKinley's and Batts' unsworn written statements further fail to satisfy the requirements of 28 U.S.C. §1746 which provides for the limited admissibility of unsworn statements.

attorneys' fees expended in seeking this relief; and awarding such other and further relief the Court

deems just and proper.

This the __6__ day of December, 2000.

_____
Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
& GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:      954/463-2444
Telephone:    954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB


Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIRE, WOODS, BATTLE & BOOTHE LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX 704-373-8990


Attorneys for NationsBank, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **NationsBank's Reply to**

**Plaintiffs' Final Response and Amended Final Response to NationsBank's Motion for**

**Summary Judgment** in the above-captioned proceeding has been served this day by U.S. mail,

postage prepaid, upon the Plaintiff's counsel as listed below:

> Susan L. Dolin, Esq.
> Daniel R. Levine, Esq.
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner L.L.P.
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

This the ___6___ day of December, 2000.

Michael T. Burke

$^{11}/_{2\ 2}$

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow



ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

　　　　Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

　　　　Defendant.

_____/

## PLAINTIFF'S FINAL RESPONSE TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

COME NOW the Plaintiffs, ROXANNA ESCUDERO, *et al.*, by and through their

undersigned counsel, and pursuant to Local General Rule 7.1.C, hereby file their Final

Response to Defendant's Motion for Summary Judgment, as follows:

As the Court will recall, this lawsuit was filed by the Plaintiffs on behalf of

themselves and all others similarly situated thereto for violations of the Fair Labor

Standards Act (29 U.S.C. § 216 (b) ) by Defendant. The specific allegations involve

Defendant's failure to pay overtime to the Consumer Bankers IIs, IIIs, and IVs after

Defendant reclassified them as exempt on or about December 17, 1997, even though

these employees continued to work overtime hours. Thus, the "class" for which Plaintiffs

have petitioned this Court to authorize notification of the pending litigation includes those current and former Consumer Bankers IIs, IIIs and IVs (who upon information and belief may now be referred to as "personal bankers" in some banking centers) who were employed with Defendant from December 17, 1997 to present.

As of October 1, 2000, 109 persons claiming to be within the above-referenced "class" filed consents with the Court to become parties plaintiff as "opt-ins" in the instant litigation. On or about October 23, 2000, Defendant moved for summary judgment as to 29 of these "opt-in" plaintiffs on the basis that they terminated their employment with Defendant prior to the date of December 17, 1997. Defendant further moved for summary judgment as to 11 additional "opt-in" plaintiffs on the grounds that they had transferred out or otherwise no longer held the position of Consumer Banker II, III or IV as of December 17, 1997.

With regard to Category 1, Defendant contends that opt-in Plaintiffs Andrea Cordell, Stephanie Strozier, Tracy Ratcliff, Katherine Kennedy, Riitta Silverman, Deborah A. Pye-Lee, Peggy J. Biggs and Lillian Morena Vaccato were no longer employed by the Defendant as of the operative date of December 17, 1997. Plaintiff does not oppose Defendant's Motion for Summary Judgment with respect to these eight (8) opt-in Plaintiffs.

With regard to Category 2, the opt-in Plaintiffs whom Defendant claims were not employed as Consumer Banker IIs, IIIs or IVs, two of the opt-in Plaintiffs implicated by this portion of Defendant's Motion for Summary Judgment are Olga Valdes and June McKinley. Ms. Valdes has already filed with the Court an affidavit stating that she was not only employed as a "relationship manager" during the operative time period–a position exactly the same as a Consumer Banker but with international customers--but also filled in at

domestic branches on weekends as a Consumer Banker II. Ms. McKinley has provided undersigned counsel with information that she in fact was employed until June 1998 as a Consumer Banker II, III or IV (see attachment hereto).

Accordingly, Defendant's Motion for Summary Judgment must be denied with respect to opt-in Plaintiffs Olga Valdes and June McKinley.

Although Plaintiffs have attempted communicate with the remainder of the opt-in Plaintiffs in question to ascertain whether they have any factual basis for disputing the Defendant's contentions as to either category upon which Defendant seeks summary judgment, Plaintiffs presently have no factual basis for disputing Defendant's contentions with regard to the remaining individuals at issue.

