UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6145-CIV-Dimitrouleas
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendants.
_____/



## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO, KIMBERLY DRAKE and

RODNEY N. HENSLEY on behalf of themselves and all others similarly situated, by and

through their undersigned counsel, and sue the Defendants, BANKAMERICA CORPORA-

TION, a foreign corporation, d/b/a BANK OF AMERICA CORPORATION, a foreign

corporation, f/k/a NATIONSBANK, N.A., a national association, and for their cause of

action declare and aver as follows:

    1.    Plaintiff, ROXANNA L. ESCUDERO (hereinafter referred to as

"ESCUDERO"), is a former employee of Defendants, BANKAMERICA CORPORATION

d/b/a BANK OF AMERICA CORPORATION, f/k/a NATIONSBANK, N.A., (hereinafter

collectively referred to as "NATIONSBANK"). ESCUDERO is a citizen and resident of

Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

2.    Plaintiff, KIMBERLY DRAKE (hereinafter referred to as "DRAKE"), is a former employee of NATIONSBANK. DRAKE is a citizen and resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.    Plaintiff, RODNEY N. HENSLEY (hereinafter referred to as "HENSLEY") is a former employee of NATIONSBANK. HENSLEY is a citizen and resident of Tennessee, over the age of 18 years, and otherwise *sui juris.*

4.    Defendant, NATIONSBANK, is a national association regulated by the Federal Deposit Insurance Corporation, engaged in the business of banking in the State of Florida and elsewhere, and is within the jurisdiction of this Court.

5.    Plaintiffs bring this action on behalf of themselves and all other employees of NATIONSBANK, similarly situated to them, throughout the NATIONSBANK system, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* (hereinafter referred to as "the FLSA").

6.    This action is brought to recover from NATIONSBANK unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. §201, *et seq.,* and specifically under 29 U.S.C. §216(b).

7.    Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). NATIONSBANK is, and at all times pertinent to this Complaint, was, engaged in interstate commerce.    At all times material hereto, the annual gross revenue of NATIONSBANK was, and continues to be, in excess of $500,000.00, per annum.

2

8.    By reason of the foregoing, NATIONSBANK was, during all times hereafter mentioned, and is, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and §203(s).

9.    In or about October, 1997, Plaintiff ESCUDERO became employed by NATIONSBANK, initially as a "Consumer Banker II." In or about July, 1999, ESCUDERO became a "Consumer Banker III", and she remained a Consumer Banker III until her termination on or about October, 29, 1999. By reason of such employment, ESCUDERO was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). Further, ESCUDERO herself was engaged in commerce. The work performed by ESCUDERO was directly essential to the business operations of NATIONSBANK in interstate commerce.

10.    In or about October, 1997, Plaintiff DRAKE became employed by NATIONSBANK, initially as a "Consumer Banker II." In or about August, 1999, DRAKE became a "Consumer Banker III," and she remained a Consumer Banker III until her termination on or about October 29, 1999. By reason of such employment, DRAKE was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). Further, DRAKE herself was engaged in commerce. The work performed by DRAKE was directly essential to the business operations of NATIONSBANK in interstate commerce.

11.    Plaintiff HENSLEY worked at NationsBank as a Consumer Banker III in Brentwood, Tennessee until approximately June 30, 1997. At that time, HENSLEY was transferred to the position of "in-store banker" I at the Harris-Teeter Supermarket in Brentwood, Tennessee, where he continued to perform the same functions as he had

3

performed as a Consumer Banker III, but in a supermarket facility setting rather than in a traditional banking center setting, until he left Defendant's employ on or about January 15, 1999. While in the "in-store banker" classification, HENSLEY carried business cards which continued to identify him as a consumer banker to customers of Defendant NATIONSBANK.

12.    The additional persons who may become Plaintiffs in this action are employees of NATIONSBANK, throughout the NATIONSBANK system, employed as Consumer Bankers II, III or IV, in-store bankers, or other individuals who perform like or similar duties and were subject to the pay policies, practices, and procedures described in the paragraphs below.

13.    At all times pertinent to this Complaint, NATIONSBANK failed to comply with 29 U.S.C. §201-19 in that Plaintiffs, and those employees similarly situated to Plaintiffs throughout the NATIONSBANK system, performed hours of service for NATIONSBANK for which no provision was made by NATIONSBANK to properly pay Plaintiffs, and those employees similarly situated to Plaintiffs.

14.    At all times material hereto, NATIONSBANK had, and still has, a position called "Consumer Banker" or "personal banker" and "in-store banker."    At all times material hereto, NATIONSBANK had, and still has, four (4) different levels for its position of "Consumer Banker": Consumer Banker I; Consumer Banker II; Consumer Banker III; and Consumer Banker IV, and two (2) levels for its "in-store banker", In-Store Banker I and In-Store Banker II. At all times material hereto, the job duties of "Consumer Bankers" and in-store bankers, regardless of the different levels, were, and are, the same. The only

4

difference between the different levels was, and is, the sales goals that each particular Consumer Banker or in-store banker level must meet.

15.    At all times material hereto, NATIONSBANK correctly classified the position of Consumer Banker I as non-exempt for purposes of the overtime provisions of the FLSA. In or about December 1997, NATIONSBANK reclassified the positions of Consumer Banker II, III and, IV, and the in-store banker I and II,  as non-exempt for purposes of the overtime provisions of the FLSA.  Prior to in or about December, 1997, NATIONSBANK had intentionally misclassified the positions of Consumer Banker II, III, and IV, and the in-store banker I and II, as exempt.  This intentional misclassification is the subject of two separate lawsuits styled *Beverly Levine, et al. v. NationsBank, N.A.*, Case No. 98-6306-CIV-DIMITROULEAS (consumer bankers) and *Perlman, et al v. NationsBank, N.A.*., Case No. 98-8805-CIV-DIMITROULEAS (in-store bankers).

16.    In the course of their employment as Consumer Bankers II, III or IV or in-store bankers I and II with NATIONSBANK, and subsequent to NATIONSBANK's reclassification of these positions as non-exempt in or about December, 1997, Plaintiffs, and other similarly situated employees throughout the NATIONSBANK system, including Consumer Bankers II, III and IV and in-store bankers I and II,  worked the number of hours required of them, many times in excess of forty (40), but were not paid overtime.

17.    Moreover, NATIONSBANK's supervisory personnel either refused to permit Plaintiffs, and, upon information and belief, other similarly situated employees, to record the number of hours worked in excess of forty (40) or expressly instructed Plaintiffs, and, upon information and belief, other similarly situated employees, against recording the

number of hours worked in excess of forty (40), both in clear violation of NATIONSBANK's record-keeping obligations under the FLSA, specifically §211(c).

18.    The pay policies, practices and procedures of NATIONSBANK, as described in the above paragraphs, violated the FLSA by failing to provide for overtime pay to Plaintiffs, and other similarly situated employees, including Consumer Bankers II, III and IV and in-store bankers I and II throughout the NATIONSBANK system, for those hours worked in excess of forty (40).

19.    As a result of NATIONSBANK's violation of the FLSA's record keeping requirements, as described above, NATIONSBANK has failed to keep and/or maintain accurate time records for Plaintiff's and all other similarly situated employees. Nevertheless, whatever records may exist concerning the number of hours worked by Plaintiffs, and all other similarly situated employees, including Consumer Bankers II, III and IV and in-store bankers I and II throughout the NATIONSBANK system, and the compensation actually paid to such employees, are in the exclusive possession and sole custody and control of NATIONSBANK, and Plaintiffs are unable to state at this time the exact amount due and owing them or each similarly situated employee. Plaintiffs propose to obtain such information by appropriate discovery to be taken promptly in this case.

### COUNT I - RECOVERY OF UNPAID OVERTIME

20.    Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 19 above as if fully set forth herein.

21.    Plaintiffs are entitled to be paid time and one half for each hour worked in excess of forty (40) per work week and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the

6

appropriate work week in the calculation of the regular rate for the purposes of determining overtime entitlement. All similarly situated current and former employees are similarly owed their overtime pay, calculated properly, for those overtime hours they worked and for which they were not properly paid.

22.    By reason of the said intentional, willful and unlawful acts of NATIONSBANK, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

23.    As a result of NATIONSBANK's violations of the FLSA, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

24.    Because NATIONSBANK's violations of the FLSA were, and, upon information and belief, continue to be, willful, Plaintiffs and those similarly situated to them are entitled to their damages for a period of up to three (3) years preceding the date of filing of this lawsuit.

WHEREFORE, Plaintiffs, ROXANNA L. ESCUDERO,  KIMBERLY DRAKE, RODNEY N. HENSLEY and those similarly situated to them, who have opted in or will opt into this action, respectfully request that this Honorable Court declare NATIONSBANK's above-described actions to be in violation of the FLSA, enjoin NATIONSBANK from further engaging in such violations, enter judgment against Defendant, NATIONSBANK, for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, along with liquidated damages, award reasonable attorneys' fees and costs of suit, and grant all other relief the Court deems just and proper, including pre-judgment interest.

7

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this 19th day of December, 2000.

Respectfully submitted,

MUCHNICK WASSERMAN DOLIN & LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100 - Broward/(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No.: 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No.: 0057861

-and-

BOIES, SCHILLER & FLEXNER L.L.P.
2435 Hollywood Boulevard
Hollywood, Florida 33020

8