UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/



FILED by _____ D.C.
DKTG

DEC 2 0 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## PLAINTIFF'S SECOND AMENDED FINAL RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COME NOW the Plaintiffs, ROXANNA ESCUDERO, et al., by and through their undersigned counsel, and pursuant to Local General Rule 7.1.C, hereby file their Amended Final Response to Defendant's Motion for Summary Judgment, as follows:

As the Court will recall, this lawsuit was filed by the Plaintiffs on behalf of themselves and all others similarly situated thereto for violations of the Fair Labor Standards Act (29 U.S.C. § 216 (b) ) by Defendant. The specific allegations involve Defendant's failure to pay overtime to the named Plaintiffs, who were Consumer Bankers IIs, IIIs, or IVs after Defendant reclassified them as exempt on or about December 17, 1997, even though these employees continued to work overtime hours. Thus, the "class"



for which Plaintiffs have petitioned this Court to authorize notification of the pending litigation includes those current and former Consumer Bankers IIs, IIIs and IVs (who upon information and belief may now be referred to as "personal bankers" in some banking centers), and all persons similarly situated to them, who were employed with Defendant from December 17, 1997 to present.

As of October 1, 2000, 109 persons claiming to be within the above-referenced "class" filed consents with the Court to become parties plaintiff as "opt-ins" in the instant litigation. On or about October 23, 2000, Defendant moved for summary judgment as to 29 of these "opt-in" plaintiffs on the basis that they terminated their employment with Defendant prior to the date of December 17, 1997. Defendant further moved for summary judgment as to 11 additional "opt-in" plaintiffs on the grounds that they had transferred out or otherwise no longer held the position of Consumer Banker II, III or IV as of December 17, 1997.

With regard to Category 2, the opt-in Plaintiffs whom Defendant claims were not employed as Consumer Banker IIs, IIIs or IVs, one additional opt-in Plaintiff implicated by this portion of Defendant's Motion for Summary Judgment is Rodney Hensley.   Mr. Hensley, since his opt-in date, has moved from his home in Tennessee and basically travels around the country, although he uses his parents' address in Meridianville, Alabama to receive mail (although he is not there frequently).

Although the Defendant, NATIONSBANK, has moved for summary judgment on Hensley's claim, ostensibly on the grounds that Hensley had "left the position" of consumer banker II, III or IV before the operative date of December 1997, Defendant conveniently neglected to mention that Mr. Hensley merely transferred to the position of "in-store"

2

banker, performing the exact same duties as a consumer banker but at a facility set up within a supermarket rather than in a traditional banking center. The Defendant has thus once again disingenuously taken it upon itself to decide the parameters of which individuals are "similarly situated" to the named plaintiffs, and with no more than a vague and nebulous representation that this particular opt-in no longer held the position of consumer banker during the operative time period, suggests that this Court ought to grant summary judgment against him. That clearly does not, however, answer the question of whether this opt-in was, nevertheless, similarly situated to the named Plaintiffs. *Compare Levine v. NationsBank with Perlman v. NationsBank.*[1]

For this reason, it would be a miscarriage of justice for the Court to grant a summary judgment against this opt-in, and in favor of NationsBank, particularly when NationsBank essentially concealed the true circumstances of Mr. Hensley's job "transfer." One is reminded of another opt-in Plaintiff in this case, Olga Valdes, who has now withdrawn for personal reasons, whom the Defendant claimed ought to have been excluded because she no longer held the position of "consumer banker" either; the Court will recall that, in fact, Ms. Valdes was a "relationship manager" which, according to her, is nothing more than a "consumer banker" who deals with international customers.

Accordingly, Plaintiffs have this day, simultaneously with this amended response, also filed their Motion to Amend their Complaint to Add Rodney M. Hensley as a named Plaintiff.

In conclusion, as a second amendment to their Response to Defendant's Motion for

---

[1] Because Mr. Hensley is on the move, an affidavit from him will be forthcoming in the next couple of days, as Plaintiffs currently tracked him down at his in-laws' home in Indiana.

3

Summary Judgment, Plaintiffs state that same must be denied as to opt-in Plaintiff Rodney M. Hensley.[2]

Respectfully submitted,

MUCHNICK WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100--Broward
(305) 624-9100--Dade
(954) 989-8700--Facsimile
E-mail: sldolin@mwdl-law.com
E-mail: drlevine@mwdl-law.com

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No.: 0057861

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

---

[2] By submitting Plaintiffs' Response in this form, Plaintiffs do not intend to ignore the requirements of Local General Rule 7.5. However, because the Plaintiffs, in this Second Amended Response, oppose Defendant's Motion only with regard to opt-in Plaintiff Hensley, and because the only material facts with regard to this individual concern his status as a similarly situated employee which will be answered in his forthcoming affidavit, Plaintiffs do not believe that a separate statement of facts is necessary. Moreover, no memorandum of law should be required inasmuch as the only principle invoked here is essentially factual; i.e. whether the opt-in plaintiff meets the criterion of being employed by Defendant in a position similarly situated to that of the named Plaintiffs, ESCUDERO and DRAKE.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and U.S. Mail this 19th day of December, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, Charlotte, NC 28280.

                MUCHNICK WASSERMAN, DOLIN
                & LEVINE, LLP
                Attorneys for Plaintiffs
                4000 Hollywood Boulevard
                Suite 620 North
                Hollywood, Florida 33021
                (954) 989-8100--Broward
                (305) 624-9100--Dade
                (954) 989-8700--Facsimile

By: _____
        SUSAN L. DOLIN, ESQ.
        Fla. Bar No. 708690
        DANIEL R. LEVINE, ESQ.
        Fla. Bar No.: 0057861