UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
*00-6145*
Case No. 98-06306-CIV-DIMITROULEAS/Johnson

| | |
|---|---|
| ROXANA L. ESCUDERO, and. ) | |
| KIMBERLY DRAKE, on behalf ) | |
| of themselves and all others ) | |
| Similarly situated, ) | **NIGHT BOX** |
| ) | **FILED** |
| Plaintiffs, ) | |
| ) | *JAN* − 8 2001 |
| vs. ) | |
| ) | CLARENCE MADDOX |
| BANKAMERICA CORPORATION, ) | CLERK, USDC / SDFL / FTL' |
| A foreign corporation d/b/a ) | |
| BANK OF AMERICA CORPORATION, ) | |
| A foreign corporation, f/k/a ) | |
| NATIONSBANK, N.A., a national ) | |
| association ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NationsBank's Reply to Plaintiffs' Second Amended
## Final Response to NationsBank's Motion for Summary Judgment

Bank of America Corporation (f/k/a BankAmerica Corporation) and Bank of America,

N.A. (f/k/a NationsBank, N.A.)(collectively referred to herein as "NationsBank"), by counsel,

hereby replies as follows to Plaintiffs' Second Amended Final Response to NationsBank's

Motion for Summary Judgment ("Second Amended Final Response")[1]:

---

[1]     Plaintiffs' Second Amended Final Response is the third in the following four-part series
of responses to NationsBank's Motion for Summary Judgment':

Response                          Date

Final Response                    November 22, 2000



1

## Argument

A.    Plaintiffs Acknowledge that Robert Hensley is not a Proper Party to this Action and that NationsBank's Motion for Summary Judgment as to Hensley's Claims Should be Granted.

Once a party seeking summary judgment sustains its burden of establishing that no genuine issue of material fact remains as to the relevant claim and that it is entitled to judgment as a matter of law, the non-movant then must "present evidence sufficient to make a 'showing that the jury could reasonably find for that party'." See Mora v. University of Miami, 15 F. Supp. 2d 1324, 1331-32 (S.D. Fla. 1998), quoting Allen v. Tysons Foods, Inc., 121 F.3d 642, 643 (11th Cir. 1993). See also Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). "Where the nonmoving party bears the burden of proof of an essential element [of that] party's [claim], summary judgment is warranted when the party fails to make a showing sufficient to establish the essential element. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

Here, plaintiffs chose to bring this action only on behalf of Consumer Banker IIs, IIIs, and IVs who allegedly worked "many times in excess of forty (40) [hours per week], but were not paid overtime." See Complaint, ¶¶10 and 14, appended hereto as Exhibit A. In his untimely

---

Amended Final Response            November 27, 2000
Second Amended Final Response     December 19, 2000
Supplemental Response            December 26, 2000

Except for the extension plaintiffs obtained to file their first response, they have filed these responses on their own time schedule without first seeking leave, or other approval, from the Court to do so.

2

affidavit, however, plaintiff Rodney N. Hensley states unequivocally that he worked as an In

Store Banker from approximately June 30, 1997 through January 15, 1999. See Affidavit of

Rodney N. Hensley ("Hensley Affidavit"), ¶¶3, 8, appended hereto as Exhibit B.[2]  Hensley,

therefore, by his own admission, is outside the class of employees (Consumer Banker IIs, IIIs

and IVs) for whom plaintiffs seek redress in this action.  Hensley is not a member of the putative

class of plaintiffs and NationsBank is entitled to summary judgment on his claim.  See Hipp v.

Liberty National Life Insurance Company, 973 F. Supp. 1033, 1039-1041 (M.D. Fla. 1997)

(granting summary judgment against opt-in plaintiffs falling outside the class parameters

established by plaintiffs themselves).[3]

    In an attempt to escape the fatal defect in Hensley's claim, plaintiffs accuse NationsBank

of unilaterally limiting the scope of the putative class of plaintiffs and of hiding the true nature of

Hensley's position as an Instore Banker.  Both claims are without merit.

    First, despite their recent attempts at revisionist history, See Plaintiffs' Motion to Amend

Complaint to Add Plaintiff, Rodney N. Hensley, ¶12 (Dkt. Entry 148), plaintiffs defined the

putative class as those NationsBank employees "employed as Consumer Bankers II, III or IV...."

---

[2]    The Hensley affidavit was filed almost two months after NationsBank moved for
summary judgment on his claim.  Although plaintiffs assert in their Second Amended Final
Response that this delay was attributable to their difficulty in locating Hensley, on the consent
form he filed with this court on June 7, 2000, Hensley identifies the address at which he now
resides.  See Notice of Filing Consent to Become Party Plaintiff for Rodney N. Hensley, a copy
of which is appended hereto as Exhibit C.

[3]    Similarly, opt-in plaintiff Elise Batts also acknowledges that she was not a Consumer
Banker II, III or IV during the relevant time period.  See Affidavit of Eloise Batts (Dkt. Entry
152).  She, like Hensley, therefore, is not a proper party to this action.

3

See Complaint, ¶10, appended hereto as Exhibit A. This "class" as defined by plaintiff does not include Instore Bankers such as Hensley.

Second, plaintiffs' argument that NationsBank was attempting to hide from them Hensley's work as an Instore Banker is a transparent attempt to mask their own failings. Plaintiffs' counsel have represented Hensley since at least December 8, 1998, when he became an opt-in plaintiff in Levine, et al. v. NationsBank, 98-6306 –CIV-DIMITROULEAS. See Notice of Filing Consent to Become Party Plaintiff for Rodney N. Hensley in the Levine matter, appended hereto as Exhibit D. Despite having had complete access to Hensley since that date, plaintiffs' counsel apparently did not even bother to contact Hensley and ask him to identify his dates of employment or job classification(s) with NationsBank until after NationsBank filed its Motion for Summary Judgment. See Affidavit of Anne Hinds, ¶2, appended hereto as Exhibit E. If they had done so prior to filing his Consent, plaintiffs' counsel would have discovered that Hensley is not a proper plaintiff in this action.[4]

B.    A Review of Plaintiffs' Four Responses Establishes that NationsBank is Entitled to Judgment on All of the Claims Encompassed in its Motion for Summary Judgment.

After reviewing plaintiffs' "installment" responses, the following summarizes the current status of NationsBank's Motion for Summary Judgment:

---

[4]    Plaintiffs' counsel's excuse that they had difficulty contacting Hensley because he moved from Tennessee to Alabama cannot excuse their lack of diligence. See Second Amended Final Response, p. 6. When he filed his consent on June 7, 2000, Hensley informed the Court, NationsBank and presumably plaintiffs' counsel that he was moving to Alabama and informed all interested parties of his new address. See Exhibit C. NationsBank should not now be delayed or prejudiced by plaintiffs' counsel's failure to investigate Hensley's claims in a timely manner.

4

First, plaintiffs have failed to demonstrate a genuine issue of material fact to defeat

NationsBank's motion for summary judgment as to the claims of all twenty-nine opt-in plaintiffs

who terminated their employment with NationsBank prior to December 17, 1997 – the so-called

"Category 1" opt-in plaintiffs. Plaintiffs concede that summary judgment was proper as to the

following twelve of the twenty-nine:

> Andrea Cordell,
> Stephanie Strozier,
> Traci Ratcliff,
> Katherine Kennedy,
> Rita Silverman,
> Deborah A. Pye-Lee,
> Peggy J. Biggs,
> Lillian Moreno Vaccato,
> Jennie Pumphrey,
> Antoinette Queen,
> M. Christina Guerin-Davidson, and
> Lisa Beach.

Plaintiffs do not contest summary judgment as to the remaining seventeen of twenty-nine

Category 1 plaintiffs. Summary judgment, therefore, also is proper as to the following opt-in

plaintiffs:

> Anita Alexander (Parial),
> Tina R. Albritton,
> Janice Cole,
> Christopher Coleman,
> James Carl Copeland,
> Lyndia M. Cox,
> Nancy German,
> Marcia Heuser,
> Todd Hill,
> Wendy Louderback,
> Joe J. Northcutt,
> Miriam Osavio,
> Irma W. Powell,

5

Lily Rubenstein,
Sallie Savage,
Kathleen Martinez Stuchberry and
Carolyn S. Walker.

Second, plaintiffs have failed to contest NationsBank's entitlement to summary judgment

as to the claims asserted by seven of the eleven opt-in plaintiffs who left their positions as

Consumer Bankers II, III or IV prior to December 17, 1997, i.e., the so-called "Category 2" opt-

in plaintiffs. NationsBank, therefore, is entitled to summary judgment as to the claims of the

following opt-n plaintiffs:

Willie B. Brice,
Patrick A. Banks,
Sherry Fyffe,
Cindy C. McDonald,
Anastasia Monroe,
Adelia Smith and
Julia L. Washington.

Third, with respect to the claims of the four remaining "Category 2" opt-in plaintiffs in

this action:

1. plaintiff Olga Valdes has since withdrawn from this action, see Plaintiff

Olga Valdes' Notice of Withdrawal of Consent to Opt-in, a copy of which

is appended hereto s Exhibit F;

2. plaintiffs now concede that NationsBank is entitled to summary judgment

as to June McKinley's claim, see Plaintiffs' Supplemental Response to

NationsBank's Motion for Summary Judgment, a copy of which is

appended hereto as Exhibit G; and

6

3.     as demonstrated above, NationsBank is entitled to summary judgment as

to the claims of plaintiffs Rodney Hensley and Eloise Batts because they,

by their own admissions, fall outside the "class" of putative plaintiffs as

defined by plaintiffs.

Case No. 98-06306-Civ-Dimitrouleas
Escudero, etc. vs. BankAmerica

## Conclusion

Based on the foregoing, NationsBank requests the Court to enter an Order granting its

Motion for Summary Judgment as to the twenty-nine "Category 1" plaintiffs and the eleven

"Category 2" plaintiffs; and awarding such other relief as the Court deems just and proper.

This the 8th day of January, 2001

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
(954) 463-0100
(954) 463-2444 (Facsimile)

Richard F. Kane (NC Bar No. 5694)
Bruce M. Steen, (Va. Bar No. 31062)
McGuireWoods LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999
(704) 373-8990 (Facsimile)

Attorneys for Bank of America Corporation

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this day by

U.S. mail, postage prepaid, upon plaintiffs' counsel as listed below:

Susan L. Dolin, Esq.
Elissa S. Hulnick, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

This the 8th day of January, 2001.

Michael T. Burke

*United States District Court*

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

## SUMMONS IN A CIVIL CASE

CASE NO.

# 00-06145

## CIV-FERGUSON

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

MAGISTRATE JUDGE
SNOW

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

      Defendant.

_____/

TO: **BANKAMERICA CORPORATION**
    **By Serving MCGUIRE, WOODS, BATTLE & BOOTHE**
    **Attorneys for Defendant**
    **3700 NationsBank Plaza**
    **101 South Tryon Street**
    **Charlotte, North Carolina 28280-0001**

    **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S
ATTORNEY (name and address)

Susan L. Dolin, Esq.
MUCHNICK, WASSERMAN, DOLIN & LEVINE, LLP.
Presidential Circle Building, Suite 620 North
4000 Hollywood Boulevard
Hollywood, Florida 33021

an answer to the Complaint which is herewith served upon you, within **twenty (20)** days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of the
Court within a reasonable period of time after service.

**Clarence Maddox**

DATE:    JAN 3 1 2009

CLERK

By: _____
(Deputy Clerk)


**EXHIBIT**
**A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

C.C.

31 1:.0: 24

Case No. **00 - 06145**

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendants.

_____/

**CIV - FERGUSON**

MAGISTRATE JUDGE
SNOW

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all others similarly situated, by and through their undersigned

counsel, and sue the Defendants, BANKAMERICA CORPORATION, a foreign corporation,

d/b/a BANK OF AMERICA CORPORATION, a foreign corporation, f/k/a NATIONSBANK,

N.A., a national association, and for their cause of action declare and aver as follows:

1. Plaintiff, ROXANNA L. ESCUDERO (hereinafter referred to as

"ESCUDERO"), is a former employee of Defendants, BANKAMERICA CORPORATION

d/b/a BANK OF AMERICA CORPORATION, f/k/a NATIONSBANK, N.A., (hereinafter

collectively referred to as "NATIONSBANK"). ESCUDERO is a citizen and resident of

Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

2. Plaintiff, KIMBERLY DRAKE (hereinafter referred to as "DRAKE"), is a former

employee of NATIONSBANK. DRAKE is a citizen and resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. Defendant, NATIONSBANK, is a national association regulated by the Federal Deposit Insurance Corporation, engaged in the business of banking in the State of Florida and elsewhere, and is within the jurisdiction of this Court.

4. Plaintiffs bring this action on behalf of themselves and all other employees of NATIONSBANK, similarly situated to them, throughout the NATIONSBANK system, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.* (hereinafter referred to as "the FLSA").

5. This action is brought to recover from NATIONSBANK unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. §201, *et seq.*, and specifically under 29 U.S.C. §216(b).

6. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). NATIONSBANK is, and at all times pertinent to this Complaint, was, engaged in interstate commerce. At all times material hereto, the annual gross revenue of NATIONSBANK was, and continues to be, in excess of $500,000.00, per annum.

7. By reason of the foregoing, NATIONSBANK was, during all times hereafter mentioned, and is, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and §203(s).

8. In or about October, 1997, Plaintiff ESCUDERO became employed by NATIONSBANK, initially as a "Consumer Banker II." In or about July, 1999, ESCUDERO became a "Consumer Banker III", and she remained a Consumer Banker III until her

2

termination on or about October, 29, 1999. By reason of such employment, ESCUDERO was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). Further, ESCUDERO herself was engaged in commerce. The work performed by ESCUDERO was directly essential to the business operations of NATIONSBANK in interstate commerce.

9.      In or about October, 1997, Plaintiff DRAKE became employed by NATIONSBANK, initially as a "Consumer Banker II." In or about August, 1999, DRAKE became a "Consumer Banker III," and she remained a Consumer Banker III until her termination on or about October 29, 1999. By reason of such employment, DRAKE was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). Further, DRAKE herself was engaged in commerce. The work performed by DRAKE was directly essential to the business operations of NATIONSBANK in interstate commerce.

10.     The additional persons who may become Plaintiffs in this action are employees of NATIONSBANK, throughout the NATIONSBANK system, employed as Consumer Bankers II, III or IV and subject to the pay policies, practices, and procedures described in the paragraphs below.

11.     At all times pertinent to this Complaint, NATIONSBANK failed to comply with 29 U.S.C. §201-19 in that Plaintiffs, and those employees similarly situated to Plaintiffs throughout the NATIONSBANK system, performed hours of service for NATIONSBANK for which no provision was made by NATIONSBANK to properly pay Plaintiffs, and those employees similarly situated to Plaintiffs.

3

12. At all times material hereto, NATIONSBANK had, and still has, a position called "Consumer Banker." At all times material hereto, NATIONSBANK had, and still has, four (4) different levels for its position of "Consumer Banker": Consumer Banker I; Consumer Banker II; Consumer Banker III; and Consumer Banker IV. At all times material hereto, the job duties of "Consumer Bankers," regardless of the different levels, were, and are, the same. The only difference between the different levels was, and is, the sales goals that each particular Consumer Banker level must meet.

13. At all times material hereto, NATIONSBANK correctly classified the position of Consumer Banker I as non-exempt for purposes of the overtime provisions of the FLSA. In or about December 1997, NATIONSBANK reclassified the positions of Consumer Banker II, III and, IV as non-exempt for purposes of the overtime provisions of the FLSA. Prior to in or about December, 1997, NATIONSBANK had intentionally misclassified the positions of Consumer Banker II, III, and IV as exempt. This intentional misclassification is the subject of a separate lawsuit styled *Beverly Levine, et al. v. NationsBank, N.A.*, Case No. 98-6306-CIV-DIMITROULEAS.

14. In the course of their employment as Consumer Bankers II, III or IV with NATIONSBANK, and subsequent to NATIONSBANK's reclassification of these positions as non-exempt in or about December, 1997, Plaintiffs, and other similarly situated employees throughout the NATIONSBANK system, including Consumer Bankers II, III and IV, worked the number of hours required of them, many times in excess of forty (40), but were not paid overtime.

15. Moreover, NATIONSBANK's supervisory personnel either refused to permit Plaintiffs, and, upon information and belief, other similarly situated employees, to record

4

the number of hours worked in excess of forty (40) or expressly instructed Plaintiffs, and, upon information and belief, other similarly situated employees, against recording the number of hours worked in excess of forty (40), both in clear violation of NATIONSBANK's record-keeping obligations under the FLSA, specifically §211(c).

16. The pay policies, practices and procedures of NATIONSBANK, as described in the above paragraphs, violated the FLSA by failing to provide for overtime pay to Plaintiffs, and other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, for those hours worked in excess of forty (40).

17. As a result of NATIONSBANK's violation of the FLSA's record keeping requirements, as described above, NATIONSBANK has failed to keep and/or maintain accurate time records for Plaintiff's and all other similarly situated employees. Nevertheless, whatever records may exist concerning the number of hours worked by Plaintiffs, and all other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, and the compensation actually paid to such employees, are in the exclusive possession and sole custody and control of NATIONSBANK, and Plaintiffs are unable to state at this time the exact amount due and owing them or each similarly situated employee. Plaintiffs propose to obtain such information by appropriate discovery to be taken promptly in this case.

## COUNT I - RECOVERY OF UNPAID OVERTIME

18. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

19. Plaintiffs are entitled to be paid time and one half for each hour worked in excess of forty (40) per work week and to have such overtime calculated in accordance

5

with Federal Regulations, to include commission/bonus payments earned in the appropriate work week in the calculation of the regular rate for the purposes of determining overtime entitlement. All similarly situated current and former employees are similarly owed their overtime pay, calculated properly, for those overtime hours they worked and for which they were not properly paid.

20. By reason of the said intentional, willful and unlawful acts of NATIONSBANK, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

21. As a result of NATIONSBANK's violations of the FLSA, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

22. Because NATIONSBANK's violations of the FLSA were, and, upon information and belief, continue to be, willful, Plaintiffs and those similarly situated to them are entitled to their damages for a period of up to three (3) years preceding the date of filing of this lawsuit.

WHEREFORE, Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, and those similarly situated to them, who have or will opt into this action, respectfully request that this Honorable Court declare NATIONSBANK's above-described actions to be in violation of the FLSA, enjoin NATIONSBANK from further engaging in such violations, enter judgment against Defendant, NATIONSBANK, for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, along with liquidated damages, award reasonable attorneys' fees and costs of suit, and grant all other relief the Court deems just and proper, including pre-judgment interest.

6

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this ___ day of January, 2000.

Respectfully submitted,

MUCHNICK WASSERMAN DOLIN & LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100 - Broward/(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____

DANIEL R. LEVINE, ESQ.
Fla. Bar No.: 0057861
ADAM S. CHOTINER, ESQ.
Fla. Bar No.: 0146315

-and-

BOIES, SCHILLER & FLEXNER L.L.P.
2435 Hollywood Boulevard
Hollywood, Florida 33020

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS/SNOW

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly situated,
     Plaintiffs,

vs.



BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,
    Defendant.

_____/

### NOTICE OF FILING

COMES NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE,

by and through their undersigned counsel, and notify this Court of the following filing:

1. Affidavit of Rodney N. Hensley in connection with Plaintiff's Second Amended

Final Response to Defendant's Motion for Summary Judgment and Motion for Leave to

Amend Complaint.

> MUCHNICK, WASSERMAN, DOLIN
> & LEVINE, LLP
> Attorneys for Plaintiffs
> 4000 Hollywood Boulevard, Suite 620N
> Hollywood, FL 33021
> (954) 989-8100 - Broward
> (305) 624-9100 - Dade
> (954) 989-8700 - Fax
>
> By: _____
>     SUSAN L. DOLIN, ESQ.
>     Fla. Bar No. 708690
>
>         -and-
>
> BOIES, SCHILLER & FLEXNER L.L.P.
> 2435 Hollywood Boulevard
> Hollywood, Florida 33020



EXHIBIT

B

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail this ___21___ day of December, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et

al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and

Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC 28280.

By: _____

SUSAN L. DOLIN, ESQ.
E-Mail: sldolin@mwdl-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

      Defendants.

_____\

## AFFIDAVIT OF RODNEY N. HENSLEY

STATE OF INDIANA   )
                    :SS
COUNTY OF Tipton )

BEFORE ME, the undersigned authority, on this date personally appeared

RODNEY N. HENSLEY. who, after first being duly sworn deposes and says:

1.     My name is Rodney N. Hensley.

2.     I have personal knowledge of the facts recited in this Affidavit.

3.     I worked as a Consumer Banker III in Brentwood, Tennessee until approximately June 30, 1997. At that time, I was transferred to an In-Store Banker position at the Harris-Teeter Supermarket in Brentwood, Tennessee.

4.     As an in-store banker, I performed the exact same functions I had performed at the banking center, but performed them in the In-Store Bank at the Harris-Teeter supermarket instead of in the traditional banking center.

5.     My business card still stated that I was a consumer banker.

6.     Instead of a Consumer Banker III, I was an In-Store Banker II, and when I asked my regional executive, John Boydstein, or his assistant (Ellis Simmons), whose name I can not remember, what the difference was between a Consumer Banker III and an In-Store Banker II, one or both of them stated that there was no difference.

7.     To the best of my knowledge, I was one of the first In-Store Bankers in the State of Tennessee, which was piloting its In-Store Banker project after the one in Georgia.

8.     I remained an In-Store Banker at the Harris-Teeter location in Brentwood, Tennessee until January 15, 1999, when I left NationsBank's employ.

FURTHER AFFIANT SAYETH NAUGHT.

_____
RODNEY N. HENSLEY

SWORN TO AND SUBSCRIBED before me this 20th day of December, 2000, by RODNEY N. HENSLEY, who is personally known to me, or who produced Tenn. Drivers License as identification, and who did take an oath.

_____
Notary Public
My Commission Expires:

Tipton County Notary
Howard Co. Residence
Exp Feb, 6, 2008

_____
Sherry L. Rahl
Acknowledger's Name Stamped,
Typed or Printed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROXANNA ESCUDERO, on                     CASE NO. 00-06145-CIV-FERGUSON
behalf of herself and all others
similarly situated,

      Plaintiff                            

vs.

NATIONSBANK, N.A.,

      Defendant.

_____/

### NOTICE OF FILING

COMES NOW the Plaintiff, ROXANNA ESCUDERO, by and through her undersigned counsel, and notifies the court of the following filings:

1.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Deana B. Justice

2.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Suzanne Czwojdak

3.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Marilyn Barnes

4.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Lillian Moreno

5.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Patricia J. Wood

6.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Lily Rubenstein

7.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Susie S. Reynolds

8.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Jeffrey Scott Taylor

9.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Rodney Hensley

10.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Karen Woroschinski

11.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Dayton J. Pehl

12.    Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Joe J. Northcutt

1

EXHIBIT
C

13. Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Elizabeth A. Langley

14. Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Nettie Parks

15. Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Stephanie M. Strozier

16. Consent to Become Party Plaintiff pursuant to 29 U.S.C. §216(b) for Karen G. Greene

Dated: June 7, 2000

Respectfully Submitted,
BOIES, SCHILLER & FLEXNER
Attorneys for Plaintiffs
2435 Hollywood Boulevard
Hollywood, FL 33020
(954) 929-1190
(954) 929-1185 - Fax

By: _____
Anne E. Hinds, Esq.
Fla. Bar No. 0964972

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROXANNA ESCUDERO, on                          Case No.:00-06145-CIV-
behalf of herself and all others              FERGUSON
similarly situated,

     Plaintiff

vs.

NATIONSBANK, N.A.,

     Defendant.

_____/

## CONSENT TO BECOME PARTY PLAINTIFF

I understand that I may be eligible to join this lawsuit filed by a former employee of
BankAmerica corporation d/b/a Bank of America Corporation f/k/a NationsBank N.A. to recover
overtime wages.

By choosing to join this lawsuit, I understand that I designate the representative Plaintiff,
Roxanna Escudero, as my agent to make decisions on my behalf concerning the litigation,
including the method and manner of conducting this litigation, entering into settlement
agreements, entering into agreements with Plaintiffs' counsel concerning attorneys fees and
costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and
entered into by the representative Plaintiff will be binding on me if I join this lawsuit.

I understand that the designated representative Plaintiff has entered in a Contingency Fee
Agreement with the law firms of Boies Schiller & Flexner LLP, and Muchnick Wasserman Dolin
& Levine LLP which applies to all Plaintiffs who join in this lawsuit. If I join the lawsuit, I
agree to be bound by such Contingency Fee Agreement. I understand that under the terms of that
Contingency Fee Agreement, the law firms' attorneys fees and costs shall only be paid out of a
recovery, by judgment or settlement, in this action; and that if no such recovery is obtained, I
will not be held responsible for such attorneys fees or costs. I further understand that I may
obtain a copy of the Contingency Fee Agreement upon requesting it from Plaintiffs' counsel.

By choosing to join in this lawsuit, I understand that I will be bound by the judgment, whether it
is favorable or unfavorable. I will also be bound by, and will share in, as the court may direct,
any settlement that may be negotiated on behalf of all Plaintiffs.

If I choose not to join this lawsuit, I acknowledge and understand that I will not be affected by any judgment or settlement rendered or reached in this lawsuit, whether favorable or unfavorable to the Plaintiffs and I will not be entitled to share in any amounts recovered by the Plaintiffs whether by judgment or settlement.

I hereby consent to join in this lawsuit:

Signature

_5-28-00_
Date

PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:

Name___RODNEY  HENSLEY_____

Street address_5728 Brentwood Trace, Brentwood, TN 37027_

✱ Moving July 14, 2000
New Mailing address_116 Octavia Drive_____

City, State & Zip code_Meridianville, AL  35759_

Daytime Phone___615-406-7902_____

Evening Phone___615-406-7902_____

2

FILED BY _____ D.C

90  DEC -8  PH 4: 11

CARL J. MERRIE
CLERK U.S. DIST. CT.
S.D. OF FLA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BEVERLY LEVINE, et al.                          CASE NO.: 98-6306-CIV-DIMITROULEAS
                                                Magistrate Judge Bandstra

              Plaintiffs,

vs.

NATIONSBANK, N.A.,
a national association

              Defendant.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

I have been notified that the Court has authorized this lawsuit, filed by past and present
employees of NationsBank N.A. to recover overtime wages, to become a collective action
and that I am eligible to join those employees as a Plaintiff in that lawsuit.

By choosing to join this lawsuit, I understand that I designate the representative Plaintiffs
as my agents to make decisions on my behalf concerning the litigation, including the
method and manner of conducting this litigation, entering into settlement agreements,
entering into agreements with Plaintiffs' attorneys concerning attorneys fees and costs,
and all other matters pertaining to this lawsuit. These decisions and agreements made
and entered into by the representative Plaintiffs will be binding on me if I join this lawsuit.

I understand that the designated representative Plaintiffs have entered into a Contingency
Fee Agreement with the law firms of MUCHNICK, WASSERMAN & DOLIN and BOIES &
SCHILLER, L.L.P. which apply to all Plaintiffs who join in this lawsuit. If I join in the
lawsuit, I agree to be bound by such Contingency Fee Agreement. I understand that
under the terms of that Contingency Fee Agreement, the law firms' attorneys fees and
costs shall only be paid out of a recovery by judgment or settlement against NationsBank
in this action; and that if no such recovery is obtained, I will not be held responsible
for such attorneys fees or costs. I further understand that I may obtain a copy of the
Contingency Fee Agreement upon requesting same from the attorneys.

By choosing to join in this lawsuit, I understand that I will be bound by the judgment,
whether it is favorable or unfavorable. I will also be bound by, and will share in, as the
Court may direct, any settlement that may be negotiated on behalf of all Plaintiffs.

1



EXHIBIT

If I choose not to join this lawsuit, I acknowledge and understand that I will not be affected by any judgment or settlement rendered or reached in this lawsuit, whether favorable or unfavorable to the Plaintiffs and I will not be entitled to share in any amounts recovered by the Plaintiffs whether by judgment or settlement.

I hereby consent to join in this lawsuit.

**SIGNATURE**

DATE: _12-1-98_

PLEASE PRINT OR TYPE THE INFORMATION BELOW:

NAME: _Rodney Hensley_

STREET NAME & NO. _5728 Brentwood Trace_

CITY, STATE& ZIP CODE _Brentwood, TN 37027_

PHONE NUMBERS WHERE YOU CAN BE REACHED:

DAY: _615-376 5430_

EVENING: _615-661-8043_

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS/SNOW

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,
     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,
     Defendant.

_____/

## NOTICE OF FILING

COMES NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE,
by and through their undersigned counsel, and notify this Court of the following filing:

1.    Affidavit of Anne Hinds in connection with Plaintiff's Response to
Defendant's Motion for Summary Judgment.

2.    Plaintiff's Second Amended Final Response to Defendant's Motion for
Summary Judgment.

           MUCHNICK, WASSERMAN, DOLIN
           & LEVINE, LLP
           Attorneys for Plaintiffs
           4000 Hollywood Boulevard, Suite 620N
           Hollywood, FL 33021
           (954) 989-8100 - Broward
           (305) 624-9100 - Dade
           (954) 989-8700 - Fax

By:  _____
           SUSAN L. DOLIN, ESQ.
           Fla. Bar No. 708690



EXHIBIT
E

-and-

BOIES, SCHILLER & FLEXNER L.L.P.
2435 Hollywood Boulevard
Hollywood, Florida 33020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail this ___19___ day of December, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et

al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and

Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC 28280.

By: _____
       SUSAN L. DOLIN, ESQ.
       E-Mail: sldolin@mwdl-law.com

**AFFIDAVIT OF ANNE HINDS**
STATE OF FLORIDA )
) ss:
COUNTY OF BROWARD )

BEFORE ME, the undersigned authority, on this date personally appeared ANNE
HINDS  who, after first being duly sworn deposes and says:

1. My name is ANNE HINDS. I have personal knowledge of the facts recited in this
Affidavit.

2. In response to NationBank's Motion For Summary Judgment, whereby NationsBank
claimed certain opt-in Plaintiffs to be ineligible, in or about November of 2000, I sent a
letter to the claimed ineligible Plaintiffs requesting they fill in their dates of employment
with NationsBank as well as their position during their employment with NationsBank.
Enclosed with the letter was a response form the opt-in Plaintiffs were requested to fill
out and sign, detailing their dates of employment and position with NationsBank during
the relevant period.

3. In or about November the response forms from the above mentioned Plaintiffs began
to arrive into my office.  Three of the opt-in Plaintiffs, Eloise Batts, June McKinley and
Rodney Hensley, signed statements that they did in fact work during the relevant time
period performing the duties and responsibilities of a Consumer Banker II, III or IV.

4. Since November of 2000, I have attempted to contact these three individuals in an
effort to confirm this information, and obtain sworn statements to this effect.  In the
interim, however, Plaintiffs filed unsworn signed statements in contravention of
Defendant's Motion For Summary Judgement.

5. Eloise Batts has signed an affidavit which was filed with this Court.  Rodney Hinsley
is in the process of preparing an affidavit to be filed with this Court, and, as a result ,
Plaintiffs are moving to amend their complaint.   A delay ensued speaking directly to
June McKinley, because she changed her telephone number and the new number was
not learned until December 18, 2000.

FURTHER AFFIANT SAYETH NAUGHT.
Anne Hinds
SWORN TO AND SUBSCRIBED before me this _18_ day of _Dec____, 2000, by
Anne Hinds, who is personally known to me, or who produced _____
as identification, and who did take an oath.

Notary Public
My Commission Expires:

_____
Acknowledger's Name Stamped,
Typed or Printed

OFFICIAL NOTARY SEAL
KATHIE H HART
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC883385
MY COMMISSION EXP. OCT. 27,2003

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow



ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,
    Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,
    Defendant.

_____/

## PLAINTIFF OLGA VALDES'
## NOTICE OF WITHDRAWAL OF CONSENT TO OPT-IN

COMES NOW the Plaintiff, OLGA VALDES, by and through her undersigned

counsel, and hereby notifies this Honorable Court that she wishes to withdraw, and does

hereby withdraw, her previously filed Consent to Become a Party Plaintiff in the captioned

litigation.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax



EXHIBIT
F

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690

-and-

BOIES, SCHILLER & FLEXNER L.L.P.
2435 Hollywood Boulevard
Hollywood, Florida 33020

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail this 6th day of December, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al.,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and Richard

F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC 28280.

By: _____

SUSAN L. DOLIN
E-Mail: sldolin@mwdl-law.com

F \WPDOCS\~SLD\Escudero\Opt-Ins\n-filingwithdrawal valdes wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS/SNOW




ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,
_____/

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COME NOW the Plaintiffs, ROXANNA ESCUDERO, *et al.*, by and through their

undersigned counsel, and pursuant to Local General Rule 7.1.C, hereby file their

Supplemental Response to Defendant's Motion for Summary Judgment, as follows:

1.    On or about October 23, 2000, Defendant filed its Motion for Summary Judgment

and Incorporated Memorandum of Law.

2.    On or about November 22, 2000, Plaintiffs filed their Final Response to Defendant's

Motion for Summary Judgment.

3.    At the time Plaintiff's Final Response was prepared, Plaintiff's counsel was provided

information from opt-in Plaintiff June McKinley that she was employed by NationsBank until

June 1998 as a Consumer Banker II, III, or IV, thus rendering her "similarly situated" to the

named Plaintiffs and eligible to participate in this lawsuit as an opt-in Plaintiff.

EXHIBIT

G

4.    Ms. McKinley, upon further reflection, has now confirmed NationsBank's assertion that she was not employed as a Consumer Banker II, III or IV during the relevant period of time for the instant case, to wit, on or after December 17, 1997.

5.    Indeed, filed concurrently with this Supplemental Response is Plaintiff's Notice of Withdrawal of Consent to Opt-In.

6.    Accordingly, Defendant's Motion for Summary Judgment with respect to June McKinley is now moot.[1]

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN & LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd.
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100–Broward
(305) 624-9100–Dade
(954) 989-8700–Facsimile
E-mail: aschotiner@mwdl-law.com
E-mail: eshulnick@mwdl-law.com

By: _____
ADAM S. CHOTINER, ESQ.
Fla. Bar No.
ELISSA S. HULNICK, ESQ.
Fla. Bar No. 0315000

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Blvd.
Hollywood, Florida 33020

---

[1]    By submitting Plaintiffs' Supplemental Response in this form, Plaintiffs do not intend to ignore the requirements of Local General Rule 7.5. Plaintiffs do not believe that a separate statement of facts is necessary. Moreover, no memorandum of law should be required inasmuch as Plaintiffs are now not opposing Defendant's Motion for Summary Judgment with regard to opt-in Plaintiff June McKinley.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail and Facsimile, this ___ day of December, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280.

By:_____

ADAM S. CHOTINER, ESQ.