UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

    Defendant.

_____/

## PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

COME NOW the Plaintiffs, by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 26(c) and Local General Rule 7.1.A, hereby file their Emergency Motion for Protective Order and Incorporated Memorandum of Law, and as grounds therefor state as follows:

1. As this Court is by now fully aware, the above-captioned lawsuit has been brought by two (2) representative Plaintiffs, on behalf of themselves and all others similarly situated, pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiffs are Consumer Bankers IIs, IIIs and IVs who were reclassified as non-exempt by Defendant on or about December 17, 1997, but who claim that despite such reclassification, they were not permitted to record and were not paid for their overtime hours. At the current time, pending before the Court are various motions, among which



*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

are included Plaintiffs' Motion to Amend the Complaint to Add Rodney N. Hensley as a named Plaintiff, and Plaintiffs' Motion for Notification of this Lawsuit to all those similarly situated throughout the NationsBank system. Even without notification, approximately 83 persons have opted-in as parties Plaintiff to this lawsuit.

2.    On or about January 9, January 15 (a legal holiday), and again on January 16, 2001, Defendant caused to be served upon Plaintiffs' counsel notice that it would be taking the depositions of every individual opt-in who filed notice of opting into this litigation, directing them to bring with them all documents reflecting their hours worked in 1998-1999. For demonstrative purposes, Plaintiffs attach hereto as Exhibit "A" the Notice of Taking Depositions propounded on January 16, 2001.

3.    On or about the weeks of January 9 and January 15, 2001, as reflected by the correspondence attached hereto as Exhibit "B", Plaintiffs' counsel by telephone and in writing attempted to confer with Defendant's counsel in a good faith effort to resolve the issues raised by the instant Motion. Plaintiffs ultimately agreed that Defendant could depose those opt-in Plaintiffs who had provided affidavits in support of Plaintiffs' Motion for Notification, and those opt-ins who would be called to testify at trial; i.e. a representative sampling of opt-ins, but not all of them. However, the parties have been unable to resolve the issues. Moreover, Plaintiffs have requested Defendant to hold off on the taking of the depositions at issue until Plaintiffs can get a ruling from the Court, but Defendant has refused.

4.    By the instant Motion, and in accordance with Fed. R. Civ. P. 26(c), Plaintiffs

-2-

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

now seek an order of protection from this Court that the above-described discovery not be had, which justice requires to protect (1) the opt-in Plaintiffs from annoyance and oppression and (2) Plaintiffs' undersigned counsel from undue burden and expense.

5.   This Motion is being filed as an emergency because the depositions at issue are supposed to begin next week, and many (if not most) of the putative deponents reside outside the State of Florida.

## MEMORANDUM OF LAW

To date, Defendant has deposed both named Plaintiffs, ESCUDERO and DRAKE, as well as opt-in Plaintiff ROJAS.[1] In support of their Motion for Notification, Plaintiffs filed thirteen (13) affidavits, which Defendant then made the subject of a still-pending Motion for Rule 11 Sanctions against the affiants, even though during the safe harbor provision of Rule 11, three (3) of the affiants withdrew their opt-in consents and affidavits, and the remainder gave clarifying, amended affidavits.

Typically, discovery from opt-in plaintiffs is disfavored in an FLSA collective action because it "only serves to obfuscate the issues and drastically enhance the costs of litigation." *McGrath v. City of Philadelphia*, 1 W&H Cas.2d 1500 (E.D. Pa. 1994); *Adkins v. Mid-America Growers, Inc.*, 141 F.R.D. 466 (N.D. Ill. 1992). Plaintiffs recognize that this case is somewhat more Individualized than was the case in *Levine* and *Perlman*, which

---

[1] Significantly, since the Defendant deposed both of the named Plaintiffs in or about July 13 and 14, 2000, over six (6) months ago, and the initial opt-in, Nancy Rojas, on July 14, 2000. Defendant has not propounded, or attempted to propound, any written discovery upon the opt-in Plaintiffs.

-3-

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

were misclassification cases. In the instant case, rather, the focus is on hourly employees who, on a branch-by-branch or region-by-region basis, were victimized by a practice of refusing them the right to record overtime hours which they worked and the pay therefor.

In recognizing this distinction, Plaintiffs generously offered to allow Defendant to propound written interrogatories to the opt-in Plaintiffs, although the cases hold that even that type of discovery may be too onerous and not permitted. *McGrath, supra* (hourly police officers "opt-ins" not subject to individualized written discovery or depositions). Clearly, at this point, just bringing all 83 opt-ins to South Florida from all over the United States to sit for depositions, two at a time, is far too onerous and expensive a burden to place on Plaintiffs and their counsel, not to mention what could occur post-notification, if permitted.

In *Adkins, supra*, the district court reversed a magistrate's order granting precisely the type of discovery sought here by Defendant from the opt-in Plaintiffs; the district court found that "the magistrate judge erroneously held that discovery in this [FLSA] class action should be conducted on an individual basis." *Id.* at 469. In so finding, the court noted that:

> Whether prior to class certification or after, discovery, except in the rarest of cases, should be conducted on a [representative plaintiff] level. Professor Newberg warns, "[t]he use of extensive and complicated interrogatories and depositions by the party opposing the class may debilitate the putative class in such a way as to preclude certification by dissuading class members from continuing to assert their claims." Herbert B. Newberg, Newberg on Class Actions §16.05 (Supp.1989).

\*\*\*\*\*\*\*\*\*\*

<em>Escudero, et al. v. BankAmerica Corporation, etc.</em><br>
Case No. 00-06145-Civ-Dimitrouleas

> This case exemplifies the hazards of individual class plaintiff discovery. After receiving the go ahead from the magistrate judge, Mid-America served discovery on each plaintiff (through Adkins' counsel) *and deposed more than eighty class members*. This was a tremendous burden on Adkins' counsel. See generally id. at §§7.08, 9.43. See also Fed. R. Civ. P. 26(g)(3)(stating that overly oppressive conduct is sanctionable).
>
> **********
>
> Moreover, the ideas of a class action and individualized discovery do not fit together well. Federal Rule of Civil Procedure 23 states "[o]ne or more members of a class may sue...as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable...." Fed. R. Civ. P. 23(a). If joinder of all parties is impracticable, propounding discovery like interrogatories, *depositions*, and requests to produce on an individual basis is *even more impracticable.* Indeed, many class actions have hundreds of thousands of members. See, e.g., In re "Agent Orange" Product Liability Litigation, 821 F.2d 139 (2d Cir.), cert. denied, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987); In re A.H. Robins Co., 880 F.2d 769 (4th Cir.1989) (Dalkon Shield litigation). Taken to its logical limits, individualized discovery would prevent such actions from being litigated.

*Id.* at 468 (emphasis added). Here, it is clear that Defendant intends to partake in precisely the type of "oppressive" discovery which the *Adkins* court recognized as a "hazard." As a concession to the nature of the instant case, Plaintiffs have offered to allow Defendant to propound interrogatories to the opt-ins, despite the prohibition in *Adkins.* Accordingly, this Court should not permit these unduly onerous depositions to proceed.

Defendant's attempt to depose each and every opt-in Plaintiff is nothing more than an ill-fated attempt to delay these proceedings and unduly burden Plaintiffs and their

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

counsel. Plaintiffs thus submit that a protective order that the discovery not be had pursuant to Fed. R. Civ. P. 26(c) is appropriate.

WHEREFORE, the Plaintiffs, ROXANNA ESCUDERO, *et al.*, respectfully request that this Honorable Court grant their Motion for Protective Order, enter an Order that depositions directed to non-affiant opt-in Plaintiffs not be had, and take such further action as it deems just and proper.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla Bar No. 0146315

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

-6-

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail and Facsimile, this 24th day of January, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280.

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690

F:\WPDOCS\~ASC\Escudero\Pleading\M-Emergency PO

-7-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Linnea R. Johnson

ROXANNA L. ESCUDERO, and )
KIMBERLY DRAKE, on behalf of )
themselves and all others similarly )
situated, )
 )
         Plaintiffs, )
 )
vs. )
 )
BANKAMERICA CORPORATION, )
a foreign corporation d/b/a )
BANK OF AMERICA CORPORATION, )
a foreign corporation, f/k/a )
NATIONSBANK, N.A., a national )
association, )
 )
         Defendant )

### NOTICE OF DEPOSITIONS

TO:

| Janet E. Meier | Sheri Thomas | Elke G. Adams |
|---|---|---|
| 3463 Salisbury Drive | 11916 Little Stony Court | 2782 S. Waterworks Rd. |
| Dallas, TX 75229 | Charlotte, NC 28269 | Beaufort, GA 30518 |
| Guilbert M. Parker | Stephanie Dantos | Deborah J. Agnew |
| 3627 Lochearn Drive | 1208 Marie Way #203A | 20607 Live Oak |
| Baltimore, MD 21207 | N. Palm Beach, FL 33408 | Leander, TX 78641 |
| Alex L. Harris | Patricia B. Murray | Leslie Slater Hill |
| 1699 Beaver Creek Drive | 710 Mount Paran Road | 1009 Old Lytton Springs Rd. |
| Havana, FL 32333 | Lizella, GA 31052 | Lockhart, TX 78644 |
| Harold L. Willis | Samuel D. Washington | Dianne D. Dismukes |
| 11602 Mary Catherine Dr. | Route 2, Box 1377 | 7626 Kleingreen |
| Clinton, MD 20735 | Kents Store, VA 23084 | Spring, TX 77379 |





EXHIBIT 1

Escudero, et al, v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

| | | |
|---|---|---|
| Tracie R. Lappin-Blitch<br>1375 Leawood Road<br>Englewood, FL 34223 | Margaret A. Buchanan<br>9609 Covey Ridge Lane<br>Austin, TX 78758 | Melanie E. Rogers<br>Route 1, Box 3799<br>Celen St. Mary, FL 32040 |
| Donna Dickerson<br>12008 Hunterton Street<br>Largo, MD 20774 | Kathy Foster Andrews<br>3000 Millwater Crossing<br>Dacula, GA 30019 | Bryan K. Crowder<br>1634 38th Street<br>DeMoines, IA 50310 |
| Angela Wilson<br>P.O. Box 14246<br>Newburn, NC 28561 | Peggy H. Lee<br>3520 Cleveland Heights<br>#225<br>Lakeland, FL 33801 | Laurie K. DuPont<br>2684 NW 68th Terrace<br>Margate, FL 33063 |
| Fabiola Stewart<br>18959 N. Dallas Parkway<br>#2114<br>Dallas, TX 75287 | Henry David Calvillo<br>Rt. 1, Box 216K<br>Holland, TX 76534 | Steven Richardson<br>5229 Glen Park<br>Raporte, TX 77571 |
| Annette Armstrong<br>1902 West Lakeridge Dr.<br>Albany, GA 31707 | Mary Rose Estrada<br>2200 Market<br>Galveston, TX 77550 | Debra Elias<br>9 Windsor Courts 51-K<br>Galveston, TX 77551 |
| Tempe Aguilar-DeMarco<br>123 New Market Circle<br>Lexington, SC 29073 | Ron Valdez<br>4123 3rd Avenue NW<br>Bradenton, FL 34209 | Deana B. Justice<br>1654 Haws Run Road<br>Maple Hill, NC 28454 |
| Suzanne Czwojdak Alsafi<br>789 Hammond Drive<br>Apt 503<br>Atlanta, GA 30328 | Marilyn Barnes<br>4324 Sea Grape Drive<br>Lauderdale By The Sea,<br>FL 33308 | Patricia J. Woods<br>2577 Bermuda Drive<br>Loganville, GA 30052 |
| Susie S. Reynolds<br>141 Hardwood Lane<br>Albany, GA 31707 | Jeffrey Scott Taylor<br>1032 Mires Road<br>Mt. Juliet, TN 30122 | Karen Woreschinski<br>3535 Alwood Street<br>Northport, FL 34286 |
| Dayton J. Pehl<br>400 Meadow Oaks Drive<br>Dripping Springs, TX<br>78620 | Elizabeth A. Langley<br>39523 Golden Beach Rd.<br>Mechanicsville, MD<br>20659 | Nettie Parks<br>1000 East 9th Street<br>Sanford, FL 32771 |
| Karen G. Greene<br>1408 Illinois Court<br>Woodbridge, VA 22191 | Philip M. Lee, Jr.<br>3423 Stonesboro Road<br>Ft. Washington, MD<br>20744 | Michelle A. Barnett<br>140 Aldo Road<br>Babson Park, FL 33827 |
| Joseph A. Sierra<br>100 Priestly Place<br>Corraws, NM 87048 | Joyce A. Hardy<br>1904 Verano Drive<br>Haines City, FL 33844 | Evans Yancey<br>4068 E. Spring Meadow<br>Drive<br>Acworth, GA 30101 |

Escudero, et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

| | | |
|---|---|---|
| Barbara W. Wells<br>3113 Woodhome Avenue<br>Baltimore, MD 21234 | Danielle L. Magan<br>1308 Seabreeze Boulevard<br>Ft. Lauderdale, FL 33316 | Barbara Fleming<br>111 Cothran Drive<br>Franklin, TN 37604 |
| Linda H. Grant<br>2072 Woodcrest Circle<br>Rock Hill, SC 29732 | Carrie H. Barnett<br>1093 Allendale Circle<br>Rock Hill, SC 29732 | Mary Howard<br>7808 Linden Road<br>Del Valle, TX 78617 |
| Candice M. Davis-Dunn<br>710 Lakebridge Drive<br>Lake Dallas, TX 75065 | David Perlmutter<br>7054 Waxwing Drive<br>New Port Richey, FL 34653 | JoAnn Skinner<br>3813 Villa Lane<br>Evans, GA |
| William Smith<br>9012 Reyes Court<br>Orlando, FL 32836 | Jennifer Hilbers<br>370 Peachtree Hills Avenue #21<br>Atlanta, GA 30305 | Theresa Sutton Rubinfield<br>3253 Fox Croft Road G206<br>Miramar, FL 33025 |

c/o Susan L. Dolin, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Suite 620 North
4000 Hollywood Boulevard
Hollywood, Florida 33021

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Defendant herein will take the depositions upon oral examination of the individuals shown above on such dates and times indicated on Attachment A.

These depositions are hereby scheduled to be taken at the offices of DOWNTOWN REPORTING, 337 E. Las Olas, Fort Lauderdale, FL 33301, and will commence on Monday, February 12, 2001, at 9:00 a.m. Such depositions will continue from day to day until completed.

**Deponents are requested to bring with them all documents reflecting their hours worked in 1998-1999.**

Escudero, et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

You are invited to attend and cross-examine.

This the __16th__ day of January, 2001.

*Richard F. Kane*

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIRE, WOODS, BATTLE & BOOTHE LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX 704-373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:  954/463-2444
Telephone:  954/463-0100 Broward
            305/945-2000 Dade
            561/640-7448 WPB

**Attorneys for Bank of America Corporation**

Escudero, et al, v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "NOTICE OF DEPOSITIONS" in the above-captioned proceeding has been served this day upon Plaintiffs' counsel listed below as follows:

*By Facsimile and U.S. mail, postage prepaid:*
Susan L. Dolin, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

*By U.S. mail, postage prepaid:*
Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

This the __16__ day of January, 2001.

Richard F. Kane

-5-

*Escudero, et al.*
DEPOSITIONS DUAL TRACK SCHEDULE

| Monday, 2/12/01 | | Tuesday, 2/13/01 | | Wednesday, 2/14/01 | | Thursday, 2/15/01 | | Friday, 2/16/01 | |
|---|---|---|---|---|---|---|---|---|---|
| 9:00a.m. | Janet E. Meier | 9:00 a.m. | Alex L. Harris | 9:00 a.m. | Tracie R. Lappin-Blinch | 9:00 a.m. | Angela Wilson | 9:00 a.m. | Mary Rose Estrada |
|  | Sheri Thomas |  | Patricia B. Murray |  | Margaret A. Buchanan |  | Peggy H. Lee |  | Debra Elias |
| 11:00 a.m. | Elke G. Adams | 11:00 a.m. | Leslie Slater Hill | 11:00 a.m. | Melanie E. Rogers | 11:00 p.m. | Laurie K. DuPont | 11:00 a.m. | Tempy Aguilar-DeMarco |
|  | Guilbert M. Parker |  | Harold L. Willis |  | Donna Dickerson |  | Fabiola Stewart |  | Ron Valdez |
| 2:00 p.m. | Stephanie Dantos | 2:00 p.m. | Samuel D. Washington | 2:00 p.m. | Kathy Foster Andrews | 2:00 p.m. | Steven Richardson | 2:00 p.m. | Deana B. Justice |
|  | Deborah J. Agnew |  | Dianne D. Dismukes |  | Bryan K. Crowder |  | Annette Armstrong |  | Suzanne Cawojdak Alsafi |

| Monday, 2/19/01 | | Tuesday, 2/20/01 | | Wednesday, 2/21/01 | | Thursday, 2/22/01 | | Friday, 2/23/01 | |
|---|---|---|---|---|---|---|---|---|---|
| 9:00a.m. | Marilyn Barnes | 9:00 a.m. | Elizabeth A. Langley | 9:00 a.m. | Joyce A. Hardy | 9:00 a.m. | Linda H. Grant | 9:00 a.m. | William Smith |
|  | Patricia J. Wood |  | Nettie Parks |  | Evans Yancey |  | Carrie H. Barnett |  | Jennifer Hilbers |
| 11:00 a.m. | Susie S. Reynolds | 11:00 a.m. | Karen G. Greene | 11:00 a.m. | Barbara W. Wells | 11:00 p.m. | Mary Howard | 11:00 a.m. | Theresa Sutton Rubinfield |
|  | Jeffrey Scott Taylor |  | Philip M. Lee, Jr. |  | Danielle L. Magan |  | Candice M. Davis-Dunn |  |  |
| 2:00 p.m. | Karen Woreschinski | 2:00 p.m. | Michelle A. Barnett | 2:00 p.m. | Henry David Calvillo | 2:00 p.m. | David Perlmutter | 2:00 p.m. |  |
|  | Dayton J. Pehl |  | Joseph A. Sierra |  | Barbara Fleming |  | JoAnn Skinner |  |  |

ATTACHMENT A

# MUCHNICK WASSERMAN DOLIN & LEVINE, LLP
Attorneys At Law

Sanford L. Muchnick, P.A.
Jeffrey P. Wasserman, P.A. *
Susan L. Dolin, P.A. ** †
Daniel R. Levine, P.A.

Adam S. Chotiner
Elissa S. Hulnick
Ruthlyn B. Rubin ***
 .of Counsel
Merle Litman (1926-1977)

* Certified Family Law Mediator
† Florida Bar Board Certified Labor
  & Employment Lawyer
** Also Admitted Ohio Bar
*** Also Admitted New Jersey Bar

January 16, 2001

Richard Kane, Esq.
McGuire Woods Battle & Booth
3700 NationsBank Plaza
101 South Tryon Street
Charlotte, NC 28280

    Re:    ***Roxanna Escudero, et al. v. BankAmerica Corporation***

Dear Dick:

In response to your inquiry, it appears that Juan Carlos de Valle was (or perhaps still is) employed by NationsBank at the Coral Gables, Florida banking center, and went by the name Juan Carlos Gonzalez de Valle. NationsBank did provide information on him in connection with the *Levine* litigation.

On the subject of depositions, I have gotten hold of Caryl, and she is in agreement that we should bring the deponents in to Ft. Lauderdale, rather than fly all over. We are in the process of contacting all of those persons whom we have agreed that you can depose (the affiants and Rojas) to get their dates of availability to fly here and will try as best we can to adhere to the schedule you and I had worked out, depending, of course, on the deponents' schedules.

In addition, I have received today your notice of taking the depositions of all of the rest of the opt-ins (we have already received the notice for non-affiant Jaki Mintz). As discussed, we will be filing a motion for protective order on those, but we do acknowledge your right to propound interrogatories with respect to them.

Very truly yours,

*Susan L. Dolin*

SUSAN L. DOLIN
For the Firm
SLD:dmc
cc: Caryl Boies, Esq.


EXHIBIT 2

Hollywood Office • Presidential Circle
4000 Hollywood Boulevard • Suite 620 North • Hollywood, Florida 33021
Broward (954) 989-8100 • Dade (305) 624-9100 • Fax (954) 989-8700

☐ Boca Raton Office • One Boca Place
2255 Glades Road • Suite 234 West • Boca Raton, Florida 33431
Palm Beach (561) 981-8882 • (561) 989-0054 (Hollywood Office) • Fax (561) 995-9353