UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NationsBank, N.A., a national association,

    Defendant.

_____/



## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AMEND COMPLAINT TO ADD PLAINTIFF, RODNEY N. HENSLEY

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and, pursuant to Local General Rule 7.1.C hereby submit their Reply Memorandum of Law in Support of Their Motion to Amend Complaint to Add Plaintiff, Rodney N. Hensley, as follows:

### I. THE IN-STORE BANKER POSITION

In its Response to Plaintiffs' Motion to Amend Complaint to Add Plaintiff, Rodney N. Hensley, Defendant attempts to skirt the underlying issue by repeatedly asserting that Plaintiffs and their counsel have known about the In-Store Banker ("ISB") position for years, and thus should now be precluded from amending the Complaint in the instant case



*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

to add a former "ISB" as a named and representative Plaintiff. Obviously, Plaintiffs are not claiming to have no prior knowledge of the In-Store Banker position. The key to understanding the basis for Plaintiff's Motion to Amend becomes clear upon a careful review of what transpired in the companion *Levine* and *Perlman* cases.

As this Court will recall, the *Levine* case involved the misclassification of the Consumer Banker ("CB") II, III, and IV positions as exempt from overtime pay. (It is undisputed that, in or about December, 1997, the CB II, III, and IV positions were reclassified as non-exempt and eligible to receive overtime pay.) Significantly, when this Court authorized notification in *Levine*, ISBs from areas around the country other than Florida were also provided notification, as these ISBs were internally categorized by NationsBank as CBs. As pointed out in Plaintiff's Motion, this is one of the reasons this Court denied nationwide notification in *Perlman*. This Court did allow notification to ISBs in Florida in *Perlman*, since these ISBs were apparently categorized in a different manner such that they did not receive notice in *Levine.*

The current named Plaintiffs in the instant case, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, were employed by NationsBank as CBs, working in traditional banking centers. At the time Plaintiffs filed their Complaint, and indeed at the time Plaintiffs filed their Motion for Notification (currently pending before this Court), Plaintiffs believed, based on what transpired in *Levine*, that ISBs nationwide were, in fact, "similarly situated" to ESCUDERO and DRAKE, such that ESCUDERO and DRAKE could act as representative for a class composed of both CBs and ISBs. After all, in *Levine* NationsBank clearly

understood the nationwide ISBs to be similarly situated to CBs, inasmuch as NationsBank itself provided the names of ISBs as individuals entitled to receive notification.

Now, in the instant case, NationsBank is completely changing its tune. It has moved for summary judgment as to current opt-in Plaintiff Rodney N. Hensley, on the basis that he "left his position" as a CB II, III, or IV or about June 30, 1997, prior to the operative date (for the case at bar) of December, 1997. *In fact, Hensley did not "leave" the CB position; he became an ISB, which, at least in or about June, 1997, was a position NationsBank clearly equated with the CB position.*

In other words, for purposes of *Levine*, and prior to *Levine*'s operative date of prior to December, 1997, NationsBank clearly considered CBs and ISBs to be "similarly situated." Now, for purposes of the case *sub judice*, NationsBank has shifted its position 180 degrees, saying that ISBs are not the same as CBs. NationsBank cannot have it both ways, and it is NationsBank's disingenuous position in this regard with prompted the instant Motion to Amend. (It is ridiculous for NationsBank to claim that ISBs are not similarly situated to CBs, inasmuch as Hensley's business card provided to him by NationsBank still stated he was a CB after he "left" the CB position and became an ISB. *See* Affidavit of Rodney N. Hensley.)

## II.    NATIONSBANK WILL NOT BE PREJUDICED BY GRANTING THE MOTION TO AMEND COMPLAINT

In its Response, NationsBank does its best "Chicken Little" impersonation, claiming that it will suffer all sorts of undue prejudice if this Court allows Plaintiffs to amend their

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Complaint. As shown above, it is Plaintiffs who have been prejudiced by NationsBank's actions. In any event, NationsBank's concerns are without foundation.

Currently pending before this Court is Plaintiff's Motion to Allow Notification. If this Court grants the instant Motion as well as the Motion to Allow Notification, clearly persons internally categorized by NationsBank as ISBs will nevertheless be entitled to notification of their right to join in this lawsuit. What NationsBank is basically arguing to this Court is: "do not grant the motion to amend, because if same is granted, and if notification is granted, there may be many more parties plaintiff." This is the extent of the "prejudice" NationsBank will "suffer," and is obviously not the type of prejudice contemplated in those rare cases when courts do deny motion for leave to amend complaints.

Furthermore, NationsBank's concerns about the upcoming discovery deadline are similarly unfounded. As occurred in *Levine*, if this Court allows notification, clearly there will be a need to extend the deadlines previously imposed by this Court, and NationsBank can rest assured that it will have plenty of time to conduct any discovery to which it is entitled. In this vein, while NationsBank claims that allowing Plaintiffs leave to amend will cause it to "lose[] economies of scale [it] initially enjoyed by conducting phased discovery against the entire class," the truth of the matter is that allowing Plaintiffs leave to amend will actually inure to NationsBank's benefit. Surely NationsBank realizes that, should this Court deny the Plaintiffs leave to amend, an entirely new lawsuit will need to be filed with Mr. Hensley as the named Plaintiff, and NationsBank will then have to conduct discovery against the class in that case. The foregoing, and not this Court granting leave to amend, will cause NationsBank to lose any "economies of scale."

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

### III.  CONCLUSION

Obviously, NationsBank is taking whatever steps it can to alleviate its potential liability in this case, and is thus urging this Court to deny Plaintiffs leave to amend their Complaint. However, as has been amply demonstrated, Plaintiffs have shown how it is the disingenuous position taken by NationsBank which requires Plaintiffs to amend their Complaint, and that any "prejudice" which NationsBank might incur is simply the result of its own actions.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN & LEVINE, LLP
Attorneys for Plaintiff
4000 Hollywood Boulevard, Suite 620North
Hollywood, Florida 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No.: 0146315

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to: Richard F. Kane, Esq., McGUIRE WOODS, 3700 NationsBank Plaza, Charlotte, North Carolina 28280; Michael T. Burke, Esq., JOHNSON, ANSELMO, MURDOCH, BURKE & GEORGE, P.A., 790 East Broward Blvd., Suite 400, P.O. Box 030220, Ft. Lauderdale, Florida 33303-0220, on this 23rd day of January 2001.

        MUCHNICK, WASSERMAN, DOLIN & LEVINE, LLP
        Attorneys for Plaintiff
        4000 Hollywood Boulevard, Suite 620 North
        Hollywood, Florida 33021
        (954) 989-8100 - Broward
        (305) 624-9100 - Dade

By: *[signature]*
        SUSAN L. DOLIN, ESQ.
        Fla. Bar No. 708690
        ELISSA S. HULNICK, ESQ.
        Fla. Bar No.: 0315000