UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/



## PLAINTIFFS' VERIFIED SECOND EMERGENCY MOTION FOR
## PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

COME NOW the Plaintiffs, by and through their undersigned counsel, and pursuant

to Fed. R. Civ. P. 26(c) and Local General Rule 7.1.A, hereby file their Verified Second

Emergency Motion for Protective Order and Incorporated Memorandum of Law, and as

grounds therefor state as follows:

1.    As this Court is by now fully aware, the above-captioned lawsuit has been

brought by two (2) representative Plaintiffs, on behalf of themselves and all others similarly

situated, pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

Plaintiffs are Consumer Bankers IIs, IIIs and IVs who were reclassified as non-exempt by

Defendant on or about December 17, 1997, but who claim that despite such

reclassification, they were not permitted to record and were not paid for their overtime

hours. At the current time, pending before the Court are various motions, among which



are included Plaintiffs' Motion to Amend the Complaint to Add Rodney N. Hensley as a named Plaintiff, and Plaintiffs' Motion for Notification of this Lawsuit to all those similarly situated throughout the NationsBank system. Even without notification, approximately 83 persons have opted-in as parties Plaintiff to this lawsuit.

2.    On or about January 9, January 15 (a legal holiday), and again on January 16, 2001, Defendant caused to be served upon Plaintiffs' counsel notice that it would be taking the depositions of every individual opt-in who filed notice of opting into this litigation, directing them to bring with them all documents reflecting their hours worked in 1998-1999. For demonstrative purposes, Plaintiffs attach hereto as Exhibit "A" the Notice of Taking Depositions propounded on January 16, 2001.

3.    On or about the weeks of January 9 and January 15, 2001, as reflected by the correspondence attached hereto as Exhibit "B", Plaintiffs' counsel by telephone and in writing attempted to confer with Defendant's counsel in a good faith effort to resolve the discovery issues raised by the prior Emergency Motion for Protective Order, which is still pending. Plaintiffs ultimately agreed that Defendant could depose those opt-in Plaintiffs who had provided affidavits in support of Plaintiffs' Motion for Notification, and those opt-ins who would be called to testify at trial; i.e. a representative sampling of opt-ins, but not all of them.

4.    By the instant Motion, and in accordance with Fed. R. Civ. P. 26(c), Plaintiffs now seek an order of protection from this Court that certain of the opt-in affiants' above-described depositions not be had as proposed by Defendant, which justice requires to protect (1) these certain opt-in affiant Plaintiffs from annoyance and oppression.

-2-

5.    This Motion is being filed as an emergency because the depositions at issue are supposed to take place February 7, 8 and 9 and two (2) of the putative deponents reside outside the State of Florida.

## MEMORANDUM OF LAW

As detailed in their prior emergency for protective order, which is still pending, to date, Defendant has deposed both named Plaintiffs, ESCUDERO and DRAKE, as well as opt-in Plaintiff ROJAS.[1]  In support of their Motion for Notification, Plaintiffs filed thirteen (13) affidavits, which Defendant then made the subject of a still-pending Motion for Rule 11 Sanctions against the affiants, even though during the safe harbor provision of Rule 11, three (3) of the affiants withdrew their opt-in consents and affidavits, and the remainder gave clarifying, amended affidavits.[2]  Now the Defendant has attempted to notice each and every opt-in plaintiff for deposition, which is the subject of the pending emergency motion for protective order.

In the spirit of compromise, Plaintiffs offered to allow Defendant to depose the remaining opt-in Plaintiffs who filed affidavits in support of the Plaintiffs' Motion for Notification, as well as those who will be called to trial, and to allow Defendant to serve

---

[1]Significantly, since the Defendant deposed both of the named Plaintiffs in or about July 13 and 14, 2000, over six (6) months ago, and the initial opt-in, Nancy Rojas, on July 14, 2000. Defendant has not propounded, or attempted to propound, any written discovery upon the opt-in Plaintiffs.

[2]Marilyn Blackmon, the last of the opt-in affiants with whom undersigned counsel was unable to communicate until last week, just withdrew both her affidavit and her opt-in consent.

-3-

interrogatories upon the remaining opt-ins, although, as the prior Emergency Motion for Protective Order amply demonstrates, the case law allows for neither.

Defendant, while not agreeing to limit its discovery in the aforementioned fashion, did in fact agree to change the dates of the first round of depositions to February 7, 8 and 9, although that first scheduling does include some of the non-affiant opt-ins who are the subject of the pending Emergency Motion for Protective Order. The subject of the instant Emergency Motion for Protective Order, however, concerns three (3) of the affiant opt-in Plaintiffs whom Plaintiffs have agreed to produce: Rodney Hensley, Jeff Motley, and Julia Kozel.

Rodney Hensley is an itinerant musician who plays for churches and church youth groups across the United States.[3] He has informed undersigned counsel that as of Saturday, January 27, 2001, he was scheduled to be plying his trade in California, where he is to remain until the end of the month. Undersigned counsel immediately, upon learning of this information, communicated same to defense counsel Richard Kane, and gave Mr. Kane several alternative dates at the end of February and the beginning of March which Mr. Hensley had given to undersigned counsel, when Mr. Hensley represented that

---

[3] Because of the shortness of time, the Plaintiffs are basing this Motion on representations made by the 3 affiants to undersigned counsel, and undersigned counsel is verifying the veracity of this Motion on that basis. However, undersigned counsel is preparing and will attempt to supplement this Motion with affidavits from the affiants themselves.

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

he would be available to fly to Ft. Lauderdale and sit for a deposition. Mr. Kane has refused to reschedule the deposition.[4]

Jeff Motley is a resident of Plano, Texas. Mr. Motley has represented to undersigned counsel that he is employed on a commission-only basis selling mortgages and cannot take time off of work to travel to Ft. Lauderdale without a substantial loss of income. The only time that he would have had available would have been the weekend of February 24, 2001, but he has already made plans to be out of town that weekend. Mr. Motley indicated that he could be available for several hours in Plano, Texas if he were to be deposed out there. Undersigned counsel also discussed the possibility of a telephone deposition with Mr. Kane, but he refused either to accommodate Mr. Motley by traveling to Texas or by taking a telephonic deposition.

Julia Kozel is a resident of Venice, Florida, which is near Ft. Meyers on the west coast. Ms. Kozel has represented to undersigned counsel that her husband is very ill and that she cannot leave him at this time. She did state that she might be available in late February or March and that if her husband were better, she would make herself available then. Undersigned counsel made the same offer to Mr. Kane that she made with respect to Mr. Hensley, but Mr. Kane has refused to reschedule the deposition.[5]

---

[4]Although some of the alternative dates are admittedly after the current discovery cut-off date, undersigned counsel did represent to Mr. Kane that she would nevertheless produce Mr. Hensley to be deposed.

[5] It should be noted that another opt-in affiant, Mr. Jon Bari, a resident of California, is similarly unavailable for deposition in Southeast Florida due to the serious illness of his wife, and Mr. Kane has graciously agreed to excuse him on that basis and depose him at a later date.

While ordinarily a defendant has the right to depose a party plaintiff in the judicial district in which the lawsuit has been brought, this is not the ususal case. As Plaintiffs have already pointed out to this Court in the prior Emergency Motion for a Protective Order, there is serious question as to whether Defendant can even depose these opt-in Plaintiffs at all. It is only through the spirit of cooperation and professionalism that these depositions are going forward, not because Defendant has any kind of right under the Federal Rules to proceed in such a fashion. *McGrath v. City of Philadelphia*, 1 W&H Cas.2d 1500 (E.D. Pa. 1994); *Adkins v. Mid-America Growers, Inc.*, 141 F.R.D. 466 (N.D. Ill. 1992).

Plaintiffs have unquestionably done their absolute best to accommodate the Defendant and bring the affiant opt-in Plaintiffs from around the United States to Ft. Lauderdale to be deposed. However, for these three—Hensley, Motley, and Kozel—to do so would cause each of them great hardship. The Federal Rules do not contemplate imposing undue hardship upon deponents or litigants under the best of circumstances, and it cannot be gainsaid that these are neither less than undue hardships nor the best of circumstances. Indeed, these are circumstances where the deponents would be forced to forfeit substantial income or leave a seriously ill spouse to attend a deposition which Defendant's "right" to take is questionable at best. Forcing these deponents to weather such storms or face losing their claims is too draconian a measure to force upon them in such a situation, which is in fact tailor-made for the imposition of a protective order within the ambit and meaning of Fed. R. Civ. P. 26(c)(2) and (3).

WHEREFORE, Plaintiffs ROXANNA L. ESCUDERO *et al* respectfully request that this Court grant their Motion for Protective Order, enter an Order that the depositions of

-6-

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

opt-in affiant Plaintiffs Rodney Hensley, Jeff Motley and Julia Kozel not be had unless: 1)

they are rescheduled to a time convenient for the deponents or, 2) if such is not possible,

they be taken in the city of residence of the deponent or telephonically, and 3) take such

further action as it shall deem just and proper.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla Bar No. 0146315

## **VERIFICATION**

The undersigned hereby verifies under penalty of perjury that the foregoing statements are
true to the best of her knowledge and belief.

_____

SUSAN L. DOLIN, ESQ.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail and Facsimile, this 31st day of January, 2001 to: **Michael T. Burke, Esq.**, Johnson,

Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-

0220, and **Richard F. Kane, Esq.**, McGuireWoods, 3700 NationsBank Plaza, 101 South

Tryon Street, Charlotte, NC 28280.

By: _Susan L. Dolin_

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690

F:\WPDOCS\~ASC\Escudero\Pleading\M-Emergency PO 2.wpd

_____
SUSAN L. DOLIN

STATE OF ___Broward___ (Florida) )
COUNTY OF ___Broward___ )    §

     BEFORE ME, the undersigned authority, personally appeared _____,
who, after being duly sworn according to law, deposes and says that he/she has read
the foregoing and they are true and correct to the best of his/her knowledge and belief.

     Dated: ___JANVARY 31___, 2001.

                    NOTARY PUBLIC

                    _____
                    (Signature of Notary Public)

                    _____
                    (Print, Type, or Stamp Commissioned Name
                    of Notary Public)

My Commission Expires:

OFFICIAL NOTARY SEAL
HOLLY C DAVIS
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC757388
MY COMMISSION EXP. JULY 7,2002