UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

    Defendant.

_____/



### PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, et al., by and through their undersigned counsel, and pursuant to Local General Rules 7.1.A, 26.1.H.2, and 26.1.I, file this their Motion to Compel Discovery and Incorporated Memorandum of Law, and as grounds therefor state as follows:

1. This is a collective action lawsuit to redress the failure of Defendant to pay to employees overtime as required under the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

2. On or about July 18, 2000, Plaintiffs propounded their First Request for Production to Defendant.



*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitroulease

3.     On or about September 11, 2000, Defendant caused to be served their Responses to Plaintiffs' First Request for Production.

At issue in the instant Motion are **two** of Plaintiffs' four (4) individual Requests as part of their First Request for Production to NationsBank.

4.     Included among Plaintiffs' First Request for Production, and Defendant's responses thereto, are the following:[1]

### REQUEST FOR PRODUCTION NO. 2:

For any and all pay periods during the Plaintiffs' employment, any documents that reflect the alarm records of the Plaintiffs signing in and out, entering and exiting the building.

### DEFENDANT'S RESPONSE TO REQUEST NO. 2:

*NationsBank has been searching for and attempting to access the "alarm records" requested by the foregoing document request. NationsBank will produce these documents as soon as they are located and available. The process involves a significant undertaking and is not yet complete. The scope of the search, therefore, is not yet completely defined, and NationsBank, by counsel, reserves the right to rely on the objection that the foregoing document request imposes upon it an undue burden and expense.*

### REQUEST FOR PRODUCTION NO. 3:

---

[1]     Copies of Plaintiffs' First Request for Production and NationsBank's Response thereto are attached hereto as Exhibit "A". and are incorporated herein.

-2-

For any and all pay periods during the Plaintiffs' employment, any documents that reflect the computer logs of the Plaintiffs logging on and off of their computer systems.

**DEFENDANT'S RESPONSE TO REQUEST NO. 3:**

*NationsBank has been searching for and attempting to access the "computer logs" requested by the foregoing document request. NationsBank will produce these documents as soon as they are located and available. The process involves a significant undertaking and is not yet complete. The scope of the search, therefore, is not yet completely defined, and NationsBank, by counsel, reserves the right to rely on the objection that the foregoing document request imposes upon it an undue burden and expense.*

5.   On or about October 5, 2000, Susan L. Dolin, counsel for Plaintiffs, mailed correspondence to counsel for Defendant, Richard Kane, in a good faith attempt to resolve the discovery disputes arising from Plaintiffs' First Request for Production. Counsel for Defendant responded that NationsBank was in the process of searching for the requested documentation.

6.   On or about November 6, 2000, Plaintiffs propounded their Second Request for Production to Defendant.

7.   On or about December 11, 2000, Defendant caused to be served their Responses to Plaintiffs' Second Request for Production.

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitroulease

At issue in the instant Motion are **each and every** of Plaintiffs' four (4) individual Requests as part of their Second Request for Production to NationsBank.

8.  Included among Plaintiffs' Second Request for Production, and Defendant's responses thereto, are the following:[2]

### REQUEST FOR PRODUCTION NO. 1:

For any and all periods during the Plaintiffs' employment from December 17, 1997 to the present, any documents reflecting the alarm records of the Plaintiffs' signing in and out, entering and exiting the building where they worked.

### DEFENDANT'S RESPONSE TO REQUEST NO. 1:

*NationsBank has been searching for and attempting to access the "alarm records" requested by the foregoing document request. NationsBank will produce these documents as soon as they are located and available. The process involves a significant undertaking and is not yet complete. The scope of the search, therefore, is not yet completely defined, and NationsBank, by counsel, reserves the right to rely on the objection that the foregoing document request imposes upon it an undue burden and expense.*

### REQUEST FOR PRODUCTION NO. 2:

---

[2] Plaintiffs' Second Request for Production, and Defendant's Responses thereto, are attached herein as Exhibit "B". Plaintiffs' Second Request for Production seeks documentation pertaining solely to the following plaintiffs: John Bari, Mary F. Bolden, Cari M. Ford, Diane Kirkland, Julia Kozel, Juan C. Valdez, Sr., Angela Mobley, Jeff Motley and Olga Valdes.

-4-

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitroulease

For any and all pay periods during the Plaintiffs' employment from December 17, 1997 to the present, any documents that reflect the computer log of the Plaintiffs logging on and off of their NationsBank computer systems.

### DEFENDANT'S RESPONSE TO REQUEST NO. 2:

*NationsBank has been searching for and attempting to access the "computer logs" requested by the foregoing document request. NationsBank will produce these documents as soon as they are located and available. The process involves a significant undertaking and is not yet complete. The scope of the search, therefore, is not yet completely defined, and NationsBank, by counsel, reserves the right to rely on the objection that the foregoing document request imposes upon it an undue burden and expense.*

### REQUEST FOR PRODUCTION NO. 3:

For any and all pay periods during the Plaintiffs' employment from December 17, 1997 to the present, all time cards for the Plaintiffs.

### DEFENDANT'S RESPONSE TO REQUEST NO. 3:

*NationsBank is in the process of gathering the documents requested by the foregoing document request. NationsBank will produce these documents as soon as they are located and available. The process involves a significant undertaking and is not yet complete.*

### REQUEST FOR PRODUCTION NO. 4:

For any and all pay periods during the Plaintiffs' employment from December 17, 1997 to the present, all vault logs which reflect the Plaintiffs logging in and out of the banking center at which they were employed.

**DEFENDANT'S RESPONSE TO REQUEST NO. 4:**

*NationsBank has been searching for and attempting to access the "vault logs" requested by the foregoing document request. NationsBank will produce these documents as soon as they are located and available. The process involves a significant undertaking and is not yet complete. The scope of the search, therefore, is not yet completely defined, and NationsBank, by counsel, reserves the right to rely on the objection that the foregoing document request imposes upon it an undue burden and expense.*

9.  On or about January 5, 2001, counsel for Plaintiffs mailed correspondence to counsel for Defendant in a good faith attempt to resolve the discovery disputes arising from Plaintiffs' Second Request for Production. Counsel for Defendant responded that NationsBank was in the process of searching for the requested documentation.

10. Plaintiffs submit that NationsBank's actions (or, perhaps more appropriately, inactions) in this discovery matter are nothing more than thinly veiled attempts to thwart Plaintiffs' legitimate discovery efforts and prosecution of their claims and improperly delay the proceedings of the instant case. Plaintiffs further submit that they are entitled to an award of their reasonable attorneys' fees and costs incurred as a result of having to

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitroulease

prepare and file the instant Motion.

## MEMORANDUM OF LAW

### A. DEFENDANT MUST BE ORDERED TO PRODUCE DOCUMENTATION THAT IT HAS ALREADY AGREED TO PRODUCE.

As is evident from Exhibits "A" and "B," NationsBank has indicated a willingness to produce documentation in response to Plaintiffs' First Request for Production nos. 2 and 3, as well as Plaintiffs' Second Request for Production nos. 1, 2, 3 and 4. However, to date and as noted above, absolutely none of the requested documentation has been provided to Plaintiffs, and the Defendant has in fact reserved objections, such that actual production of these documents is not guaranteed. Moreover, with discovery cut-off looming, further delay will result in the Plaintiffs' inability to do follow-up discovery on these documents.

Thus, and unfortunately, Plaintiff's have had to resort to this Court's intervention, and this Court must now order NationsBank to provide documentation it has already agreed to produce and take whatever further action it deems just in order that Plaintiffs are not prejudiced by Defendant's undue delay.

### B. DEFENDANT MUST BE ORDERED TO PRODUCE DOCUMENTATION THAT IT HAS OBJECTED TO ON THE GROUND THAT IT IMPOSES ON DEFENDANT AN "UNDUE BURDEN AND EXPENSE".

As to the "undue burden and expense" objections, this is simply something with which NationsBank will have to deal in providing not only relevant, but crucial, discovery. It is no answer, however, to state that since the discovery is voluminous, it need not be

disclosed.

Furthermore, Defendant has had several months by its own request and empty promises, to produce the requested documentation. It is incomprehensible that said discovery requests would be so burdensome as to require this length of time, considering the fact that most of the information requested is necessarily stored in a computer system.

Quite clearly, Federal Rules of Civil Procedure 34(a) contemplates discovery of electronic data, providing in relevant part:

> Any party may serve on any other party a request (1) to produce and permit any party making the request, or someone acting on the requestor's behalf, to inspect and copy, any... other data compilations from which information can be obtained, translated, if necessary, by the Respondent through detection devices into reasonably usable form. . . or to inspect and copy. . . any tangible things. . . which contain matters within the scope of Rule 26(b) and which are in the possession, custody, or control of the party upon whom the request is served....

The Advisory Committee notes to Rule 34 are very instructive:

> The inclusive description of "documents" is revised to accord with changing technology. It makes clear that Rule 34 applies to electronic data compilations from which information can be obtained only with the use of detection devices, and that when the data can as a practical matter be made usable by the discovering party only through respondent's' devices, respondent may be required to use his devices to transfer the data into usable form. In many instances, this means that respondent will have to supply a print-out of computer data. The burden placed on respondent will vary from case to case, and the courts have ample power under Rule 26(c) to protect respondent against undue burden or expense, either by restricting discovery or requiring the discovering party to pay costs. Similarly, **if the discovering party needs to check**

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitroulease

> **the electronic source itself**, the court may protect respondent with respect to preservation of its records, confidentiality of non-discoverable matters and costs. (Emphasis supplied).

Indeed, discovery of electronic data has been readily accepted by the courts. *See e.g., Santiago v. Miles*, 121 F.R.D. 636, 640 (W.D.N.Y. 1988) ("A request for raw information in computer bank is proper and the information is obtainable under the discovery rules," ); *Daewoo Elect. Company v. United States*, 650 F.Supp. 1003 (Ct. Int'l Trade 1986) (Rule 34 is intended to keep pace with changing technology); *Williams v. E.I. Dupont de Nemours & Company*, 119 F.R.D. 648 (W.D. Ky. 1987) (discovery of computer stored in data base, code book, all documents used in decoding data base, and user's manual discoverable in Title VII action); *Crown Life Insurance Company v. Craig*, 995 F.2d 1376 (7th Cir. 1993) (raw electronic data discoverable within request for all written documents relating to calculation of commissions due). Electronic data is particularly discoverable in class (or collective) actions, when information concerning the potential class of plaintiffs is sought to be discovered. *See e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) (proposed class which numbered about 121,000 mandated production of electronic data at cost to requesting party); *National Association of Radiation Survivors v. Turnage*, 115 F.R.D. 543 (N.D. Cal. 1987) (representative plaintiffs trying to establish class, where defendant avoided providing discovery regarding numorosity of class and specifically a list of potential plaintiffs by claiming production was impossible because it would require "manual review of all VA records, including. . . 34 million claims

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitroulease

folders" located in 58 different locations, when it was actually contained in two undisclosed data bases, could discover computer data and defendant resisting such discovery is sanctionable).

11. Discovery is governed basically only by the relevancy standard; that is, information is discoverable if it is relevant or reasonably likely to lead to the discovery of admissible evidence. See, e.g., *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300 (5th Cir. 1973) (keynote to Federal Discovery Rules is all potentially relevant information, and test for relevancy of materials to be discovered is not admissibility); *United States v. Wright Motor Company*, 536 F.2d 1090 (5th Cir. 1976) (test of relevancy for purposes of discovery under Rule 26(b)(1) is broader than tests for admissibility at trial so that a party may discover information that is not admissible for trial, if such information will have some probable effect on organization and presentation of moving party's case).[3]

## CONCLUSION

Based on the above, it is painfully obvious that the Defendant has failed to make the slightest effort to comply with the discovery in question, despite its promises, and its recalcitrance will serve only to prejudice the Plaintiffs in their prosecution of this case. Therefore, an order compelling production is appropriate. Moreover, Plaintiffs would submit that an appropriate sanction should be imposed on Defendant and/or its counsel, including an order to pay the amount of the reasonable expenses incurred, including a

---

[3] These cases are binding precedent in the Eleventh Circuit under *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981).

-10-

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitroulease

reasonable attorney's fee, because of the violation of Local General Rule 26.1.I.

WHEREFORE, Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, *et al.*, respectfully request that this Honorable Court grant their Motion to Compel Discovery, enter an Order compelling answers to the Requests for Production at issue in the instant Motion to Compel, award monetary sanctions to be paid by the Defendant and/or its counsel, including an order to pay the amount of the reasonable expenses incurred, including a reasonable attorney's fee, because of the violation of Local General Rule 26.1.I, and take such further action as it deems just and proper.

        Respectfully submitted,

        MUCHNICK, WASSERMAN, DOLIN
        & LEVINE, LLP
        Attorneys for Plaintiffs
        4000 Hollywood Boulevard, Ste 620N
        Hollywood, FL 33021
        (954) 989-8100 - Broward
        (305) 624-9100 - Dade
        (954) 989-8700 - Fax

By: _____
        SUSAN L. DOLIN, ESQ.
        Fla. Bar No. 708690
        ADAM S. CHOTINER, ESQ.
        Fla. Bar No. 0146315

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitroulease

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail and Facsimile, this 31st day of January, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280; and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

By: _____
SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com