UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS/Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and ) | **NIGHT BOX** |
| KIMBERLY DRAKE, on behalf of ) | · **FLORIDA** · |
| themselves and all others similarly ) | FEB - 5 2001 |
| situated, ) | |
| ) | CLARENCE MADDOX |
| Plaintiffs, ) | CLERK, USDC / SOFL / FtL |
| ) | |
| vs. ) | |
| ) | |
| BANKAMERICA CORPORATION, ) | |
| a foreign corporation d/b/a ) | |
| BANK OF AMERICA CORPORATION, ) | |
| a foreign corporation, f/k/a ) | |
| NATIONSBANK, N.A., a national ) | |
| association, ) | |
| ) | |
| Defendant ) | |

### NationsBank's
### Response in Opposition to Plaintiffs' Second Emergency Motion for
### Protective Order, Motion to Compel and Combined Memorandum of Law

Bank of America Corporation (f/k/a BankAmerica Corporation) and Bank of

America, N.A. (f/k/a NationsBank, N.A.)(collectively referred to herein as

"NationsBank"), by counsel, and pursuant to Fed. R. Civ. P. 37(a) and Local General Rules

7.1(E) and 26.1(H) and (I), request the Court: (1) to enter an Order compelling opt-in

plaintiffs Jeff Motley and Julie Kozel to appear and testify at their depositions scheduled

during the period of February 7th through 9th, 2001, which depositions were noticed on

January 9, 2001; and (2) to deny Plaintiffs' Second Emergency Motion or Protective Order



1

cv-06145-LRJ Document 175 Entered on FLSD Docket 02/06/2001 P

Case No. 00-06145-Civ-Dimitrouleas/Johnson
Escudero, et al vs. BankAmerica Corporation

("Second Motion for Protective Order") which seeks to foreclose NationsBank's right to

conduct the depositions as scheduled. In opposition to Plaintiffs' Second Motion for

Protective Order, and in support of this Motion to Compel, NationsBank states as follows:

## I. Statement of the Case & Relevant Facts

1.    As this Court is now well aware, Plaintiffs Roxanna L. Escudero and

Kimberly Drake (collectively hereinafter "Plaintiffs") filed the above-captioned action on

January 31, 2000, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

("FLSA"), "on behalf of themselves and all others similarly situated." In this action,

Plaintiffs essentially claim that NationsBank violated the FLSA by not paying them and

other members of the putative class (Consumer Banker IIs, IIIs and IVs) any overtime for

those hours they worked in excess of forty hours per week, and by preventing them from

recording the number of hours worked in excess of forty hours per week – that is, by

forcing them to work "off the clock." See Complaint and Demand for Jury Trial

("Complaint"), ¶¶ 4, 8, 9 and 14-16. (Dkt. Ent. 1).

2.    This Court entered a scheduling Order that set a discovery deadline of March

1, 2001, and further set trial for June 11, 2001. See Order Setting Trial Date & Discovery

Deadlines, ¶ 3. (Dkt. Ent. 107).

3.    On January 4, 2001, NationsBank's counsel contacted plaintiffs' counsel by

telephone to discuss a deposition schedule for the opt-in plaintiffs who were not the subject

of NationsBank's pending summary judgment motion. Plaintiffs' counsel agreed to

produce for deposition opt-in plaintiff Nancy Rojas, all opt-in plaintiffs who submitted

cv-06145-LRJ    Document 175    Entered on FLSD Docket 02/06/2001    P

Case No. 00-06145-Civ-Dimitrouleas/Johnson
Escudero, et al vs. BankAmerica Corporation

affidavits in support of plaintiffs' Motion to Allow Notification to Potential Class
Members, which group included opt-in plaintiffs Jeff Motley ("Motley") and Julia Kozel
("Kozel")[1], and "those (yet unidentified) opt-ins who would be called to testify at trial."
Second Motion for Protective Order, pp. 2; see also January 12, 2001, letter from
Plaintiffs' counsel to NationBank's counsel, a copy of which is appended hereto as Exhibit
A.

4.    Based upon the representations of Plaintiffs' counsel, NationsBank noticed
the depositions of the opt-in plaintiffs who previously submitted affidavits to this Court,
including opt-in plaintiffs Motley and Kozel, on January 9, 2001, to take place during the
period of January 29 through 31st, 2001.  See Notices of Deposition for opt-in plaintiffs
Motley and Kozel, copies of which are appended hereto as Exhibits B and C, respectively.

5.    NationsBank's counsel then sent a letter to Plaintiffs' counsel on January 18,
2001, which letter expressly reaffirmed his position that these depositions would be
conducted in Fort Lauderdale. See January 18, 2001 letter from NationBank's counsel to
Plaintiffs' counsel, a copy of which is appended hereto as Exhibit D.  Plaintiff's counsel
thereafter never challenged nor otherwise objected to conducting the noticed depositions in

---

[1]    Motley and Kozel have previously submitted two affidavits each to this
Court in this action, first in support of Plaintiffs' Motion to Allow Notification to Potential
Class Members (Dkt. Ent. 111), and then again in response to NationsBank's Motion for
Sanctions pursuant to Fed R. Civ. P. 11 (Dkt. Ent. 130) against them for the suspected
perjurious content of their initial affidavits. See initial and corrected affidavits filed by Jeff
Motley in this action, copies of which are appended hereto as Exhibit E; see also initial and
corrected affidavits filed by Julia Kozel in this action, copies of which are attached hereto
as Exhibit F.

3

cv-06145-LRJ   Document 175   Entered on FLSD Docket 02/06/2001   P

Case No. 00-06145-Civ-Dimitrouleas/Johnson
Escudero, et al vs. BankAmerica Corporation

Fort Lauderdale, nor did she advise NationsBank's counsel of her intent not to produce the designated opt-in plaintiffs in Fort Lauderdale, including opt-in plaintiffs Motley and Kozel.

6.      In fact, NationsBank's counsel did not hear again from Plaintiffs' counsel until January 24, 2001, when she first informed NationsBank's counsel that none of the opt-in plaintiffs scheduled for depositions during the period of January 29th through January 31st had even been contacted about their depositions, much less arrangements made to bring them to Fort Lauderdale. See January 24, 2001, letter from Plaintiffs' counsel to NationsBank's counsel, a copy of which is appended hereto as Exhibit G.

7.      Upon learning of this lapse, NationsBank's counsel amicably and in good faith worked with Plaintiffs' counsel to reschedule the depositions of the designated group of opt-in plaintiffs, including opt-in plaintiffs Motley and Kozel, for the dates of February 7, 8 and 9, 2001. See Plaintiffs' counsel's January 25th and 26th, 2001 letters to NationsBank's counsel, copies of which are appended hereto as Exhibits H and I respectively. At no time did Plaintiffs' counsel mention the purported unavailability of opt-in plaintiffs Motley and Kozel during this flurry of correspondence and telephone conferences concerning deposition rescheduling. See Exhibits G, H, and I.

8.      Plaintiffs' filing of their unsubstantiated Second Motion for Protective Order represents the first time that Plaintiffs' counsel advised NationsBank's counsel that opt-in plaintiffs Motley and Kozel could not attend their depositions, to which depositions

4

cv-06145-LRJ   Document 175   Entered on FLSD Docket 02/06/2001   P

Case No. 00-06145-Civ-Dimitrouleas/Johnson
Escudero, et al vs. BankAmerica Corporation

Plaintiffs counsel's had originally agreed, and which had been scheduled approximately a month earlier.[2]

## II.Memorandum of Law

A.   Neither Motley nor Kozel Will Not Be Unduly Burdened Or Inconvenienced By Attending Their Depositions As Currently Scheduled.

Plaintiffs now seek another protective order excusing opt-in plaintiffs Motley and

Kozel from attending their depositions that have been noticed and scheduled for almost a

month now[3]. In asking this Court to further delay discovery in this matter, Plaintiffs

conveniently gloss over the indisputable fact that opt-in plaintiffs Motley and Kozel: (1)

affirmatively chose to join this action against NationsBank which they knew was pending

in this District when they joined it; (2) have both submitted two affidavits to this court that

---

[2]   Plaintiffs' Second Motion for Protective Order is based on nothing more the representations of Plaintiffs' counsel that Motley and Kozel will endure extreme hardship if compelled to appear at their currently scheduled depositions. Contrary to their prior history of offering detailed testimony to this Court in affidavit form, both Motley and Kozel conspicuously fail to substantiate their claims of burden and inconvenience themselves. Despite the assurances of Plaintiffs' counsel in their Second Motion for Protective Order that supporting affidavits from Motley and Kozel are being "prepared," NationsBank's counsel has not received these promised affidavits as of the time of filing this response.

[3]   Plaintiffs' Second Motion for Protective Order also seeks to excuse opt-in plaintiff Rodney Hensley from his obligation to appear in this action and testify at his properly noticed deposition, which obligations he accepted when he joined this action against NationsBank in this District. This response, however, will not address Mr. Hensley since Plaintiffs' counsel specifically and unequivocally informed NationsBank's counsel after the filing of Plaintiffs' Second Motion for Protective Order that Rodney Hensley intends to withdraw from this action; therefore, Plaintiffs' request for a protective order excusing Rodney Hensley from his deposition is now moot.

5

cv-06145-LRJ    Document 175    Entered on FLSD Docket 02/06/2001    P
Case No. 00-06145-Civ-Dimitrouleas/Johnson
Escudero, et al vs. BankAmerica Corporation

expand on their allegations against NationsBank in specific detail; and (3) have agreed, as represented by their counsel, to appear in Fort Lauderdale for their depositions during the period of February 7th through 9th, 2001. It should now come as no surprise to opt-in plaintiffs Motley and Kozel that they now have to appear and testify in the venue that they affirmatively selected when they joined this action against NationsBank, and in which they have now twice proffered sworn testimony to this Court.

The reasons offered by both opt-in plaintiffs Motley and Kozel as justification for their inability to attend their properly noticed depositions fail to rise to the level of undue hardship that would warrant further delay in discovery. Their depositions pose no more inconvenience or expense for them than for any other litigant who must step outside of their normal daily routine to comply with obligations they accept when they enlist a court's power to seek redress from another individual or entity.

For instance, Motley claims that he would forsake large amounts of income should he be required to travel to this District for his deposition as currently scheduled. Surely he knew he would miss at least some time from his occupation, and some income produced thereby, when he chose to join this action against NationsBank. Irrespective of his expectations, Motley's claims of devastating income loss are simply untenable. Motley lives in Plano, Texas, a suburb of Dallas. He is therefore only a short drive from one of this country's largest airports from which several flights leave everyday bound for Fort Lauderdale. His deposition is scheduled for 11:00 a.m. on February 7th; thus, he could easily catch a flight to Fort Lauderdale that morning, comply with his obligation to appear and testify at his deposition, and return home to Texas in time to report to work bright and

cv-06145-LRJ    Document 175    Entered on FLSD Docket 02/06/2001    P

Case No. 00-06145-Civ-Dimitrouleas/Johnson
Escudero, et al vs. BankAmerica Corporation

early the next day. Motley will miss one day of work to appear at his deposition; therefore, his claim of financial ruin rings hollow – he just does not want to be inconvenienced as demonstrated by his elevation of his personal plans above his obligations in this action[4].

Kozel's claimed inconvenience, although ostensibly more sympathetic that Motley's plight, still does not warrant her excuse from her deposition as scheduled. Kozel's residence, Venice, Florida, is only a few hours driving distance away from Fort Lauderdale. She could also comply with her obligation to testify in this action in the course of a day's time on no more expense than a tank of gas.

It is well recognized that the FLSA is not a shield behind which opt-in plaintiff may hide to avoid discovery of the facts upon which they base their claims. See generally Krueger v. New York Telephone Co., 163 F.R.D. 446 (S.D.N.Y. 1995); TransAmerica Refining Corp. v. Dravo Corp., 139 F.R.D. 619 (S.D. Tex. 1991); and Rosen v. Reckitt & Coleman, Inc., 1994 U.S. Dist. 16511 (S.D.N.Y. 1994). NationsBank is entitled to conduct the depositions of both Motley and Kozel, and provided their counsel with plenty of notice of their intentions to do so on a date certain. In fact, Plaintiffs' counsel agreed to produce both opt-in plaintiffs for deposition in Fort Lauderdale on the scheduled dates. Neither Plaintiffs nor their counsel should now be permitted to frustrate discovery in this action at

---

[4]    Plaintiffs incredibly state in their Second Motion for Protective Order that "[t]he only time [Motley] would have had available would have been the weekend of February 24, 2001, but he already made plans to be out of town that weekend." Instead, Motley magnanimously offers "several" hours of his time in Plano. See Second Motion for Protective Order, p. 5. It appears, therefore, that Motley may believe that his obligations in this action are subordinate to both his personal schedule and convenience.

the eleventh hour because of their own personal agendas or apathy towards the efficient litigation of this action.

### III. Conclusion

Based on the foregoing, NationsBank, by counsel, hereby respectfully requests the Court to deny Plaintiffs' Second Motion for Protective Order, and instead enter an Order compelling opt-in plaintiff Jeff Motley's and Julia Kozel's attendance at their respective depositions as currently scheduled during the period of February 7th through 9th, 2001; to award it the costs and attorney's fees it incurred in prosecuting this Motion; and to award such other and further relief as the Court deems just and proper.

This the ___5th___ day of February, 2001.

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
& GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:    954/463-0100 Broward
                     305/945-2000 Dade
                     561/640-7448 WPB

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX 704-373-8990

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "**NationsBank's Opposition to Plaintiffs' Second Emergency Motion for Protective Order and Combined Memorandum of Law**" in the above-captioned proceeding has been served this day by U.S. mail, postage prepaid, upon Plaintiffs' counsel as listed below:

> Daniel R. Levine, Esq.
> Adam S. Chotiner, Esq.
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021

> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

This the ____ day of February, 2001.

Michael T. Burke

cc    Magistrate Judge Johnson

**EXHIBIT A**



**MUCHNICK NASSERMAN DOLIN & LEVINE, LLP**

Attorneys At Law

Sanford L. Muchnick, P.A.
Jeffrey P. Wasserman, P.A. *
Susan L. Dolin, P.A. **
Daniel R. Levine, P.A.

Adam S. Chotiner
Elissa S. Hulnick
Ruthlyn B. Rubin ***
   of Counsel
Merle Litman (1926-1977)

* Certified Family Law Mediator
** Also Admitted Ohio Bar
Florida Bar Board Certified Labor
& Employment Law
*** Also Admitted New Jersey Bar

January 12, 2001

Richard Kane, Esq.
McGuire Woods Battle & Booth
3700 NationsBank Plaza
101 South Tryon Street
Charlotte, NC 28280

### Re: *Roxanna Escudero, et al. v. BankAmerica Corporation*

Dear Dick:

I have reviewed your request to take depositions in the above-referenced matter, and we will be taking the following position.

We believe that you are in fact entitled to take the depositions of the affiants that are still in the case, as well as the continued deposition of Nancy Rojas, since she has since her last deposition provided you with documentation (although I question the value of the documentation toward this case, but that is your call). However, we do not believe that, as this is a collective action, you are entitled to wholesale depose all opt-ins. We believe that a sensible compromise would be to allow you to propound interrogatories to each of the opt-in plaintiffs as you see fit, and certainly those opt-ins whom we intend to call as witnesses at trial, whose names we will make available to you in plenty of time for you to depose them prior to trial.

In the meantime, I have spoken with Caryl Boies regarding bringing these witnesses to Florida, or going to where they are, as that is her call to make, and she will get back to me within the next couple of days. I have, in the meantime, reserved the week of January 29th as you requested for the taking of these depositions, although if we have to travel out of state it may have to take place a little later. The week of February 5th has filled up, but the week of February 12th appears to be clear for me as does the week of February 19th, so if you would like to move the dates, just please let me know.

Very truly yours,

SUSAN L. DOLIN
For the Firm
SLD:dmc
F:\WPDOCS\-ASC\Escudero\Corres\KANE.19.wpd

Reply to:

☑ Hollywood Office • Presidential Circle
4000 Hollywood Boulevard • Suite 620 North • Hollywood, Florida 33021
Broward (954) 989-8100 • Dade (305) 624-9100 • Fax (954) 989-8700

☐ Boca Raton Office • One Boca Place
2255 Glades Road • Suite 234 West • Boca Raton, Florida 334;
Palm Beach (561) 981-8882 • (561) 989-0054 (Hollywood Office) • Fax (561) 995-9

Website: mwdl-law.com • E-mail: attorneys@mwdl-law.com

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Linnea R. Johnson

ROXANNA L. ESCUDERO, and )
KIMBERLY DRAKE, on behalf of )
themselves and all others similarly )
situated, )
)
Plaintiffs, )
)
vs. )
)
· BANKAMERICA CORPORATION, )
a foreign corporation d/b/a )
BANK OF AMERICA CORPORATION, )
a foreign corporation, f/k/a )
NATIONSBANK, N.A., a national )
association, )
)
Defendant )

## NOTICE OF DEPOSITION

TO:   Jeff Motley
      6716 Wesson Drive
      Plano, Texas 75023

      c/o Susan L. Dolin, Esq.
      Muchnick, Wasserman, Dolin & Levine, LLP
      Suite 620 North
      4000 Hollywood Boulevard
      Hollywood, Florida 33021

      PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the Defendant herein will take the deposition upon oral examination of Jeff

Motley.

This deposition is hereby scheduled to be taken at the offices of DOWNTOWN REPORTING, 337 E. Las Olas, Fort Lauderdale, FL 33301, and will commence on Monday, January 29, 2001, at 11:00 a.m. Such deposition will continue from day to day until completed.

Deponent is requested to bring with him all documents reflecting his hours worked in 1998-1999.

You are invited to attend and cross-examine.

This the ___9___ day of January, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIRE, WOODS, BATTLE & BOOTHE LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX 704-373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:   954/463-2444
Telephone:  954/463-0100 Broward
                  305/945-2000 Dade
                  561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-2-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "NOTICE OF

DEPOSITION" in the above-captioned proceeding has been served this day upon

Plaintiffs' counsel listed below as follows:

*By Facsimile and U.S. mail, postage prepaid:*
Susan L. Dolin, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

*By U.S. mail, postage prepaid:*
Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

This the _9__ day of January, 2001.

Richard F. Kane

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Linnea R. Johnson

ROXANNA L. ESCUDERO, and          )
KIMBERLY DRAKE, on behalf of      )
themselves and all others similarly )
situated,                          )
                                   )
               Plaintiffs,         )
                                   )
       vs.                         )
                                   )
BANKAMERICA CORPORATION,           )
a foreign corporation d/b/a        )
BANK OF AMERICA CORPORATION,       )
a foreign corporation, f/k/a       )
NATIONSBANK, N.A., a national      )
association,                       )
                                   )
               Defendant           )

## NOTICE OF DEPOSITION

TO:    Julia Kozel
       3047 Odessa Road
       Venice, Florida 34293

       c/o Susan L. Dolin, Esq.
       Muchnick, Wasserman, Dolin & Levine, LLP
       Suite 620 North
       4000 Hollywood Boulevard
       Hollywood, Florida 33021

       PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the Defendant herein will take the deposition upon oral examination of Julia

Kozel.

This deposition is hereby scheduled to be taken at the offices of DOWNTOWN REPORTING, 337 E. Las Olas, Fort Lauderdale, FL 33301, and will commence on Monday, January 29, 2001, at 9:00 a.m. Such deposition will continue from day to day until completed.

Deponent is requested to bring with her all documents reflecting her hours worked in 1998-1999.

You are invited to attend and cross-examine.

This the 9th day of January, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIRE, WOODS, BATTLE & BOOTHE LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX 704-373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:    954/463-0100 Broward
                      305/945-2000 Dade
                      561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-2-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing "NOTICE OF

DEPOSITION" in the above-captioned proceeding has been served this day upon

Plaintiffs' counsel listed below as follows:

*By Facsimile and U.S. mail, postage prepaid:*
Susan L. Dolin, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

*By U.S. mail, postage prepaid:*
Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

This the _9_ day of January, 2001.

Richard F. Kane

-3-

**EXHIBIT D**

McGuireWoods LLP
Bank of America Plaza
101 South Tryon Street
Suite 3700
Charlotte, NC 28280-0008
Phone: 704.373.8999
Fax: 704.373.8990
www.mcguirewoods.com

Richard F. Kane
rkane@mcguirewoods.com

Direct Dial: (704) 373-8957
Direct Fax (704) 373-8828

## McGUIREWOODS

January 18, 2001

<u>VIA FACSIMILE and U.S. MAIL</u>

Susan L. Dolin, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

      Re:   *Roxanna Escudero, et. al., vs. Bank of America*

Dear Susan:

      I am in receipt of your letter of January 12, 2001, regarding depositions in the above-referenced matter. I write to seek clarification of two issues.

      First, I assume that the reference in the third paragraph of your letter is to the depositions we have noticed for January 29-31. With all due respect to Caryl Boies' views on the subject, the venue for these depositions is not her decision to make. The individuals in question chose to become plaintiffs in an action pending in the Southern District of Florida and as parties must make themselves available for deposition in the venue in which the case is pending. Holding these depositions together in Florida also will be more efficient. The Bank should not have to absorb the added cost of traveling to where the opt-in plaintiffs reside.

      Second, we ask that you reconsider your position regarding our intent to depose the remaining opt-in plaintiffs. In our view, we have the right to depose each plaintiff, particularly given the fact that they allege the Bank forced them to "work off the clock." These claims are fact-specific inquiries which must be examined on a plaintiff-by-plaintiff basis. It is my understanding that Dan Levine acknowledged the correctness of this position in <u>Mintz</u>, which, as you know, involved very similar allegations to those at issue here. We, therefore, ask that you reconsider your position. If we do not hear from you before the close of business on Monday, January 22nd we will assume that you stand on your objection.

                Sincerely yours,

                McGUIREWOODS LLP

                Richard F. Kane

RFK:crh

**EXHIBIT E**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.

_____/

## AFFIDAVIT OF JEFF MOTLEY

STATE OF TEXAS     )
                   ) ss:
COUNTY OF COLLIN  )

BEFORE ME, the undersigned authority, on this date personally appeared JEFF MOTLEY who, after first being duly sworn deposes and says:

1.    My name is Jeff Motley. I have personal knowledge of the facts recited in this Affidavit.

2.    In or about 1996, I was employed by NationsBank. I was employed by NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's Plano banking center, NationsBank reclassified my position as non-exempt, which allowed me to be eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.      However, since December 1997, Shirley Stanley, a NationsBank sales manager, acting from instructions from the North Dallas Administration, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.      During branch meetings with employees, Shirley Stanley would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6. ,    Since December 1997, when NationsBank reclassified my position, I worked anywhere from fifty (50) to sixty (60) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

7.      I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Terrell Walker. This individual worked hours in excess of forty (40) in given workweeks for which he did not receive appropriate compensation. I do not believe that he is aware of his legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

JEFF MOTLEY

SWORN TO AND SUBSCRIBED before me this 17 day of July, 2000, by JEFF MOTLEY, who is personally known to me, or who produced Texas Drivers Li      as identification, and who did take an oath.

Notary Public
My Commission Expires:
11/02/03
Acknowledger's Name Stamped,
Typed or Printed

JONATHAN A. DAMON
Notary Public
State of Texas
My Comm. Exp. 11-02-03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson



ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## PLAINTIFFS' NOTICE OF FILING OF AMENDED AFFIDAVIT OF JEFF MOTLEY

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all others similarly situated, and hereby notify the Court that JEFF

MOTLEY, who has previously opted into the above-referenced litigation and provided an

affidavit in support thereof, is hereby filing an Amended Affidavit in support thereof.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail, this 13th day of December, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al.,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 and Richard

F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC 28280.

Respectfully submitted,

MUCHNICK WASSERMAN, DOLIN &
LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard
Suite 620 North
Hollywood, Florida 33021
(954) 989-8100 / (305) 624-9100

By: _____ ac.'
          SUSAN L. DOLIN
          Fla. Bar No.: 708690
          ADAM S. CHOTINER, ESQ.
          Fla. Bar No.: 0146315

F:\WPDOCS\~SLD\Escudero\Pleading\N-File A.Affidavit.Motley.wpd

**EXHIBIT F**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others
        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,
        Defendants.
_____/

## AFFIDAVIT OF JULIA KOZEL

STATE OF FLORIDA    )
                    ) ss:
COUNTY OF SARASOTA  )

BEFORE ME, the undersigned authority, on this date personally appeared JULIA KOZEL

who, after first being duly sworn deposes and says:

1.    My name is Julia Kozel. I have personal knowledge of the facts recited in this

Affidavit.

2.    In or about 1986, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

3.    In or about December 1997, at which time I worked at NationsBank's South Venice

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

4.    However, since December 1997, Janet Jones, the ~~branch manager~~ Retail Marketing Manager at

South Sarasota/Charlotte Region

NationsBank's ~~South Venice banking center~~, indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours.

5.    During ~~several~~ meetings with employees, Janet Jones would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty (50) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Tracy Blitch. This individual worked hours in excess of forty (40) in given workweeks for which she did not receive appropriate compensation. I do not believe that she is aware of her legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JULIA KOZEL

SWORN TO AND SUBSCRIBED before me this 5 day of July, 2000 by JULIA KOZEL, who is personally known to me, or who produced Florida drivers licence as identification, and who did take an oath.

_____
Notary Public
My Commission Expires:

_____
Acknowledger's Name Stamped,
Typed or Printed



TAMMIE R. RIFE
MY COMMISSION # CC 838062
EXPIRES: May 18, 2003
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated of herself and
all others

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendants.
_____/

## AMENDED AFFIDAVIT OF JULIA KOZEL

STATE OF FLORIDA    )
                ) ss:
COUNTY OF SARASOTA  )

    BEFORE ME, the undersigned authority, on this date personally appeared JULIA KOZEL

who, after first being duly sworn deposes and says:

    1.    My name is Julia Kozel. I have personal knowledge of the facts recited in this

Affidavit.

    2.    In or about 1986, I was employed by NationsBank. I was employed by

NationsBank as a Consumer Banker III.

    3.    In or about December 1997, at which time I worked at NationsBank's South Venice

banking center, NationsBank reclassified my position as non-exempt, which allowed me to be

eligible for overtime compensation. As of this date, I was also required to fill out time cards.

                                                 Retail Marketing
    4.    However, since December 1997, Janet Jones, the ~~branch manager at~~

Manager at

South Sarasota/Charlotte Region

NationsBank's ~~South Venice banking center~~ indicated to myself and the other employees that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours worked on our time records. As a result of these instructions, I would only indicate forty (40) hours on my timecard each week even though I worked more than forty (40) hours, except that we were allowed to record Saturday hours worked, even if it took us over forty (40) hours. I worked Saturdays from 8:30 a.m. until 12:30 p.m. and did record that time. However, it was not possible to complete my regular work load in forty hours, and during the week I would come in early and stay late. However, I was not allowed to record those hours on my time card, and did not do so, even though I worked them.

5.    During branch meetings with employees, Janet Jones would reiterate that NationsBank would not pay for overtime work, regardless of whether it was worked, and that we were not to record overtime hours as described in paragraph 5 on our time records.

6.    Since December 1997, when NationsBank reclassified my position, I worked anywhere from forty (40) to fifty (50) hours per week. However, NationsBank only paid me for forty (40) hours regardless of the number of hours worked, except when I worked Saturdays as described above.

7.    I believe that there are other consumer bankers who would desire to opt-in to this lawsuit if they were provided Court-approved notice of this lawsuit. Although I cannot remember all of their names, I do recall Tracy Blitch. This individual worked hours in excess of forty (40) in given workweeks for which she did not receive appropriate compensation. I do not believe that she is aware of her legal right to recover damages; I certainly was not until I consulted an attorney regarding unpaid overtime.

8.    I worked for NationsBank's predecessors from March 1979 through all the mergers and considered myself a good employee. I would in no way try to defraud anyone in any way. FURTHER AFFIANT SAYETH NAUGHT.

JULIA KOZEL

SWORN TO AND SUBSCRIBED before me this 16 day of October , 2000, by JULIA KOZEL, who is personally known to me, or who produced FL Drivers License as identification, and who did take an oath.

Notary Public
My Commission Expires:

_____
Acknowledger's Name Stamped,
Typed or Printed



TAMMIE R. RIFE
MY COMMISSION # CC 838062
EXPIRES: May 18, 2003
Bonded Thru Notary Public Underwriters

**EXHIBIT G**



Sanford L. Muchnick, P.A.
Jeffrey P. Wasserman, P.A. *
Susan L. Dolin, P.A. **
Daniel R. Levine, P.A.

Adam S. Chotiner
Rhiss S Hulnick
Ruthlyn B. Rubin ***
  of Counsel
Merle Litman (1926-1977)

* Certified Family Law Mediator
** Also Admitted Ohio Bar
Florida Bar Board Certified Labor
& Employment Law
*** Also Admitted New Jersey Bar

torneys At Law

January 24, 2001

Richard Kane, Esq.
McGuire Woods Battle & Booth
3700 NationsBank Plaza
101 South Tryon Street
Charlotte, NC 28280

VIA FAX AND MAIL

### Re:  *Roxanna Escudero, et al. v. BankAmerica Corporation*

Dear Dick:

This is to confirm our telephone conversation of even date regarding the depositions set
for next week. As I indicated, we were under the impression that our co-counsel, Boies
Schiller & Flexner was making arrangements to bring the deponents down here
beginning next week. I have found out only this morning that no arrangements have
been made to bring any of the deponents (the ones to which we have agreed) to Ft.
Lauderdale. I have provided you this information at the earliest practicable time so you
would not incur the expense of coming here. As I also indicated, we will personally
work with you to reschedule convenient dates and times, and we will cooperate in
seeking an extension of the discovery cut-off to assist you. Therefore, please call me to
make arrangements with regard to rescheduling the depos.

Also, please call me with regard to taking the depositions of some of the NationsBank
employees relative to the deponent affiants. We would like to schedule these in
February as well.

Thank you for your cooperation and consideration in this matter.

Very truly yours,

SUSAN L. DOLIN
For the Firm
SLD:dmc

Reply to:

Hollywood Office • Presidential Circle
4000 Hollywood Boulevard • Suite 620 North • Hollywood, Florida 33021
Broward (954) 989-8100 • Dade (305) 624-9100 • Fax (954) 989-8700

☐ Boca Raton Office • One Boca Place
2255 Glades Road • Suite 234 West • Boca Raton, Florida 3343
Palm Beach (561) 981-8882 • (561) 989-0054 (Hollywood Office) • Fax (561) 995-9

• E-mail: attorneys@mwdl-law.com

# EXHIBIT H



**IUCHNICK
/ASSERMAN
)OLIN &
EVINE, LLP**
corneys At Law

Sanford L. Muchnick, P.A.
Jeffrey P. Wasserman, P.A. *
Susan L. Dolin, P.A. ** †
Daniel R. Levine, P.A.

Adam S. Choener
Rissa S. Hulnick
Ruthlyn B. Rubin ***
  of Counsel
Merle Litman (1926-1977)

* Certified Family Law Mediator
† Florida Bar Board Certified Labor
& Employment Lawyer
** Also Admitted Ohio Bar
*** Also Admitted New Jersey Bar

January 25, 2001

Richard Kane, Esq.
McGuire Woods Battle & Booth
3700 NationsBank Plaza        VIA FAX AND MAIL
101 South Tryon Street
Charlotte, NC 28280

### Re:    *Roxanna Escudero, et al. v. BankAmerica Corporation*

Dear Dick:

This is to confirm our telephone conversation of even date. You have agreed to
postpone the depositions of the persons who were originally scheduled for the next two
weeks to February 7, 8 and 9, 2001 on dual tracks. We are in the process of now
contacting each of the deponents (those whom we have agreed to produce, the affiants
and Nancy Rojas) and we are doing our best to schedule Ms. Ford and Ms. Rojas on
Friday, February 9 to accommodate you.

I can already tell you that Rodney Hensley is unavailable from Saturday (January 27)
until the end of February. Apparently he is a traveling musician who plays for churches
and youth groups and is scheduled to be in California from that date until the end of
next month. However, he has given me the alternative dates of February 28, March 1,
or March 5 or March 6. Again, I realize that some of these dates are after the extant
cut-off, but as I represented to you, I am willing to work with you so that you get to do
everything that you are entitled to do. Along the same lines, Diane Kirkland is available
only on February 7, so I am assuming you won't mind scheduling her accordingly.

Once again, thank you for your consideration in a rather difficult situation.

Very truly yours,

*Susan L. Dolin*

SUSAN L. DOLIN
For the Firm
SLD:dmc
F:\WPDOCS\~ASC\Escudero\Corres\KANE.22.wpd

Reply to:

☐ Hollywood Office • Presidential Circle
4000 Hollywood Boulevard • Suite 620 North • Hollywood, Florida 33021
Broward (954) 989-8100 • Dade (305) 624-9100 • Fax (954) 989-8700

☐ Boca Raton Office • One Boca Place
2255 Glades Road • Suite 234 West • Boca Raton, Florida 3343
Palm Beach (561) 981-8882 • (561) 989-0054 (Hollywood Office) • Fax (561) 995-9:

E-mail: attorneys@mwdl-law.com

**EXHIBIT I**



Sanford I. Muchnick, P.A.
Jeffrey P. Wasserman, P.A. •
Susan I. Dolin, P.A. •• †
Daniel R. Levine, P.A.

Adam S. Chotiner
Rliss S. Muinick
Ruthlyn B Rubin •••
  of Counsel
Merle Litman (1926-1977)

* Certified Family Law Mediator
† Florida Bar Board Certified Labor
& Employment Lawyer
** Also Admitted Ohio Bar
*** Also Admitted New Jersey Bar

**IUCHNICK
VASSERMAN
DOLIN &
LEVINE, LLP**

torneys At Law

January 26, 2001

Richard Kane, Esq.
McGuire Woods Battle & Booth
3700 NationsBank Plaza                        **VIA FAX AND MAIL**
101 South Tryon Street
Charlotte, NC  28280

**Re:** *Roxanna Escudero, et al. v. BankAmerica Corporation*

Dear Dick:

Just to keep you up to date with what is happening, Marilyn Blackmon finally surfaced and is withdrawing both her consent and her affidavit. Notice has been prepared and will be sent to both you and the court tomorrow. Juan C. Valdez, Sr. doesn't want to be bothered so he is dropping out as a plaintiff; however, I am not withdrawing his affidavit. If you want to depose him, you can subpoena him and go to DC.

I did speak to John Bari. He lives in San Jose, California. His wife is very ill. I did not want to pry and ask what the problem was, but she is being cared for (on an out-patient basis now) at a hospital in Mountainview, California. I did ask when he would be available to come here, and he indicated that he would check with her doctors, but that he thought perhaps the end of February or the beginning of March. He would be available in California at any time.

Nancy Rojas is on for February 9.

Very truly yours,

*Susan L. Dolin*

SUSAN L. DOLIN
For the Firm
SLD:dmc
F:\WPDOCS\~ASC\Escudero\Corres\KANE.22.wpd

Reply to:

☑ Hollywood Office • Presidential Circle
4000 Hollywood Boulevard • Suite 620 North • Hollywood, Florida 33021
Broward (954) 989-8100 • Dade (305) 624-9100 • Fax (954) 989-8700

☐ Boca Raton Office • One Boca Place
2255 Glades Road • Suite 234 West • Boca Raton, Florida 3343
Palm Beach (561) 981-8882 • (561) 989-0054 (Hollywood Office) • Fax (561) 995-93

E-mail: attorneys@mwdl-law.com