UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



FILED BY ____ D.C.

2001 MAR -9 PM 4: 18

CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

    Defendant.

_____/

### PLAINTIFFS' RESPONSE TO NATIONSBANK'S APPEAL OF MAGISTRATE JUDGE JOHNSON'S ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on behalf of themselves and all others similarly situated, and, pursuant to Local Rule 7.1, hereby respond to NationsBank's Appeal of the Magistrate Judge's Order Granting Plaintiffs' Emergency Motion for Protective Order, and show as follows:

As an initial matter, it should be noted that on or about February 2, 2001, the parties consented to magistrate jurisdiction over the above-referenced matter, pursuant to 28 U.S.C. § 636(c)(1). Although an order of reference to the magistrate judge has yet to be entered by the district court, the Defendant's instant appeal clearly violates the parties' intent inherent in their Consent to Magistrate Jurisdiction; that is, that the magistrate judge

190

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

would have final and binding authority in all matters at the trial level of this case. That consent alone is reason enough to deny the instant appeal.

Notwithstanding the foregoing, the appeal itself lacks merit.

As this Court is by now fully aware, the above-referenced lawsuit has been brought by two representative Plaintiffs on behalf of themselves and all others similarly situated, pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiffs are consumer bankers IIs, IIIs, and IVs who were reclassified as non-exempt by Defendant on or about December 17, 1997, but who claim that despite such reclassification, they were not permitted to record and were thus not paid for their overtime hours.

Even without notification, toward the beginning of the case, the number of Plaintiffs who had filed consents to opt-in to the litigation as party Plaintiffs, numbered over one hundred (100). Because some of these opt-in Plaintiffs were either not employed in the appropriate position, or were not employed during the appropriate time period, they were subject to a still-pending Motion for Summary Judgment, filed by Defendant. In addition, because many of these opt-in Plaintiffs were also opt-in plaintiffs in a companion case which was resolved, in order to receive the benefits of the resolution of the companion case, they had to relinquish their rights in the present case, and therefore were forced to withdraw as well. Nevertheless, even without notification, the opt-in class remains at approximately forty (40) Plaintiffs.

Typically, discovery from opt-in plaintiffs is disfavored in an FLSA collective action

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

because it "only serves to obfuscate the issues and drastically enhance the costs of litigation." *McGrath v. City of Philadelphia*, 1 W&H Cas.2d 1500 (E.D. Pa. 1994); *Adkins v. Mid-America Growers, Inc.*, 141 F.R.D. 466 (N.D. III. 1992). Plaintiffs recognize that this case is somewhat more Individualized than was the case in *Levine* and *Perlman*, which were misclassification cases. In the instant case, rather, the focus is on hourly employees who, on a branch-by-branch or region-by-region basis, were victimized by a practice of refusing them the right to record overtime hours which they worked and the pay therefor.

In recognizing this distinction, Plaintiffs generously offered to allow Defendant to propound written interrogatories to the opt-in Plaintiffs, although the cases hold that even that type of discovery may be too onerous and not permitted. *McGrath, supra* (hourly police officers "opt-ins" not subject to individualized written discovery or depositions). Clearly, at this point, just bringing all 40 opt-ins to South Florida from all over the United States to sit for depositions, two at a time, is far too onerous and expensive a burden to place on Plaintiffs and their counsel, not to mention what could occur post-notification, if permitted.

In *Adkins, supra*, the district court reversed a magistrate's order granting precisely the type of discovery sought here by Defendant from the opt-in Plaintiffs; the district court found that "the magistrate judge erroneously held that discovery in this [FLSA] class action should be conducted on an individual basis." *Id.* at 469. In so finding, the court noted that:

> Whether prior to class certification or after, discovery, except in the rarest of cases, should be conducted on a

-3-

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

> [representative plaintiff] level. Professor Newberg warns, "[t]he use of extensive and complicated interrogatories and depositions by the party opposing the class may debilitate the putative class in such a way as to preclude certification by dissuading class members from continuing to assert their claims." Herbert B. Newberg, Newberg on Class Actions §16.05 (Supp.1989).
>
> * * *
>
> This case exemplifies the hazards of individual class plaintiff discovery. After receiving the go ahead from the magistrate judge, Mid-America served discovery on each plaintiff (through Adkins' counsel) *and deposed more than eighty class members*. This was a tremendous burden on Adkins' counsel. See generally id. at §§7.08, 9.43. See also Fed. R. Civ. P. 26(g)(3)(stating that overly oppressive conduct is sanctionable).
>
> * * *
>
> Moreover, the ideas of a class action and individualized discovery do not fit together well. Federal Rule of Civil Procedure 23 states "[o]ne or more members of a class may sue...as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable...." Fed. R. Civ. P. 23(a). If joinder of all parties is impracticable, propounding discovery like interrogatories, *depositions*, and requests to produce on an individual basis is even more impracticable. Indeed, many class actions have hundreds of thousands of members. See, e.g., In re "Agent Orange" Product Liability Litigation, 821 F.2d 139 (2d Cir.), cert. denied, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987); In re A.H. Robins Co., 880 F.2d 769 (4th Cir.1989) (Dalkon Shield litigation). Taken to its logical limits, individualized discovery would prevent such actions from being litigated.

*Id.* at 468 (emphasis added). Here, it is clear that Defendant would like to partake in

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

precisely the type of "oppressive" discovery which the *Adkins* court recognized as a "hazard." As a concession to the nature of the instant case, Plaintiffs have offered to allow Defendant to propound interrogatories to the opt-ins, despite the prohibition in *Adkins*. Indeed, the Defendant has in fact propounded not only interrogatories, but requests to produce upon each of the remaining opt-in Plaintiffs, which the Plaintiffs have in fact forwarded on to each of the opt-in Plaintiffs without complaint, requesting that each opt-in Plaintiff answer same, even though the Court did not order requests to produce. Accordingly, the Plaintiffs have acted more than reasonably, and this Court should not permit these unduly onerous depositions to proceed at this point.

Indeed, this is exactly what the magistrate judge found in granting the Emergency Motion for Protective Order. The magistrate judge stated that:

> The depositions currently set of all opt-in Plaintiffs, if allowable at all, is premature at this time. Plaintiffs have offered to allow Defendant to propound written interrogatories to the opt-in Plaintiffs. This form of discovery, under the circumstances herein, should precede any discovery by deposition that may be permitted in this case.

(Exhibit "J" attached to Defendant's appeal). Accordingly, the magistrate judge has not precluded depositions by the Defendant altogether. The Court has simply stated that at this point in time, such depositions are premature. That point is underscored by the fact that the Defendant has now propounded not only interrogatories, but also requests to produce, to which the parties did not agree, but to which the Plaintiffs are not objecting, to each of the opt-in Plaintiffs. Again, according to the case, law, even this type of discovery

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

should not be permitted to be propounded upon the "class" Plaintiffs. Nevertheless, in the spirit of cooperation, the Plaintiffs have acceded this paper discovery.

Defendant's attempt to go further and depose each and every opt-in Plaintiff is thus nothing more than ill-fated attempt to delay these proceeding and unduly burden the Plaintiffs and their counsel with undue expense and consumption of time. This is especially the case where, as here, the burden clearly lies upon the Defendant to keep the time records of the hours Plaintiffs, including the opt-ins, worked. *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Etienne v. Inter-County SEC. Corp.*, 173 F.3d 1372, 1376 (11th Cir. 1999).

The magistrate judge's order was reasonable and correct, and should stand. Therefore, Defendant's appeal should be denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: *Susan L. Dolin*

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail and Facsimile, this 9th day of March, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods LLP, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280, and BOIES, SCHILLER & FLEXNER, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020, and Mark J. Langdon, Esq., McGuireWoods LLP, 3700 Bank of America Plaza, 101 South Tryon Street, Charlotte, NC 28280.

By: _____
SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Pleading\response.mag.appeal.wpd