UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6145-CIV-DIMITROULEAS

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly situated,

    Plaintiff,

vs.

BANKAMERICA CORPORATION,
d/b/a BANK OF AMERICA, f/k/a NATIONSBANK,

    Defendant.
_____/

Magistrate Judge Johnson



MAR 2 6 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## OMNIBUS ORDER

THIS CAUSE is before the Court upon Plaintiffs' Motion to Allow Notification to Potential Class Members [DE 111], Defendant's Motion for Leave to File a Supplemental Response to motion for notification [DE 118], Defendant's Motion for Summary Judgment [DE 120], Defendant's Motion for Sanctions [DE 130], Plaintiffs' Motion to Amend Complaint to Add Rodney Hensley [DE 148], the parties' Joint Motion for Extension of Discovery and other deadlines [DE 183], Defendant's Appeal [DE 184] of Order of Magistrate Judge, and the parties' joint consent to magistrate judge jurisdiction. The Court has carefully considered the motions, and is otherwise fully advised in the premises.

At the outset, the Court notes that the parties jointly executed a Consent to Exercise of Jurisdiction by a United States Magistrate Judge on February 2, 2001. This Court did not enter an order of reference, however, until today, in order to resolve the pending motions prior to referral to the magistrate judge. Because of this Court's experience in handling similar motions for notification to potential class members (see below), the Court concluded that judicial



economy would best be served by the undersigned first resolving the motions, and then transferring the case to the magistrate judge.

## I. BACKGROUND

Plaintiffs' complaint asserts a claim for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §216, ("FLSA") for employees who were employed as a Consumer Banker II, III or IV for defendant Bank of America (formerly known as Nationsbank). Plaintiff Escudero alleges in this case that she and other similarly situated current and former non-exempt employees worked the number of hours required of them, many times in excess of forty (40) hours per week, but were not paid overtime for those hours. Plaintiff further alleges that Bank of America supervisory personnel either refused to permit her to record the number of hours she worked in excess of forty (40) or simply instructed her that she was not allowed to record the number of hours she worked in excess of forty (40) hours per week, both in violation of Bank of America's record-keeping obligation under the FLSA. Bank of America denies the allegations and further asserts that it has a policy in place for Consumer Bankers that overtime must be calculated on a completed workweek and paid at time and a half for hours worked over forty (40) hours.

The docket for this case reflects that approximately 110 persons with the position of Consumer Banker II, III or IV have opted in to this lawsuit at one time or another.[1] In reviewing the record as of today, it appears that approximately 20 persons have withdrawn their consents,

---

[1] There were 100 persons who had filed consent forms at the time of Plaintiff's motion for notification. See Exhibit A to Plaintiff's Motion to Allow Notification to Potential Class Members [DE 111]. At the time of Defendant's response, there were 109.

and 40 persons are subject to Defendant's Motion for Summary Judgment because they were not employed as a Consumer Banker II, III or IV after December 17, 1997, the time period at issue in this lawsuit.[2] Upon a review of the remaining 55 persons[3] who have opt-ed in to this lawsuit, only 20 worked in Florida. Of those twenty, only four (4) worked in Broward County, and only two (2) may have worked at the same branch as the two name plaintiffs.[4]

## II. DISCUSSION

### A. Motion for Notification

Plaintiff seeks an order of this court allowing nationwide notification of potential class members under Section 216(b) of the FLSA. It is settled in the Eleventh Circuit that a district court has the authority under the FLSA to issue an order requiring notice to similarly situated persons. See Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir.1991) (noting a split in the circuits and "concluding that the 'broad remedial purpose of the Act' is best served if the district court is deemed to have the power to give such notice to other potential

---

[2] Plaintiffs filed a Non-Opposition to Defendant's Motion for Summary Judgment [DE 178] after several interim responses directed to individual plaintiffs.

[3] There was some overlap among the withdrawn consents and those subject to summary judgment. This figure does not include name plaintiffs Roxanna Escudero and Kimberly Drake.

[4] Named Plaintiffs Roxanna Escudero and Kimberly Drake list an address in Sunrise, Florida as either their residence or their work address. No other opt-in Plaintiff is listed either by themselves on their consent forms or in Plaintiffs' motions as working in Sunrise, a city in western Broward County. One opt-in Plaintiff, Mary Ann O'Connor [DE 180] lists Plantation, Florida, a neighboring city to Sunrise, while another, Theresa Sutton Rubinfield lists Miramar, Florida, a city within commuting distance to Sunrise. Two additional opt-in Plaintiffs, Danielle Magan and Marilyn Barnes, either live on the east side of Broward County (Magan, see DE 109) or worked in a branch on the east side of Broward County (Barnes, See Exhibit A to Plaintiff's Motion to Allow Notification).

3

members of the plaintiff class to 'opt-in' if they so desire and by the district court's exercise of that power under appropriate conditions.") (citations omitted). Before determining whether to exercise such power, however, Dybach instructs the district court that it "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Id. at 1567-1568. If the district court concludes that there are such other employees, the court then has the discretion to establish the specific procedures to be followed with respect to such possible opting-in. Id. at 1568.

As the parties are aware, the Court has had the opportunity to issue rulings in similar cases involving bank tellers (Aldred, et al. v. Nationsbank, 97-7547-C.V.-DIMITROULEAS), In-store Bankers (Perlman, et al. v. Nationsbank, 98-8805-C.V.-DIMITROULEAS), Consumer Bankers I (Mintz v. Nationsbank, 98-8632-CIV-DIMITROULEAS) and Consumer Bankers II, III, and IV (Levine, et al. v. Nationsbank, 98-6308-C.V.-DIMITROULEAS).[5] In Perlman and Levine, Bank of America (or its predecessors) had a clear policy of exempting all In-Store Bankers and Consumer Bankers II, III and IV from overtime pay, respectively. Thus, in those two cases the Court concluded under Dybach that those individuals were similarly situated. In Aldred and Mintz, the Court concluded that Plaintiffs had not met their burden of showing similarly-situated employees, as Bank of America did not exempt such employees from overtime, but rather left overtime decisions to individual branch mangers.

---

[5] The Levine case involved Consumer Bankers II, III, and IV who were allegedly wrongly classified as exempt from the overtime provisions of the FLSA, in comparison to the instant case in which the time period of alleged FLSA violations begins after Consumer Bankers II, III, and IV were classified as non-exempt on December 17, 1997.

4

Turning to the first step of the Dybach test outlined above, this case is distinguishable from Perlman and Levine, as the plaintiffs in those cases were all classified as exempt employees and thus were denied overtime by virtue of a blanket corporate policy. In contrast, the Consumer Bankers II, III and IV in this action were non-exempt, and thus eligible for overtime, but were allegedly denied such overtime by their branch managers, making this case similar to Aldred and Mintz. Plaintiffs argue, however, that upper management discouraged branch managers from approving overtime. Defendant argues that there was no such policy of discouragement, and whether an individual Consumer Banker received overtime depending on working conditions at each branch.

The record as described above shows only four (4) opt-in plaintiffs from Broward County, and no evidence that any of the opt-in plaintiffs worked in the same branch as Escudero or Drake. Moreover, Plaintiffs have had more than enough opportunity to meet this opt-in burden, as this case was filed in January, 2000. Therefore, Plaintiffs have not shown that similarly situated persons are willing to opt-in to this case.

As to the second step of Dybach, Defendant argues that Plaintiffs have not shown that Consumer Banker II, III, and IV employees are similarly situated with respect to their job requirements and with regard to their pay provisions for purposes of allowing notification to potential class members were due overtime or were exempt under the FLSA. Plaintiffs argue that under Grayson v. K Mart Corporation, 79 F.3d 1086, 1097 (11th Cir. 1996), their burden is not a heavy one to allow for notification. The Court concludes that resolution of the FLSA overtime issue in this case will vary from branch to branch, depending upon how individual branch managers handled overtime for the Consumer Banker II, III and IV positions. Individual

differences will certainly exist as to the hours, duration and location worked by individual plaintiffs. The Court also concludes that the affidavits and deposition transcripts provided by Plaintiffs are not sufficient to satisfy this Court that there are other employees of Bank of America who are similarly situated with respect to their job requirements and with regard to their pay provisions as the two named plaintiffs, since no person who worked at the same branch as named plaintiffs have opted in to this case. Dybach, 942 F.2d at 1567-1568; see also Haynes v. Singer Co., Inc., 696 F.2d 884 (11th Cir.1983) (finding that unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores owned by employer not sufficient to authorize notice to other potential class members).

### B. Motion for Summary Judgment

Defendants moved for summary judgment as to forty different opt-in plaintiffs because they were not employed as a Consumer Banker II, III or IV after December 17, 1997. All of these persons either were terminated by Defendant prior to December 17, 1997, or transferred out of these positions at issue prior to that date. After several interim responses disputed the facts as to certain individuals among the forty, Plaintiffs eventually filed a notice of non-opposition to the motion [DE 178]. Therefore, Defendant's motion is granted. Because these persons subject to this motion were not eligible for the proposed opt-in class in this case, they were not considered by this Court as similarly situated for purposes of the notification issue described above.

### C. Appeal of Discovery Order

Defendant has appealed Magistrate Judge Johnson's January 30, 2001 Order [DE 171] granting Plaintiffs' Emergency Motion for Protective Order stopping Defendant from taking depositions of all opt-in Plaintiffs. The Order stated that such depositions were premature at this

6

time, but strongly implied that after written discovery is propounded to these opt-in Plaintiffs, such depositions may be allowed at a further time. Although Defendant consented to Magistrate Jurisdiction on February 2, 2001, Defendant filed this appeal.[6]

Pursuant to 28 U.S.C. § 636(b)(1)(A), Magistrate Judges may decide non-dispositive motions. Upon objection by a party, the District Court may reconsider any pretrial matter where it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1); Massey v. United Transp. Union, 868 F. Supp. 1385, 1388 (S.D.Ga.1994) (stating that a magistrate judge's order will be set aside when clearly erroneous or contrary to law), aff'd, 65 F.3d 183 (11th Cir.1995). Accordingly, unless Magistrate Judge Johnson's determination with respect to the timing of opt-in Plaintiffs' depositions was clearly erroneous, or contrary to law, that determination shall not be disturbed.

Upon a review of the record by this Court, Judge Johnson's Order is affirmed, as it was not erroneous nor contrary to law. In addition, her order is not a final order, but merely postpones the depositions of opt-in Plaintiffs until after written discovery has been completed. Finally, as noted above, the Court is now entering an Order of Reference, in accordance with the parties' consent to magistrate jurisdiction, which in effect would moot the appeal.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  Plaintiffs' Motion to Allow Notification to Potential Class Members [DE 111] is hereby

---

[6] The Court does not imply that the appeal is improper for this reason, since at the time the Court had not accepted the consent and entered an Order of Reference. However, such consent, now being approved by this Court, does moot the appeal.

7

**DENIED**;

2. Defendant's Motion for Leave to File a Supplemental Response to motion for notification [DE 118] is hereby **DENIED**;

3. Defendant's Motion for Summary Judgment [DE 120] is hereby **GRANTED**;

4. Plaintiffs' Motion to Amend Complaint to Add Rodney Hensley [DE 148] is hereby **DENIED as moot**, given Plaintiff's Suggestion of Mootness given Hensley's withdrawal from the case;

5. Defendant's Appeal [DE 184] of Order of Magistrate Judge is hereby **DENIED**, and Magistrate Judge Johnson's Order granting a protective order to Plaintiffs is affirmed

6. Defendant's Motion for Sanctions [DE 130] and the parties' Joint Motion for Extension of Discovery and other deadlines [DE 183] are hereby **REFERRED** to Magistrate Judge Johnson;

7. The Court will separately enter an Order of Reference of this case for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the parties' written consent;

8. The Clerk may formally transfer this case to Magistrate Judge Johnson.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of March, 2001.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Chief Magistrate Judge Linnea R. Johnson (WPB)
Susan Dolin, Esq./Daniel R. Levine, Esq.
Caryl Boies, Esq.
Michael T. Burke, Esq.
Richard F. Kane, Esq./J. Mark Langdon, Esq.