**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 00-6145-CIV-DIMITROULEAS/JOHNSON**

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
all others similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a BANK
OF AMERICA CORPORATION, a
foreign corporation f/k/a NATIONSBANK,
N.A., a national association,

        Defendant.
_____/



FILED by _____ D.C.

APR 0 4 2001

CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court on Defendant's Motion for Sanctions (D.E. #130). Essentially, Defendant contends that Rule 11 sanctions are warranted in this case because certain of the Plaintiffs' original affidavits are allegedly so contrary to their later "corrected" affidavits, that either one or the other must, according to Defendant, be perjurious. In relevant part, Rule 11 requires an attorney or a party unrepresented by an attorney who submits a pleading to the court, to certify that "to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances, [the pleading] is not being presented for any improper purpose ... [and] the claims, defenses and other legal contentions therein are warranted by existing law or by a frivolous argument for the extension, modification or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11. When a party files a pleading that has no reasonable

1



factual or legal basis, the imposition of sanctions under Rule 11 is mandatory. Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir.), cert. denied, 502 U.S. 855 (1991); Mike Ousley Productions, Inc. v. WJBF-TV, 952 F.2d 380 (11th Cir. 1992) (Rule 11 mandates an award of an appropriate sanction if a pleading is filed that has no reasonable factual or legal basis). Indeed, in the Eleventh Circuit, the notion that attorneys should not file pleadings without a reasonable investigation is taken so seriously that trial courts who fail to order sanctions for the filing of frivolous pleadings have been reversed. Worldwide Primates, Inc. v. McGreal, 26 F.3d 1089, 1092 (11th Cir. 1994)

The purpose of the Rule is to "discourage dilatory or abusive tactics and to streamline the litigation process by lessening frivolous claims or defenses." Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc) (quoting Pin v. Texaco, inc., 793 F.2d 1448, 1455 (5th Cir. 1986)). Under the Rule, a party and/or a party's attorney may be sanctioned for filing groundless pleadings, motions, or other papers. The Rule governs only papers filed with a court and "imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith." Chambers v. Nasco, Inc., 501 U.S. 32, 47, reh'g denied, 501 U.S. 1269 (1991). Courts are cautioned to "avoid using the wisdom of hindsight" and to test the signer's conduct by inquiring into what was "reasonable to believe at the time the pleading, motion or other paper was submitted." Advisory Committee notes on the 1983 amendment to Rule 11. Generally, three types of conduct warrant the imposition of sanctions: (1) when a party files a pleading that is based on a legal theory that has no reasonable factual basis; (2) when a party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when a party files a pleading in bad

2

faith or for an improper purpose. Pelletier, 921 F.2d at 1514; Didie v. Howes, 988 F.2d 1097, 1103-04 (11th Cir. 1993). Sanctions may be imposed under the Rule for the purpose of deterrence, compensation and punishment. Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992).

This Court has reviewed the pleadings incident to this issue as well as the affidavits in question and finds that neither the subject Plaintiffs nor their counsel have acted in such a way as to justify sanctions. While this Court agrees that the affidavits in question do appear on the surface to be contradictory, Plaintiffs have offered a reasonable, if not entirely convincing, explanation for the seemingly divergent positions. Defendant would be well within its rights to address these seeming discrepancies at trial; they certainly do not rise to the level mandating sanctions. In accordance with the above and foregoing it is hereby,

**ORDERED AND ADJUDGED** that Defendant's Motion for Sanctions is **DENIED**.

**DONE AND ORDERED** this April 4th, 2001, in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF UNITED STATES MAGISTRATE JUDGE

CC: The Honorable William P. Dimitrouleas
Susan L. Dolin, Esq.
Richard F. Kane, Esq.
Michael T. Burke, Esq.