UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

    Defendant.

_____/



### PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO CERTIFY MARCH 26, 2001 ORDER DENYING PLAINTIFFS' MOTION TO ALLOW NOTIFICATION AS INTERLOCUTORILY APPEALABLE PURSUANT TO 28 U.S.C. § 1292(b)

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and, pursuant to S.D. Fla. L.R. 7.1.C, hereby file their Reply Memorandum of Law in Support of their Motion to Certify March 26, 2001 Order Denying Plaintiffs' Motion to Allow Notification as Interlocutorily Appealable Pursuant to 28 U.S.C. § 1292(b), and state as follows:

### I. "CONTROLLING ISSUE OF LAW"

In its Opposition to Plaintiffs' Motion to Certify March 26, 2001 Order Denying Plaintiffs' Motion for Class Notification as Interlocutorily Appealable Pursuant to 28 U.S.C.



*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-CIV-DIMITROULEAS

§ 1292(b) (hereinafter "Opposition"), Defendant contends that Plaintiffs are suddenly "assaulting" the Eleventh Circuit's standard for FLSA notification as pronounced in *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991), after having "relied" on *Dybach* in seeking notification. This assertion is a non-sequitur, as it really just begs the question of whether Plaintiffs should be "relying" on *Dybach* at all.

In that vein, Defendant seems to miss the point. The issue is not whether Plaintiffs "relied" on *Dybach* in seeking notification, or whether Plaintiffs' counsel "relied" on *Dybach* in seeking notification in the companion cases *Mintz v. NationsBank* and *Aldred v. NationsBank*. Indeed, there is nothing else to "rely" on, since, until further word from the Eleventh Circuit, courts will continue to apply *Dybach* in any case where the plaintiffs seek notification, whether it be an "exemption"-type case such as *Levine v. NationsBank* and *Perlman v. NationsBank*, as well as *Dybach* itself, or a case involving non-exempt, hourly employees (or, as Defendant refers to them, an "off-the-clock" case). By certifying as interlocutorily appealable its March 26, 2001 Order denying Plaintiffs' Motion to Allow Notification, this Court can provide the Eleventh Circuit the much-needed opportunity to revisit *Dybach* in the context of an "off-the-clock" case.

Moreover, the fact that other district courts within the Eleventh Circuit have denied motions to allow class notification in "non-exempt," or "off-the-clock"-type cases, does not result in the conclusion, as Defendant asserts, that Plaintiffs have not identified a "controlling issue of law." Indeed, it may be an indication that the *Dybach* analysis is not

particularly well-suited to these types of cases. At worst, it is just a non-sequitur, and begs the question of whether these other district courts should have been applying *Dybach* in the first place. As to the factor requiring "substantial ground for a difference of opinion," Defendant is notably silent with respect to the fact that, in *Mintz*, Judge Dimitrouleas initially granted notification, only to reverse that decision upon motion by Defendant. Clearly, if within the same case the same judge can apply the same law to the same facts and reach opposite conclusions, then it is beyond peradventure that there exists substantial ground for difference of opinion.

## II.    "MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION"

In determining whether an immediate appeal will materially advance the ultimate termination of the litigation, "a district court should assess the probability that its decision of which an immediate appeal is sought is in error ***as well as the extent to which additional time and expense may be saved by an interlocutory appeal***." *Kennard v. United Parcel Service, Inc.*, 531 F. Supp. 1139, 1349 (E.D. Mich. 1982).

If appellate review of this Court's March 26, 2001 Order denying Plaintiffs' Motion to Allow Notification is delayed until after the conclusion of trial, an ultimate reversal of the March 26, 2001 Order will result in something best described as judicial *un*economy. Defendant fails to recognize that § 1292(b) was designed specifically to deal with situations like the case at bar, where a post-trial reversal would effectively wipe out months, if not years, of pre-trial and trial work, only to have to engage in the same process all over again.

-3-

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-CIV-DIMITROULEAS

Indeed, in the class action setting, Fed. R. Civ. P. 23(f) was recently enacted in order to avoid a scenario where an erroneous decision on class certification is not promptly remedied, resulting in a gross waste of judicial resources. Rule 23(f) states:

> A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification under this rule if application is made to it within ten days after entry of the order. An appeal does not stay proceedings in the district court unless the district court or the court of appeals so orders.

As the Advisory Committee Notes make clear, Rule 23(f) was "adopted under the power conferred from 28 U.S.C. § 1292(b)."[1]

## III. CONCLUSION

Plaintiffs have clearly demonstrated that this Court's March 26, 2001 Order denying the Motion to Allow Notification is ripe for interlocutorily appellate review pursuant to 29 U.S.C. § 1292(b). There exists a controlling issue of law for which there is substantial grounds for difference of opinion. In addition, an immediate, interlocutory appeal will materially advance the ultimate termination of this litigation. Accordingly, certification of this Court's March 26, 2001 Order is warranted.

WHEREFORE, Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

---

[1] In its Opposition, Defendant contends that Congress did not enact § 1292(b) to provide plaintiffs a means to coerce settlements from defendants." Opposition at p. 8. Interestingly, though, one of the factors an appellate court should consider in weighing a petition for permission to appeal pursuant to Fed. R. Civ. P. 23(f) is whether "the grant of class status raises the cost and stakes of the litigation so substantially that a rational defendant would feel irresistible pressure to settle." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000).

-4-

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-CIV-DIMITROULEAS

behalf of themselves and all others similarly situated, respectfully submit that this Court grant their Motion to Certify March 26, 2001 Order Denying Motion to Allow Notification as Interlocutorily Appealable Pursuant to 28 U.S.C. § 1292(b), enter an Order certifying the Court's March 26, 2001 Order denying Plaintiffs' Motion to Allow Notification as interlocutorily appealable pursuant to 28 U.S.C. § 1292(b), or alternatively amend its March 26, 2001 Omnibus Order to include such a certification, and take such further action as is just and proper.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

*Escudero, et al.v. BankAmerica Corporation, etc.*
Case No. 00-06145-CIV-DIMITROULEAS

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this ___ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods LLP, 3700 Bank of America, 101 South Tyron Street, Charlotte, NC 28280, and BOIES, SCHILLER & FLEXNER, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

        MUCHNICK, WASSERMAN, DOLIN
        & LEVINE, LLP
        Attorneys for Plaintiffs
        4000 Hollywood Boulevard, Ste 620N
        Hollywood, FL 33021
        (954) 989-8100 - Broward
        (305) 624-9100 - Dade
        (954) 989-8700 - Fax

        By: _____
        SUSAN L. DOLIN, ESQ.
        Fla. Bar No. 708690
        ADAM S. CHOTINER, ESQ.
        Fla. Bar No. 0146315