**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6145-CIV-DIMITROULEAS/JOHNSON

ROXANNA L. ESCUDERO, et al,

    Plaintiff,

vs

BANKAMERICA CORPORATION, etc.,

    Defendant.

_____/

FILED by _____ Ø.C.

MAY 16 2001

CLERK U.S. DIST. CT.
S.D. OF FLA. · W.P.B.

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Certify March 26, 2001 Order Denying Plaintiffs' Motion to Allow Notification as Interlocutorily Appealable Pursuant to 28 U.S.C. § 1292(b) (Docket Entry No. 204). This Court has reviewed the pleadings filed incident to this matter and is otherwise duly advised in the premises. Accordingly, it is hereby

    **ORDERED AND ADJUDGED** that said motion is **DENIED**.

    28 U.S.C. § 1292(b) governs interlocutory appeals and provides that a court may certify an order for interlocutory appeal only if it involves "a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." In the instant case, neither prong is satisfied. For the reason explained in Defendant's Response in opposition to the motion, there exists in this case no controlling question of law as to which there is a substantial ground for difference of opinion. Furthermore, Plaintiffs have not established that an immediate appeal from the order may materially advance the ultimate termination of the litigation. As Defendant correctly observes, the statute was enacted to facilitate resolution of "controlling questions of law" which may facilitate the ultimate termination of the litigation. Congress did not enact the statute to provide Plaintiffs



a means to coerce settlement from Defendants.

      **DONE AND ORDERED** on May 2001, in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF UNITED STATES MAGISTRATE JUDGE

CC:    The Honorable William P. Dimitrouleas
        Susan L. Dolin, Esquire
        Caryl Boies, Esquire
        Richard Kane, Esquire
        Michael T. Burke, Esquire