UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,
        Defendant.

### Memorandum of Law in Support
### of Bank of America's Motion for Summary Judgment
### Based on Plaintiffs' Failure to Respond to Requests for Admissions

Bank of America Corporation (f/k/a BankAmerica Corporation) and Bank of America,

N.A. (f/k/a NationsBank, N.A.)(collectively "Bank of America"), by counsel, submit the

following Memorandum of Law in Support of their Motion for Summary Judgment Based on

Plaintiffs' Failure to Respond to Requests for Admissions:

### Statement of the Case
### & Relevant Facts

On January 31, 2000, plaintiffs Roxanna L. Escudero and Kimberly Drake filed the

above-captioned action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, et seq.

("FLSA"), "on behalf of themselves and all other employees of NationsBank, similarly situated



Case No. 00-06145-CIV-DIMITROULEAS/Johnson
Escudero v. NationsBank, N.A.

to them." See NationsBank's Concise Statement of Material Facts as to Which There is No Issue to be Tried in Support of the Bank's Motion for Summary Judgment Based on Plaintiffs' Failure to Respond to Requests for Admissions (hereinafter "Facts"), ¶ 1. In their Complaint, plaintiffs alleged that they worked for Bank of America as Consumer Banker IIs and IIIs; that Bank of America reclassified their positions as non-exempt for purposes of the FLSA in December, 1997; that between December, 1997, and October 29, 1999, they worked "many times in excess" of forty (40) hours per week; that Bank of America violated the FLSA by failing to pay them and other similarly situated employees overtime pay; and that they and those similarly situated to them are entitled to certain damages and other relief. See Facts, ¶ 2.

On April 4, 2001, Bank of America, pursuant to Fed. R. Civ. P. 36, served upon opt-in plaintiffs Harold Willis, Steven K. Richardson, Laurie K. DuPont and Juan Carlos Del Valle Gonzalez its First Requests for Admissions. In those Requests for Admissions, Bank of America, in essence, asked plaintiffs to admit that they recorded all the time they worked as non-exempt Consumer Bankers – including their overtime hours – and that the Bank paid them for all the overtime hours they recorded on their timecards or timesheets. See Facts, ¶ 3.

Plaintiffs were required to serve their responses to Bank of America's Requests for Admission on or before May 7, 2001. See Facts ¶ 4. Pursuant to plaintiffs' request, Bank of America extended plaintiffs' response deadline on several occasions. See Facts ¶ 4. All such deadlines, however, now have expired, see Facts ¶ 4, and opt-in plaintiffs Willis, Richardson, DuPont and Gonzalez have never responded to Bank of America's First Requests for Admissions. See Facts ¶ 5.

Case No. 00-06145-CIV-DIMITROULEAS/Johnson
Escudero v. NationsBank, N.A.

## Argument

1. **The Claims of Opt-in Plaintiffs Willis, Richardson, DuPont and Gonzalez are Barred by their Failure to Respond to Bank of America's First Requests for Admissions.**

Summary judgment is appropriate when "the pleadings, . . .admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). There can be no dispute here that the claims of opt-in plaintiffs Willis, Richardson, DuPont and Gonzalez are barred by their failure to respond to Bank of America's April 4, 2001 Requests for Admissions.

Pursuant to Fed. R. Civ. P. 36, any matter set forth in a Request for Admission "is admitted" unless the party to whom the Request is directed serves a timely answer or objection. See Fed. R. Civ. P. 36(a). Failure to respond is deemed an admission of the matter asserted and "silence conclusively establishe[s]" the fact as set forth in the Request. See United States v. 2204 Barbara Lane, 960 F.2d 126, 130 (11th Cir. 1992)(admissions may be considered in resolving motions for summary judgment). See also Jenkins v. MCI Telecommunications Corp., 973 F. Supp. 1133 (C.D. Cal. 1997).

In its April 4, 2001 Requests for Admissions to opt-in plaintiffs Willis, Richardson, DuPont and Gonzalez, Bank of America asked each opt-in plaintiff to confirm:

- the time period during which he or she worked as a non-exempt Consumer Banker;
- the number of overtime hours he or she recorded on his or her timesheets/timecards while working as a non-exempt Consumer Banker;
- the amount of overtime pay he or she received as a non-exempt Consumer Banker;

3

- that he or she recorded on his or her timesheets/timecards all the hours he or she worked (including those hours in excess of forty hours per week) as a non-exempt Consumer Banker; and

- that the Bank paid him or her for all the overtime hours he or she recorded on his or her timesheets/timecards while working as a non-exempt Consumer Banker.

See Facts ¶ 3. In sum, the Bank requested each opt-in plaintiff, including opt-in plaintiffs Willis, Richardson, DuPont and Gonzalez, to admit that they recorded all the time they worked as non-exempt Consumer Bankers – including their overtime hours – and that the Bank paid them for all the overtime hours they recorded on their timecards or timesheets – including their overtime hours. See Facts ¶¶ 6-7.

Opt-in plaintiffs Willis, Richardson, DuPont and Gonzalez did not respond to the Bank's Requests for Admissions, see Facts ¶¶ 4-5, and the facts asserted therein, therefore, are conclusively established in this action. See 2204 Barbara Lane, 960 F.2d at 130; Jenkins, 973 F. Supp. at 1133. As a result, opt-in plaintiffs Willis, Richardson, DuPont and Gonzalez cannot state a claim for unpaid overtime and they should be dismissed, with prejudice, from this action. Compare Facts ¶ 3 (Exhibits 1-4) and Facts ¶¶ 1 & 2.

**Conclusion**

Based on the foregoing, Bank of America respectfully requests the Court to enter an Order: (1) granting its Motion for Summary Judgment Based on Plaintiffs' Failure to Respond to Requests for Admissions; (2) dismissing, with prejudice, the claims asserted in this action by opt-in plaintiffs Harold Willis, Steven K. Richardson, Laurie K. DuPont and Juan Carlos Del Valle Gonzalez; (3) awarding Bank of America the costs and reasonable attorneys' fees expended in prosecuting this Motion; and (4) awarding such other relief as the Court deems just and proper.

Case No. 00-06145-CIV-DIMITROULEAS/Johnson
Escudero v. NationsBank, N.A.

Respectfully submitted, this the 18th day of June, 2001.

*/s/ Richard F. Kane*

Richard F. Kane (NC Bar No. 5694)
Bruce M. Steen (VA Bar No. 31062)
J. Mark Langdon (NC Bar No. 19359)
McGuireWoods LLP
3700 NationsBank Plaza
Charlotte, North Carolina 28280
(704) 373-8999
(704) 373-8990 (Facsimile)

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
(954) 463-0100
(954) 463-2444 (Facsimile)

Counsel for Defendants

Case No. 00-06145-CIV-DIMITROULEAS/Johnson
Escudero v. NationsBank, N.A.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing in the above-captioned proceeding has been mailed by first-class mail, postage prepaid, to plaintiffs' counsel as listed below:

>Susan L. Dolin, Esq.
>Adam S. Chotiner, Esq.
>Muchnick, Wasserman, Dolin & Levine, LLP
>Presidential Circle Building, Suite 620 North
>4000 Hollywood Blvd.
>Hollywood, Florida 33021
>
>Caryl Boies, Esq.
>Anne E. Hinds, Esq.
>Boies, Schiller & Flexner, LLP
>2435 Hollywood Boulevard, Suite 200
>Hollywood, Florida 33020

This the 18th day of June, 2001.

_____
Michael T. Burke