UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

        Defendant.



### Bank of America's
### Concise Statement of Material Facts
### as to Which There is No Genuine Issue to be Tried
### in Support of the Bank's Motion for Summary Judgment
### Based on Plaintiffs' Failure to Respond to Requests for Admissions

Pursuant to S.D. Fla. L.R. 7.5, Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A. (f/k/a NationsBank, N.A.)(collectively "Bank of

America"), by counsel, submit the following concise statement of material facts as to which there

is no genuine issue to be tried in support of their June 18, 2001, Motion for Summary Judgment

Based on Plaintiffs' Failure to Respond to Requests for Admissions:

1. On January 31, 2000, plaintiffs filed the above-captioned action pursuant to the Fair

Labor Standards Act, 29 U.S.C. §§201, et seq. ("FLSA"), "on behalf of themselves and all other



cv-06145-LRJ    Document 239    Entered on FLSD Docket 06/19/2001    P

Case No. 00-06145-CIV-DIMITROULEAS/Johnson
Escudero v. NationsBank, N.A.

employees of NationsBank, similarly situated to them." See Complaint and Demand for Jury
Trial ("Complaint"), ¶¶ 4 & 10. (Dkt. Entry 1).

2. Plaintiffs allege that they worked for Bank of America as Consumer Banker IIs and
IIIs; that Bank of America reclassified their positions as non-exempt for purposes of the FLSA in
December, 1997; that between December, 1997, and October 29, 1999, they worked "many
times in excess" of forty (40) hours per week; that Bank of America violated the FLSA by failing
to pay them and other similarly situated employees overtime pay; and that they and those
similarly situated to them are entitled to certain damages and other relief. See Complaint, ¶¶ 8,
9, 13, 14, 16 & 22. (Dkt. Entry 1).

3. On April 4, 2001, Bank of America, pursuant to Fed. R. Civ. P. 36, served its First
Requests for Admissions upon, among others, opt-in plaintiffs Harold Willis, Steven K.
Richardson, Laurie K. DuPont and Juan Carlos Del Valle Gonzalez, copies of which are
appended hereto as Exhibits 1-4, respectively.

4. Pursuant to Fed. R. Civ. P. 36(a) (and Fed. R. Civ. P. 6(e)), opt-in plaintiffs Willis,
Richardson, DuPont and Gonzalez were required to serve their responses to Bank of America's
First Requests for Admissions on or before May 7, 2001. Pursuant to plaintiffs' request, Bank of
America extended plaintiffs' response deadline on several occasions. All such deadlines,
however, now have expired.

5. Opt-in plaintiffs Willis, Richardson, DuPont and Gonzalez have failed to respond to
Bank of America's First Requests for Admissions.

6. Based on plaintiffs' failure to respond, the following facts are deemed admitted
pursuant to Fed. R. Civ. P. 36(a) for opt-in plaintiffs Willis, Richardson, DuPont and Gonzalez:

2

cv-06145-LRJ    Document 239    Entered on FLSD Docket 06/19/2001    P

Case No. 00-06145-CIV-DIMITROULEAS/Johnson
Escudero v. NationsBank, N.A.

   (a)    each opt-in plaintiff "recorded on his [or her] timecards or timesheets all hours he [or she] worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and. . .the date his [or her] employment with the Bank terminated," see Exhibits 1-4; and

   (b)    each opt-in plaintiff "was paid for all overtime he [or she] recorded on his [or her] timesheets/timecards. . ." during the time he or she worked as a non-exempt Consumer Banker, see Exhibits 1-4.

   7. In essence, opt-in plaintiffs Willis, Richardson, DuPont and Gonzalez each admitted by their failure to respond to the Bank's First Requests for Admissions that they recorded on their timesheets/timecards all the time they worked as non-exempt Consumer Bankers – including their overtime hours – and that the Bank paid them for all the overtime hours they recorded on their timesheets/timecards – including their overtime hours.

   Respectfully submitted, this the 18th day of June, 2001.

Richard F. Kane (NC Bar No. 5694)
Bruce M. Steen (VA Bar No. 31062)
J. Mark Langdon (NC Bar No. 19359)
MCGUIREWOODS LLP
3700 NationsBank Plaza
Charlotte, North Carolina 28280
(704) 373-8999
(704) 373-8990 (Facsimile)

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
(954) 463-0100
(954) 463-2444 (Facsimile)

Counsel for Defendants

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing in the above-captioned

proceeding has been mailed by first-class mail, postage prepaid, to plaintiffs' counsel as listed

below:

> Susan L. Dolin, Esq.
> Adam S. Chotiner, Esq.
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, Florida 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, Florida 33020

This the 18th day of June, 2001.

Michael T. Burke

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and | ) |
| KIMBERLY DRAKE, on behalf of | ) |
| themselves and all others similarly | ) |
| situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| a foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| a foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association, | ) |
| | ) |
| Defendant. | ) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF HAROLD WILLIS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Harold Willis** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Harold Willis.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

## Requests for Admissions

1.    Admit that the Bank first employed Harold Willis as a Consumer Banker III

on or about November 4, 1993.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

2.    Admit that Mr. Willis left the Consumer Banker III position on December

15, 1998.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Mr. Willis'

Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Mr. Willis reported 88.50 hours of overtime on the time records

he submitted to the Bank for hours worked between January 1, 1998 and December 15,

1998.

**Response:**

5.    Admit that the Bank paid Mr. Willis overtime pay totaling $1,985.28 for

overtime hours worked during 1998.

**Response:**

6.    Admit that Mr. Willis was paid for all overtime he recorded on his

timesheets/timecards in 1998.

**Response:**

7.    Admit that Mr. Willis recorded on his timecards or timesheets all hours he worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date his employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:    954/463-0100 Broward
              305/945-2000 Dade
              561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the _4_ day of April, 2001 to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and<br>KIMBERLY DRAKE, on behalf of<br>themselves and all others similarly<br>situated, | )<br>)<br>)<br>) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION,<br>a foreign corporation d/b/a<br>BANK OF AMERICA CORPORATION,<br>a foreign corporation, f/k/a<br>NATIONSBANK, N.A., a national<br>association, | )<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendant. | ) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF STEVEN K. RICHARDSON

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Steven K. Richardson** and requests that Plaintiff admit or deny these requests

within thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.     "Plaintiff", as used herein, shall refer to Plaintiff Steven K. Richardson.

B.     "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.     The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.     In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.     When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.     If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.     If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

### Requests for Admissions

1.    Admit that the Bank first employed Steven K. Richardson as a Consumer

Banker III on or about September 29, 1997.

**Response:**

2.    Admit that Mr. Richardson terminated employment with the Bank on or

about October 28, 1998.

**Response**:

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

3.    Admit that, on or about December 17, 1997, the Bank classified Mr.

Richardson's  Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

4.    Admit that Mr. Richardson reported 73.25 hours of overtime on the time

records he submitted to the Bank for hours worked between January 1, 1998 and October

28, 1998.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

5.     Admit that the Bank paid Mr. Richardson overtime pay totaling $1,379.39

for overtime hours worked during 1998.

**Response:**

6.     Admit that Mr. Richardson was paid for all overtime he recorded on his

timesheets/timecards in 1998.

**Response:**

7.     Admit that Mr. Richardson recorded on his timecards or timesheets all hours he worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date his employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
& GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:   954/463-2444
Telephone:   954/463-0100 Broward
             305/945-2000 Dade
             561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-10-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-class mail, postage prepaid, on the ___ 4 ___ day of April, 2001 to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and              )
KIMBERLY DRAKE, on behalf of          )
themselves and all others similarly   )
situated,                             )
                                      )
            Plaintiffs,               )
                                      )
      vs.                             )
                                      )
BANKAMERICA CORPORATION,              )
a foreign corporation d/b/a           )
BANK OF AMERICA CORPORATION.          )
a foreign corporation, f/k/a          )
NATIONSBANK, N.A., a national         )
association,                          )
                                      )
            Defendant.                )


### BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
### TO PLAINTIFF LAURIE K. DUPONT

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Laurie K. DuPont** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Laurie K. DuPont.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

Escudero , et al , v. Bank of America
Case No  00-06145-CIV- DIMITROULEAS/JOHNSON

## Requests for Admissions

1.    Admit that the Bank first employed Laurie K. DuPont as a Consumer

Banker III on or about December 1, 1993.

**Response:**

2.    Admit that, on or about December 17, 1997, the Bank classified Ms.

DuPont's Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

3.      Admit that Ms. DuPont reported 323.50 hours of overtime on the time

records she submitted to the Bank for hours worked in 1998, and 47.75 hours of overtime

on the time records she submitted to the Bank for hours worked in 1999.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

4.    Admit that the Bank paid Ms. DuPont overtime pay totaling $7,116.29 for

overtime hours worked during 1998, and $1,058.80 for overtime hours worked during

1999.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

5.    Admit that Ms. DuPont was paid for all overtime she recorded on her

timesheets/timecards in 1998 and 1999.

**Response:**

6.    Admit that Ms. DuPont recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

_Richard f. Kane_

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
            305/945-2000 Dade
            561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the ___4__ day of April, 2001 to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

_____
Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and          )
KIMBERLY DRAKE, on behalf of      )
themselves and all others similarly )
situated,                         )
                                  )
                Plaintiffs,       )
                                  )
        vs.                       )
                                  )
BANKAMERICA CORPORATION,          )
a foreign corporation d/b/a       )
BANK OF AMERICA CORPORATION,      )
a foreign corporation, f/k/a      )
NATIONSBANK, N.A., a national     )
association,                      )
                                  )
                Defendant.        )

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF JUAN CARLOS DEL VALLE GONZALEZ

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Juan Carlos Del Valle Gonzalez** and requests that Plaintiff admit or deny these

requests within thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.     "Plaintiff", as used herein, shall refer to Plaintiff Juan Carlos Del Valle Gonzalez.

B.     "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.     The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.     In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.     When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.     If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.     If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and

-2-

state the basis of that objection or claim of privilege in sufficient detail to allow the Court

to rule on said claim of privilege or objection.

## Requests for Admissions

1.      Admit that the Bank first employed Juan Carlos Del Valle Gonzalez as a

Consumer Banker II on or about August 18, 1997.

**Response:**

2.     Admit that Mr. Gonzalez terminated employment with the Bank on or about

June 18, 1998.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Mr.

Gonzalez's Consumer Banker II position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Mr. Gonzalez reported 16.00 hours of overtime on the time

records he submitted to the Bank for hours worked between January 1, 1998 and June 18,

1998.

**Response:**

5.    Admit that the Bank paid Mr. Gonzalez overtime pay totaling $237.21 for

overtime hours worked during 1998.

**Response:**

6.     Admit that Mr. Gonzalez was paid for all overtime he recorded on his

timesheets/timecards in 1998.

**Response:**

7.     Admit that Mr. Gonzalez recorded on his timecards or timesheets all hours
he worked (including those in excess of forty hours per week) as a Consumer Banker II, III
or IV between December 17, 1997 and the later of December 31, 1999, or the date his
employment with the Bank terminated.

**Response:**

This the ___4th___ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:     954/463-2444
Telephone:   954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the ____ day of April, 2001, to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esq.
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen