UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

      Defendants.

_____/



## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DECERTIFY AND DISMISS OPT-INS

COME NOW the Plaintiffs, ROXANNA L. ESCUDERO and KIMBERLY DRAKE, on

behalf of themselves and all others similarly situated, and hereby file this, their response

to Defendant BANK OF AMERICA's Motion to Decertify and to Dismiss Opt-Ins, as

follows:

### A. Defendant's Motion is Premature.

Defendant's Motion erroneously proceeds from the premise that the litigation in the

instant case is at the second tier of the two-tiered analysis described in *Hipp v. Liberty*

*National Life Ins. Co.,* ___ F.3d ___, 2001 WL 575489 (11th Cir. 2001), and *Dybach v. State*

-1-



*of Florida Department of Corrections,* 942 F.2d 1562 (11th Cir. 1991). As the Court is fully aware, those two cases describe a two-tiered approach to be applied when a plaintiff initially petitions for class notification pursuant to § 216 (b) of the FLSA. Briefly, at the first tier, the parties have generally undergone little, if any, discovery, and the question of whether the potential opt-in plaintiffs who would receive notification should the motion be granted is judged by exceedingly light standards. *Id.* Once discovery is complete, or almost complete, and the case is set and ready for trial, the Court may revisit the issue of whether class certification is appropriate, generally by way of the type of filing currently at issue here; i.e., a defense motion for decertification. At that point, and only at that point, the Court's examination of the appropriateness of class proceedings is much stricter, and takes into account various factors. *See infra* at p. 5. *Id. See also Thiessen v. General Elect. Capital Corp.,* 13 F. Supp.2d 1131 (D. Kan. 1998). The current litigation, however, has not yet reached the point of the second tier of the *Hipp-Dybach* analysis.

Initially, as the Court is aware, the Plaintiff moved for class notification on or about August 21, 2000, which the Court denied on or about March 26, 2001. That denial is currently pending on appeal before the Eleventh Circuit, and the Plaintiffs have since filed a second motion for notification, pending before this Court. More significantly, however, Defendant's representations as to the posture of the instant litigation are at best misleading. After all is said and done, between the opt-ins withdrawing due to having signed releases in the *Levine* matter or otherwise being ineligible to participate in this

-2-

lawsuit, there will remain about 30 opt-in plaintiffs at this stage. Defendants have deposed six (6) of them. On the other hand, while Plaintiffs have in fact deposed some seven (7) managers or former managers of Defendant, every single one of them went to only three (3) of the Plaintiffs: Escudero, Drake and opt-in Nancy Rojas. *See* Exhibit 1 attached hereto. Discovery depositions of managers for the other opt-ins, including the ones deposed by Defendant have been scheduled and reset at Defendant's behest several times. *See* Exhibit 2 attached hereto. Moreover, for all of the discovery requests propounded by the Plaintiffs, they have received precious little in return. It took Defendant well over a year to produce security alarm codes as requested, and then Plaintiffs have received only recently a small number of these for ten (10) individuals on which a corporate representative must be deposed to explain them. An example is attached hereto as Exhibit 3. Again, only recently, Plaintiffs have received a relatively small number of vault logs, for eleven (11) individuals, which were requested for **all** individuals over a year ago. These, too, require further explication. *See* Exhibit 4, attached hereto. After over one year, Plaintiffs have been informed that the computer log-on and log-off times for the consumer bankers' computers are kept no more than thirty-one (31) days and therefore none have been produced. *See* Exhibit 5, attached hereto. Only time cards have been produced, and on inspection of the originals, it was found that the time cards contained numerous alterations; were incomplete; and in some cases appear to have been forged altogether, thus rendering them completely unreliable. See Exhibit 6, attached hereto, and the exhibits

-3-

attached to Plaintiffs' Renewed Motion to Allow Notification. Follow-up interrogatories and requests to produce, spurred by information gleaned from the depositions which have been taken, have led nowhere, as Defendant had no documents responsive thereto due to destruction in the normal course of business. *See* Exhibit 7, attached hereto.

Accordingly, with much discovery yet to be completed[1] the Court has little more before it to decide whether the "class" should be decertified than it did when it was called upon to decide whether it should be certified in the first place. Further, no trial date has been set yet, and the case is not anywhere close to being ready for trial. Therefore, the stage of this litigation does not nearly approach that at which the type of inquiry requested by Defendant can be conducted.

The Court must still, therefore, undertake a review of Defendant's Motion at this stage under the first, more liberal, tier of the *Hipp-Dybach* analysis, as explained in Plaintiffs' Renewed Motion for Notification.[2]

---

[1] Even defense counsel acknowledged at the last status conference that he had many more depositions to take, and the Court indicated he would have to do that. Clearly, the Plaintiffs do as well.

[2] In *Thiessen, supra,* the Kansas court adopted an intermediate approach between the two tiers. It incorporated an analysis of the factors generally reserved for the second, post-discovery tier, but judged it against the more lenient, first-tier standard. In *Thiessen,* there were thirty opt-ins already and the parties had engaged in three months' of discovery, although the court does not specify what type of or how fruitful the discovery was. The court did acknowledge, however, that the record was not sufficiently developed to allow it to review the matter under the more exacting second-tier standards.

### B. The Plaintiffs Here Are Sufficiently Similarly Situated To Allow the Action to Proceed as a Class With the Named Plaintiffs as Their Representatives.

In *Thiessen*, relied upon by the Defendant, three factors are identified as those to

be examined in determining whether a FLSA case such as the instant one should proceed

as a collective action, and whether the named plaintiffs are sufficiently similarly situated

to the extant and potential opt-ins such that they may appropriately act as representatives

of the "class." These factors include:

> (1) the disparate factual and employment settings of the
> individual plaintiffs; (2) the various defenses available to
> defendant which appear to be individual to each plaintiff; and
> (3) fairness and procedural considerations.

*See also Dybach, supra; Brooks v. BellSouth Tel., Inc.,* 164 F.R.D. 561, 567 (N.D. Ala.

1995); *Tucker v. Labor Leasing, Inc.,* 872 F.Supp. 941, 948 (M.D. Fla. 1994). Defendant

asserts that the evidence of record, even at this early juncture, does not satisfy these

factors. Defendant's assertion lacks merit.

### 1. The Named Plaintiffs, as Well as the Opt-ins, Both Current and Potential, Are All Commonly Employed.

It is, in the first instance, undisputed that Defendant, as a company, had a

centralized policy of "managing" its overtime. Exhibit 8, attached hereto. How the overtime

was managed, however, was apparently within the province of either the regional

managers or the banking center managers. Thus, the resultant unlawful conduct

-5-

complained of in this litigation is the result of widespread company practice. *Hyman v. First Union Corp.*, 982 F. Supp. 1, 4 (D.D.C. 1997)(where employer had corporate-wide policy that was carried out by singular decision makers class treatment was appropriate).

The fact remains, however, that all of the Plaintiffs, named, opt-in, and potential opt-in, worked at the same job (Consumer [Personal] Banker II, III or IV, with the same duties and responsibilities, regardless of where they were located.[3] They were all subjected to the same type of unlawful pay practice; i.e., being required to work overtime without proper compensation, as a result of Defendant's corporate wide policy of "managing" overtime. The unlawful pay practice took one of just a few forms: 1) being instructed by a manager that they could not and were not to record overtime hours, with few exceptions such as certain kinds of meetings; 2) being required to alter their time cards to eliminate reflected overtime or having their time cards changed for them by persons unknown; or 3) being

_____

[3] This fact alone distinguishes the bulk of the cases relied upon by the Defendant. For example, *Morisky v. Public Service Elect. and Gas Co.*, 111 F. Supp.2d 493 (2000)(action purported to be brought on behalf of all non-supervisory and non-professional employees in different salary grades at defendant's nuclear generating plants); *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988)(proposed class members performed different jobs in all different departments, groups and organizations within company); *Ulvin v. Northwestern Nat'l Life Ins. Co.*, 141 F.R.D. 130 (D. Minn. 1991)(same, relying on *Lusardi*); *Brooks v. Bellsouth Tel., Inc.*, 164 F.R.D. 561 (N.D. Ala. 1995)(employees worked under different factual and employment settings uniquely suited to ADEA situation); *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941 (M.D. Fla. 1994)(employees in same job classifications held appropriate for collective action status; those not in same job classification, or whose job responsibilities were unknown, held not), are all cases in which a collective action was held to be inappropriate at least in part because the potential plaintiffs were not similarly situated as to their job duties and responsibilities.

given "bogus" and illegal compensatory time.

Contrary to the Defendant's contention, these are not predominantly individual claims, but rather claims which are easily managed under the collective rubric. *Young v. City of Augusta, Georgia*, 59 F.3d 1160 (11th Cir. 1995)(consolidation of civil rights case appropriate where plaintiffs have same complaints and same counsel); *Plummer v. General Elect. Co.*, 93 F.R.D. 311 (E.D. Pa. 1981)(where plaintiffs have same or similar job responsibilities and claim similar types of unlawful practices, collective action is appropriate). *See also Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (there is no requirement of "strict symmetry" or "absolute identity"; rather, potential class members must meet only a "sufficiently similar" standard). Further instructive is *Frank v. Capital Cities Communications, Inc.*, 1983 WL 643 (S.D.N.Y. 1983). In that case, the court declined to decertify a class under the more stringent standard of a second-tier *Dybach* examination, even in the face of the defendant's assertion that the "class plaintiffs [in an ADEA collective action] perform a wide variety of jobs at several offices in three states, and their specific complaints are not identical." *Id.,* at *2. The court held:

> Plaintiffs' theory is that they and the class members are victims of a plan by Fairchild to rid itself of its older employees through harassment and termination.   They cite one express discriminatory practice, a separate salary system for older employees, but the heart of their complaint is that Fairchild, in a number of more or less subtle, individual ways, favors its younger employees and discourages its older ones solely because of their respective ages. Such behavior is exactly

-7-

> what the ADEA prohibits. Unlike, say, a discriminatory
> reduction in force [citations omitted] or a campaign of
> harassment directed at a specific executive class [citations
> omitted] such a policy does not create a self-evident class. By
> design its effects are subtle and measured, and they manifest
> themselves in a variety of ways over an extended period of
> time....The class created is therefore not an obviously coherent
> one.
>
> This cannot be permitted, however, to disqualify automatically
> the claim from class treatment. Plaintiffs do share these traits
> in common: They all work for the same employer, are over 40
> years old, and claim to have been the victim of the same
> campaign of age-motivated harassment. To deny them class
> treatment would be tantamount to declaring that any employer
> can escape ADEA class liability so long as it discriminates
> against a diverse group of aged employees over a wide
> geographic range in a number of ways, such as termination,
> salary, promotions, and working conditions.

*Id.* at *2.[4]

---

[4] Although there is decidedly a dearth of cases on this subject, they are all over the board on the issue of breadth versus narrowness as indicators of class appropriateness. In *Hyman v. First Union Corp., supra,* 982 F.Supp. at 4, the court held that the fact that the putative "class" was limited to the tri-state Washington, DC area militated in favor of collective action status. *See also Ray v. Motel 6 Operating Ltd. Partnership,* 4 W&H Cas.2d 573 (D. Minn. 1996)(too widespread a geographical area to allow for collective management status). The Eleventh Circuit, however, has not allowed geographical or numerical breadth to stand in the way of collective action status when the plaintiffs have been otherwise similarly situated. An excellent case in point was *Levine v. NationsBank,* in this Court, which involved over 1300 plaintiffs in some 16 states, all of whom, as the plaintiffs in *Ray,* were subject to the same pay plan but were owed differing amounts of overtime. It is well settled in this circuit that "similarly situated" for § 216 (b) purposes does **not** equate to "a unified policy, plan, or scheme..." *Grayson v. K Mart Corporation,* 79 F.3d 1086, 1095 (11th Cir. 1996). Indeed, the "similarly situated" requirement is "more elastic and less stringent" than the requirements for joinder or for severance. *Id.,* at 1095-1096. In fact, in *Grayson,* the employer argued, as NationsBank does here, that the employment
(continued...)

## 2.    The Defendant's Defenses are not so Individualized As to Preclude a Collective Action.

Defendant next claims that because the plaintiffs' claims are so individualized, its

defenses are *per force* too individualized to lend themselves to collective action treatment

as well. It is evident from the foregoing that the claims are not so individualized as to

render the defenses incapable of being presented in the collective action forum. Indeed,

Defendant itself has asserted its primary defenses at page 10 of its Motion as: "1) may

deny the plaintiff worked any overtime; 2) may assert that it paid the particular opt-in

plaintiff for all the overtime hours he or she worked; or 3) may contend that a particular opt-

in plaintiff was not paid for all the overtime hours he or she worked, because, contrary to

the Bank's policy, the opt-in plaintiff failed to report accurately his or her overtime hours."

The existence of asserted varying defenses with respect to each putative plaintiff

does not automatically negate collective action status. *Hyman v. First Union Corp., supra,*

982 F.2d at 5. See also *Thiessen, supra,* 996 F.Supp. at 1084. Indeed, if that were the

_____

⁴(...continued)

decisions at issue were not centrally made, but were made by different regional managers. The Eleventh Circuit nevertheless held that the "similarly situated" standard had been met. Similarly, the Eleventh Circuit just recently reiterated that the "similarly situated" standard was met where the plaintiffs all held the same job title and all alleged similar, even if not identical, unlawful treatment. *Hipp, supra,* at *6. Compare *Baum v. Shoney's, Inc.,* 5 W&H Cas.2d 127 (M.D. Fla. 1998)(fact that named plaintiffs could **not** provide any evidence that there were similarly situated employees outside Orange County, Florida militated **against** assertion of widespread practice sufficient to support collective action); *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 363 (M. D. Ala. 1999)(requested notification to similarly situated employees in the southeast United States limited to one location where there was no evidence that employer had company-wide practice of "discouraging overtime").

case, then a collective action could *never* be maintained. Again, a case in point is *Levine.*
The defendant could have offered individualized defenses such as: 1) a particular plaintiff
did not work the overtime claimed[5]; 2) a particular employee was not employed in the
position claimed during the time claimed, etc. Compare these with ADEA defenses which
can be asserted against individuals in collective actions, such as business necessity, "it did
not happen", etc. *Hyman, supra.* The Defendant has not presented one reason why these
defenses could not be asserted against the class representatives in a collective action.

### 3.   The Procedural Issues.

Contrary to Defendant's assertions, handling this matter collectively will preserve,
rather than destroy, the judicial economy. The effect of decertification, particularly at this
premature stage and with a group of employees as similarly situated as these, will cause
separate trials to be brought both in this Court, other Florida federal courts, and federal
courts in other states, when the issues can all be simply tried, and defended, in a relatively
uncomplicated representative proceeding in this Court. Indeed, that is the very essence
and purpose of a collective action under the FLSA. Cf., *Braunstein v. Eastern
Photographic Laboratories, Inc.,* 600 F.2d 335 (2d Cir. 1978) *(per curiam)* (FLSA provides
for notice to potential class members because it is remedial statute and notice would avoid
multiplicity of lawsuits). *See also Plummer v. General Elect. Co.,* 93 F.R.D. 311, 312

---

[5] Indeed, even though the Bank had no time records for these employees, it did
have co-workers and managerial witnesses who could have attested to the number of
hours worked.

-10-

(E.D. Pa. 1981) (even though individual plaintiffs do not present identical factual

assertions, overlap of proof, similarity of claims, and similarity of relief sought make case

amenable to collective action).

WHEREFORE, Plaintiffs submit that the Court should deny Defendant's Motion for

Decertification and to Dismiss the Opt-ins: 1) because the Motion is premature; and 2)

because it is without merit.

Respectfully submitted,

MUCHNICK WASSERMAN, DOLIN &
LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., Ste. 620N
Hollywood, Florida 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Facsimile

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No.: 0146315

-11-

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail this 6th day of July, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East

Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane,

Esq., McGuireWoods LLP, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte,

NC 28280, and BOIES, SCHILLER & FLEXNER, LLP, 2435 Hollywood Boulevard,

Hollywood, Florida 33020

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com
ADAM S. CHOTINER, ESQ.
E-mail: aschotiner@mwdl-law.com

F \WPDOCS\~SLD\Escudero\Pleading\response.decert.wpd

-12-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS/JOHNSON

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

       Defendants.

_____/

## DECLARATION OF SUSAN L. DOLIN, ESQ.

Pursuant to 28 U.S.C. § 1746, Susan L. Dolin, Esq. declares as follows:

1.    My name is Susan L. Dolin. I am lead counsel of records for the Plaintiffs in the above-referenced matter.

2.    I have personal knowledge of the facts as set forth herein.

3.    In this matter, Plaintiffs have deposed the following Bank of America managers: Donna Marie Kirlew; John Martinez; Michelle Mazzella; Helen Mootry; Rodney Sumpter; Justine Smale; and Patti Frisch, each of whom went to issues surrounding Kimberly Drake and/or Roxanna Escudero.

4.    Plaintiffs also deposed managers Jackie Leonard and Vicki Mignardi, who went to the issues surrounding opt-in plaintiff Nancy Rojas.

*Escudero, et al v. BankAmerica Corporation*
Case No. 00-06145-Civ-Dimitrouleas/Johnson

5.    Although we have attempted to schedule the depositions of other Bank managers, they have had to be rescheduled due to attorney scheduling conflicts, witness conflicts or illness, or other issues beyond our control.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of July, 2001.

SUSAN L. DOLIN, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

## PLAINTIFFS' NOTICE OF TAKING DEPOSITIONS

To:   MICHAEL T. BURKE, ESQ., Johnson, Anselmo et al.,
      790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220;

      RICHARD F. KANE, ESQ., McGuireWoods, 3700 NationsBank Plaza,
      101 South Tyron Street, Charlotte, NC  28280;

      BOIES, SCHILLER & FLEXNER, LLP, 2435 Hollywood Boulevard,
      Hollywood, Florida 33020

      YOU are hereby notified that at the time and place listed below, the Plaintiffs in the above-styled cause will take the continued depositions by oral examination for use as evidence in said cause, or both, of the following witnesses:



EXHIBIT

2

| DEPONENT | DATE AND TIME | PLACE |
|---|---|---|
| Donna Marie Kirlew c/o BankAmerica | Tuesday, February 13, 2001 at 9:30 a.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| John Martinez c/o BankAmerica | Tuesday, February 13, 2001 at 1:00 a.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Michelle Mazzella c/o BankAmerica | Tuesday, February 13, 2001 at 3:30 a.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Helen Mootry c/o BankAmerica | Wednesday, February 14, 2001 at 9:30 a.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Rodney Sumpter c/o BankAmerica | Wednesday, February 14, 2001 at 1:00 p.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Patti Frisch c/o BankAmerica | Wednesday, February 14, 2001 at 3:30 p.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Justine Smale c/o BankAmerica | Thursday, February 15, 2001 at 9:30 a.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Tamara Lomax c/o BankAmerica | Friday, February 16, 2001 at 9:30 a.m. | Atlanta, Georgia (Exact Location to be Determined) |
| Janet Jones c/o BankAmerica | Friday, February 16, 2001 at 9:30 a.m. | Venice, Florida (Exact Location to be Determined) |

| John Stuntz c/o BankAmerica | Tuesday, February 20, 2001 at 10:00 a.m. | Arlington, Virginia (Exact Location to be Determined) |
| --- | --- | --- |
| Theodore Gargagliano c/o BankAmerica | Tuesday, February 20, 2001 at 2:00 p.m. | Arlington, Virginia (Exact Location to be Determined) |
| Vicki Mignardi c/o BankAmerica | Tuesday, February 20, 2001 at 10:00 a.m. | Orlando, Florida (Exact Location to be Determined) |
| Jackie Leonard c/o BankAmerica | Tuesday, February 20, 2001 at 2:00 p.m. | Orlando, Florida (Exact Location to be Determined) |
| Barbara Mullin c/o BankAmerica | Wednesday, February 21, 2001 at 9:30 a.m. | Baltimore, Maryland (Exact Location to be Determined) |
| Sylvia Laborde c/o BankAmerica | Wednesday, February 21, 2001 at 10:00 a.m | Orlando, Florida (Exact Location to be Determined) |
| Louise Horne c/o BankAmerica | Wednesday, February 21, 2001 at 2:00 p.m. | Orlando, Florida (Exact Location to be Determined) |
| **Person who served as Banking Center Manager of NationsBank's (n/k/a Bank of America's) Olivette Bank Center during the year 1997 - 1999.** | Monday, February 26, 2001 at 9:30 a.m. | St. Louis, Missouri (Exact Location to be Determined) |
| Shirley Stanley c/o BankAmerica | Tuesday, February 27, 2001 at 9:30 a.m. | Plano, Texas (Exact Location to be Determined) |
| John Boydstein c/o BankAmerica | Wednesday, February 28, 2001 at 10:00 a.m. | Brentwood, Tennessee (Exact Location to be Determined) |

| Ellis Simmons<br>c/o BankAmerica | Wednesday,<br>February 28, 2001<br>at 2:00 p.m. | Brentwood, Tennessee<br>(Exact Location to be<br>Determined) |

Said depositions will be taken before a notary public or any officer authorized to administer oaths by the laws of the State of Florida, and a person who is neither a relative, nor employee, nor attorney, nor counsel of any of the parties and who is neither a relative nor employee of such attorney or counsel, and who is not financially interested in the action.

Said depositions are to be taken pursuant to the Federal Rules of Civil Procedure in such cases provided. The said oral examinations will continue from hour to hour and from day to day until completed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail and Facsimile, this 26th day of January 2001, to the above-named addressees.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., Ste. 620N
Hollywood, Florida 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Facsimile
E-mail: sldolin@mwdl-law.com
E-mail: aschotiner@mwdl-law.com

/ s/

By:_____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

cc:    (To be Supplied to Appropriate Court Reporters)

F.\WPDOCS\~SLD\Escudero\Notices\N-Depos BofA.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

      Defendant.

_____/

## **PLAINTIFFS' RE-NOTICE OF TAKING DEPOSITIONS**

To:   MICHAEL T. BURKE, ESQ., Johnson, Anselmo et al.,
      790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220;

      RICHARD F. KANE, ESQ., McGuireWoods, 3700 NationsBank Plaza,
      101 South Tyron Street, Charlotte, NC  28280;

      BOIES, SCHILLER & FLEXNER, LLP, 2435 Hollywood Boulevard,
      Hollywood, Florida 33020;

      MARK J. LANGDON, ESQ., Johnson, Anselmo et al.,
      790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220.

      YOU are hereby notified that at the time and place listed below, the Plaintiffs in the above-styled cause will take the continued depositions by oral examination for use as evidence in said cause, or both, of the following witnesses:

| DEPONENT | DATE AND TIME | PLACE |
|---|---|---|
| John Martinez c/o BankAmerica | Wednesday, March 28, 2001 at 10:00 a.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Helen Mootry c/o BankAmerica | Wednesday, March 28, 2001 at 1:00 p.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Donna Marie Kirlew c/o BankAmerica | Thursday March 29, 2001 at 11:00 a.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Justine Smale c/o BankAmerica | Friday, March 30, 2001 at 9:00 a.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Michelle Mazzella c/o BankAmerica | Friday, March 30, 2001 at 1:00 p.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Patti Frisch c/o BankAmerica | Friday, March 30, 2001 at 3:00 p.m. | Muchnick, Wasserman, Dolin & Levine, LLP 4000 Hollywood Blvd., #620N Hollywood, Florida 33021 |
| Sylvia Laborde c/o BankAmerica | Monday, April 30, 2001 at 9:00 a.m | Orlando, Florida (Exact Location to be Determined) |
| Louise Horne c/o BankAmerica | Monday, April 30, 2001 at 1:00 p.m. | WinterHaven, Florida (Exact Location to be Determined) |
| Vicki Mignardi c/o BankAmerica | Tuesday, May 1, 2001 at 9:00 a.m. | Ormond Beach, Florida (Exact Location to be Determined) |

| Jackie Leonard<br>c/o BankAmerica | Tuesday,<br>May 1, 2001<br>at 1:00 p.m. | Ormond Beach, Florida<br>(Exact Location to be<br>Determined) |
| Rodney Sumpter<br>c/o BankAmerica | Wednesday,<br>May 2, 2001<br>at 9:00 a.m. | Jacksonville, Florida<br>(Exact Location to be<br>Determined) |

Said depositions will be taken before a notary public or any officer authorized to administer oaths by the laws of the State of Florida, and a person who is neither a relative, nor employee, nor attorney, nor counsel of any of the parties and who is neither a relative nor employee of such attorney or counsel, and who is not financially interested in the action.

Said depositions are to be taken pursuant to the Federal Rules of Civil Procedure in such cases provided. The said oral examinations will continue from hour to hour and from day to day until completed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail and Facsimile, this 15th day of March, 2001, to the above-named addressees.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., Ste. 620N
Hollywood, Florida 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Facsimile
E-mail:  sldolin@mwdl-law.com

By:_____
/ s /
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690

cc:    (To be Supplied to Appropriate Court Reporters)

F:\WPDOCS\~SLD\Escudero\Notices\N-Depos.2 BofA.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

## **PLAINTIFFS' RE-NOTICE AND AMENDED NOTICE OF TAKING DEPOSITIONS**

To:   MICHAEL T. BURKE, ESQ., Johnson, Anselmo et al.,
     790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220;

     RICHARD F. KANE, ESQ., McGuireWoods, 3700 NationsBank Plaza,
     101 South Tyron Street, Charlotte, NC 28280;

     BOIES, SCHILLER & FLEXNER, LLP, 2435 Hollywood Boulevard,
     Hollywood, Florida 33020;

     YOU are hereby notified that at the time and place listed below, the Plaintiffs in the

above-styled cause will take the continued depositions by oral examination for use as

evidence in said cause, or both, of the following witnesses:

| **DEPONENT** | **DATE AND TIME** | **PLACE** |
|---|---|---|
| Louise Horne<br>c/o BankAmerica | Monday,<br>April 30, 2001<br>at 10:30 a.m.<br>(formerly 1:00 p.m.) | Esquire Deposition Service<br>c/o Best Western Hotel<br>5665 Cypress Gardens Blvd.<br>Winterhaven, FL 33884<br>(863.324.5950 - Best Western)<br>(813.221.2535 - Esquire Rptg.) |
| Sylvia Laborde<br>c/o BankAmerica | Monday,<br>April 30, 2001<br>at 3:30 p.m<br>(formerly 9:00 a.m.) | Reporting Offices of:<br>Volusia Reporting Company<br>150 So. Palmetto Ave.,#101<br>Daytona Beach, FL 32114<br>(15 Min. f/Ormond Beach, FL)<br>(904.255.2150)<br><br>(Depo formerly set in Orlando. FL) |
| Vicki Mignardi<br>c/o BankAmerica | Tuesday,<br>May 1, 2001<br>at 9:00 a.m. | Reporting Offices of:<br>Volusia Reporting Company<br>150 So. Palmetto Ave.,#101<br>Daytona Beach, FL 32114<br>(15 Min. f/Ormond Beach, FL)<br>(904.255.2150) |
| Jackie Leonard<br>c/o BankAmerica | Tuesday,<br>May 1, 2001<br>at 1:00 p.m. | Reporting Offices of:<br>Volusia Reporting Company<br>150 So. Palmetto Ave.,#101<br>Daytona Beach, FL 32114<br>(15 Min. f/Ormond Beach, FL)<br>(904.255.2150) |
| Rodney Sumpter<br>c/o BankAmerica | Wednesday,<br>May 2, 2001<br>at 9:00 a.m. | Reporting Offices of:<br>Hedquist & Associates<br>Reporters<br>345 East Forsyth Street<br>Jacksonville, Florida 32202<br>(904.354.4111) |

Said depositions will be taken before a notary public or any officer authorized to administer oaths by the laws of the State of Florida, and a person who is neither a relative, nor employee, nor attorney, nor counsel of any of the parties and who is neither a relative nor employee of such attorney or counsel, and who is not financially interested in the action.

Said depositions are to be taken pursuant to the Federal Rules of Civil Procedure in such cases provided. The said oral examinations will continue from hour to hour and from day to day until completed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. Mail, this 21st day of March, 2001, to the above-named addressees.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., Ste. 620N
Hollywood, Florida 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Facsimile
E-mail: sldolin@mwdl-law.com

By:_____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690

cc:    (To be Supplied to Appropriate Court Reporters)

F:\WPDOCS\~SLD\Escudero\Notices\N-Depos 3 BofA.wpd

Page 3 of 3

RTU id:      4
                    4705                List Name:    5    Points
                                  Output Name:              -13

Action type:
    Comment:      16
              Passcode   ...Day Set
Date/Time of Transaction:
Date:
Time: 12/17/1997
       8 :  5 : 56
          Partition id:
         Operator Name:     3
Group: BA2     Passcode: PAS
      BA2        Name:          5
            Task Name: SC BRANCH, AIRPORT CENTER
    Transaction Number: NO_TASK

EXHIBIT

3

ESC - 8292

BANKING CENTER  Airport  12-97

| DATE | TIME OPENED | INITIALS | INITIALS | TIME CLOSED | NUMBER HOURS | INITIALS | INITIALS |
|------|-------------|----------|----------|-------------|--------------|----------|----------|
| 12-17-97 | 8:15 | CCR | GW | 5:15 | 12 | | |
| 12-18-97 | 9:15 | | 8R | 5:15 | 12 | SR | |
| 12-19-97 | 8:15 | | | 6:15 | 60 | | |
| 12-22-97 | 7:10 | | RDC | 5:15 | 12 | RDC | |
| 12-23-97 | 8:00 | | RDC | 5:15 | 12 | | RR |
| 12-24-97 | 8:10 | | RDC | 2:15 | 40 | | PrC |
| 12-26-97 | 8:10 | | | 6:15 | 60 | | |
| 12-29-97 | 7:15 | | RRC | 5:15 | 12 | | |
| 12-30-97 | 8:15 | | 8R | 5:15 | 12 | RDC | |
| 12-31-97 | 8:10 | | | 5:15 | 36 | RDC | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

SEC-013 (4/93)

**EXHIBIT**
4

vaultsal

ESC - 8218

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and | ) |
| KIMBERLY DRAKE, on behalf of | ) |
| themselves and all others similarly | ) |
| situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| a foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| a foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association, | ) |
| | ) |
| Defendant | ) |

## NationsBank's Supplemental Responses
## to Plaintiffs' First Request for Production

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Bank of America

Corporation (f/k/a BankAmerica Corporation) and Bank of America, N.A., (f/k/a

NationsBank, N.A.), which are collectively referred to herein as "defendants" or

"NationsBank," supplement their responses to Plaintiffs' First Request for Production to

Defendant:



EXHIBIT
5

v-06145-LRJ     Document 251     Entered on FLSD Docket 07/09/2001     P:
Escudero , et al., v. Bank of America
Case No. 00-06145-CIV-DIMITROULEAS/Johnson

## Document Requests

2.     For any and all pay periods during the Plaintiffs' employment any

documents that reflect the alarm records of the Plaintiffs signing in and out, entering and

exiting the building.

### Response:

Roxanne Escudero – Alarm records for plaintiff Escudero are not yet
available. These records will be available and will be produced on or before June
22, 2001.

Kimberly Drake – Alarm records for plaintiff Drake for 1999 are produced
herewith. See ESC 8695 – ESC 8697. Alarm records for plaintiff Drake for 1998
are not yet available. These records will be available and will be produced on or
before June 22, 2001.

3.     For any and all pay periods during the Plaintiffs' employment, any

documents that reflect the computer logs for the Plaintiffs logging on and off of their

computer systems.

### Response:

Records of the various times each day at which each personal banker
(formerly known as consumer banker) or employee logged onto and/or logged off
from the Bank's computer system(s) are only retained for a period of thirty-nine
(39) days. Accordingly, information requested is no longer available. See Dwight
Hargrave's Affidavit appended as Exhibit 2 to NationsBank's Opposition to
Plaintiffs' May 11, 2001 Motion to Compel Discovery filed June 4, 2001.

2

This the 15th day of June, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGuireWoods LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
Telephone:   (704) 373-8999
Facsimile:   (704) 373-8990

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George,
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
Telephone:   (954) 463-0100
Facsimile:   (954) 463-2444

Attorneys for Bank of America Corporation

v-06145-LRJ    Document 251    Entered on FLSD Docket 07/09/2001    Pa
Escudero , et al., v. Bank of America
Case No. 00-06145-CIV-DIMITROULEAS/Johnson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this

day by U.S. mail, postage prepaid, upon Plaintiffs' counsel as listed below:

> Daniel R. Levine, Esq.
> Adam S. Chotiner, Esq.
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021

> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

This the 11th day of December, 2000.

Richard F. Kane

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and | ) |
| KIMBERLY DRAKE, on behalf of | ) |
| themselves and all others similarly | ) |
| situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| a foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| a foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association, | ) |
| | ) |
| Defendant. | ) |

## NationsBank's Third Supplemental Responses
## to Plaintiffs' Second Request for Production

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Bank of America

Corporation (f/k/a BankAmerica Corporation) and Bank of America, N.A., (f/k/a

NationsBank, N.A.), which are collectively referred to herein as "defendants" or

"NationsBank," hereby supplements its responses to Plaintiffs' Second Request for

Production to Defendant:

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV-DIMITROULEAS/Johnson

## Document Requests

1.    For any and all periods during the Plaintiffs' employment from December

17, 1997 to the present, any documents reflecting the alarm records of the Plaintiffs'[1]

signing in and out, entering and exiting the building where they worked.

### Response:

See Affidavit of Jimmy Harris attached as Exhibit 1.

2. For any and all pay periods during the Plaintiffs' employment from December

17, 1997 to the present, any document that reflect a computer log for the Plaintiffs' logging

on and off of their NationsBank computer system.

### Response:

Records of the various times each day at which each personal banker
(formerly known as consumer banker) or employee logged onto and/or logged off
from the Bank's computer system(s) are only retained for a period of thirty-nine
(39) days. Accordingly, information requested is no longer available. See Dwight
Hargrave's Affidavit appended as Exhibit 2 to NationsBank's Opposition to
Plaintiffs' May 11, 2001 Motion to Compel Discovery filed June 4, 2001.

4.    For any and all pay periods during the Plaintiffs' employment from

December 17, 1997 to the present, all vault logs which reflect the Plaintiffs' logging in and

out of the banking center at which they were employed.

---

[1]The original document request related to plaintiffs John Bari, Mary F. Bolden, Cari
M. Ford, Diane Kirkland, Julia Kozel, Juan C. Valdez, Sr., Angela Mobley, Jeff Motley
and Olga Valdes. However, Ford, Kozel, Valdez, Motley and Valdes have withdrawn their
notices of consent and, therefore, are no longer plaintiffs in this action.

2

v-06145-LRJ    Document 251    Entered on FLSD Docket 07/09/2001    Pa
Escudero , et al., v Bank of America
Case No. 00-06145-CIV-DIMITROULEAS/Johnson

**Response**:

A search for vault logs and banking center opening/closing logs has resulted in the retrieval of the below-listed records pertaining to the banking centers where the opt-in plaintiff worked. Records for the banking centers where other opt-in plaintiffs worked could not be found. However, in the event additional records are located, Defendant will supplement this response.

John Bari
Opening/Closing Logs for December 1997 through June 1998 (ESC 8688 – ESC 8692)

Diane Kirkland
Opening/Closing Logs for January 1998 through March 1998 (ESC 8693 – ESC 8964)

Angela Mobley
Opening/Closing Logs for January 1998 through February 1998 (ESC 8261 – ESC 8262)

This the 15th day of June, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
J. Mark Langdon, NC State Bar # 19359
McGuireWoods LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
Telephone:   (704) 373-8999
Facsimile:   (704) 373-8990

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke
    & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
Telephone:   (954) 463-0100
Facsimile:   (954) 463-2444

Attorneys for Bank of America Corporation

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this

day by first class mail, postage prepaid, upon plaintiffs' counsel as listed below:

> Susan L. Dolin, Esq.
> Adam S. Chotiner, Esq.
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

This the 15th day of June, 2001.

Richard F. Kane

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and    )
KIMBERLY DRAKE, on behalf of    )
themselves and all others similarly    )
situated,    )
    )
        Plaintiffs,    )
    )
    vs.    )
    )
BANKAMERICA CORPORATION,    )
a foreign corporation d/b/a    )
BANK OF AMERICA CORPORATION,    )
a foreign corporation, f/k/a    )
NATIONSBANK, N.A., a national    )
association,    )
    )
        Defendant.    )

**NationsBank's Third Supplemental Responses
to Plaintiffs' Third Request for Production**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Bank of America

Corporation (f/k/a BankAmerica Corporation) and Bank of America, N.A., (f/k/a

NationsBank, N.A.), which are collectively referred to herein as "defendants" or

"NationsBank," hereby supplement their responses to Plaintiffs' Third Request for

Production to Defendant:

## Document Requests

1.      For any and all pay periods during the below-referenced individuals'

employment from December 17, 1997 to present or to the last date of employment with

Defendant, any documents that reflect the alarm records of the individuals' signing in and

out, entering and exiting the building.

.      **Response:**

See Jimmy Harris' Affidavit appended as Exhibit 1 to NationsBank's Third
Supplemental Responses to Plaintiffs' Second Request for Production of
Documents.

Tempy Aguilar-DeMarco (ESC 8292 – ESC 8337)

Annette B. Armstrong  (ESC 8338 – ESC 8374)

Stephanie Dantos (ESC 8381 – ESC 8444)

Laurie DuPont (ESC 8450 – 8593)

Juan Del Valle Gonzalez  (ESC 8596 – 8629)

Peggy Lee (ESC 8631 – 8681)

Sheri Thomas (ESC 8683 – 8684)

Ron Valdez (ESC 8685 – 8686)

2.      For any and all pay periods during the below-referenced individuals'

employment from December 17, 1997 to present or to the last date of employment with

Defendant, any documents that reflect the computer logs of the individuals' logging on and

off of their computer system.

.      **Response:**

Records of the various times each day at which each personal banker
(formerly known as consumer banker) or employee logged onto and/or logged off
from the Bank's computer system(s) are only retained for a period of thirty-nine

2

(39) days. Accordingly, information requested is no longer available. See Dwight
Hargrave's Affidavit appended as Exhibit 2 to NationsBank's Opposition to
Plaintiffs' May 11, 2001 Motion to Compel Discovery filed June 4, 2001.

4.    For any and all pay periods during the below-referenced individuals'

employment from December 17, 1997 to present or to the last date of employment with

Defendant, all vault or other logs that reflect or tend to reflect the sign-in or sign-out times.

### Response:

A search for vault logs and banking center opening/closing logs has resulted
in the retrieval of the below-listed records pertaining to the banking centers where
the particular opt-in plaintiff worked. Records for the banking centers where other
opt-in plaintiffs worked could not be found. However, in the event additional
records are located, Defendant will supplement this response.

Tempy Aguilar-DeMarco
Vault Logs for December 1997 through June 1998 (ESC 8218  – ESC 8224)
Opening/Closing Logs for December 1997 through June 1998 (ESC 8211 – ESC
8217)

Annette B. Armstrong
Vault Logs for December 1997 through December 2000 (ESC 8225  – ESC 8243)
Opening/Closing Logs for December 2000 through January 2001 (ESC 8244 – ESC
8245)

Laurie K. DuPont
Vault Log for January 2000 (ESC 8246)
Opening/Closing Log for January 2000 (ESC 8247)

Juan Del Valle Gonzalez
Opening/Closing Logs for December 1997 through June 1998 (ESC 8248 – ESC
8254)

Peggy H. Lee
Vault Logs for October 1998 through December 1999 (ESC 8255 - ESC 8259)

Guilbert M. Parker
Vault Logs for December 1997 through February 1998 (ESC 8263 – ESC 8265)
Opening/Closing Logs for December 1997 through February 1998 (ESC 8287 –
ESC 8289)

3

Ron Valdez
Vault Logs for November 1998 through January 2000 (ESC 8269 – ESC 8273)

Samuel D. Washington
Vault Logs for March 1998 through October 1998 (ESC 8274 - ESC 8286)

This the 15th day of June, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGuireWoods LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
Telephone:   (704) 373-8999
Facsimile:    (704) 373-8990

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke
      & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
Telephone:   (954) 463-0100
Facsimile:    (954) 463-2444

Attorneys for Bank of America Corporation

4

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV-DIMITROULEAS/Johnson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this

day by U.S. mail, postage prepaid, upon plaintiffs' counsel as listed below:

Susan L. Dolin, Esq.
Adam S. Chotiner, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

This the 15th day of June, 2001.

Richard F. Kane

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION



Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and           )
KIMBERLY DRAKE, on behalf of       )
themselves and all others similarly )
situated,                          )
                                   )
            Plaintiffs,            )
                                   )
    vs.                            )
                                   )
BANKAMERICA CORPORATION,           )
a foreign corporation d/b/a        )
BANK OF AMERICA CORPORATION,       )
a foreign corporation, f/k/a       )
NATIONSBANK, N.A., a national      )
association,                       )
                                   )
            Defendant.             )

### NationsBank's Supplemental Responses
### to Plaintiffs' Fifth Request for Production

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Bank of America

Corporation (f/k/a BankAmerica Corporation) and Bank of America, N.A., (f/k/a

NationsBank, N.A.), which are collectively referred to herein as "defendants" or

"NationsBank," hereby supplement their responses to Plaintiffs' Fifth Request for

Production to Defendant:

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV-DIMITROULEAS/Johnson

## Document Requests

2.    For the time period from December 17, 1997 to the present, all vault logs or

sign-in logs for the Bankhead Banking Center in the Atlanta, Georgia metropolitan area.

### Response:

NationsBank, by counsel, objects to the foregoing document request on the
grounds that it seeks information which is neither relevant to the above-captioned
action nor reasonably likely to lead to the discovery of admissible evidence. The
only vault logs or sign-in logs for the Bankhead Banking Center in the Atlanta,
Georgia metropolitan area to which plaintiffs are entitled are those which may exist
for the period of time Naomi Billingsley worked with plaintiff Angela Mobley.
Subject to and without waiving the foregoing objections, see documents ESC 8261
- ESC 8262 produced herewith.

R. 2<sup>6</sup>

3.    For any and all pay periods during her employment from December 17,

1997 to the present, all computer logs showing times logged on and logged off for Naomi

Billingsley, employed at the Bankhead Banking Center in the Atlanta, Georgia

metropolitan area.

### Response:

Records of the various times each day at which each personal banker
(formerly known as consumer banker) or employee logged onto and/or logged off
from the Bank's computer system(s) are only retained for a period of thirty-nine
(39) days. Accordingly, information requested is no longer available. See Dwight
Hargrave's Affidavit appended as Exhibit 2 to NationsBank's Opposition to
Plaintiffs' May 11, 2001 Motion to Compel Discovery filed June 4, 2001.

4.    For any and all pay periods during her employment from December 17,

1997 to the present, all security code entries for Naomi Billingsley at the Bankhead

Banking Center in the Atlanta, Georgia metropolitan area.

**Response:**

See Jimmy Harris' Affidavit appended as Exhibit 1 to NationsBank's Third Supplemental Responses to Plaintiffs' Second Request for Production of Documents.

This the 15th day of June, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGuireWoods LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
Telephone:  (704) 373-8999
Facsimile:  (704) 373-8990

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke
        & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
Telephone:  (954) 463-0100
Facsimile:  (954) 463-2444

Attorneys for Bank of America Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this

day by U.S. mail, postage prepaid, upon plaintiffs' counsel as listed below:

>Susan L. Dolin, Esq.
>Adam S. Chotiner, Esq.
>Muchnick, Wasserman, Dolin & Levine, LLP
>Presidential Circle Building, Suite 620 North
>4000 Hollywood Blvd.
>Hollywood, FL 33021
>
>Caryl Boies, Esq.
>Anne E. Hinds, Esq.
>Boies, Schiller & Flexner, LLP
>2435 Hollywood Boulevard, Suite 200
>Hollywood, FL 33020

This the 15th day of June, 2001.

Richard F. Kane

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS/JOHNSON

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

       Defendants.

_____/

## DECLARATION OF ADAM S. CHOTINER, ESQ.

Pursuant to 28 U.S.C. § 1746, Adam S. Chotiner, Esq. declares as follows:

1.    My name is Adam S. Chotiner. I am one of the attorneys of records for the

Plaintiffs in the above-referenced matter.

2.    I have personal knowledge of the facts as set forth herein.

3.    On or about April 26, 2001, I, along with Elissa S. Hulnick, Esq., reviewed the

original time cards and time sheets of the Plaintiffs and opt-in Plaintiffs (collectively

"Plaintiffs") in the above-referenced matter at the office of Defendant's co-counsel Michael

T. Burke, Esq.

4.    A substantial number of the Plaintiffs' original time cards and time sheets



EXHIBIT
6

*Escudero, et al v. BankAmerica Corporation*
Case No. 00-06145-Civ-Dimitrouleas/Johnson

appeared to have been altered. Specifically, a substantial number of the Plaintiffs' original time cards and time sheets contained "white out" and eraser marks, whereby information regarding working time previously recorded on the time cards and time sheets was apparently "whited-out" and erased and subsequently re-recorded or left blank. Moreover, in many instances it appeared as if information had not been erased or "whited-out," but instead simply written over.

     5.    In some instances of erasure, the information originally recorded could still be discerned. In addition, in some instances where information was written over, it was possible to determine, to a reasonable degree to certainty, what the originally recorded information was.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of July, 2001.

ADAM S. CHOTINER, ESQ.

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and | ) |
| KIMBERLY DRAKE, on behalf of | ) |
| themselves and all others similarly | ) |
| situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| a foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| a foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association, | ) |
| | ) |
| Defendant | ) |

## NationsBank's Response
## to Plaintiffs' Seventh Request for Production

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Bank of America

Corporation (f/k/a BankAmerica Corporation) and Bank of America, N.A., (f/k/a

NationsBank, N.A.), which are collectively referred to herein as "defendants" or

"NationsBank," hereby responds to Plaintiffs' Seventh Request for Production to

Defendant:



EXHIBIT
7

### Document Requests

1.    All e-mails sent by Cindy Haimowitz a/k/a Cindy Baumardener regarding

overtime during the month proceeding the termination of Plaintiffs Drake and Escudero.

**Response:**    See Affidavit of Mark Moore attached as Exhibit 1.

This the 20th day of June, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGuireWoods LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
Telephone:   (704) 373-8999
Facsimile:    (704) 373-8990

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke
   & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
Telephone:   (954) 463-0100
Facsimile:    (954) 463-2444

Attorneys for Bank of America Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this

day by U.S. mail, postage prepaid, upon plaintiffs' counsel as listed below:

> Susan L. Dolin, Esq.
> Adam S. Chotiner, Esq.
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

This the 20th day of June, 2001.

Richard F. Kane

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS/Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

     Plaintiffs,

 vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

     Defendant.

___ ___ ___ ___ ___ ___ ___

## AFFIDAVIT OF MARK W. MOORE

Mark W. Moore, being first duly sworn, deposes and says as follows:

1. I am over 21 years of age, and suffer from no legal or mental disability or duress. I am competent to be a witness in this matter, and have personal knowledge of the facts to which I attest herein and am authorized by Bank of America (the "Bank") to execute this affidavit on its behalf.

2. I am currently employed by the Bank as a Senior Technical Manager in Messaging and Collaboration Services.

3. As part of my duties, I am responsible for operational support of messaging servers, including handling requests for the restoration of email from recovery tapes. In that capacity, I am aware of the retention policy regarding e-mails.

4. All associates e-mails are deleted and not retrievable after sixty (60) days following termination.


EXHIBIT
1

Further this affiant sayeth not.

Mark W. Moore

STATE OF ILLINOIS

COUNTY OF DUPAGE

To Wit:

The foregoing Affidavit was personally subscribed and sworn to before me, ROBERT K. HURLBUT, JR, a Notary Public for the above-referenced jurisdiction, on June 15, 2001 by Mark W. Moore.

"OFFICIAL SEAL"
ROBERT K. HURLBUT, JR.
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9/28/2003

Robert K. Hurlbut Jr
Notary Public

(Official Seal)

My Commission Expires: 9/28/03



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

     Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DEPOSITION OF:         JACQUELINE LEONARD

DATE TAKEN:          Tuesday, May 1, 2001

TIME:              Commenced at 1:00 p.m.
                  Concluded at 3:10 p.m.

PLACE:             Volusia Reporting Company
                  150 South Palmetto Avenue
                  Suite 101
                  Daytona Beach, Florida

REPORTED BY:          PATRICIA L. McGUIRE, RPR-CP,
                  Court Reporter and Notary Public

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

VOLUSIA REPORTING COMPANY
POST OFFICE BOX 1409
DAYTONA BEACH, FLORIDA  32115
904-255-2150

CERTIFIED COPY

EXHIBIT
8

```
 1        Q     Had you ever been told by anyone, regional or
 2   anybody else, that NationsBank had a policy of not
 3   wanting to pay overtime?
 4        A     No.
 5        Q     Had anybody ever told you that NationsBank had
 6   a policy of wanting to keep overtime down?
 7        A     Yes.
 8        Q     When was that?
 9        A     I don't recall exactly when.
10        Q     While you were at Live Oak?
11        A     Yes.
12        Q     Do you remember who told you that?
13        A     No.
14        Q     Did they tell you what they meant by keeping
15   it down?
16        A     Manage it.
17        Q     What does that mean?
18        A     Schedule people properly so that we don't have
19   people working a lot of overtime.
20        Q     What is a lot of overtime?
21        A     I don't know.
22        Q     You don't know?  They didn't give you a number
23   of how much is too much?
24        A     No.
25        Q     Did anybody ever tell you that your branch had
```

VOLUSIA REPORTING COMPANY

```
 1                 UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
 2
                  CASE NO. 00-06145-CIV-DIMITROULEAS
 3                    Magistrate Judge Johnson

 4
     ROXANNA L. ESCUDERO, and
 5   KIMBERLY DRAKE, on behalf of
     themselves and all others
 6   similarly situated,

 7           Plaintiffs,

 8   vs.

 9   BANKAMERICA CORPORATION,
     a foreign corporaion d/b/a
10   BANK OF AMERICA CORPORATION,
     a foreign corporation, f/k/a
11   NATIONSBANK, N.A., a national association,

12           Defendant.
     --------------------------
13

14           Deposition of RODNEY SUMPTER, taken on behalf

15   of the Plaintiffs, pursuant to Notice of Taking

16   Deposition in the above-entitled action, on Wednesday,

17   May 2, 2001, at 9:00 a.m., at 345 East Forsyth Street,

18   Jacksonville, Florida, before La'Trece McTaw, a Notary

19   Public in and for the State of Florida at Large.

20

21   APPEARANCES:

22
         SUSAN DOLIN, Esquire, Attorney for the Plaintiffs.
23
         RICHARD F. KANE, Esquire, Attorney for the
24   Defendant.

25
```

```
 1    associates?  Do you know what I mean by exempt and
 2    nonexempt?
 3         A    Correct.
 4         Q    Okay.  What do you understand nonexempt to
 5    mean?
 6         A    Nonexempt are hourly employees, and exempt are
 7    salary employees.
 8         Q    Okay.  And do you understand that nonexempt
 9    employees are required to keep time cards and are to be
10    paid overtime for every hour worked over 40 in a
11    workweek?
12         A    Correct.
13         Q    Okay.  Now, do you remember whether overtime
14    was permitted to be worked by nonexempt employees when
15    you were at Coral Ridge?
16         A    Yes, I do.
17         Q    Okay.  And was it?
18         A    Yes, it was paid.
19         Q    Okay.  It was paid.  But were they permitted
20    to work it?
21         A    What do -- can you rephrase that question?
22    What do you mean permitted?
23         Q    Sure.  Did NationsBank have any kind of a
24    policy that was imparted to you, either verbally or in
25    writing or in passing or formally, that NationsBank had
```

Hedquist & Associates Reporters, Inc.

1   a desire to eliminate overtime or keep overtime to a

2   minimum or anything -- or pay unrestrained overtime?

3   Anything like that while you were at Coral Ridge?

4       A    There was a policy to manage overtime.

5       Q    Okay.  And can you explain to me how that

6   policy worked?

7       A    Each banking center was given a budget, and

8   with that budget you had to manage your overtime.

9       Q    Each banking center?

10      A    Right.  Was allotted so many hours of

11  overtime, and it was up to the manager to manage that

12  particular overtime.

13      Q    Okay.  And do you know how the budget for the

14  overtime was figured per banking center?

15      A    No, I don't.

16      Q    And how was the banking center -- first of

17  all, who in the banking center was responsible for

18  managing the overtime?

19      A    The banking center manager.

20      Q    Okay.  And how was the banking center manager

21  supposed to manage it?

22      A    By controlling the number of hours that each

23  associate worked.

24      Q    And how would they control the number of

25  hours?

```
                                                          1
 1               UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF FLORIDA
 2                 FORT LAUDERDALE DIVISION
 3             CASE NO.: 98-6306-CIV-DIMITROULEAS
                   Magistrate Judge Bandstra
 4
     ------------------------------X
 5   BEVERLY LEVINE, et al.,         :
                                     :
 6            Plaintiffs,            :
                                     :
 7   v.                              :
                                     :
 8   NATIONSBANK, N.A.,              :
     a national association,         :
 9                                   :
              Defendant.             :
10   ------------------------------X
11
12                         COPY
13
14
15
16           DEPOSITION OF MOLLY M. BARBER
                 (Taken by Plaintiffs)
17            Charlotte, North Carolina
                  October 27, 1999
18
19
20
21
22   Reported by:   Dayna H. Lowe
                     Court Reporter
23                   Notary Public
24                    EXHIBIT
25                       5
```

EXHIBIT
5

2

```
 1              A P P E A R A N C E S
 2
    For the Plaintiffs:
 3
       SUSAN L. DOLIN, Esq.
 4     Muchnick, Wasserman & Dolin
       4000 Hollywood Boulevard, Suit 620 North
 5     Hollywood, Florida 33021
       (954) 989-8100
 6
       CARYL L. BOIES, Esq.
 7     Boies & Schiller, LLP
       2435 Hollywood Boulevard, #200
 8     Hollywood, Florida 33020-6629
       (954) 929-1190
 9
10  For the Defendant:
11     RICHARD F. KANE, Esq.
       McGuire Woods Battle & Boothe
12     3700 Bank of America Plaza
       101 South Tryon Street
13     Charlotte, North Carolina 28280
       (704) 373-8957
14
15  Also Present:
16     Daniel F. DuPre, Esq.
       Senior Counsel
17     Bank of America Corporation
18
    Witness Address:
19
       Ms. Molly M. Barber
20     3911 Rhodes Avenue
       Charlotte, North Carolina 28210
21
22
             Deposition of MOLLY M. BARBER, taken by the
23  Plaintiffs, at McGuire Woods Battle & Boothe, 3700 Bank
    of America Plaza, 101 South Tryon Street, Charlotte,
24  North Carolina, on the 27th day of October, 1999, at
    8:59 a.m., before Dayna H. Lowe, Court Reporter and
25  Notary Public.
```

```
 1     A.    I do not know that.  I doubt it.

 2     Q.    But you don't know?

 3     A.    I do not know.

 4     Q.    Can a teller open a bank with one other person?

 5     A.    I don't know.

 6     Q.    Anything else?

 7     A.    I can't think of anything right now, no.

 8     Q.    Ms. Barber, are you a senior vice president of

 9  NationsBank?

10     A.    I am.

11     Q.    Do you recall -- and I don't have any copies of

12  this, so we can make some afterward -- do you recall

13  giving answers to plaintiffs' second set of

14  interrogatories back in August 1998?

15     A.    Yes.

16     Q.    Do you recall being asked:  Please identify by

17  name and job title, slash, position each and every

18  individual who participated in the making of or made the

19  decision to classify during any and all time periods from

20  March 26, 1995 to the current Consumer Bankers II, III,

21  and IV as nonexempt for purposes of the overtime

22  provisions of the FLSA.  For those individuals no longer

23  employed by the defendant, please provide a last known

24  address and telephone number, and you gave the response

25  of Steele Alphin, previously identified?
```

1  account balances, account inquiries, problem resolution.

2      Q.   So some of the service items?

3      A.   Yes.  Probably.  Other than that, specifically,

4  I can't think of anything significant.

5      Q.   Now, do you know whether there were any

6  profitability studies done for NationsBank during the

7  exempt period for the CBs as opposed to the nonexempt?

8      A.   Profitability studies as it relates to their

9  compensation?

10     Q.   Yes, and how much they were bringing in.

11     A.   No, not that I'm aware of.

12     Q.   Now, are you aware, at any time during the '95

13 to '97 time frame, of a practice or policy at NationsBank

14 to hold overtime down as a way to manage costs in the

15 banking centers?

16     A.   We would always try to manage costs in the

17 banking center.  Whether or not overtime was involved, I

18 would assume so, but --

19          MR. KANE:  What was the period you asked about?

20          MS. DOLIN:  '95 to '97.

21          BY MS. DOLIN:

22     Q.   What about prior to 1995?

23     A.   I can't answer that.

24     Q.   You don't know?

25     A.   I don't know.

1     Q.    You would only know from the time you were in

2  compensation?

3     A.    Correct.

4     Q.    From '97 to the current time, do you know of

5  any, again, practice or concern by NationsBank to keep

6  the overtime down as a way to control costs?

7     A.    I would say yes, that's probably a budget item

8  that's controllable, and, like any other expense, we

9  would be looking at ways to maintain that.

10    Q.    Now, you said a banking center manager was

11 incented on the performance of the whole center, correct?

12    A.    Correct.

13    Q.    And that would include the profitability of the

14 center?

15    A.    No, not really.

16    Q.    How would it work?

17    A.    The sales of accounts or opening of accounts

18 and service, but it is not tied to any income statement

19 summary or results, no.

20    Q.    So if somebody was working at a branch that,

21 for some reason, had high sales but was losing money,

22 they could still get their incentive points?

23    A.    They could, yes.

24    Q.    Do you know of any situations where a bank has

25 high sales and loses money?

97

1    A.    I don't directly, no.  I guess anything's

2  possible, but no.

3    Q.    You don't know of any?

4    A.    No.  Huh-uh.  I don't even know if we measure

5  income statement at that level anymore, at the banking

6  center level.

7    Q.    When would that have stopped, if it did?

8    A.    Several years back.  You really need to ask a

9  finance person that question.

10         (Mr. DuPre entered the proceeding.)

11         BY MS. DOLIN:

12    Q.    If a banking center was unable to control its

13  costs in an effective manner, would that affect the

14  incentive of the banking center manager?

15    A.    No.  It may affect their job, but it would not

16  affect their incentive pay, not under the program that

17  was in place.

18    Q.    Now, do you know when NationsBank found out

19  about the Department of Labor's opinion on the Boatmen's

20  complaint?

21    A.    We were aware of it before we made our final

22  decision.

23    Q.    Was it after you learned of the mapping

24  problems between the Boatmen's consumer bank equivalents

25  and NationsBank consumer bankers?