In conclusion, except for opt-in Plaintiffs Olga Valdes and June McKinley, Plaintiffs cannot in good faith oppose Defendant's Motion for Summary Judgment.[1]

Respectfully submitted,

MUCHNICK WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100--Broward

---

[1]    By submitting Plaintiffs' Response in this form, Plaintiffs do not intend to ignore the requirements of Local General Rule 7.5. However, because the Plaintiffs oppose Defendant's Motion only with regard to opt-in Plaintiffs Valdes and McKinley, and because the only material facts with regard to these individuals are their respective last dates of employment, Plaintiffs do not believe that a separate statement of facts is necessary. Moreover, no memorandum of law should be required inasmuch as the only principle invoked here is essentially factual; i.e. whether the opt-in plaintiffs meet the criteria of: 1) being employed by Defendant as a Consumer Banker II, III or IV; 2) on or after December 17, 1997

3

(305) 624-9100--Dade
(954) 989-8700--Facsimile
E-mail: sldolin@mwdl-law.com
E-mail: drlevine@mwdl-law.com

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No.: 0057861

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and U.S. Mail this 22nd day of November, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, Charlotte, NC 28280.

> MUCHNICK WASSERMAN, DOLIN
> & LEVINE, LLP
> Attorneys for Plaintiffs
> 4000 Hollywood Boulevard
> Suite 620 North
> Hollywood, Florida 33021
> (954) 989-8100--Broward
> (305) 624-9100--Dade
> (954) 989-8700--Facsimile
>
> By: _____
>
> SUSAN L. DOLIN, ESQ.
> Fla. Bar No. 708690
> DANIEL R. LEVINE, ESQ.
> Fla. Bar No.: 0057861

## In the matter of Escudero v Bank of America Corporation

I, June McKinley, was ___✓___ was not _____ employed with Bank of America formerly NationsBank as A Consumer Banker II, III or IV at any time from December 1997 through October 1999.

My dates of employment with Bank of America as a Consumer Banker II, III, or IV were
2-82 — 6-98 _____.

June McKinley
June McKinley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



　　　　Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

　　　　Defendant.

_____/

## PLAINTIFF'S AMENDED FINAL RESPONSE TO DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

COME NOW the Plaintiffs, ROXANNA ESCUDERO, *et al.*, by and through their

undersigned counsel, and pursuant to Local General Rule 7.1.C, hereby file their Amended

Final Response to Defendant's Motion for Summary Judgment, as follows:

As the Court will recall, this lawsuit was filed by the Plaintiffs on behalf of

themselves and all others similarly situated thereto for violations of the Fair Labor

Standards Act (29 U.S.C. § 216 (b) ) by Defendant. The specific allegations involve

Defendant's failure to pay overtime to the Consumer Bankers IIs, IIIs, and IVs after

Defendant reclassified them as exempt on or about December 17, 1997, even though

these employees continued to work overtime hours. Thus, the "class" for which Plaintiffs

have petitioned this Court to authorize notification of the pending litigation includes those current and former Consumer Bankers IIs, IIIs and IVs (who upon information and belief may now be referred to as "personal bankers" in some banking centers) who were employed with Defendant from December 17, 1997 to present.

As of October 1, 2000, 109 persons claiming to be within the above-referenced "class" filed consents with the Court to become parties plaintiff as "opt-ins" in the instant litigation. On or about October 23, 2000, Defendant moved for summary judgment as to 29 of these "opt-in" plaintiffs on the basis that they terminated their employment with Defendant prior to the date of December 17, 1997. Defendant further moved for summary judgment as to 11 additional "opt-in" plaintiffs on the grounds that they had transferred out or otherwise no longer held the position of Consumer Banker II, III or IV as of December 17, 1997.

With regard to Category 1, Defendant contends that opt-in Plaintiffs Jennie Pumphrey, Antoinette Queen, M. Christine Guerin-Davidson, and Lisa Beach were not employed with Defendant during the operative time period. Plaintiff does not oppose Defendant's Motion for Summary Judgment with respect to these four (4) additional opt-in Plaintiffs.

With regard to Category 2, the opt-in Plaintiffs whom Defendant claims were not employed as Consumer Banker IIs, IIIs or IVs, one additional opt-in Plaintiff implicated by this portion of Defendant's Motion for Summary Judgment is Eloise Batts. Ms. Batts has provided undersigned counsel with information that she in fact was employed until 1998 as a Consumer Banker III (see attachment hereto).

Accordingly, Defendant's Motion for Summary Judgment must be denied with

2

respect to opt-in Plaintiff Eloise Batts.

In conclusion, as an amendment to its Response to Defendant's Motion for Summary Judgment, Plaintiffs state that same must be denied as to opt-in Plaintiff Eloise Batts.[1]

Respectfully submitted,

MUCHNICK WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100--Broward
(305) 624-9100--Dade
(954) 989-8700--Facsimile
E-mail: sldolin@mwdl-law.com
E-mail: drlevine@mwdl-law.com

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No.: 0057861

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

---

[1]   By submitting Plaintiffs' Response in this form, Plaintiffs do not intend to ignore the requirements of Local General Rule 7.5. However, because the Plaintiffs oppose Defendant's Motion only with regard to opt-in Plaintiffs Valdes and McKinley, and because the only material facts with regard to these individuals are their respective last dates of employment, Plaintiffs do not believe that a separate statement of facts is necessary. Moreover, no memorandum of law should be required inasmuch as the only principle invoked here is essentially factual; i.e. whether the opt-in plaintiffs meet the criteria of: 1) being employed by Defendant as a Consumer Banker II, III or IV; 2) on or after December 17, 1997.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and U.S. Mail this 28th day of November, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, Charlotte, NC 28280.

MUCHNICK WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100--Broward
(305) 624-9100--Dade
(954) 989-8700--Facsimile

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No.: 0057861

4

## In the matter of Escudero v Bank of America Corporation

I, Eloise Batts, was *Employed* was not _____ employed with Bank of America formerly NationsBank as A Consumer Banker II, III or IV at any time from December 1997 through October 1999.

My dates of employment with Bank of America as a Consumer Banker II, III or IV were ___1997___ – ___1998___.

*Eloise Batts*
Eloise Batts

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson



ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

     Defendants.
_____/

## PLAINTIFFS' NOTICE OF FILING OF CORRECTED/AMENDED AFFIDAVIT OF OLGA VALDES

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all others similarly situated, and hereby notifies the Court that

OLGA VALDES, who has previously opted in to the above-referenced litigation and

provided an affidavit in support thereof, is hereby filing an amended affidavit in support

thereof.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via FAX

U.S. Mail this 31st day of October, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et

al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and

Richard F. Kane, Esq., McGuire, Woods, Battle & Boothe, 3700 NationsBank Plaza,

Charlotte, NC 28280.

Respectfully submitted,

MUCHNICK WASSERMAN, DOLIN &
LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100 / (305) 624-9100

By: _____

SUSAN L. DOLIN
Fla. Bar No.: 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No.: 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.

_____/

## AMENDED AFFIDAVIT OF OLGA VALDES

STATE OF FLORIDA    )
                   ) ss:
COUNTY OF MIAMI-DADE )

BEFORE ME, the undersigned authority, on this date personally appeared OLGA

VALDES who, after first being duly sworn deposes and says:

1. My name is Olga Valdes. I have personal knowledge of the facts recited in this

Affidavit.

2. In or about 1993, I was employed by NationsBank, after having been employed

by some of its predecessors. I was employed by NationsBank as a Consumer Banker II. I

retired from NationsBank in or about September 1, 1998.

3. Sometime in 1996, my job title was changed to that of "relationship manager."

However, my job duties were the **exact same** as those of a consumer banker II. The only

distinction was that I serviced accounts that were held by account holders outside of the United States, and much of my business was performed by telephone instead of in person. However, I sold the same bank products, and provided the same customer services as I did when I was classified as a Consumer Banker II. We even had telemarketing "call nights" one night per week when we were expected to telemarket in foreign countries from 5:00 p.m. until 8:00 p.m. In fact, I would work at other branches on Saturdays as a Consumer Banker II. I was not aware that my title was no longer "consumer banker" until I received new business cards with the title "relationship manager" on them. The only time I filled out time cards was while I was a Consumer Banker II until sometime in 1995; then we stopped.

4.      In December 1997, NationsBank announced that all consumer bankers were going to be required to fill out time cards from then on, because people were suing the bank for failure to pay overtime. However, as a "relationship manager," I never received a time card to fill out, nor was I paid for overtime hours (in excess of forty (40) in any one workweek) which I worked. This was so even though I continued to work in excess of forty (40) hours as described in paragraph 3 and continued to do the same job as a "consumer banker."

FURTHER AFFIANT SAYETH NAUGHT.

OLGA VALDES

SWORN TO AND SUBSCRIBED before me this 27 day of ____ , 2000, by OLGA VALDES, who is personally known to me, or who produced ____ as identification, and who did take an oath.

Notary Public
My Commission Expires:

Acknowledged Name, Stamp
Typed or Printed: