UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

               Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK. N.A., a national
association,

               Defendant.



FILED by _____ D.C.

JUL 2 5 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### NationsBank's
### Reply to Plaintiffs' Response to its Motion
### to Decertify and to Dismiss Opt-In Plaintiffs

Bank of America Corporation (f/k/a BankAmerica Corporation) and Bank of America,

N.A. (f/k/a NationsBank, N.A.)(collectively referred to herein as "NationsBank"), by counsel,

hereby reply to Plaintiffs' Response to Defendant's Motion to Decertify and Dismiss Opt-Ins

("Plaintiffs' Response"):

I.     Contrary to Plaintiffs' Assertion, the Evidentiary Record is Sufficiently Developed and
      NationsBank's Motion for Decertification is Ripe at this Juncture of the Litigation.

Plaintiffs contend that, because this matter does not stand on the precipice of trial, the

Court does not have a sufficient factual record on which to consider NationsBank's Motion to

Decertify and to Dismiss Opt-In Plaintiffs ("Motion to Decertify") (Dkt. Entry 232). See



Plaintiffs' Response. p. 1-4. Plaintiffs' argument is based on a faulty premise and is otherwise flawed.

    A.    A Sufficient Factual Record Exists to Establish that the Remaining Opt-in Plaintiffs are Not Similarly Situated to the Named Plaintiffs.

When assessing a defendant's Motion to Decertify, a Court need not wait until the end of discovery; it need only satisfy itself that a sufficient factual record exists to evaluate whether the opt-in plaintiffs are similarly situated to the named plaintiffs such that the matter may proceed as a collective action pursuant to the Fair Labor Standards Act ("FLSA"). See Hipp v. Liberty National Life Insurance Co., 252 F. 3d 1208 (11th Cir. 2001). See also Ray v. Motel 6, 1996 U.S. Dist. LEXIS 22565 (D. Minn. 1996)(sufficient factual record before the Court warrants denial of class notification and dismissal of opt-in plaintiffs before discovery even begins); Mertz v. Treetop Enterprises, Inc., 1999 U.S. Dist. LEXIS 18386 (N.D. Ala 1999) (noting the "second stage" of the class certification analysis may begin after the notice phase upon the completion of some discovery on the class members' allegations). The key issue is whether the opt-in plaintiffs' allegations are sufficiently similar to those of the named plaintiffs such that it is appropriate to prosecute, not necessarily just try, their claims collectively.

Here. the opt-in plaintiffs' allegations and the scope and nature of their claims are sufficiently described and developed in their responses to NationsBank's interrogatories and requests for admission (which, as discussed below, establish the disparate nature of their claims) and the record evidence otherwise available to the Court. Additional discovery will test the veracity and accuracy of the opt-in plaintiffs' claims and the nature of the opt-in plaintiffs' alleged damages; but additional discovery will not alter the fundamental nature of the opt-in plaintiffs' allegations against the Bank. The best sources of evidence regarding whether the opt-in plaintiffs are "similarly situated" to the named plaintiffs are the opt-in plaintiffs' own

2

statements regarding their allegations, which are found in their own responses to NationsBank's interrogatories and requests for admission. Simply put, the strength of their evidence regarding whether the opt-in plaintiffs are "similarly situated" cannot get any better than their carefully crafted responses to NationsBank's interrogatories and requests for admission.

On a similar note, plaintiffs' assertion that "the Court has little more before it to decide whether the 'class' should be decertified than it did when it was called upon to decide whether it should be certified in the first place," see Plaintiffs' Response, p. 4, is equally without merit. NationsBank has undertaken significant discovery relevant to the decertification issue – to wit, its interrogatories and requests for admission to the opt-in plaintiffs.

Contrary to plaintiffs' assertions, therefore, additional discovery need not occur before the Court evaluates and rules upon NationsBank's Motion to Decertify; particularly when the record to date establishes that individual issues predominate and continued consolidation of the remaining opt-in plaintiffs' claims would not provide for an efficient resolution of the opt-in plaintiffs' claims. See NationsBank's Motion to Decertify, 6-11 (Dkt. Entry 232).

B.    Plaintiffs' Arguments Regarding the Status of Discovery are Without Merit.

In their Response, plaintiffs dodge and weave around the dispositive issue and, in an attempt to divert the Court's attention, cast aspersions regarding NationsBank's discovery responses and the veracity of NationsBank's records and evidence. See Plaintiffs' Response, p. 1-4. Plaintiffs' assertions are simply an ineffectual attempt to escape the import of NationsBank's Motion to Decertify.

For example, plaintiffs assert in their Response that, as for the timecards produced by NationsBank, "on inspection of the originals, it was found that the time cards contained numerous alterations; were incomplete; and in some cases appear to have been forged altogether,

3

thus rendering them completely unreliable." See Plaintiffs' Response, p. 3-4. In support of this assertion, plaintiffs tender the declaration of their counsel, Adam S. Choitner, to the Court, wherein he attests to the purported "alterations" he discovered upon personally inspecting plaintiffs' original timesheets. See Plaintiffs' Response at Exhibit 6, ¶¶4-5. Because of these alleged "altered" and "incomplete" timecards, plaintiffs assert that the Court should defer ruling on NationsBank's Motion to Decertify. These diversionary arguments are irrelevant to NationsBank's Motion to Decertify and unrelated to plaintiffs' burden of establishing that the opt-in plaintiffs are similarly situated to the named plaintiffs.

More importantly, however, Mr. Chotiner's Declaration is more revealing in what it does not say. Plaintiffs fail to reveal that many of the timecard "alterations" to which Mr. Chotiner refers: (1) resulted in an increase of recorded hours for the particular individual; or (2) appear to be corrections of miscalculated hours based on the hours recorded by the opt-in plaintiffs. See Affidavit of June Such, a copy of which is appended hereto as Exhibit 1. This is hardly evidence of a common scheme to deny overtime pay to the opt-in plaintiffs; regardless of the form this scheme allegedly may have taken.

Plaintiffs' obsession with NationsBank's alarm codes, vault logs and computer records is a classic red herring and equally baffling as Mr. Chotiner's Declaration. See Plaintiffs' Response, p. 3. These documents, even if they existed, are only marginally relevant and then only to the issue of the number of overtime hours the plaintiffs may have worked. These documents are not relevant to the issue of whether their managers deliberately denied them overtime pay and, if so, whether the form these alleged FLSA violation may have taken were sufficiently similar to warrant "class" treatment. The additional discovery plaintiffs wish to take regarding these

4

documents, therefore, will not unify plaintiffs' splintered and dwindling "class" of twenty-four opt-in plaintiffs.[1]

## II.    The Named and Opt-in Plaintiffs Have Failed to Establish they are Similarly Situated.

Plaintiffs assert that they and the opt-in plaintiffs are "similarly situated" and collective treatment therefore is appropriate because NationsBank "had a centralized policy of 'managing' its overtime" and, that the "resultant unlawful conduct complained of in this litigation is the result of a widespread company practice." See Plaintiffs' Response, p. 5-6. Plaintiffs, however, misstate the record evidence; it is beyond peradventure that no "centralized policy" violative of the law existed.

Contrary to the inference plaintiffs wish the Court to draw, there is nothing sinister about the Bank's efforts to "manage" overtime. In fact, the very evidence cited by plaintiffs establishes that NationsBank "managed" overtime by "[s]chedul[ing] people properly so that we don't have people working a lot of overtime." See Plaintiffs' Response, p. 5-6 & Exhibit 8. This policy is not illegal or improper. In fact, it is a simple fact of life that a business attempts to control all of its expenses, including its labor costs. More importantly, the Bank's policy to prudently manage its resources does not support plaintiffs' allegations that NationsBank violated the FLSA by denying them overtime pay for those overtime hours they allegedly worked during the relevant time period.[2]

---

[1]One hundred sixteen individuals have opted-in as plaintiffs in this action. See Motion to Decertify, p. 4-5 (Dkt. Entry 232). Ninety-two opt-ins. however. either have been dismissed or have voluntarily withdrawn without explanation. Twenty-four plaintiffs, therefore, remain.

[2]This Court already has recognized that NationsBank has a written policy "of compensating non-exempt employees who worked and recorded in excess of forty hours in a workweek [at] an overtime wage rate of one and one-half times the regular hourly rate." See this Court's May 8, 2000, Order in Jacqueline Mintz, et al. v. NationsBank, N.A., Case Number 98-8632-CIV-DIMITROULEAS, denying plaintiffs' Motion to Allow Notification to Potential Class Members and September 2, 1998, Omnibus Order in Juliet Aldred, et al. v. NationsBank,

That no "widespread company practice" violative of the FLSA existed as plaintiffs allege, see Plaintiffs' Response, p. 5-6, is further underscored by the opt-in plaintiffs' interrogatory responses and the disparate nature of the opt-in plaintiffs' allegations and their responses to NationsBank's requests for admission; which illustrate that individual issues predominate and that consolidation of these disparate claims is imprudent. See Thiessen v. General Electric Capital Corp., 13 F. Supp. 2d 1131, 1141-44 (D. Kan. 1998); Lusardi v. Xerox Corp., 122 F.R.D. 463, 466 (D.N.J. 1988).

Plaintiffs acknowledge that how the Bank "managed" overtime was "within the province of either the regional managers or the banking center managers." See Plaintiffs' Response, p. 5. Furthermore, some of the plaintiffs allege that they were not permitted to record any overtime hours, see Complaint, ¶¶14-15 (Dkt. Entry 1); other plaintiffs allege that they were permitted to record some, but not all of their overtime hours, see Plaintiffs' responses to NationsBank's First Interrogatories, collectively appended hereto as Exhibit 2; still other plaintiffs allege they were required to alter their time cards or had them altered, id.; see also Plaintiffs' Response, p. 6-7; and some of the plaintiffs allege they were given illegal "compensatory time" in lieu of overtime pay. Id. See also plaintiffs' responses to NationsBank's requests for admission, collectively appended hereto as Exhibit 3. These disparate allegations are not well-suited to collective treatment. See Ulvin v. Northwestern Nat'l Life Ins. Co., 141 F.R.D. 130, 131 ( D. Minn. 1991)(implementation of policy on a decentralized level by local management insufficient to render class similarly situated). See also Baum v. Shoney's Inc., 1998 U.S. Dist. LEXIS 21484 (M.D. Fla. 1998) (existence of "centralized" scheme or policy probative in the determination

---

N.A., Case Number 97-7547-CIV-DIMITROULEAS, denying plaintiffs' Motion to Allow Notification to Potential Class Members, both of which are respectively appended hereto as Exhibits 4 and 5.

whether putative class members are "similarly situated"). Indeed, these disparate allegations confirm Judge Dimitrouleas' initial and well-considered judgment "that resolution of the FLSA overtime issue in this case will vary from branch to branch, depending upon how individual branch managers handled overtime for the Consumer Banker II, III and IV positions." See District Court's March 26, 2001, Omnibus Order (Dkt. Entry 199).

Finally, contrary to Plaintiffs' Response, the remaining record evidence establishes that the named plaintiffs cannot satisfy the "similarly situated" standard. The named plaintiffs allege in their Complaint that NationsBank essentially forbade them, either directly or through intimidation, from recording any of the overtime hours they purportedly worked and consequently did not pay them any compensation for those alleged overtime hours. See Complaint, ¶¶14-15 (Dkt. Entry 1). However, according to the undisputed record evidence, the Bank paid overtime compensation to twenty-two of the remaining twenty-four opt-in plaintiffs; some of whom earned and were paid many thousands of dollars in overtime pay. See Motion to Decertify, p. 7-8 (Dkt. Entry 232).[3]  Therefore, as NationsBank argued in its Motion to Decertify, the members of the putative "class" are not even similarly situated with respect to the core allegations of the named plaintiffs' case against NationsBank. See Ray, 1996 U.S. Dist. LEXIS 22565 (D. Minn. 1996). Plaintiffs have never responded to, or attempted to rebut this argument.

---

[3]Opt-in Sherri Thomas did not record any overtime in 1998; but she left the Bank on March 24, 1998. The Bank is researching the payroll records of opt-in plaintiff Claudette Rose, who is a late opt-in in this matter. See Exhibits D, E & F to NationsBank's Motion to Decertify (Dkt. Entry 232).

7

III.    A Procedural Quagmire Revisited

Finally, plaintiffs contend, without support, that "handling this matter collectively will preserve, rather than destroy, the judicial economy." See Plaintiffs' Response, p. 10. The opt-in plaintiffs' discovery responses, however, belie this conclusory and unsubstantiated assertion. According to the opt-in plaintiffs, they worked in approximately thirty-eight banking centers for approximately fifty-seven different banking center managers. See Exhibit 2. The opt-in plaintiffs' discovery responses confirm that a consolidated trial of the opt-in plaintiffs' myriad claims would result in a parade of perhaps hundreds of witnesses which would occupy the Court's calendar for weeks or months. See Exhibit 2. The scope of the evidence and the disparate nature of the opt-in plaintiffs' claims would be "far beyond the limit of what a jury could reasonably be expected to absorb, retain and process," See Thiessen, 13 F. Supp.2d 1136-37; a fact which plaintiffs do not even attempt to rebut in their Response to NationsBank's Motion to Decertify. See Bayles v. American Medical Response of Colorado, 950 F. Supp. 1053, 1065-67 (D. Colo. 1996) ("oxymoronic to use [a collective action] in a case where proof regarding each individual plaintiff is required to show liability").

## Conclusion

To justify a collective action under Section 216(b) of the FLSA, the plaintiffs must "demonstrat[e] a reasonable basis for crediting their assertions that aggrieved individuals exist[] in the broad class that they propose[]," Haynes v. Singer Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983) – that is, they must prove that the plaintiffs with whom they wish to proceed to trial are "similarly situated." See Bayles, 950 F. Supp. at 1066. At this stage of the litigation, an FLSA plaintiff's burden is formidable, see Thiessen v. General Electric Capital Corp., 996 F. Supp. 1071, 1080 (D. Kan. 1998)(indeed, at this stage of the litigation, "the vast majority of district

courts deny certification"); and as demonstrated by the foregoing and in NationsBank's Motion to Decertify, plaintiffs have not and cannot satisfy this burden.

Therefore, based on the foregoing, NationsBank, by counsel, hereby requests the Court to enter an Order: (1) decertifying this action as a collective action pursuant to 29 U.S.C. §216(b); (2) dismissing the claims of all opt-in plaintiffs in this action, see Hipp, 252 F.3d at 1208; (3) awarding it the costs and attorneys' fees incurred in prosecuting this Motion; and (4) granting such other relief as the Court deems just and proper.

This the 25th day of July, 2001.

Michael T. Burke (Fla. Bar No. 338771)
Johnson, Anselmo, Murdoch, Burke & George, P.A.
790 East Broward Blvd., Suite 400
P.O. Box 030220
Fort Lauderdale, Florida 33303-0220
(954) 463-0100
(954) 463-2444 (Facsimile)

Richard F. Kane (NC Bar No. 5694)
Bruce M. Steen (VA Bar No. 31062)
J. Mark Langdon (NC Bar No. 19359)
McGuire Woods LLP
3700 NationsBank Plaza
Charlotte, North Carolina 28280
(704) 373-8999
(704) 373-8990  (Facsimile)

Counsel to NationsBank, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing in the above-captioned

proceeding has been mailed by first-class mail, postage prepaid, to plaintiffs' counsel as listed

below:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esq.
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

This the 25th day of July, 2001.

Michael T. Burke

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others similarly
situated,

              Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national
association,

              Defendant.

## **AFFIDAVIT OF JUNE C. SUCH**

June C. Such, being first duly sworn, deposes and says as follows:

1.     I am over twenty-one years of age, and suffer from no legal or mental disability or duress. I am competent to be a witness in this matter, and have personal knowledge of the facts to which I attest herein.

2.     I am currently employed as a paralegal by McGuireWoods LLP ("McGuireWoods"), which is the law firm defending the Bank in the above-captioned action. I am authorized by McGuireWoods to execute this affidavit on its behalf. The facts and matters to which I attest herein are based upon my participation in the search for and collection of timesheets requested by Plaintiffs' counsel for each Plaintiff in this action. The facts and matters

to which I attest herein are further based upon my review and maintenance of the timesheets retrieved for each plaintiff through this search.

3.    I have read the Declaration of Adam S. Chotiner, Esq. ("Declaration") attached to Plaintiffs' Response to NationsBank's Motion to Decertify and Dismiss Opt-In Plaintiffs as Exhibit 6. I was present during Mr. Chotiner's and Elissa Hulnick's review of the original timesheets referenced in Paragraph 3 of Mr. Chotiner's Declaration. I was present at this review as the custodian of these timesheets.

4.    Mr. Chotiner's Declaration fails to describe the "alterations" to which he refers in his Declaration. Therefore, after reviewing Mr. Chotiner's Declaration, I again reviewed the original timesheets to ascertain the extent and nature of these purported "alterations" for the following plaintiffs cited in Plaintiffs' Renewed Motion for Notification: (1) Roxanna Escudero; (2) Kimberly Drake; (3) Nancy Rojas; (4) Mary Bolden; (5) Dianne Kirkland; and (6) Angela Mobley.

5.    In reviewing the timesheets for these six plaintiffs, I observed 151 instances where it appears that the number of hours originally recorded on a timesheet may have been erased or covered with "white-out," and then replaced with a revised number of hours so that the both the original and revised figures were discernible. For these 151 instances, it was possible to discern whether the number of hours originally recorded subsequently were increased or decreased.

6.    Of these 151 apparent revisions, approximately 79 revisions appeared to increase the number of hours from the number of hours originally recorded. The remaining 72 revisions appeared to reduce the number of hours from the number originally recorded.

2

7.    With respect to each of the following plaintiffs, my review of their timesheets revealed:

a)    Kimberly Drake:  Ms. Drake's timesheets appeared to contain fifty-three revisions which revealed both the original and revised number of hours.  Thirty-four of these revisions appeared to increase the number of hours originally recorded; nineteen appeared to reduce the number of hours originally recorded;

b)    Nancy Rojas:  Ms. Rojas' timesheets appeared to contain twelve revisions which revealed both the original and revised number of hours.  Five of these revisions appeared to increase the number of hours originally recorded; seven appeared to reduce the number of hours originally recorded;

c)    Roxanna Escudero:  Ms. Escudero's timesheets appeared to contain fifty-one revisions which revealed both the original and revised number of hours.  Fifteen of these revisions appeared to increase the number of hours originally recorded; thirty-six appeared to reduce the number of hours originally recorded;

d)    Dianne Kirkland:  Ms. Kirkland's timesheets appeared to contain seven revisions which revealed both the original and revised number of hours.  Three of these revisions appeared to increase the number of hours originally recorded; four appeared to reduce the number of hours originally recorded;

e)    Angela Mobley:  Ms. Mobley's timesheets appeared to contain five revisions which revealed both the original and revised number of hours.  Two of these revisions appeared to increase the number of hours originally recorded; three appeared to reduce the number of hours originally recorded;

3

(f)    <u>Mary Bolden</u>: Ms. Bolden's timesheets appeared to contain twenty-three revisions which revealed both the original and revised number of hours. Thirteen of these revisions appeared to increase the number of hours originally recorded; ten appeared to reduce the number of hours originally recorded.

8.    Many of the revisions that reduced the number of hours originally recorded on a timesheet appeared to be corrections of addition errors – e.g., mistakes made when adding daily hours worked to arrive at a daily or weekly sum. The timesheets also contain "revisions" that appear only to clarify or repeat the number of hours originally recorded in a more legible fashion.

Further this affiant sayeth not.

June C Such

JUNE C. SUCH

Sworn to and subscribed before me,
a Notary Public, this 20th day of
_____, 2001.

Notary Public

My Commission Expires: _____

Chris Murphy, Notary Public
Mecklenburg County, North Carolina
My Commission Expires 6/15/2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF ELKE G. ADAMS' ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, ELKE G. ADAMS, through counsel, hereby files her Answers to the

First Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby

certifies that this Notice along with the original Answers were sent this $\frac{29^{th}}{21}$ day of May,

2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790

East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail);

Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America

Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and Caryl

Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By:

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

     Defendant.

_____/

## PLAINTIFF ELKE G. ADAMS' ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, ELKE G. ADAMS, through counsel, and pursuant to Federal Rules of

Civil Procedure 33, hereby serves her Answers to Defendant's First Set of Interrogatories

to Plaintiff as follows:

## INTERROGATORIES

1.    Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

(a)    Your full name;

Page 3 of 18

*Elke Gabriele Adams.*

(b)   Any past names by which you were known (including maiden names, alias or changed names);

*Elke - Gabriele Weigler (maiden name).*

(c)   Your social security number;

*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*

(d)   Any other social security numbers you have used or designated in your lifetime other than your current social security number;

N/A.

(e)   Your residence addresses from January 1, 1997 to the present;

*2782 S. Waterworks Road, Buford, GA 30518.*

(f)   Your telephone numbers from January 1, 1997 to the present; and

*770.945.1021*

(g)   The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.   List each and every position you held while employed by NationsBank including, but not limited to, the position's job title, rate of pay, your immediate supervisor while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *Consumer Banker IV; pay was between $26,000 to $27,250; immediate supervisors were Angela Raines and Kelly James.*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *NationsBank*
> *1605 Buford Way*
> *Buford, GA 30518*
>
> *NationsBank*
> *400 Peachtree Lane Blvd.*
> *Suwanee,Ga 30174*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory No.

3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

    (a)    Regional Executive;

          *Leslie Chosely*

    (b)    Regional Sales Manager;

          *Marty Poole*

    (c)    Regional Service Manager;

          *Lynn Ryan*

    (d)    Banking Center Manager; and

          *Angela Raines and Kelly James*

    (e)    Customer Service Manager

          *Toriwa Simmons and another individuals whose name I do not recall.*

5.    Please state each access code that you used to activate or deactivate the building alarm, or any other security or alarm system, at each NationsBank location identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *Do not remember.*

6.    Please state each computer password or "NBK" code that you used to log on to and log off of any NationsBank computer system during your tenure at each and every NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

*NBK 5130*

7.    State the name, business address, business phone number and job title or position of all NationsBank personnel who "either refused to permit [you], and, upon information and belief, other similarly situated employees, to record the number of hours worked in excess of forty (40) or expressly instructed [you], and, upon information and belief, other similarly situated employees, against recording the number of hours worked in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *Angela Raines; Kelly James; Adrian Whitley; Stacy Wheeler; Katie Parkinson.*

8.    State the name, business address, business phone number and job title or position of all NationsBank personnel who engaged in pay policies, practices and procedures that "violated the FLSA by failing to provide overtime pay to [you], and other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*

> *First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *Same as Answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all "similarly

situated employees" to whom you contend the allegations contained in Paragraph 15 of the

Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *Do not recall names.*

10.    For each and every person listed in your response to Interrogatory No. 9, state

the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person] to

record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

> *See Answer to Interrogatory No. 7.*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

> *Angela Raines repeatedly stated that she had been told by upper management that the Bank would not pay us for overtime.*

13.    Identify each NationsBank employee who was responsible for scheduling your

hours of work at each NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

> *Kelly James.*

14.    Identify each and every week during your tenure at each NationsBank location

listed in your response to Interrogatory No. 3 during which you contend you worked in

excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *I constantly worked more than forty (40) hours in any given week. Every week we had a different schedule; there were never consistent scheduled work hours.*

(a)    The beginning and ending date for each such week;

> *See above answer.*

(b)    The amount of time you reported for each date during each such week.

> *See above answer.*

(c)    The amount of time you actually worked each day during each such week;

> *See above answer.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> *See above answer.*

(e)    The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Completing all necessary work.*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your answer

to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *No method, process, or formula utilized.*

16.   Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

17.   Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *While I do not recall specific dates, I do recall getting paid overtime for coming in on days off if the banking center was short on personnel.*

Page 11 of 18

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *I do not recall ever working less than forty (40) hours in any given week.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

*Do not recall.*

(b)   The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

*Do not recall.*

(c)   The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

*Vacation.*

(d)   Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

*Received normal vacation pay.*

(e)   The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

*Kelly James.*

(f)   Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*Do not recall.*

20.   If you ever complained to your supervisor or any other NationsBank employee

about not receiving overtime pay for the house you claimed you worked in excess of forty

(40) during any given week after December 1, 1997, the specify:

Page 13 of 18

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

   *I did not complain for fear of losing my job.*

(b)    The date you made each such complaint; and

   *See above answer to subparagaph (a).*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

   *See above answer to subparagaph (a).*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

   *See above answer to subparagaph (a).*

21.    For each person who is believe or known by you, your agents or your attorneys to have any knowledge whatsoever relating to your individual claim for overtime pay against NationsBank, specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

*See Answer to Interrogatory No. 7.*

(b)    The subject matter about which each such person has knowledge; and

*See Answer to Interrogatory No. 7.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

*See Answer to Interrogatory No. 7.*

22.    Identify each person who you may call as witnesses at trial, and provide a brief description of the facts about which each witness is expected to testify. If you are presently unable to provide a complete response to this Interrogatory, please respond as fully as possible at this time and supplement this response as required by the Federal Rules of Civil Procedure at such time as additional names and witnesses become known to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *Plaintiff Elke G. Adams further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams is presently unable to identify each person she may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and state the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify and the summary of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.   Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*
>
> *Plaintiff Elke G. Adams further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.   Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla.*

*L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

*None.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Elke G. Adams further answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

*In or about May 1998.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

*I was terminated by the Bank.*

(c)    Whether you collected unemployment benefits following your termination;

*I did collect unemployment.*

(d)    The name of your supervisor at the time your employment was terminated.

*Les Chosely, Marty Poole, and Customer Service Manager (whose name I do not recall at this time).*

(e)    The name of your supervisor at the time your employment was terminated;

*Kelly James.*

STATE OF _Georgia_

COUNTY OF _Gwinnett_

I, Elke G. Adams, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Elke G. Adams served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____ (SEAL)
Elke G. Adams

SWORN TO and subscribed
before me this the _26_
day of _April_, 2001.

_____
Notary Public

My Commission expires:

[SEAL]

Debra K. Hill
Notary Public, Hall County, Georgia
My Commission Expires May 15, 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.



BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/

## NOTICE OF FILING PLAINTIFF DEBORAH J. AGNEW'S ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

        The Plaintiff, NANCY ROJAS, through counsel, hereby files her Answers to the First

Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby certifies

that this Notice along with the original Answers were sent this $\underline{2\,9}$ day of May, 2001, to

Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790 East

Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail);

Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America

Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and Caryl

Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

Page 1 of 20

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By:
    SUSAN L. DOLIN, ESQ.
    Fla. Bar No. 708690
    ADAM S. CHOTINER, ESQ.
    Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

   Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

   Defendant.

_____/

## PLAINTIFF DEBORAH J. AGNEW'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, DEBORAH J. AGNEW, through counsel, and pursuant to Federal

Rules of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1. Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*

 (a) Your full name;

*Deborah J. Agnew.*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

      *N/A.*

(c)    Your social security number;

      *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.*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

      *N/A.*

(e)    Your residence addresses from January 1, 1997 to the present;

      *23298 Nameless Road, Leander, TX 78641*

      *20607 Live Oak, Leander, TX 78041*

(f)    Your telephone numbers from January 1, 1997 to the present; and

      *(512) 267-7745*

(g)    The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Consumer Banker; do not recall exact rate of pay; was supervised by Chuck Fuqua, David McCaskill, Jeff Eason, Ron Lambard, Annabelle Martinez, james Waugh. (I do not recall the specific dates each of these individuals supervised me.)*

3.  Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *1985 to 1997 Northwest Austin*
> *Research Blvd., Austin, TX*
>
> *6/97 to 12/97 Shoal Creek*
> *Shoal Creek Blvd., Austin, TX*
>
> *1/98 to 6/98 Ohlen Road*
> *Research Blvd., Austin, TX*
>
> *6/98 to 7/99 Cedar Park*
> *100 bell Avenue*
> *Cedar Park, TX*

4.  Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*

(a)  Regional Executive;

> *Andrew Elliott*

(b)  Regional Sales Manager;

> *Vince Ewald, Cliff Bandy*

(c)  Regional Service Manager;

> *Ronnie Gregory*

(d)  Banking Center Manager; and

> *Chuck Fuqua*
> *David McCaskill*
> *Jeff Eason*
> *Ron Lambard*
> *Annabelle Martinez*
> *James Waugh*

(e)  Customer Service Manager

> *·  Do not know.*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Do not remember.*

6. Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Do not remember.*

7. State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Jeff Eason; Banking Center Manager, Shoal Creek Branch.*

8. State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

9.     State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Debbie Davidson*
> *Paula Nations*
> *Pamela Davidson*
> *Judy Brown*
> *Pat Morrison*

10.     For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Ronnie Gregory*
> *James Waugh*
> *Chuck Fuqua*
> *Jeff Eason*
> *Debbie Davidson*
> *Paula Nations*
> *Pamela Davidson*
> *Judy Brown*
> *Pat Morrison*
> *Ron Lambard*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Banking Center Managers Jeff Eason, Chuck Fuqua, Jim Waugh, and Ron Lambard each indicated that hours worked in excess of forty (40) were to be taken as comp-time.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> | | |
> |---|---|
> | *Northwest Austin* | *Chuck Fuqua* |
> | *Shoal Creek* | *Jeff Eason* |
> | *Ohlen Park* | *Jim Waugh* |

14.    Identify each and every week during your tenure at each NationsBank

location listed in your response to Interrogatory No. 3 during which you contend you

worked in excess of forty (40) hours, and for each such week provide the following

information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*

        (a)    The beginning and ending date for each such week;

*Do not specifically recall.*

(b)    The amount of time you reported for each date during each such week.

*Do not specifically recall.*

(c)    The amount of time you actually worked each day during each such week;

*Do not specifically recall. On average, I worked approximately fifty (50) hours per week.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

*On average, would arrive at work at approximately 7:15 a.m. to 7:30 a.m., and would leave at approximately 5:30 p.m. I often did not take a lunch; if I did, it would be for approximately 15-30 minutes.*

(e)    The activities or task which required you to work any overtime which you claimed you worked during each such week.

*Completion of necessary work; learning new computer systems; meetings.*

15.    Describe in specific detail the method, process or formula, including the identification of all documents, you utilized to track or calculate the number of hours in excess of forty (40) that you contend you worked during each week identified in your answer to Interrogatory No. 14.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*

*No method, process, or formula was utilized. Average hours worked per week of fifty (50) is based on recollection and the hours I generally worked as reflected in the Answer to Interrogatory No.*

*14(d).*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Ronnie Gregory*
> *Debbie Davidson*
> *Pat Morrison*
> *Ron Lambard*
> *Paula Nations*
> *Chuck Fuqua*
> *Pamela Davidson*
> *Jeff Eason*
> *Judy Brown*
> *James Agnew*
> *Amy Agnew*
> *Linda Stasswender*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Do not specifically recall whether I was paid overtime at any time*

*subsequent to December 1, 1997.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Do not specifically recall working less than forty (40) hours in any given work week.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*

(a)   The date or dates (including the year) on which each occasion of leave began and ended;

> *Three (3) week sick leave commencing approximately May 28, 1998.*

(b)   The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

> *Approximately three (3) weeks.*

(c)   The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

> *Sick leave; ruptured appendix.*

(d)   Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

> *Paid in full at regular rate.*

(e)   The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

> *David McCaskill and Ron Lambard*

(f)   Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

> *Do not specifically recall.*

20.   If you ever complained to your supervisor or any other NationsBank

employee about not receiving overtime pay for the house you claimed you worked in

excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Do not specifically recall any particular conversations. In general I did complain to each of the individuals indicated in the Answer to Interrogatory No. 11, or, if not a explicit complaint, I discussed the issue of not receiving overtime pay and having to take comp-time. I recall, in general, that when I would complaint to supervisors, they would respond basically by indicating that there was nothing they could do and that that is the way it was going to be.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *See above answer.*

(b)    The date you made each such complaint; and

> *See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *See above answer.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *See individuals indicated in the Answer to Interrogatory No. 16.*

(b)    The subject matter about which each such person has knowledge; and

> *I believe these individuals would have knowledge of my hours worked.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *Do not recall any specific statements.*

22.    Identify each person who you may call as witnesses at trial, and provide a brief description of the facts about which each witness is expected to testify. If you are presently unable to provide a complete response to this Interrogatory, please respond as fully as possible at this time and supplement this response as required by the Federal Rules of Civil Procedure at such time as additional names and witnesses become known to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*

> *Plaintiff Deborah J. Agnew further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew is presently unable to identify each person she may call as a witness at trial.*

23.     Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.     Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Plaintiff Deborah J. Agnew further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*
>
> *Husband: James Agnew. Objection to disclosing the contents of any discussions had with husband.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Deborah J. Agnew answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

> *June 1999.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

> *Voluntary termination.*

(c)    Whether you collected unemployment benefits following your termination;

      *Did not collect unemployment benefits.*

(d)    The name of your supervisor at the time your employment was terminated.

      *N/A.*

(e)    The name of your supervisor at the time your employment was terminated;

      *James Waugh.*

STATE OF _Texas_

COUNTY OF _Williamson_

I, Deborah J. Agnew, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Deborah J. Agnew served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____(SEAL)
Deborah J. Agnew

SWORN TO and subscribed
before me this the _26th_
day of _April_, 2001.

_____
Notary Public

My Commission expires:

[SEAL]


KIMBERLY B. COLE
MY COMMISSION EXPIRES
August 17, 2002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

    Defendant.

_____/

## NOTICE OF FILING PLAINTIFF TEMPY AGUILAR DEMARCO'S ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, TEMPY AGUILAR-DEMARCO, through counsel, hereby files her

Answers to the First Set of Interrogatories propounded by Defendant on February 28,

2001, and hereby certifies that this Notice along with the original Answers were mailed this

$\underline{21}$ day of May, 2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for

Defendant, 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220;

Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America

Plaza, 101 South Tyron Street, Charlotte, NC 28280; and Caryl Boies, Esq., Boies, Schiller

& Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood Boulevard, Hollywood, Florida

33020.

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail:  sldolin@mwdl-law.com
e-mail:  aschotiner@mwdl-law.com

By:_____
      SUSAN L. DOLIN, ESQ.
      Fla. Bar No. 708690
      ADAM S. CHOTINER, ESQ.
      Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

## PLAINTIFF TEMPY AGUILAR-DEMARCO'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, TEMPY AGUILAR-DEMARCO, through counsel, and pursuant to

Federal Rules of Civil Procedure 33, hereby serves her Answers to Defendant's First Set

of Interrogatories to Plaintiff as follows:

## INTERROGATORIES

1.    **Please** provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

    (a)    Your full name;

*Tempy Aguilar DeMarco*

(b)   Any past names by which you were known (including maiden names, alias or changed names);

*Tempy Seay Aguilar and Tempy S. DeMarco*

(c)   Your social security number;

*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*

(d)   Any other social security numbers you have used or designated in your lifetime other than your current social security number;

*None.*

(e)   Your residence addresses from January 1, 1997 to the present;

*123 New Market Circle, Lexington, SC 29073*

(f)   Your telephone numbers from January 1, 1997 to the present; and

*803.356.7104*

(g)   The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.   List each and every position you held while employed by NationsBank including, but not limited to, the position's job title, rate of pay, your immediate supervisor while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *1984 - 1990: Head Teller; pay at $11,000 to $18,000; do not recall increases; Pat Ridick / Patricia Leque, immediate supervisors; Oak Grove Office.*
>
> *1991 - 1991: Customer Service Representative, do not recall rate of pay; Jay Bland, immediate supervisor; Oak Grove Office.*
>
> *1991 - 1994: Consumer Banker; Oak Grove Office.*
>
> *In or about 1994 to in or about 1994: Loan Officer/Consumer Banker; Approx. $24,000 per year + commission; Airport Banking Center.*
>
> *1994 to 1995: Bank Officer; $26,000 + commission; Airport Banking Center.*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *Airport Office (71804)*
> *2324 Airport Blvd., W. Cola., SC 29170*
> *803.791.0767*
> *1994 through 1998 (May)*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

(a)    Regional Executive;

> *Phillips McDowell*

(b)    Regional Sales Manager;

> *Terry Kirwin*

(c)    Regional Service Manager;

> *Do not remember.*

(d)    Banking Center Manager; and

> *Tony Tronco was BCM approx. 1 to 1-1/2 years I transferred to the Airport location. Several BCMs succeeded Mr. Tronco.*

(d)    Customer Service Manager

> *Do not believe there was one.*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

*Do not remember.*

6.      Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

> *Do not remember.*

7.      State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

> *Kay Priester
> Phillip McDowell
> Terry Kirwin*

8.      State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

> *See answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all "similarly situated employees" to whom you contend the allegations contained in Paragraph 15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

> *Do not know.*

10.    For each and every person listed in your response to Interrogatory No. 9, state the name, business address, business phone number and job title or position of all NationsBank personnel whom you contend "either refused to permit [each such person] to record the number of hours worked in excess of forty (40) or expressly instructed [each such person] against recording the number of hours worked in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *See answer to Interrogatory No. 7.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *Kevin Vickey*
> *Dolly Miller*
> *Charlene Oakley*
> *Stephanie McGee*
> *Celestine Morgan*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *Do not recall the specific dates of statements. However, it was stated to me by Terry Kirwin and Phillips McDowell that our commission pay was our "overtime" compensation.*

13.    Identify each NationsBank employee who was responsible for scheduling your hours of work at each NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *My hours were not scheduled.*

14.    Identify each and every week during your tenure at each NationsBank location listed in your response to Interrogatory No. 3 during which you contend you worked in excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not remember specifically.*

(b)    The amount of time you reported for each date during each such week.

> *Do not remember specifically.*

(c)    The amount of time you actually worked each day during each such week;

> *Do not remember specifically; on average, worked approximately 50-55 hours per week.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> *Do not remember specifically; on average, worked from approximately 8:45 a.m. to 7:45 p.m. On average I would take approximately 45 minutes for lunch, although many times I ate lunch while working in the office.*

(e)    The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Customer service, loans, and walk-in traffic.*

15.    Describe in specific detail the method, process or formula, including the identification of all documents, you utilized to track or calculate the number of hours in excess of forty (40) that you contend you worked during each week identified in your answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *As indicated in the answer to Interrogatory No. 14, I recall working, on average, approximately 50-55 hours per week. On average, I worked from approximately 8:45 a.m. to 7:45 p.m.*

16.    Identify all persons with any knowledge that supports or otherwise relates to your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *Dally Miller*

> *Celestine Morajn-Cayce*
> *Stephanie McGee*
> *Charlene Oakley*
> *Vickie [last name unknown]*
> *Tony Tronco*
> *Mark DeMarco*
> *Sandra Amodio*
> *Melanie Fisher*
> *Terry Kirwin*
>
> *Others whose names I do not remember.*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *While I do recall getting paid overtime a few times, I do not remember*
> *specifically how many times or for which work weeks.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

*I do not recall working less than forty (40) hours in any work week, other than vacation time.*

(a) The beginning and ending date for each such during [sic] which you worked less than 40 hours;

*See above answer.*

(b) The amount of hours you worked during each such week; and

*See above answer.*

(c) The reason(s) you worked less than 40 hours during each week listed above.

*See above answer.*

19. If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

*I took paid sick leave in or about December, 1997 for hysterectomy. Do not recall any other specifics regarding the leave.*

(a) The date or dates (including the year) on which each occasion of leave began and ended;

*See above answer.*

(b) The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

> *See above answer.*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

> *See above answer.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

> *See above answer.*

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

> *See above answer.*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

> *See above answer.*

20.    If you ever complained to your supervisor or any other NationsBank employee about not receiving overtime pay for the house you claimed you worked in excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

*Do not remember.*

(a)     The name and title of each supervisor or other NationsBank personnel to whom you complained:

*See above answer.*

(b)     The date you made each such complaint; and

*See above answer.*

(c)     Each and every person who was present while you were informing each person listed above about your complaint(s); and

*See above answer.*

(d)     A detailed description of the substance of each complaint you made to each individual listed.

*See above answer.*

21.     For each person who is believe or known by you, your agents or your attorneys to have any knowledge whatsoever relating to your individual claim for overtime pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *Dally Miller*
> *Celestine Morajn-Cayce*
> *Stephanie McGee*
> *Charlene Oakley*
> *Vickie [last name unknown]*
> *Tony Tronco*
> *Mark DeMarco*
> *Sandra Amodio*

*Melanie Fisher*
*Kevin Vickey*
*Phillips McDowell*

*I believe the foregoing individuals have knowledge of the hours I was working.*

*Kevin Vickey*

(b)    The subject matter about which each such person has knowledge; and

   *See above answer.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

   *See above answer.*

22.    Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

*Plaintiff Tempy Aguilar-DeMarco further objects to this Interrogatory*

> *to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco is presently unable to identify each person she may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*
>
> *Plaintiff Tempy Aguilar-DeMarco further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

> *My husband, Mark DeMarco*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tempy Aguilar-DeMarco further answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

> *May or June, 1998.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

> *Voluntarily left to take a sales position with Premier Glass.*

(c)    Whether you collected unemployment benefits following your termination;

*No.*

(d) The name of your supervisor at the time your employment was terminated.

*Not applicable.*

(e) The name of your supervisor at the time your employment was terminated;

*Phillips McDowell.*

.

STATE OF _South Carolina_

COUNTY OF _Lexington_

I, Tempy Aguilar-DeMarco, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Tempy Aguilar-DeMarco served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_Tempy Aguilar DeMarco_ (SEAL)
Tempy Aguilar-DeMarco

SWORN TO and subscribed
before me this the _1 st_
day of _April_, 2001.

_Joyca P. Houghden_
Notary Public

My Commission expires:

[SEAL]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,



vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF KATHY FOSTER ANDREWS' ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, KATHY FOSTER ANDREWS, through counsel, hereby files her

Answers to the First Set of Interrogatories propounded by Defendant on February 28,

2001, and hereby certifies that this Notice along with the original Answers were sent, this

$26$ day of **May, 2001**, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for

Defendant, **790 East Broward** Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220

(via U.S. Mail); Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank

of America Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and

Caryl Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/

### PLAINTIFF KATHY FOSTER ANDREWS' ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, KATHY FOSTER ANDREWS, through counsel, and pursuant to

Federal Rules of Civil Procedure 33, hereby serves her Answers to Defendant's First Set

of Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1.    Please provide the following information:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*

(a)    Your full name;

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

*Kathy Foster-Andrews*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

*Kathy Andrews*

(c)    Your social security number;

*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*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

N/A.

(e)    Your residence addresses from January 1, 1997 to the present;

*Past:*
*1411 Willow Bend Drive*
*Snellville, GA 30087*

*Present:*
*3000 Millwater Crossing*
*Dacula, GA 30019*

(f)    Your telephone numbers from January 1, 1997 to the present; and

*Past: 770.736.1046*
*Present: 770.271.7766*

(g)    The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

*Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this*

*Interrogatory is overbroad and unduly burdensome.*

2.     List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *1991 - 1997:*
> *1992 - Teller, Manager Jeff Wall, $7.25*
> *1993 to 1997 - Consumer Banker III*
> *Managers: Debbie Kirkpatrick; David Callihan; Suzanne Cronic; and Jason Weaver*
> *Do not recall specfic pay; approximate average $25,000 per year*

3.     Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *4153 Highway 29*
> *Lilburn, Ga 30047*

4.     Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory No.

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*

(a)   Regional Executive;

> *Do not know.*

(b)   Regional Sales Manager;

> *Tammy (do not know last name)*

(c)   Regional Service Manager;

> *Nancy Erickson*

(d)   Banking Center Manager; and

> *Jeff Wall; Debbie Kirpatrick; David Callihan; Suzanne Cronic; and Jason Weaver*

(e)   Customer Service Manager

> *N/A*

5.    Please state each access code that you used to activate or deactivate the building alarm, or any other security or alarm system, at each NationsBank location identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *Do not recall each access code; recall that one code was 046782.*

6.     Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*

> *Do not recall.*

7.     State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*

> *Nancy Erickson and Suzanne Cronic*

8.     State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all "similarly

situated employees" to whom you contend the allegations contained in Paragraph 15 of the

Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *Mark Britt*
> *678.571.7661*

10.    For each and every person listed in your response to Interrogatory No. 9, state

the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person] to

record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to*

*same, Plaintiff Kathy Foster Andrews further answers as follows:*

*Nancy Erickson and Suzanne Cronic*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *Jason Weaver; Suzanne Cronic; Nancy Erickson; Debbie Kirkpatrick*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *Do not recall specific dates. I recall being told by Nancy Erickson that the Consumer Bankers were hired for forty-five (45) hours plus per week and that we would only be paid for forty (40) hours.*

13.    Identify each NationsBank employee who was responsible for scheduling your

hours of work at each NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla.*

> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *Suzanna Cronic.*

14.    Identify each and every week during your tenure at each NationsBank location listed in your response to Interrogatory No. 3 during which you contend you worked in excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not recall.*

(b)    The amount of time you reported for each date during each such week.

> *Do not recall.*

(c)    The amount of time you actually worked each day during each such week;

> *Do not recall. On average, worked approximately forty-five (45) to fifty (50) hours per week.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> *Do not recall.*

(e)    The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Job duties and responsibilities.*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your answer

to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to*
> *same, Plaintiff Kathy Foster Andrews further answers as follows:*

> *No method, process, or formula used.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to*
> *same, Plaintiff Kathy Foster Andrews further answers as follows:*

> *Mark Britt and Suzanne Cronic.*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to*
> *same, Plaintiff Kathy Foster Andrews further answers as follows:*

> *Do not recall being paid overtime by NationsBank at any time after December 1, 1997.*

18.   If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *Do not recall ever working less than forty (40) hours in any given week.*

(a)   The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)   The amount of hours you worked during each such week; and

> *See above answer.*

(c)   The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.   If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

   *N/A.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

   *N/A.*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

   *N/A.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

   *N/A.*

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

   *N/A.*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

   *N/A.*

20.    If you ever complained to your supervisor or any other NationsBank employee

about not receiving overtime pay for the house you claimed you worked in excess of forty

(40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *Suzanne Cronic.*

(b)    The date you made each such complaint; and

> *Do not recall.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *Do not recall.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *Ms. Cronic told me that it was NationsBank's policy not to pay overtime and to get used to it.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *See Answer to Interrogatory No. 11.*

(b)    The subject matter about which each such person has knowledge; and

*See above answer.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

*See above answer.*

22.    Identify each person who you may call as witnesses at trial, and provide a brief

description of the facts about which each witness is expected to testify. If you are presently

unable to provide a complete response to this Interrogatory, please respond as fully as

possible at this time and supplement this response as required by the Federal Rules of Civil

Procedure at such time as additional names and witnesses become known to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *Plaintiff Kathy Foster Andrews further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews is presently unable to identify each person she may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*
>
> *Plaintiff Kathy Foster Andrews further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*

*None.*

26.   If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Kathy Foster Andrews further answers as follows:*

(a)   The date upon which your employment with NationsBank and/or Bank of America terminated;

*May 1997.*

(b)   The reasons for the termination of your employment with NationsBank and/or Bank of America;

*I was no longer capable of working more than forty-five (45) hours per week with two children.*

(c)   Whether you collected unemployment benefits following your termination;

*I did collect unemployment.*

(d)   The name of your supervisor at the time your employment was terminated.

*None.*

(e)   The name of your supervisor at the time your employment was terminated;
*Answer: Debbie Kirkpatrick.*

STATE OF _Ga_

COUNTY OF _Gwinnett_

I, Kathy Foster Andrews, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Kathy Foster Andrews served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_Kathy Foster Andrews_ (SEAL)
Kathy Foster Andrews

SWORN TO and subscribed
before me this the _16_
day of _March_, 2001.

_Shawn S. Hamilton_
Notary Public

My Commission expires:
    Notary Public, Hall County, Georgia
[SEAL]    My Commission Expires June 4, 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF ANNETTE B. ARMSTRONG'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, ANNETTE B. ARMSTRONG, through counsel, hereby files her

Answers to the First Set of Interrogatories propounded by Defendant on February 28,

2001, and hereby certifies that this Notice along with the original Answers were mailed this

‾ day of May, 2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for

Defendant, 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220

(via U.S. Mail); Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank

of America Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and

Caryl Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/

## PLAINTIFF ANNETTE B. ARMSTRONG'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, ANNETTE B. ARMSTRONG, through counsel, and pursuant to

Federal Rules of Civil Procedure 33, hereby serves her Answers to Defendant's First Set

of Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1.    **Please provide the following information:**

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*

(a)    Your full name;

      *ANNETTE B. ARMSTRONG*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

      *N/A*

(c)    Your social security number;

      *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*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

      *N/A*

(e)    Your residence addresses from January 1, 1997 to the present;

      *1902 W. Lake Ridge Drive, Albany, GA 31707*

(f)    Your telephone numbers from January 1, 1997 to the present; and

      *912.432.0095*

(g)    The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> 7/1/61 to 1976
> Credit Investigator
> Ed Freeman
> I do not recall rate of pay in 1961 to 1976
>
> 1976 to April 2001
> Consumer Banker
> Annette Stone
> Approx. $30,750.00/yr.

3.     Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Bank of America*
> *211 E. Oglethorpe Avenue*
> *Albany, GA 31705*
> *Branch 0209-346*
> *1976 to April 2001*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*

(a)    Regional Executive;

> *Patsy Martin*

(b)    Regional Sales Manager;

> *Kathy Deloach*

(c)    Regional Service Manager;

> *Robin Simpson*

(d)    Banking Center Manager; and

> *Kathy McDonald*

(d)    Customer Service Manager

> *Annette Stone*

.

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *120123*

      6.     Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *NBKAFT2*

7.    State the name, business address, business phone number and job title or position of all NationsBank personnel who "either refused to permit [you], and, upon information and belief, other similarly situated employees, to record the number of hours worked in excess of forty (40) or expressly instructed [you], and, upon information and belief, other similarly situated employees, against recording the number of hours worked in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Kathy McDonald, Banking Center Manager*
> *Patsy Martin, Regional Executive*

8.    State the name, business address, business phone number and job title or position of all NationsBank personnel who engaged in pay policies, practices and procedures that "violated the FLSA by failing to provide overtime pay to [you], and other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Kathy McDonald*
> *Banking Center Manager*
> *2111 E. Oglethorpe*
> *Albany, GA 31705*
>
> *Annette Stone*
> *Customer Service Manager*
> *2111 E. Oglethorpe*
> *Albany, GA 31705*
>
> *Patsy Martin*
> *Regional Executive*

9.     State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Susie Reynolds*

10.    For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Kathy McDonald*
> *Annette Stone*
> *Susie Reynolds*
> *Patsy Martin*

12.  Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff ANNETTE B. ARMSTRONG further answers as
> follows:*
>
> *Do not recall specific dates. I recall Banking Center Manager Kathy
> McDonald telling me at some point around the time this lawsuit was
> filed that I could record only a certain amount of overtime per week
> and no more. Subsequently, I recall Ms. McDonald telling me that
> Patsy Martin, the Regional Executive, had called her and said that I
> could not have any more overtime. Accordingly, while I was working
> overtime, I did not record it.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *There was no written schedule.*

14.    Identify each and every week during your tenure at each NationsBank location listed in your response to Interrogatory No. 3 during which you contend you worked in excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not specifically remember.*

(b)    The amount of time you reported for each date during each such week.

> *Do not specifically remember.*

(c)    The amount of time you actually worked each day during each such week;

> *Do not specifically remember; on average, worked approximately 60-65 hours per week.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> *Do not specifically remember.*

(e)    The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Doing all necessary work and dealing with customers.*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your

answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff ANNETTE B. ARMSTRONG further answers as
> follows:*
>
> *No method, process or formula utilized.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Plaintiff further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege and/or work-product doctrine. With waving the foregoing objection, and subject to same Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Kathy McDonald*
> *Annette Stone*
> *Susie Reynolds*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *While I do recall getting paid overtime for a short period, I do not recall the dates of this period. I also do not recall how much I received in overtime pay.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Answering further, I do not specifically recall working less than forty (40) hours in any given week during my employment with NationsBank.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

> *Do not specifically recall. Approximately two to three weeks vacation each year.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

> *See answer to subpart (a).*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

> *See answer to subpart (a).*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

> *Vacation time paid at regular pay rate.*

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such

occasion of leave from your employment; and

*Kathy McDonald and Annette Stone.*

(f)     Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*I recorded my vacation time.*

20.    If you ever complained to your supervisor or any other NationsBank

employee about not receiving overtime pay for the house you claimed you worked in

excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *I recall asking my supervisor Annette Stone if I would get paid overtime for working on Saturday at another banking center. Ms. Stone said that I would not and that I would have to take "comp time." But I was never allowed to take the "comp" time.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *See above answer.*

(b)    The date you made each such complaint; and

> *See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *See above answer.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Kathy McDonald*
> *Annette Stone*
> *Susie Reynolds*

(b)    The subject matter about which each such person has knowledge; and

> *I believe these individuals have knowledge of the hours I was working as well as the fact that I was not permitted to record all my hours worked.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *Do not specifically recall any statements.*

22.    Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Plaintiff ANNETTE B. ARMSTRONG further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG is presently unable to identify each person she may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANNETTE B. ARMSTRONG further answers as follows:*
>
> *Plaintiff ANNETTE B. ARMSTRONG further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff ANNETTE B. ARMSTRONG further answers as
> follows:*
>
> *None.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff ANNETTE B. ARMSTRONG further answers as
> follows:*

(a)    The date upon which your employment with NationsBank and/or Bank
of America terminated;

> *April, 2001*

(b)    The reasons for the termination of your employment with NationsBank
and/or Bank of America;

> *Retirement*

(c)    Whether you collected unemployment benefits following your
termination;

> *Did not collect unemployment*

(d)    The name of your supervisor at the time your employment was
terminated.

> *N/A*

(e)    The name of your supervisor at the time your employment was
terminated;

> *Kathy McDonald*

STATE OF _Georgia_

COUNTY OF _Dougherty_

I, Annette B. Armstrong, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Annette B. Armstrong served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____ (SEAL)

Annette B. Armstrong

SWORN TO and subscribed
before me this the _15th_
day of _March_____, 2001.

_____
Notary Public

My Commission expires: _6 -/7- 2003_

[SEAL]

Notary:
_3 - 15 - 2001_
_9pp_
_7/7/03_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

      Plaintiffs,

vs.



BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

      Defendant.

_____/

## NOTICE OF FILING PLAINTIFF JOHN R. BARI'S ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, JOHN R. BARI, through counsel, hereby files his Answers to the First

Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby certifies

that this Notice along with the original Answers were sent, this ⎰⎱day of May, 2001, to

Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790 East

Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail);

Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America

Plaza, 101 South Tyron Street, Charlotte, NC 28280 (vai Federal Express); and Caryl

Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

Page 1 of 20

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail:  sldolin@mwdl-law.com
e-mail:  aschotiner@mwdl-law.com

By:

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

      Defendant.

_____/

## PLAINTIFF JOHN R. BARI'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, JOHN R. BARI, through counsel, and pursuant to Federal Rules of

Civil Procedure 33, hereby serves his Answers to Defendant's First Set of Interrogatories

to Plaintiff as follows:

## INTERROGATORIES

1.    Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*

    (a)    Your full name;

*John Richardson Bari.*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

*N/A.*

(c)    Your social security number;

*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.*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

*N/A.*

(e)    Your residence addresses from January 1, 1997 to the present;

*1/97 to 6/98*
*2419 N. Lincoln St.*
*Arlington, VA*
*703.522.6387*

*and*

*312 N. Church St.*
*Mount Olive, NC 28398*
*(cannot recall telephone number)*

*6/98 to 4/00*
*1576 Tenaka*
*Sunnyvale, CA*
*(cannot recall telephone number)*

*4/00 to present*
*372 S. Cypress Ave., #2*
*San Jose, CA 95117*
*408.247.0263*

(f)    Your telephone numbers from January 1, 1997 to the present; and

*See above answer.*

(g) The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2. List each and every position you held while employed by **NationsBank**

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *Consumer Banker from 11/97 to 6/98.*
> *Salary was approximately $18,000 to $20,000 per year.*
> *Supervisors were:*
> > *11/97 to 12/97 Leslie (do not remember last name).*
> > *1/98 to 3/98 Tracy Funk.*
> > *3/98 to 6/98 Theodore Gargagliano.*

3. **Please** provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*

> *First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *Approx. 12/1/97 to Approx. 12/31/97*
> *Yorktown Branch, Falls Church, VA*
>
> *Approx. 1/1/98 to Approx. 2/28/98*
> *Turnpike Branch (Fairfax, VA)*
>
> *Approx. 3/1/98 to Approx. 6/14/98*
> *Yorktown Branch, Falls Church, VA*

4.   Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*

(a)   Regional Executive;

> *John Stuntz.*

(b)   Regional Sales Manager;

> *Do not recall.*

(c)   Regional Service Manager;

> *Do not recall.*

(d)   Banking Center Manager; and

> *Tracy Funk, Turnpike Branch*
> *Leslie (don't recall last name), Yorktowne Branch*

*Theodore Gargagliano, Yorktowne Branch*

(e)    Customer Service Manager

*Brenda Shomette, Yorktowne Branch*
*Christine Nicholas (not sure of last name), Turnpike Branch*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff John R. Bari answers as follows:*
>
> *I never had access code, nor did I ever activate or deactivate the*
> *alarm.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Do not recall.*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *Theodore Gargagliano, Banking Center Manager, Yorktowne Banking Center.*

8.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*

> *I cannot recall the individual's name, although I do recall it was an African American gentleman.*

10. For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

11. Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *Theodore Gargagliano;*
> *African American gentleman who served along side as Consumer Banker at Yorketown Banking Center;*
> *Teller Sarah (do not recall last name)';*
> *Teller Felipe (do not recall last name).*

12. Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *In or about March 1998, Banking Center Manager Theodore Gargagliano stated in a meeting that we were not to record any hours over forty (40). Mr. Gargagliano further stated that we would be permitted to take paid days-off in subsequent weeks; however, I was never allowed to take any such paid days-off.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *Turnpike Branch – Tracy Funk, Banking Center Manager;*
>
> *Yorktowne Branch – Theodore Gargagliano and Leslie (do not recall last name).*

14.    Identify each and every week during your tenure at each NationsBank

location listed in your response to Interrogatory No. 3 during which you contend you

worked in excess of forty (40) hours, and for each such week provide the following

information:

> Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff John R. Bari answers as follows:

(a)   The beginning and ending date for each such week;

> *Do not specifically recall. However, it would be on a weekly
> basis from beginning from beginning in or about March 1998
> until my resignation in or about June 1998.*

(b)   The amount of time you reported for each date during each such
week.

> *Forty (40) hours.*

(c)   The amount of time you actually worked each day during each such
week;

> *Do not specifically recall. On average, I worked approximately
> forty-four (44) to forty-six (46) hours per week during the time
> period referenced above.*

(d)   The time at which you started work and stopped work each day within
the week including the times taken for meals or breaks; and

> *Monday through Friday I generally arrived at work at 8:30 a.m.
> and left work at approximately 4:30 to 5:00 p.m. On Saturdays
> I worked from approximately 8:00 a.m. to approximately 12:30
> to 1:00 p.m. I did not take breaks for lunch.*

(e)   The activities or task which required you to work any overtime which
you claimed you worked during each such week.

> *Completing necessary work and dealing with customers.*

15.   Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *No method, process, or formula utilized. Amount of average hours worked per week reflected in Answer to Interrogatory No. 14(c) based on memory and working hours as reflected in Answer to Interrogatory No. 14(d).*

16.    Identify all persons with any knowledge that supports or otherwise relates to your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *See Answer to Interrogatory No. 11.*

17.    Specify whether you were paid overtime by NationsBank at anytime during your employment tenure after December 1, 1997, including, but not limited to, the identification of each such week for which you received overtime pay, the position which you held at the time when you receive overtime pay and the amount you were paid for your overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*

> *I do recall being paid overtime subsequent to December 1, 1997,
> although I do not specifically recall the weeks for which I received
> overtime pay, nor the amount I may have been paid.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff John R. Bari answers as follows:*
>
> *I do not specifically recall ever working less than forty (40) hours in
> any given week subsequent to December 1, 1997, other than for
> vacation leave taken in or about May 1998.*

(a)    The beginning and ending date for each such during [sic] which you worked
       less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

*L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

> *In or about May 1998.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

> *Approximately ten (10) days.*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

> *Vacation.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

> *Paid at standard rate.*

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

> ·    *Theodore Gargagliano.*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

> *I did record the vacation leave on my time records.*

20.    If you ever complained to your supervisor or any other NationsBank

employee about not receiving overtime pay for the house you claimed you worked in

excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff John R. Bari answers as follows:*
>
> *On approximately two occasions, in or about April 1998 and May
> 1998, I complained to Banking Center Manager Theordore
> Gargagliano as the result of not being paid overtime and not being
> permitted to take the paid days-off he has previously promised. Mr.
> Gargagliano responded, that the banking center was too busy for me
> to take the days off and if I continued to make an issue out of I could
> lose my job.*

    (a)    The name and title of each supervisor or other NationsBank
personnel to whom you complained:

> *See above answer.*

    (b)    The date you made each such complaint; and

> *See above answer.*

    (c)    Each and every person who was present while you were informing
each person listed above about your complaint(s); and

> *See above answer.*

    (d)    A detailed description of the substance of each complaint you made
to each individual listed.

> *See above answer.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *See Answer to Interrogatory No. 11. I believe these individuals have knowledge of the number of hours I was working as well as the fact that I was not permitted to record overtime hours.*

   (b)   The subject matter about which each such person has knowledge; and

> *See above answer.*

   (c)   Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *See above answer.*

   22.   Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla.*

> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *Plaintiff John R. Bari further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari is presently unable to identify each person he may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff John R. Bari answers as follows:*
>
> *Plaintiff John R. Bari further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client*

Page 17 of 20

*privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff John R. Bari answers as follows:*
>
> *None.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff John R. Bari answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank
of America terminated;

> *On or about June 14, 1998.*

(b)    The reasons for the termination of your employment with NationsBank
and/or Bank of America;

> *Voluntary resignation; I relocated.*

(c)    Whether you collected unemployment benefits following your termination;

> *Did not collect unemployment.*

(d)    The name of your supervisor at the time your employment was terminated.

> *Theodore Gargagliano.*

(e)    The name of your supervisor at the time your employment was terminated;

> *Theodore Gargagliano.*

.

STATE OF California

COUNTY OF Santa Clara

I, John R. Bari, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff John R. Bari served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.



_____ (SEAL)
John R. Bari

SWORN TO and subscribed
before me this the ___17___
day of march ___, 2001.

_____
Notary Public

My Commission expires: March 29, 2002

[SEAL]

M. BURGESS
NOTARY PUBLIC · CALIFORNIA
COMMISSION # 1127915
ALAMEDA COUNTY
My Comm. Exp. March 29, 2002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.
_____/

## NOTICE OF FILING PLAINTIFF TRACEY R. BLITCH'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, TRACEY R. BLITCH, through counsel, hereby files her Answers to the

First Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby

certifies that this Notice along with the original Answers were mailed this $\underline{21}^{st}$ day of May,

2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790

East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220; Richard F.

Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America Plaza, 101

South Tyron Street, Charlotte, NC 28280; and Caryl Boies, Esq., Boies, Schiller & Flexner,

LLP, co-counsel for Plaintiff, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

Page 1 of 20

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

     Defendant.

_____/

### PLAINTIFF TRACIE R. BLITCH'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, TRACIE R. BLITCH, through counsel, and pursuant to Federal Rules

of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1.    **Please provide the following information:**

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*

    (a)    Your full name;

Page 3 of 20

*Tracie R. Blitch*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

> *Tracie R. Lappin*
> *Tracie R. Steinmetz*

(c)    Your social security number;

> *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*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

> *None.*

(e)    Your residence addresses from January 1, 1997 to the present;

> *1375 Leawood Rd., Englewood, FL 34223*

(f)    Your telephone numbers from January 1, 1997 to the present; and

> *941.475.9059*

(g)    The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *4/13/87 to Approx. 3/90: CSF/CSM, Nokonis, FL*
>    *Tom Moudy, Supervisor*
>
> *3/90 to 12/90: CSM, Jacaranda, FL*
>    *Teresa Snyder, Supervisor*
>
> *12/90 to 6/93: CBIII, South Venice, FL*
>    *Jack Shultz, Supervisor*
>
> *6/93 to 8/94: TA, Private Banking, Sarasota, FL*
>    *Tracy Little, Supervisor*
>
> *8/94 to 6/96: CBIII, Murdock, FL*
>    *Diane Maguire Supervisor*
>
> *6/96 to 2/98: CBIII, South Venice, FL*
>    *Jack Shultz, Supervisor*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *2180 S. Tamiami Trail, Venice, FL 34293*
>    *Banking Center #280*

*Dates of Service: 6/96 to 2/98*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*

(a)    Regional Executive;

*Jim Barnett*

(b)    Regional Sales Manager;

*Stephanie McGown*

(c)    Regional Service Manager;

*Sharon Jones*

(d)    Banking Center Manager; and

*Jack Shultz*

(d)    Customer Service Manager

*Deborah Meyer*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*

> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Tracie R. Blitch further answers as follows:*

> *Do not remember.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Tracie R. Blitch further answers as follows:*

> *NBKC1X2*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Tracie R. Blitch further answers as follows:*

> *Jack Shultz, 2180 S. Tamiami Tr., Venice, FL 34293*
> *941.493.6000*

> *Stephanie McGown, 1605 Main St., Sarasota, FL 34230*

*941.952.2800*

*Jim Barnett, 1605 Main St., Sarasota, FL 34230*
*941.952.2800*

8.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *See answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Stacey Monroe*
> *Zoe Chambis*

10.   For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Stephanie McGowan, 1605 Main St., Sarasota, FL 34230 941.952.2800*
>
> *Jim Barnett, 1605 Main St., Sarasota, FL 34230 941.952.2800*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Jack Shultz*
> *Stacey Monroe*
> *Zoe Chambis*
> *Tom Moudy*
> *Stephanie McGowan*
> *Jim Barnett*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Jack Shultz, BCM, monthly staff meetings;*
> *Debora Meyer, CSM, monthly staff meetings.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Tom Moudy*
> *Teresa Snyder*
> *Jack Shultz*
> *Tracey Little*
> *Diane McGuire*
> *Jack Shultz*

14.    Identify each and every week during your tenure at each NationsBank

location listed in your response to Interrogatory No. 3 during which you contend you

worked in excess of forty (40) hours, and for each such week provide the following

information:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*

(a)  The beginning and ending date for each such week;

> *Cannot recall each specific work week. However, in general, Defendant's unlawful actions took place on a weekly basis from in or about December, 1977 until in or about February, 1998.*

(b)  The amount of time you reported for each date during each such week.

> *Do not remember.*

(c)  The amount of time you actually worked each day during each such week.

> *Approximately 50-55 hours per week.*

(d)  The time at which you started work and stopped work each day within he week including the times taken for meals or breaks; and

> *Do not specifically remember.*

(e)  The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Objection. Vague and ambiguous. Without waiving the foregoing objection, and subject to same, approximately 90% of my work week was spent engaged in loan processing/ originating.*

15.  Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your

answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Cannot recall specifically the number of hours worked each and every week during the operative time period. The number of overtime hours worked is an estimate based on recollection.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Jack Shultz*
> *Stacey Monroe*
> *Zoe Chambis*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.      .

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Do not recall ever getting paid overtime.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Do not recall ever working less than forty (40) hour per week.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Did not take leave.*

(a)  The date or dates (including the year) on which each occasion of leave began and ended;

*See above answer.*

(b)  The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

*See above answer.*

(c)  The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

*See above answer.*

(d)  Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

*See above answer.*

(e)  The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

*See above answer.*

(f)  Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*See above answer.*

20.  If you ever complained to your supervisor or any other NationsBank

employee about not receiving overtime pay for the house you claimed you worked in

excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *Jack Shultz*
> *Julie Kozel*
> *Laura Medlin*
> *Deborah Meyer*
> *Lisa Hekler*

(b)    The date you made each such complaint; and

> *At staff meetings, do not recall specific dates.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *Do not recall specific names at this time.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *Do not specifically recall; however, generally indicated to the above individual that we could not meet our goals without having to work over forty (40) hours per week.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla.*

*L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*

(b)     The subject matter about which each such person has knowledge; and

> *Stacey Monroe*
> *Zoe Chambis*
>
> *Each of these individuals has knowledge of the working of overtime without being properly compensated for same.*

(c)     Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *Do not specifically recall.*

22.     Identify each person who you may call as witnesses at trial, and provide a brief description of the facts about which each witness is expected to testify. If you are presently unable to provide a complete response to this Interrogatory, please respond as fully as possible at this time and supplement this response as required by the Federal Rules of Civil Procedure at such time as additional names and witnesses become known to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Objection to the extent this Interrogatory calls for the disclosure of information protected by the attorney-client privilege and/or the work-product doctrine. Without waving the foregoing objection, and subject*

*to same, see answer to Interrogatory No. 11.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*
>
> *Plaintiff Tracie R. Blitch further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*

> *None.*

26. If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Tracie R. Blitch further answers as follows:*

> *Currently employed by BankAmerica.*

(a) The date upon which your employment with NationsBank and/or Bank of America terminated;

> *See above answer.*

(b) The reasons for the termination of your employment with NationsBank and/or Bank of America;

> *See above answer.*

(c) Whether you collected unemployment benefits following your termination;

> *See answer above.*

Page 18 of 20

(d)  The name of your supervisor at the time your employment was terminated.

*See answer above.*

(e)  The name of your supervisor at the time your employment was terminated;

*See answer above.*

STATE OF __Florida__

COUNTY OF __Sarasota__

I, Tracie R. Blitch, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Tracie R. Blitch served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____(SEAL)
Tracie R. Blitch

SWORN TO and subscribed
before me this the __3__
day of __April__, 2001.

_____
Notary Public

My Commission expires:

[SEAL]



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF MARY F. BOLDEN'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, MARY F. BOLDEN, through counsel, hereby files her Answers to the

First Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby

certifies that this Notice along with the original Answers were sent this _29_ day of May,

2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790

East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail);

Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America

Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and Caryl

Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Page 1 of 32

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

      Defendant.

_____/

### PLAINTIFF MARY F. BOLDEN'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, MARY F. BOLDEN, through counsel, and pursuant to Federal Rules

of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1.    Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*

(a)   Your full name;

    *MARY F. BOLDEN*

(b)   Any past names by which you were known (including maiden names, alias or changed names);

    *MARY F. BOLDEN ARIF*

(c)   Your social security number;

    *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*

(d)   Any other social security numbers you have used or designated in your lifetime other than your current social security number;

    *N/A*

(e)   Your residence addresses from January 1, 1997 to the present;

    *3413 Keston Road, Balto, MD 21207*

(f)   Your telephone numbers from January 1, 1997 to the present; and

    *410.298.0482*

(g)   The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *1986 - 1990 Teller*
> *do not recall rate of pay*
>
> *1990-2000*
> *CB*
> *do not recall rate of pay*
> *Karla Peppler*
> *Barbara Mullen*
> *Bette Lucey*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Randallstown #8108*
> *9002 Liberty Road*
> *Randallstown, MD 21133*
> *1990-2000*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff MARY F. BOLDEN further answers as follows:*

(a)    Regional Executive;

> *Do not remember.*

(b)    Regional Sales Manager;

> *Bill Henderson*
> *Mark Swancy*
> *Dave Milliman*

(c)    Regional Service Manager;

> *Do not remember.*

(d)    Banking Center Manager; and

> *Karla Peppler*
> *Barbara Mullen*
> *Bette Lucey*

(e)    Customer Service Manager

> *Lucey Kelch*

     5.     Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Do not remember.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Do not remember.*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiff MARY F. BOLDEN adopts as her answer to this Interrogatory the testimony given by her during her deposition.*

8.    State the name, business address, business phone number and job title or position of all NationsBank personnel who engaged in pay policies, practices and procedures that "violated the FLSA by failing to provide overtime pay to [you], and other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiff MARY F. BOLDEN adopts as her answer to this Interrogatory the testimony given by her during her deposition.*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *None.*

10.    For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *None.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiff MARY F. BOLDEN adopts as her answer to this Interrogatory the testimony given by her during her deposition.*

12.     Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiff MARY F. BOLDEN adopts as her answer to this Interrogatory
> the testimony given by her during her deposition.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiff MARY F. BOLDEN adopts as her answer to this Interrogatory the testimony given by her during her deposition.*

14.    Identify each and every week during your tenure at each NationsBank location listed in your response to Interrogatory No. 3 during which you contend you worked in excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not remember.*

(b)    The amount of time you reported for each date during each such week.

> *Do not remember. In general, I would record 7.25 hours for each day Monday through Thursday and 10.5 hours on Friday, regardless of the actual number of hours worked.*

(c)    The amount of time you actually worked each day during each such week;

> *Do not remember. Answering further, Plaintiff MARY F. BOLDEN adopts as her answer to this Interrogatory the testimony given by her during her deposition as answer to this specific Interrogatory subpart.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> *Do not remember. In general, I would begin work at approximately 8:30 a.m.; the time at which I stopped work varied widely. Answering further, Plaintiff MARY F. BOLDEN*

Page 17 of 32

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

> *adopts as her answer to this Interrogatory the testimony given by her during her deposition as answer to this specific Interrogatory subpart.*

*(e)*    The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Customers remaining after branch closing time; completion of necessary work.    Answering further, Plaintiff MARY F. BOLDEN adopts as her answer to this Interrogatory the testimony given by her during her deposition as answer to this specific Interrogatory subpart.*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your

answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *No method, process or formula utilized.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiff MARY F. BOLDEN adopts as her answer to this Interrogatory
> the testimony given by her during her deposition.*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *I do not specifically recall getting paid overtime subsequent to December 1, 1997.*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Answering further, I do not specifically recall working less than forty (40) hours in any given week during my employment with NationsBank subsequent to December 1, 1997.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *illness, bereavement, marriage, vacation.*

19.     If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff MARY F. BOLDEN further answers as follows:*

(a)     The date or dates (including the year) on which each occasion of
leave began and ended;

> *Do not specifically recall each date.*

(b)     The total number of hours and/or days during which you were absent
from your employment with NationsBank on or during each occasion
of leave;

> *Do not specifically recall.*

(c)     The reason or reasons for each occasion of leave, e.g., illness,
vacation, maternity or paternity leave, disability, authorized or
unauthorized leave of absence, bereavement, family illness or
disability, and/or any other reason causing you to take leave on each
such occasion;

> *Illness, bereavement, marriage, vacation.*

(d)     Whether you were paid by NationsBank during each occasion on
which you took leave and, if so, the rate of pay at which you were
compensated on each such occasion of leave;

> *Paid regular rate.*

(e)     The name, address and phone number of your supervisor or other
NationsBank employee who authorized and/or approved each such
occasion of leave from your employment; and

*Barbara Mullen*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*Yes, I recorded the leave*

20.    If you ever complained to your supervisor or any other NationsBank

employee about not receiving overtime pay for the house you claimed you worked in

excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiff MARY F. BOLDEN adopts as her answer to this Interrogatory the testimony given by her at her deposition.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *See above answer.*

(b)    The date you made each such complaint; and

> *See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> ·    *See above answer.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiff MARY F. BOLDEN adopts as her answer to this Interrogatory the testimony given by her at her deposition.*

(b)    The subject matter about which each such person has knowledge; and

> *See above answer.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *See above answer.*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

22.    Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiff MARY F. BOLDEN further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN is presently unable to identify each person she may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.     Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *Plaintiff MARY F. BOLDEN further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you have discussed the claim you are asserting against NationsBank through this action or the subject matter of this action in general including, but not limited to, the current address and phone number of each such person, the date on which you discussed your claim or this lawsuit with each such person, the matters discussed during each such conversation and whether any other person was present, other than your attorneys, during each such conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*
>
> *None.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff MARY F. BOLDEN further answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

> *April 18, 2000.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

> *I was told I was terminated for not following bank policy.*

(c)    Whether you collected unemployment benefits following your termination;

> *Yes, I did collect unemployment benefits.*

(d)    The name of your supervisor at the time your employment was terminated.

> *Do not recall the person's name from personnel involved.*

(e)    The name of your supervisor at the time your employment was terminated;

> *Dave Miliman.*

STATE OF 

COUNTY OF

I, Mary F. Bolden, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Mary F. Bolden served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____ (SEAL)
Mary F. Bolden

SWORN TO and subscribed
before me this the _16th_
day of _March_, 2001.

_____
Notary Public

My Commission expires:  1/28/04

[SEAL]



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.



BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF BRYAN CROWDER'S ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, BRYAN CROWDER, through counsel, hereby files his Answers to the

First Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby

certifies that this Notice along with the original Answers were sent, this $\frac{29}{}$ day of May,

2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790

East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail);

Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America

Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and Caryl

Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By:_____
      SUSAN L. DOLIN, ESQ.
      Fla. Bar No. 708690
      ADAM S. CHOTINER, ESQ.
      Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/

## PLAINTIFF BRYAN CROWDER'S ANSWERS TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

The Plaintiff, BRYAN CROWDER, through counsel, and pursuant to Federal Rules

of Civil Procedure 33, hereby serves his Answers to Defendant's First Set of Interrogatories

to Plaintiff as follows:

### INTERROGATORIES

1.    **Please** provide the following information:

        *Plaintiff objects to this Interrogatory specifically, and NationsBank's
        First Set of Interrogatories in general, as being in violation of S.D. Fla.
        L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
        to same, Plaintiff Bryan Crowder answers as follows:*

    (a)    Your full name;

*Bryan Keith Crowder.*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

        *N/A.*

(c)    Your social security number;

        *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.*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

        *N/A.*

(e)    Your residence addresses from January 1, 1997 to the present;

        *1/1/97 to 11/99*
        *4211 62nd #2*
        *Urbandale, IA 50322*

        *11/99 to present*
        *1634 38th Street*
        *Des Moines, IA 50310*

(f)    Your telephone numbers from January 1, 1997 to the present; and

        *515.334.0106 and 515.633.2805, respectively.*

(g)    The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

        *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.      List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *I was first employed by NationsBank in or about 1997 as a result of the takeover of Boatmen's Bank. I do not recall specifically, but I believe my first position after NationsBank purchase Boatmen's Bank was as a loan underwriter, earning approximately $27,000; my supervisors were Karen Andeweg and Leslie Newson.*
>
> *My next position was as a Consumer Banker at the South Office; my pay was approximately $27,000; my supervisors were Peggy (Stellman) Walker and Leslie Newsom.*
>
> *My final position with NationsBank was as a Consumer Banker at the Aurora Office; my pay was approximately $27,000; my supervisor was Julie McAninch.*

3.      Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *Aurora Office*
> *6200 Aurora Avenue*

*Urbandale, IA 50322*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*

(a)    Regional Executive;

> *Do not recall.*

(b)    Regional Sales Manager;

> *Do not recall.*

(c)    Regional Service Manager;

> *Do not recall.*

(d)    Banking Center Manager; and

> *Julie McAninch.*

(e)    Customer Service Manager

> *Do not recall.*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*

> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Bryan Crowder answers as follows:*

> *Do not recall.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Bryan Crowder answers as follows:*

> *Do not recall.*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Bryan Crowder answers as follows:*

> *Julie McAninch*
> *6200 Aurora Avenue*
> *Urbandale, IA 50322*
> *515.235.2910*

8.    State the name, business address, business phone number and job title or position of all NationsBank personnel who engaged in pay policies, practices and procedures that "violated the FLSA by failing to provide overtime pay to [you], and other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all "similarly situated employees" to whom you contend the allegations contained in Paragraph 15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *Margaret Allen and Lynda Pollack.*

10.    For each and every person listed in your response to Interrogatory No. 9, state the name, business address, business phone number and job title or position of all NationsBank personnel whom you contend "either refused to permit [each such person] to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Bryan Crowder answers as follows:*

> *See Answer to Interrogatory No. 7.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Bryan Crowder answers as follows:*

> *Julie McAninch; Margaret Allen; and Lynda Pollack; and Teller Angela
> (do not recall last name).*

> *Other Tellers whose names I do not recall.*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Bryan Crowder answers as follows:*

*Do not specifically recall any statements.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Bryan Crowder answers as follows:*
>
> *Julie McAninch.*

14.    Identify each and every week during your tenure at each NationsBank

location listed in your response to Interrogatory No. 3 during which you contend you

worked in excess of forty (40) hours, and for each such week provide the following

information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Bryan Crowder answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not specifically recall.*

(b)    The amount of time you reported for each date during each such
week.

> *To the best of my recollection, I always recorded forty (40)
> hours, regardless of the number of actual hours worked.*

(c)    The amount of time you actually worked each day during each such
week;

> *Do not specifically recall; on average, I worked approximately
> forty-five (45) to fifty (50) hours each week.*

(d)    The time at which you started work and stopped work each day within
the week including the times taken for meals or breaks; and

> *Do not specifically recall. In general, I would work Monday
> through Friday. I would report to work at approximately 8:00
> a.m. and leave at approximately 5:30 to 5:45 p.m. I would take
> approximately 30 minutes to 1 hour for lunch each day Monday
> through Friday.    Every other Saturday I worked from
> approximately 8:30 a.m. to 12:00 p.m. I would also take work
> home approximately once a week and on each occasion work
> approximately 1 to 2 hours at home completing paperwork.*

(e)    The activities or task which required you to work any overtime which
you claimed you worked during each such week.

> *Completing necessary work and dealing with customers.*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your

answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Bryan Crowder answers as follows:*
>
> *No method, process, or formula were utilized.  The approximate
> average hours of overtime hours worked each week as reflected in
> the Answer to Interrogatory 14(c) is based upon memory and upon by
> approximate working hours as reflected in the Answer to Interrogatory
> No. 14(d).*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *Teller Angela (do not recall last name).*
>
> *Other Tellers whose names I cannot recall.*
>
> *Sandy Mayo*
> *Laura Hugback*
> *Kyle Helmick*
> *Dan Rickey*
> *Don Skinner*
> *Emily Noe*
> *Gennier McWherter*

17.    Specify whether you were paid overtime by NationsBank at anytime during your employment tenure after December 1, 1997, including, but not limited to, the identification of each such week for which you received overtime pay, the position which you held at the time when you receive overtime pay and the amount you were paid for your overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *I have no recollection of receiving overtime pay subsequent to December 1, 1997. I do not believe I received overtime pay subsequent to December 1, 1997.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *I have not recollection of ever working less than forty (40) hour in any given week subsequent to December 1, 1997.*

    (a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

    (b)    The amount of hours you worked during each such week; and

> *See above answer.*

    (c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

    19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *I have no specific recollection of taking leave subsequent to December 1, 1997.*

(a)    The date or dates (including the year) on which each occasion of
leave began and ended;

*See above answer.*

(b)    The total number of hours and/or days during which you were absent
from your employment with NationsBank on or during each occasion
of leave;

*See above answer.*

(c)    The reason or reasons for each occasion of leave, e.g., illness,
vacation, maternity or paternity leave, disability, authorized or
unauthorized leave of absence, bereavement, family illness or
disability, and/or any other reason causing you to take leave on each
such occasion;

*See above answer.*

(d)    Whether you were paid by NationsBank during each occasion on
which you took leave and, if so, the rate of pay at which you were
compensated on each such occasion of leave;

*See above answer.*

(e)    The name, address and phone number of your supervisor or other
NationsBank employee who authorized and/or approved each such
occasion of leave from your employment; and

*See above answer.*

(f)    Whether you recorded each you're [sic] the time period of such
occasion of leave on the timecard or time sheet that you turned into
NationsBank for the particular week or pay period during which you
took such leave.

*See above answer.*

20.    If you ever complained to your supervisor or any other NationsBank

employee about not receiving overtime pay for the house you claimed you worked in

excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *I have no specific recollection of any complaints made. I believe on a couple of occasions I may have discussed with Banking Center Manager Julie McAninch the issue of having not received overtime pay. I have no recollection of what her response may have been.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *See above answer.*

(b)    The date you made each such complaint; and

> *See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *See above answer.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*

*to same, Plaintiff Bryan Crowder answers as follows:*

*See Answer to Interrogatory No. 16. I believe these individuals may have knowledge of the amount of hours I was working as well as the fact that I was not recording all of my hours worked.*

(b)    The subject matter about which each such person has knowledge; and

*See above answer.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

*See above answer.*

22.    Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*

*Plaintiff Bryan Crowder further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder is*

> *presently unable to identify each person he may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*
>
> *Plaintiff Bryan Crowder further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*

> *Kyle Helmick*
> *1634 38th Street*
> *DSM, IA 50310*

> *Do not recall the specific date I discussed my claim with Mr. Helmick. I do not specifically recall what was discussed during the conversation other than the fact that I had a claim for overtime compensation. Nobody else was present during this discussion.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Bryan Crowder answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

> *On or about March 31, 1998.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

> *Voluntary termination.*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

(c)    Whether you collected unemployment benefits following your termination;

   *Did not collect unemployment benefits.*

(d)    The name of your supervisor at the time your employment was terminated.

   *N/A.*

(e)    The name of your supervisor at the time your employment was terminated;

   *Julie McAninch.*

STATE OF ___IOWA___

COUNTY OF ___Polk___

I, Bryan Crowder, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Bryan Crowder served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.



_____ (SEAL)
Bryan Crowder

SWORN TO and subscribed
before me this the ___20___
day of ___March___, 2001.

_____
Notary Public

My Commission expires:

[SEAL]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,



vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

### NOTICE OF FILING PLAINTIFF STEPHANIE DANTOS'S ANSWERS
### TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, STEPHANIE DANTOS, through counsel, hereby files her Answers to

the First Set of Interrogatories propounded by Defendant on February 28, 2001, and

hereby certifies that this Notice along with the original Answers were sent this $2^{9}$ day of

May, 2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S.

Mail); Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of

America Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and

Caryl Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail:  sldolin@mwdl-law.com
e-mail:  aschotiner@mwdl-law.com

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/

## PLAINTIFF STEPHANIE DANTOS'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, STEPHANIE DANTOS, through counsel, and pursuant to Federal

Rules of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

## INTERROGATORIES

1.    Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

(a)    Your full name;

    *STEPHANIE HELENE DANTOS*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

    *N/A*

(c)    Your social security number;

    *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*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

    *N/A*

(e)    Your residence addresses from January 1, 1997 to the present;

    *1208 Marine Way, #203ANorth Palm Beach, FL 33408*

(f)    Your telephone numbers from January 1, 1997 to the present; and

    *561.626.5440 and 561.624.7324*

(g)    The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

    ·    *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *11/96 - 5/1998*
> *Consumer Banker*
> *Perry Mitchell*
> *approximately $25,000.00/yr*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *1555 Palm Beach Lakes Boulevard*
> *West Palm Beach, Florida*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff STEPHANIE DANTOS further answers as follows:*

(a)    Regional Executive;

> *Do not remember.*

(b)    Regional Sales Manager;

> *Do not remember.*

(c)    Regional Service Manager;

> *Do not remember.*

(d)    Banking Center Manager; and

> *Perry Mitchell*

(d)    Customer Service Manager

> *Belinda Johnson.*

5.     Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *Do not remember.*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *Do not remember.*

7.     State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *Olga Lehton, Branch Manager*
> *Perry Mitchell, Branch Manager*

8.   State the name, business address, business phone number and job title or position of all NationsBank personnel who engaged in pay policies, practices and procedures that "violated the FLSA by failing to provide overtime pay to [you], and other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *Cannot recall*

10.    For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *See Answer to Interrogatory No. 7*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *I do not recall any and all statements. I do recall being told, on a regular basis, that I was to stay at the banking center to 8:00 p.m. to make cold calls. When I asked if I was going to be compensated for working all of these hours, I was told that I would not be. When I protested, I was threatened with termination by my Branch Manager, Perry Mitchell.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *Perry Mitchell*

14.    Identify each and every week during your tenure at each NationsBank location listed in your response to Interrogatory No. 3 during which you contend you worked in excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not remember.*

(b)    The amount of time you reported for each date during each such week.

> *Do not remember.*

(c)    The amount of time you actually worked each day during each such week;

> *Do not remember; on average, worked approximately 50-55 hours per week.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> *Do not remember.*

(e)    The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Completing necessary work and taking care of customers.*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your

answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *No method, process or formula utilized.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *Plaintiff further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege and/or work-product doctrine. With waving the foregoing objection, and subject to same, see Answers to Interrogatory No. 7*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *I do recall some periods when I was allowed to record some of my overtime on my timecards. I do not recall specifically which time periods, how much overtime I recorded, or how much I received as overtime pay.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *Answering further, I do not specifically recall working less than forty (40) hours in any given week during my employment with NationsBank.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *I took the allotted time off for vacations and illness. However, I do not specifically recall the dates of each occasion of leave.*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

> *See above answer.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

> *See above answer.*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

> *See above answer.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

> *See above answer.*

(e)    The name, address and phone number of your supervisor or other

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

*See above answer.*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*See above answer.*

20.    If you ever complained to your supervisor or any other NationsBank

employee about not receiving overtime pay for the house you claimed you worked in

excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *I regularly protested to my supervisor, Perry Mitchell, and I was repeatedly told by Perry Mitchell that if I continued to complain I would be terminated. I do not specifically recall the dates of each such complaint.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *See above answer.*

(b)    The date you made each such complaint; and

> *See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *See above answer.*

21.     For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

(b)     The subject matter about which each such person has knowledge; and

> *See above answer.*

(c)     Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *See above answer.*

22.    Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *Plaintiff STEPHANIE DANTOS further objects to this Interrogatory to
> the extent it calls for disclosure of information protected by the
> attorney-client privilege and/or work-product doctrine. Without
> waiving the foregoing objection, and subject to same, Plaintiff
> STEPHANIE DANTOS is presently unable to identify each person she
> may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *Plaintiff STEPHANIE DANTOS further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff STEPHANIE DANTOS further answers as follows:*
>
> *None.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff STEPHANIE DANTOS further answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

> *May, 1998*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

> *I was told I was terminated for "falsifying my timecards.*

(c)    Whether you collected unemployment benefits following your termination;

> *I did collect unemployment benefits.*

(d)    The name of your supervisor at the time your employment was terminated.

> *Perry Mitchell*

(e)    The name of your supervisor at the time your employment was terminated;

> Perry Mitchell

Page 30 of 31

STATE OF ___FLorida___

COUNTY OF ___Palm Beach___

I, Stephanie Dantos, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Stephanie Dantos served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

  ___(SEAL)

Stephanie Dantos

SWORN TO and subscribed
before me this the ___1___
day of __MARCH__, 2001.

Notary Public

My Commission expires:

[SEAL]

VICTORIA A. CELIO
MY COMMISSION # CC 847856
EXPIRES: October 18, 2003
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,



vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF KIMBERLY DRAKE'S ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, KIMBERLY DRAKE, through counsel, hereby files her Answers to the

First Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby

certifies that this Notice along with the original Answers were sent this $\overset{\frown}{\smile}$ day of May,

2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790

East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail);

Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America

Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and Caryl

Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

## PLAINTIFF KIMBERLY DRAKE'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, KIMBERLY DRAKE, through counsel, and pursuant to Federal Rules

of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1.    Please provide the following information:

       *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*

    (a)    Your full name;

### KIMBERLY SUE DRAKE

(b)     Any past names by which you were known (including maiden names, alias or changed names);

### KIMBERLY SUE ABRAMS

(c)     Your social security number;

*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*

(d)     Any other social security numbers you have used or designated in your lifetime other than your current social security number;

*None*

(e)     Your residence addresses from January 1, 1997 to the present;

*9360 N.W. 34th Court, Sunrise, Florida  33351*

(f)     Your telephone numbers from January 1, 1997 to the present; and

*954.572.0861*

(g)     The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank including, but not limited to, the position's job title, rate of pay, your immediate supervisor while employed in each such position and the dates during which you held each such position.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*

*October 1997- December 1997*
*CB II*
*approximately $23,000 plus commission*
*Holly Sanders*
*Cindy Bumgardner*
*Lorane Jackson*

*January 1998 - March 1998*
*CB II*
*approximately $23,000 plus commission*
*Holly Sanders*
*Cindy Bumgardner*
*Lorane Jackson*

*March 1998 - October 1999*
*CB II to PB II to PB III*
*approximately $26,000 plus commission*
*Helene Kowolski*
*Donna Marie Kirelew*
*Nancy Parness*
*Patty Frisch*
*Liz (Last Name Unknown)*
*Justin Smale*
*Josette Nigro*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

*Rodgney Sumpter*
*Karen (Last Name Unknown)*
*Chuck Mohr*

*Intermitently at Nobhill Banking Center*
*Consumer/Personal Banker*
*Helen Mootry*
*John Martinez*

3.   Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *December 1997 - March 1998*
> *Wiles Road Banking Center*
> *Coral Springs, Florida*
>
> *March 1998 - October 1999*
> *Rock Island Banking Center (757)*
> *Tamarac, Florida*
>
> *Intermittent*
> *Rock Island Banking Center*
> *Nobhill Banking Center*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*

(a)    Regional Executive;

> *Chuck Mohr*
> *Cindy Bumgardner*

(b)    Regional Sales Manager;

> *Holly Sanders*
> *Donna Marie Kirelew*
> *Helene Kowalski*

(c)    Regional Service Manager;

> *Cindy Bumgardner*
> *Do not recall other Service Managers*

(d)    Banking Center Manager; and

> *Lorraine Roth Jackson*
> *Nancy Parness*
> *Patty Frish*
> *Liz (Last Name Unknown)*
> *Karen (Last Name Unknown)*
> *Rodney Sumpter*
> *Helen Mootry*
> *John Martinez*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

    (d)    Customer Service Manager

        *Kathleen Sspidle*
        *Justin Smale*
        *Josette Nigro*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Do not remember.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff KIMBERLY DRAKE further answers as follows:*

*NBKG5B2*

7.    State the name, business address, business phone number and job title or position of all NationsBank personnel who "either refused to permit [you], and, upon information and belief, other similarly situated employees, to record the number of hours worked in excess of forty (40) or expressly instructed [you], and, upon information and belief, other similarly situated employees, against recording the number of hours worked in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*

| | |
|---|---|
| *Helen Mootry* | *Branch Manager* |
| *Lorraine Jackson* | *Branch Manager* |
| *Kathleen Spidle* | *Service Manager* |
| *Chuck Mohr* | *Regional Executive Manager* |
| *Helene Kowalski* | *Sales Manager* |
| *Nancy Parness* | *Branch Manager* |
| *Justin Smale* | *Service Manager* |
| *Patty Frish* | *Branch Manager* |
| *Liz (Last Name Unknown)* | *Branch Manager* |
| *Rodney Sumpter* | *Branch Manager* |
| *Karen (Last Name Unknown)* | *Branch Manager* |
| *Donna Marie Kirelew* | *Regional Sales Manager* |
| *Loretta Corlin* | *Marketing Manager* |
| *Cindy Bumgardner* | *Regional Executive Manager* |
| *Josette Nigro* | *Service Manager* |
| *Holly Sanders* | *Sales Manager* |

8.    State the name, business address, business phone number and job title or position of all NationsBank personnel who engaged in pay policies, practices and procedures that "violated the FLSA by failing to provide overtime pay to [you], and other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *See Answer to Interrogatory No. 7*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Kenny Vega*
> *Gerald McComb*
> *Gisette Hernandez*
> *Michelle Hirsch*
> *Credenez Gonzalez*
> *Mark Ramer*
> *Arlene (Last Name Unknown)*
> *Carolyn (Last Name Unknown)*
> *Garfield Lee*
> *Kemme Salter*
> *Kristy Mertz*
> *Derrick Jackson*
> *Karen Gaus*
> *Diane "Chris" Meader*

10.    For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Kenny Vega*
> *Gerald McComb*
> *Gisette Hernandez*
> *Michelle Hirsch*
> *Credenez Gonzalez*
> *Mark Ramer*
> *Arlene (Last Name Unknown)*
> *Carolyn (Last Name Unknown)*
> *Garfield Lee*
> *Kemme Salter*
> *Kristy Mertz*
> *Doreen Kalon*
> *Rita Solis*
> *Maria Dobbies*
> *Josette Nigro*
> *Andriane Boyle*
> *Roxanne Escudero*
> *Andres Escudero*
> *Travis Escudero*
> *William Escudero*
> *Steve (Last Name Unknown) (the cleaning person)*
> *Derrick Jackson*
> *Michelle Mazaella*
> *Victoria Miller*
> *Karen Gaus*
> *Gina LaPlentu*
> *Steven (Last Name Unknown) (Manager at Blockbuster)*
> *Diane "Chis" Meader*
> *Donna Kirlew*
> *Michael Gibson*
> *Pastor Howard Leman*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

*Connie Jones Greiner*
*Andy Dreiner*
*Helen Mootry*
*Rodney Sumpter*
*Justine Smale*
*Nancy Parnes*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Plaintiff KIMBERLY DRAKE adopts as her answer to this Interrogatory the testimony given by her during her deposition.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Nancy Parnes*
> *Lorraine Jackson*
> *Kathleen Spidle*
> *Justine Smale*
> *Liz (Last Name Unknown)*
> *Karen (Last Name Unknown)*
> *Josette Nigro*
> *Rodney Sumpter*

14.    Identify each and every week during your tenure at each NationsBank location listed in your response to Interrogatory No. 3 during which you contend you worked in excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Plaintiff KIMBERLY DRAKE adopts as her answer to this Interrogatory her testimony as given in her deposition.*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your

answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Plaintiff KIMBERLY DRAKE adopts as her answer to this
> Interrogatory her testimony as given in her deposition.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Plaintiff further objects to this Interrogatory to the extent it calls for
> information protected from disclosure by the attorney-client privilege
> and/or work-product doctrine. With waving the foregoing objection,
> and subject to same, see answers to Interrogatory No. 11.*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

17.    Specify whether you were paid overtime by NationsBank at anytime during your employment tenure after December 1, 1997, including, but not limited to, the identification of each such week for which you received overtime pay, the position which you held at the time when you receive overtime pay and the amount you were paid for your overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *I do generally recall being paid overtime during the conversion from Barnett to NationsBank. However, I do not recall the dates for which I may have received overtime.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Answering further, I do not specifically recall working less than forty (40) hours in any given week during my employment with NationsBank.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*

| | |
|---|---|
| *July/August 1998* | *two weeks (vacation; paid - Nancy Parnes)* |
| *October 1998* | *4 days (personal leave/bank robbery; paid - Justine Smale)* |
| *November 1998* | *1 day (personal leave/bank robbery; paid - Justine Smale)* |
| *April 1999* | *4 days (bereavement; paid - Karen (Last Name Unknown)* |

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

> *See above answer.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

> *See above answer.*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

> *See above answer.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

*See above answer.*

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

*See above answer.*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*See above answer.*

20.    If you ever complained to your supervisor or any other NationsBank

employee about not receiving overtime pay for the house you claimed you worked in

excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Plaintiff KIMBERLY DRAKE adopts as her answer to this Interrogatory the testimony given by her at her deposition.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *See above answer.*

(b)    The date you made each such complaint; and

> *See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *See above answer.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Plaintiff KIMBERLY DRAKE adopts as her answer to this*
> *Interrogatory the testimony given by her at her deposition.  See*
> *Answers to Interrogatory Nos. 7 and 11.*

(b)    The subject matter about which each such person has knowledge;
and

> *See above answer.*

(c)    Each statement, whether oral or written, given by each such person
with regard to your individual claim in this lawsuit, including the date
made, the manner recorded, persons present when each such
statement was made, and the person(s) in possession of each such
statement at present.

> *See above answer.*

22.    Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Plaintiff KIMBERLY DRAKE further objects to this Interrogatory to the
> extent it calls for disclosure of information protected by the attorney-
> client privilege and/or work-product doctrine. Without waiving the
> foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE
> is presently unable to identify each person she may call as a witness
> at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs
> retain an expert witness and intend for said witness to testify at trial,
> Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*

*Not applicable. I am a named Plaintiff who initiated this lawsuit.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Answering further, Plaintiff KIMBERLY DRAKE adopts as her answer to this Interrogatory her testimony as given in her deposition. Answering still further, Plaintiff KIMBERLY DRAKE further answers as follows:*
>
> *Andres Escudero, Jr.*
> *Pastor Howard Leman*

26.  If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff KIMBERLY DRAKE further answers as follows:*

(a)  The date upon which your employment with NationsBank and/or Bank of America terminated;

> *On or about October 30, 1999.*

(b)  The reasons for the termination of your employment with NationsBank and/or Bank of America;

> *Unknown.*

(c)  Whether you collected unemployment benefits following your termination;

> *Did not collect unemployment.*

(d)  The name of your supervisor at the time your employment was terminated.

> *Donna Marie Kirlew*
> *Rodney Sumpter*

(e)  The name of your supervisor at the time your employment was terminated;

> *Rodney Sumpter*

STATE OF _Flor,oA_

COUNTY OF _Browcard_

   I, Kimberly Drake, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Kimberly Drake served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.



             (SEAL)
         Kimberly Drake

SWORN TO and subscribed
before me this the 17th
day of _March_, 2001.

_Beatriz Arosa_
Notary Public

My Commission expires: _Feb. 8, 2005_

[SEAL]

BEATRIZ ARASA
MY COMMISSION # DD 000313
EXPIRES: February 8, 2005
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,

vs.



BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

    Defendant.

_____/

## NOTICE OF FILING PLAINTIFF ROXANNA ESCUDERO'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, ROXANNA ESCUDERO, through counsel, hereby files her Answers

to the First Set of Interrogatories propounded by Defendant on February 28, 2001, and

hereby certifies that this Notice along with the original Answers were sent this $\underline{2^{Cl}}$ day of

May, 2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S.

Mail); Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of

America Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and

Caryl Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By: _____
    SUSAN L. DOLIN, ESQ.
    Fla. Bar No. 708690
    ADAM S. CHOTINER, ESQ.
    Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____ /

### PLAINTIFF ROXANNA ESCUDERO'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, ROXANNA ESCUDERO, through counsel, and pursuant to Federal

Rules of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1.    **Please** provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*

    (a)    Your full name;

*Roxanna Lynn Escudero.*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

*Roxanna Lynn Journot.*

(c)    Your social security number;

*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.*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

*None.*

(e)    Your residence addresses from January 1, 1997 to the present;

*9360 NW 34th Court, Sunrise, FL 33351.*

(f)    Your telephone numbers from January 1, 1997 to the present; and

*954.572.0861 (home)*
*954.592.7025 (cell)*
*954.578.8703 (fax)*

(g)    The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *NationsBank, Nob Hill Branch, Fort Lauderdale, FL.*
> *Positions: CBII and CBIII.*
> *Do not recall exact pay.*
> *Supervisors: John Martinez and Helen Mootry.*
> *Employed 10/97 to 10/99.*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *NationsBank, Nob Hill Branch*
> *9990 Oakland Park Blvd., Sunrise, FL 33351*
> *Oct., 1997 to Oct. 1999.*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory No.

3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*

(a)    Regional Executive;

> *Do not specifically recall.*

(b)    Regional Sales Manager;

> *Holly Sanders, Donna Marie Kirlew.*

(c)    Regional Service Manager;

> *Do not know.*

(d)    Banking Center Manager; and

> *John Martinez and Helen Mootry.*

(e)    Customer Service Manager

> *Michelle Mazzella, Gina LaPlante, Victoria Miller, and Elaine Stewart.*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *Do not recall.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *Do not recall all passwords or codes. I do recall the "NBK" code, NBKM1X8.*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *John Martinez, NationsBank Banking Center Manager.*
>
> *Michelle Mazzella, NationsBank Customer Service Manager.*
>
> *Gina LaPlante, NationsBank Customer Service Manager.*
>
> *Victoria Miller, NationsBank Customer Service Manager.*
>
> *Helen Mootry, NationsBank Banking Center Manager.*
>
> *Elaine Stewart, NationsBank Customer Service Manager.*
>
> *Jackie Garber, NationsBank CB III or IV.*
>
> *Donna Marie Kirlew, Regional Sales Manager, NationsBank.*

> *Cindy Bumgartner, NationsBank, Reg. Exec. Sales Manager.*
>
> *Holly Sanders, NationsBank Reg. Sales Manager.*
>
> *Loretta Conlin, Reg. Marketing Corp. office downtown Ft. Lauderdale.*
>
> *Others whose names I do not recall.*

8. State the name, business address, business phone number and job title or position of all NationsBank personnel who engaged in pay policies, practices and procedures that "violated the FLSA by failing to provide overtime pay to [you], and other similarly situated employees, including Consumer Bankers II, III and IV, throughout the NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

9. State the name, business address and business phone number of all "similarly situated employees" to whom you contend the allegations contained in Paragraph 15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *Kimberly Drake*
> *Kemmie Salter*

> *Kristi Merz*
> *Karen Gans*

10.    For each and every person listed in your response to Interrogatory No. 9, state

the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person] to

record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to*
> *same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to*
> *same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *Kimberly Drake*
> *Kemmie Salter*
> *Kristi Merz*
> *Kim Leiberman*
> *Doreen Rahlon*
> *Dorian (do not know last name)*
> *Rita Solis*
> *Elaine Stewart*
> *Adrienne Boyle*

*Andres Escudero, Jr.*
*Travis Escudero*
*Andres M. Escudero*
*William Escudero*
*Steven (do not know last name)*
*Derrick Jackson*
*John Martinez*
*Helen Mootry*
*Victoria Miller*
*Michelle Mazzella*
*Gina LaPlante*
*Karen Gans*
*Yorke Spence*
*Steven (do not know last name)*
*Kenny Vega*
*Christine Meador*
*Jackie Garber*
*Rodney Sumnter*
*Donna Marie Kirlew*
*Delores Journot*
*Mike Gibson*
*Pastor Leman*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to*
> *same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *Plaintiff, Roxanna Escudero adopts as her answer to this Interrogatory*
> *her deposition testimony.*

13.    Identify each NationsBank employee who was responsible for scheduling your

hours of work at each NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *John Martinez - Branch Manager*
> *Helen Mootry - Branch Manager*

14.    Identify each and every week during your tenure at each NationsBank location

listed in your response to Interrogatory No. 3 during which you contend you worked in

excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Roxanna Escudero further answers as follows:*

    (a)    The beginning and ending date for each such week;

> *See below.*

    (b)    The amount of time you reported for each date during each such
week.

> *See below.*

    (c)    The amount of time you actually worked each day during each such
week;

> *See below.*

    (d)    The time at which you started work and stopped work each day within
the week including the times taken for meals or breaks; and

*See below.*

(e)     The activities or task which required you to work any overtime which
you claimed you worked during each such week.

*Completing necessary work and dealing with customers.*

| DATES | HOURS WORKED |
| --- | --- |
| 10/97 | None that I can recall |
| 11/3/97 to 11/7/97 | Approx. 50.75 hours |
| 11/10/97 to 11/14/97 | Approx. 50.75 hours |
| 11/17/97 to 11/21/97 | Approx. 50.75 hours |
| 11/24/97 to 11/28/97 | Approx. 48.75 hours |
| 12/1/97 to 12/5/97 | Approx. 68.5 hours |
| 12/8/97 to 12/12/97 | Approx. 52.75 hours |
| 12/15/97 to 12/19/97 | Approx. 48.25 hours |
| 12/22/97 to 12/26/97 | Approx. 58.5 hours |
| 12/29/97 to 1/2/98 | Approx. 58.25 hours |
| 1/98 to 5/98 | Approx. 75 hours per week |
| 6/98 to 9/98 | Approx. 68 hours per week |
| 10/98 to 5/99 | Approx. 90 hours per week |
| 6/99 to 10/99 | Approx. 75 hours per week |

*Answering further, Roxanna L. Escudero adopts her deposition
testimony.*

15.     Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your answer

to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *No specific method, process, or formula utilized.  Answering further, Roxanna L. Escudero adopts her deposition testimony.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *Kimberly Drake*
> *John Martinez*
> *Helen Mootry*
> *Kemmie Salter*
> *Karen Gans*
> *Adrienne Boyle*
> *Gina LaPlante*
> *Michelle Mazzella*
> *Elaine Stewart*
> *Victoria Miller*
> *Kristi Merz*
> *Rita Solis*
> *Kim Lieberman*
> *Doreen Kohlon*
>
> *See also Answers to Interrogatory Nos. 7, 8, 9, 10, 11, and 12.*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *I do recall getting paid some overtime. However, I do not specifically recall when this took place or how much overtime pay I received.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *I do not specifically recall working less than forty (40) hours in any given week.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above.*

(b)    The amount of hours you worked during each such week; and

> *See above.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to*
> *same, Plaintiff Roxanna Escudero further answers as follows:*

(a)    The date or dates (including the year) on which each occasion of leave
began and ended;

> *July 1998.*

(b)    The total number of hours and/or days during which you were absent
from your employment with NationsBank on or during each occasion
of leave;

> *Two weeks.*

(c)    The reason or reasons for each occasion of leave, e.g., illness,
vacation, maternity or paternity leave, disability, authorized or
unauthorized leave of absence, bereavement, family illness or
disability, and/or any other reason causing you to take leave on each
such occasion;

> *Vacation.*

(d)    Whether you were paid by NationsBank during each occasion on
which you took leave and, if so, the rate of pay at which you were
compensated on each such occasion of leave;

> *Paid normal rate.*

(e)    The name, address and phone number of your supervisor or other
NationsBank employee who authorized and/or approved each such
occasion of leave from your employment; and

> *John Martinez*

Page 15 of 21

(f)  Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*Do not recall.*

20.  If you ever complained to your supervisor or any other NationsBank employee about not receiving overtime pay for the house you claimed you worked in excess of forty (40) during any given week after December 1, 1997, the specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*

(a)  The name and title of each supervisor or other NationsBank personnel to whom you complained:

*I complained to each individual identified in the Answer to Interrogatory No. 7. Furthermore, I complained to Kimberly Drake, Karen Guas, and Kemmie Salter (all Consumer Banker III).*

(b)  The date you made each such complaint; and

*Do not recall specific dates.*

(c)  Each and every person who was present while you were informing each person listed above about your complaint(s); and

*Do not specifically recall who was present.*

(d)  A detailed description of the substance of each complaint you made to each individual listed.

*Do not recall specifics of each complaint.*

>*Answering further, Plaintiff Roxanna J. Escudero adopts her deposition testimony.*

21.    For each person who is believe or known by you, your agents or your attorneys to have any knowledge whatsoever relating to your individual claim for overtime pay against NationsBank, specify:

>*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*

>*Roxanna L. Escudero adopts as her Answer to this Interrogatory her deposition testimony.*

(b)    The subject matter about which each such person has knowledge; and

>*See above answer.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

>*See above answer.*

22.    Identify each person who you may call as witnesses at trial, and provide a brief

description of the facts about which each witness is expected to testify. If you are presently

unable to provide a complete response to this Interrogatory, please respond as fully as

possible at this time and supplement this response as required by the Federal Rules of Civil

Procedure at such time as additional names and witnesses become known to you.

>*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to*

*same, Plaintiff Roxanna Escudero further answers as follows:*

*Plaintiff Roxanna Escudero further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero is presently unable to identify each person she may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*

*Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*

*Not applicable. I am a named Plaintiff who initiated this lawsuit.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*
>
> *Andres Escudero, Jr. & Sons*
> *David & Holley Escudero*
> *Pastor Howard Leman*
> *Bill & Delores Journot*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Roxanna Escudero further answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

> *In or about October 1999.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

> *Do not know.*

(c)    Whether you collected unemployment benefits following your termination;

> *Did not collect unemployment benefits.*

(d)    The name of your supervisor at the time your employment was terminated.

> *Donna Marie Kirlew, Helen Mootry, and Cindy Bumgartner.*

(e)    The name of your supervisor at the time your employment was terminated;

> *Helen Mootry*

STATE OF _____Florida_____

COUNTY OF _____Broward_____

I, Roxanna L. Escudero, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Roxanna L. Escudero served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____(SEAL)
Roxanne Escudero

SWORN TO and subscribed
before me this the _21st_
day of _March_, 2001.


Notary Public

My Commission expires:

[SEAL]    Donald Woodruff
Commission # CC 991214
Expires Aug. 12, 2004
Bonded Thru
Atlantic Bonding Co., Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,



vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

### NOTICE OF FILING PLAINTIFF LESLIE SLATER HILL'S ANSWERS
### TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, LESLIE SLATER HILL, through counsel, hereby files her Answers to

the First Set of Interrogatories propounded by Defendant on February 28, 2001, and

hereby certifies that this Notice along with the original Answers were sent, this ___ day

of May, 2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for

Defendant, 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220

(via U.S. Mail); Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank

of America Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and

Caryl Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (U.S. Mail).

Page 1 of 19

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

      Defendant.

_____/

## PLAINTIFF LESLIE SLATER HILL'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, LESLIE SLATER HILL, through counsel, and pursuant to Federal

Rules of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

## INTERROGATORIES

1.    Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*

(a)    Your full name;

*Leslie Slater Hill.*

(b)     Any past names by which you were known (including maiden names, alias or changed names);

*Leslie Ann Slater.*

(c)     Your social security number;

*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.*

(d)     Any other social security numbers you have used or designated in your lifetime other than your current social security number;

N/A.

(e)     Your residence addresses from January 1, 1997 to the present;

*1009 Old Lytton Springs Road
Lockhart, TX 78644*

(f)     Your telephone numbers from January 1, 1997 to the present; and

*512.398.3844*

(g)     The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.     List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *1997 to 1983: Collateral and Insurance Clerk.*
> *1983 to 1990: Loan Admin. Asst.*
> *1990 to 1992: Loan Asst./Asst. to Bank Manager,*
> *        Supervisor: John W. Gordon.*
> *1992 to 1999: Loan Officer/Banking Officer (Consumer Banker).*
> *Do not recall all supervisors or the rate of pay. Supervisors included Kara Massa; Robert Beardslee; Sue Shaw; Delma Pacheco; Loretta Shindler; Clifford Bandy; Raymond Rosario; Nancy Meyers; Susan McClary and Joy Gonzales.*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *South Park - #371*
> *1701 Director sblvd. Ste. 100*
> *Austin, TX 78744*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory No.

3:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*

(a)    Regional Executive;

        *Andres Elliott.*

(b)    Regional Sales Manager;

        *Clifford Bundy.*

(c)    Regional Service Manager;

        *Ronnie Gregory.*

(d)    Banking Center Manager; and

        *Kara massa; Robert Beardslee; Sue Shaw; Delma Pacheco; Loretta Shindler; Clifford Bandy; Raymond Rosario; Nancy Meyers. There may be others whose names I don't recall.*

(e)    Customer Service Manager

        *Susan McClary and Joy Gonzales. There may be others whose names I don't recall.*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*

*Do not recall.*

6.      Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *Do not recall.*

7.      State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *Kara Massa Perez - Trainer - Bank of America - St. Louis, MO.
> Nancy Meyers - Banking Center Manager - Austin, TX, 512.397.2200.
> Susan McClary - Customer Service Manager - South Park Branch,
> Austin, TX, 512.397.2200.*

8.      State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *See Answer to Interrogatory No. 7. Also, Andrew Elliott, Regional Executive.*

9.    State the name, business address and business phone number of all "similarly

situated employees" to whom you contend the allegations contained in Paragraph 15 of the

Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *Brenda Colwell - San marcos, TX Branch, 512.396.1153.*
> *Jeannette Gonzales - Branch (name unknown) in Austin, TX, 512.397.2200.*
> *Ruth Godine - 3803 Leafield Dr., Austin, TX 78749 (no longer employed).*
> *Others whose names I do not recall.*

10.    For each and every person listed in your response to Interrogatory No. 9, state

the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person] to

record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *Do not recall.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *See Answers to Interrogatory Nos. 7 and 8. Also Robert Beardslee and Clifford Bandy.*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *Do not recall specific statements or dates. The individuals who discussed overtime policies with me were Kara Massa, Robert*

> *Beardslee, Susan McClary, and Nancy Meyers. I do generally recall being told that I should only record forty (40) hours in any given work week.*

13.    Identify each NationsBank employee who was responsible for scheduling your

hours of work at each NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *Kara Massa*
> *Robert Beardslee*
> *Nancy Meyers*
> *Also, Susan Levett, Gisela Greenlee, and others whose names I do not recall at the Oak Springs Banking Center, where I was scheduled to work hours on Saturdays for which I was not compensated.*

14.    Identify each and every week during your tenure at each NationsBank location

listed in your response to Interrogatory No. 3 during which you contend you worked in

excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not specifically recall.*

(b)    The amount of time you reported for each date during each such week.

> *Do not specifically recall.*

(c)    The amount of time you actually worked each day during each such
week;

> *Do not specifically recall. On average, I would estimate that I
> worked approximately forty-five (45) to fifty-five (55) hours each
> week.*

(d)    The time at which you started work and stopped work each day within
the week including the times taken for meals or breaks; and

> *Do not specifically recall.*

(e)    The activities or task which required you to work any overtime which
you claimed you worked during each such week.

> *Training, meetings, customers needing help after hours, and
> working on Saturday.*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your answer

to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *No method, process, or formula utilized. In general, I would arrive for
> work at approximately 8:30 a.m. and leave work anytime between 6:00
> p.m. and 7:30 p.m., and would take approximately one-half (½) hour
> lunch. This is in addition to the approximately four (4) hours of
> Saturday work discussed in the Answer to Interrogatory No. 13.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*

Susan McClary
Sue Shaw
Robert Beardslee
Nancy Meyers
Kara Massa-Perez

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*

*I do recall getting paid some overtime after December 1, 1997, but do not recall any additional specifics.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*

(a)   The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *Do not specifically recall.*

(b)   The amount of hours you worked during each such week; and

> *Do not specifically recall.*

(c)   The reason(s) you worked less than 40 hours during each week listed above.

> *There were a few occasions where I did work less than forty (40) hours in any given week, which would have been because of illness, vacation, or doctor's appointments.*

19.   If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*

(a)   The date or dates (including the year) on which each occasion of leave began and ended;

> *Do not specifically recall.*

(b)   The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

> *Do not specifically recall.*

(c)   The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or

disability, and/or any other reason causing you to take leave on each such occasion;

*Illness and vacation.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

*Paid normal rate of pay.*

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

*Kara Massa (Perez), Robert Beardslee, Nancy Meyers.*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*I did not record the leave/vacation time; my supervisor did so.*

20.    If you ever complained to your supervisor or any other NationsBank employee

about not receiving overtime pay for the house you claimed you worked in excess of forty

(40) during any given week after December 1, 1997, the specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*

*I did not formally complain.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

(b)    The date you made each such complaint; and

(c)    Each and every person who was present while you were informing
each person listed above about your complaint(s); and

(d)    A detailed description of the substance of each complaint you made
to each individual listed.

21.    For each person who is believe or known by you, your agents or your
attorneys to have any knowledge whatsoever relating to your individual claim for overtime
pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *See Answers to Interrogatory Nos. 7, 8, 9, 11, 12, 13, and 16.*

(b)    The subject matter about which each such person has knowledge; and

> *See above answer.*

(c)    Each statement, whether oral or written, given by each such person
with regard to your individual claim in this lawsuit, including the date
made, the manner recorded, persons present when each such
statement was made, and the person(s) in possession of each such
statement at present.

> *See above answer.*

22.    Identify each person who you may call as witnesses at trial, and provide a brief

description of the facts about which each witness is expected to testify. If you are presently

unable to provide a complete response to this Interrogatory, please respond as fully as

possible at this time and supplement this response as required by the Federal Rules of Civil

Procedure at such time as additional names and witnesses become known to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*

> *First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *Plaintiff Leslie Slater Hill further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill is presently unable to identify each person she may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *Plaintiff Leslie Slater Hill further objects to this Interrogatory to the*

> *extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*
>
> *None.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Leslie Slater Hill further answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

> *May 28, 1999.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

*Voluntarily resigned.*

(c)    Whether you collected unemployment benefits following your termination;

*Did not collect unemployment.*

(d)    The name of your supervisor at the time your employment was terminated.

*N/A.*

(e)    The name of your supervisor at the time your employment was terminated;

*Nancy Meyers*

STATE OF _Texas_

COUNTY OF _Caldwell_

I, Leslie Slater Hill, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Leslie Slater Hill served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_Leslie Slater Hill_ _____ (SEAL)

Leslie Slater Hill

SWORN TO and subscribed
before me this the __13__
day of __March__, 2001.

_Kelly Chapman_
Notary Public

My Commission expires:  January 11, 2004

[SEAL]

> KELLY CHAPMAN
> Notary Public
> State of Texas
> My Commission Expires:
> JANUARY 11, 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.



BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

## NOTICE OF FILING PLAINTIFF DIANE M. KIRKLAND'S ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, DIANE M. KIRKLAND, through counsel, hereby files her Answers to

the First Set of Interrogatories propounded by Defendant on February 28, 2001, and

hereby certifies that this Notice along with the original Answers were sent this $\underline{24}$ day of

May, 2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S.

Mail); Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of

America Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and

Caryl Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By:_____
    SUSAN L. DOLIN, ESQ.
    Fla. Bar No. 708690
    ADAM S. CHOTINER, ESQ.
    Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

     Defendant.

_____/

## PLAINTIFF DIANE M. KIRKLAND'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, DIANE KIRKLAND, through counsel, and pursuant to Federal Rules

of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1.    Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*

    (a)    Your full name;

Page 3 of 19

*Diane Maureen Kirkland.*

(b)   Any past names by which you were known (including maiden names, alias or changed names);

*Dinane Maureen Knickerbocker.*

(c)   Your social security number;

*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.*

(d)   Any other social security numbers you have used or designated in your lifetime other than your current social security number;

*N/A.*

(e)   Your residence addresses from January 1, 1997 to the present;

*1/1/97 to 5/19/98*
*4826 US Hwy 27 N. #120*
*Lake Wales, FL 33853*

*5/19/98 to present*
*2351 Rolling Hills Loop*
*Lake Wales, FL 33853*

(f)   Your telephone numbers from January 1, 1997 to the present; and

*941.439.6827 and 863.679.1224, respectively.*

(g)   The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection.   The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence.   Furthermore, this Interrogatory is overbroad and unduly burdensome.*

Page 4 of 19

2.    List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *I was employed by NationsBank for approximately 20 years at*
> *approximately five different banking centers (some more than once)*
> *and I do not recall the names of all of my supervisors or the specific*
> *rates of pay for each position. During my tenure with NationsBank,*
> *I was employed as a Teller and as a Consumer Banker I and a*
> *Consumer Banker II. At all times material to this lawsuit, I was*
> *employed at the South Winterhaven Banking Center; my supervisor*
> *was Louise Horne.*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *Winterhaven Banking Center*
> *888 Cypress Gardens Blvd.*
> *Winterhaven, FL 33880*
> *Banking Center No. 208*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*

(a)    Regional Executive;

> *Bob Landers.*

(b)    Regional Sales Manager;

> *Bonnie Parker.*

(c)    Regional Service Manager;

> *Do not know.*

(d)    Banking Center Manager; and

> *Louise Horne.*

(e)    Customer Service Manager

> *None.*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*

*Do not recall.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Diane M. Kirkland answers as follows:*

> *Do not recall.*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Diane M. Kirkland answers as follows:*

> *Louise Horne.*

8.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *None.*

10.    For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla.*

> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *None.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *Louise Horne and John Kirkland.*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *Do not recall the specifics of any statements or conversations. I do recall that, after my position was re-classified as non-exempt in or about December 1997, Louise Horne had a discussion with me, the specifics of which I do not recall, but the substance of which was that I was told I was not to record all of my hours worked in excess of forty (40); when I informed Ms. Horne that I would be resigning, I was permitted to record some hours worked in excess of forty (40), but at no time was I permitted to record all of the hours that I was working.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Diane M. Kirkland answers as follows:*

> *There was no set schedule.*

14.    Identify each and every week during your tenure at each NationsBank

location listed in your response to Interrogatory No. 3 during which you contend you

worked in excess of forty (40) hours, and for each such week provide the following

information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Diane M. Kirkland answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not specifically recall.*

(b)    The amount of time you reported for each date during each such
week.

> *Do not specifically recall; in general I would report only
> approximately forty (40) hours regardless of number of hours
> worked; as previously mentioned. After I announced I would
> be resigning, I was permitted to record some, but certainly not
> all, overtime.*

(c)    The amount of time you actually worked each day during each such

week;

> *Do not specifically recall. On average, I worked approximately fifty (50) to fifty-five (55) hours each week.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> *Do not specifically recall. In general, I worked Monday through Friday 7:30 a.m. to 6:30 p.m.; usually took approximately 30 minutes for lunch.*

(e)    The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Completing necessary work; after-hours appointments with customers; call nights; paperwork.*

15.    Describe in specific detail the method, process or formula, including the identification of all documents, you utilized to track or calculate the number of hours in excess of forty (40) that you contend you worked during each week identified in your answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *No method, process, or formula utilized. Average number of hours worked per week as indicated in the Answer to Interrogatory 14(c) based upon memory and upon approximate hours worked as referenced in the Answer to Interrogatory 14(b).*

16.    Identify all persons with any knowledge that supports or otherwise relates to your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *Louise Horne, John Kirkland, Teller Louise Atkins, Teller Kelly Florendino, Linda (last name unknown), Cleaning person, Other cleaning person (female) whose name I do not recall.*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *I was paid overtime subsequent to December 1, 1997, although I do not recall specifically how much I was paid; in any event, I was not paid for all hours I actually worked.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *I do not recall working less than forty (40) hours in any given work*

*week subsequent to December 1, 1997.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

*See above answer.*

(b)    The amount of hours you worked during each such week; and

*See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

*See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*

*I did not take leave subsequent to December 1, 1997.*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

*See above answer.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

*See above answer.*

(c)     The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

*See above answer.*

(d)     Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

*See above answer.*

(e)     The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

*See above answer.*

(f)     Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*See above answer.*

20.     If you ever complained to your supervisor or any other NationsBank employee about not receiving overtime pay for the house you claimed you worked in excess of forty (40) during any given week after December 1, 1997, the specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*

*I have no specific recollection of any complaints made to my supervisor or any other NationsBank employee about not receiving*

*overtime pay subsequent to December 1, 1997.*

(a)     The name and title of each supervisor or other NationsBank personnel to whom you complained:

*See above answer.*

(b)     The date you made each such complaint; and

*See above answer.*

(c)     Each and every person who was present while you were informing each person listed above about your complaint(s); and

*See above answer.*

(d)     A detailed description of the substance of each complaint you made to each individual listed.

*See above answer.*

21.     For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*

*See Answer to Interrogatory No. 16. I believe Louise Horne and John Kirkland have knowledge concerning the number of hours I was working and the fact that I was not recording all hours that I was working. I believe the other individuals have knowledge concerning the number of hours I was working.*

(b)     The subject matter about which each such person has knowledge; and

*See above answer.*

(c)   Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

*See above answer.*

22.   Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *Plaintiff Diane M. Kirkland further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland is presently unable to identify each person she may call as a witness at trial.*

23.   Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.   Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*
>
> *Plaintiff Diane M. Kikrland further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.   Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*

*John Kirkland (husband). Objection to revealing the contents of conversations with spouse.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Diane M. Kirkland answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

*On or about March 13, 1998.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

*Voluntary termination.*

(c)    Whether you collected unemployment benefits following your termination;

*Did not collect unemployment.*

(d)    The name of your supervisor at the time your employment was terminated.

*Louise Horne and Bonnie Parker.*

(e)    The name of your supervisor at the time your employment was terminated;
*Answer: Louise Horne.*

STATE OF ___FloRiDA___

COUNTY OF ___PoLK___

I, Diane M. Kirkland, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Diane M. Kirkland served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____(SEAL)
Diane M. Kirkland

K024-173-57-583-0.

SWORN TO and subscribed
before me this the ___16___
day of ___March___, 2001.

_____
Notary Public

My Commission expires: 9/29/2001

[SEAL]



WENDY M. MALADY
MY COMMISSION # CC 684164
EXPIRES: September 29, 2001
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.



BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

## NOTICE OF FILING PLAINTIFF PEGGY H. LEE'S ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, PEGGY H. LEE, through counsel, hereby files her Answers to the First

Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby certifies

that this Notice along with the original Answers were sent this $\frac{2G}{l}$ day of May, 2001, to

Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790 East

Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail);

Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America

Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and Caryl

Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

      Defendant.

_____/

## PLAINTIFF PEGGY H. LEE'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, PEGGY H. LEE, through counsel, and pursuant to Federal Rules of

Civil Procedure 33, hereby serves her Answers to Defendant's First Set of Interrogatories

to Plaintiff as follows:

## INTERROGATORIES

1.    Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*

Page 3 of 33

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

(a)  Your full name;

    *PEGGY HARPER LEE*

(b)  Any past names by which you were known (including maiden names, alias or changed names);

    *PEGGY HARPER WHITE*
    *PEGGY DENISE HARPER*

(c)  Your social security number;

    *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*

(d)  Any other social security numbers you have used or designated in your lifetime other than your current social security number;

    *N/A*

(e)  Your residence addresses from January 1, 1997 to the present;

    *1997 -11/99  308 S. Boger Blvd., Lakeland, FL 33803*
        *863.688.5761*

    *11/99 - 10/00 3520 Cleveland #225, Lakeland, FL 33803*
        *863.648.9420*

    *10/00 - present 4083 Howard Avenue, Lakeland, FL 33815*
        *863.683.1213*

(f)  Your telephone numbers from January 1, 1997 to the present; and

    *see above*

(g)    The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.   List each and every position you held while employed by NationsBank including, but not limited to, the position's job title, rate of pay, your immediate supervisor while employed in each such position and the dates during which you held each such position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *1986 - 1988   Teller*
> *Mary Latimer*
>
> *1988 - 1994   Teller Supervisor*
> *Patty Steverson*
>
> *1994 - 1999   Consumer Banker*
> *Patty Steverson*
> *Mike Trobaugh*
> *Chris Adams*
> *Steve Beck*
>
> *I do not specifically recall my rate of pay as a teller and teller supervisor. With respect to my position as a consumer banker, from in or about December 1997 until my separation of employment in or about December 1999, I earned approximately $45,000.00 to $47,000.00.*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *Branch 207*
> *3221 S. Florida Avenue*
> *Lakeland, Florida 33803*
>
> *Branch 1554*
> *2301 S. Florida Avenue*
> *Lakeland, Florida 33803*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*

(a)    Regional Executive;

> *Jim Foley, Bob Landers, Waymon Shuggs*

(b)    Regional Sales Manager;

> *Bonnie Parker*

(c)    Regional Service Manager;

> *Holly (Last Name Unknown)*

(d)    Banking Center Manager; and

> *Patty Steverson, Mike Troubaugh, Chris Adams, Steve Beck*

(d)    Customer Service Manager

> *Kelly Jones*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff PEGGY H. LEE further answers as follows:*

*1217*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff PEGGY H. LEE further answers as follows:*

*NBKPL17*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *Steve Beck, Banking Center Manager*
> *2301 S. Florida Avenue*
> *Lakeland, Florida 33803*
> *863.682.1865*

8.      State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *See Answer for Interrogatory No. 7*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *Lucy Walker, Consumer Banker*
> *Sandy Hutto, Consumer Banker*

10.    For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *See Answer to Interrogatory No. 7*

11.   Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *Steve Beck, BCM*
> *Lucy Walker, CB*
> *Sando Hutto, CB*
> *Kelly Jones, CSM*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *In or about September or October 1998, Steve Beck became my banking center manager. At some point thereafter, and on numerous occasions, Mr. Beck indicated that we were not to record our hours worked in excess of forty (40). I do not specifically recall the date or time of each statement.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *Patty Steverson*
> *Mike Trobaugh*
> *Chris Adams*
> *Steve Beck*

14.    Identify each and every week during your tenure at each NationsBank location listed in your response to Interrogatory No. 3 during which you contend you worked in excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *To the best of my recollection, I was properly paid for all hours worked up through in or about September or October of 1998, when Steve Beck became my Banking Center Manager. It was only at that point that I began to not properly get paid for all hours worked. Answering further, and with respect to the time period subsequent to in or about September or October 1998:*

(a)    The beginning and ending date for each such week;

> *Do not remember.*

(b)    The amount of time you reported for each date during each such week.

> *Forty hours each week.*

(c)    The amount of time you actually worked each day during each such week;

> *approximately 9 - 10 hours.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> *I arrived at work at approximately 8:45 a.m. and left work at approximately 6:30 p.m. I did not always take lunch; if I did, it*

Page 18 of  33

> *would be for approximately 30 minutes to one hour.*

(e)    The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Completing necessary work, including loan closings and customer service.*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your

answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *No method, process or formula utilized. Approximate number of hours
> worked each day as referenced in the Answer to Interrogatory 14 (c)
> based upon memory and the approximate starting and ending times
> for work referenced in the Answer to Interrogatory 14(d).*

16.   Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *Steven Beck*
> *Lucy Walker*
> *Sandy Hutto*
> John Lee
> Kelly Jones
> various customers whose names I cannot recall

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification  of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *As previously mentioned, I did receive overtime pay subsequent to
> December 1, 1997, up through in or about September or October,
> 1998 when Steve Beck became my Banking Center Manager.  I do
> not recall how much overtime pay I received.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *I believe there were weeks in which I worked less than forty (40) hours however, I cannot specifically recall when these weeks were, how many hours I worked during any such week, and the reasons for working less than forty (40) hours during any such week.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

> *Do not specifically recall.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

> *Do not specifically recall although I believe I took approximately three (3) weeks vacation each year subsequent to December 1, 1997.*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

> *Vacation.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

> *Paid at regular rate for vacation time.*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

> *Patty Steverson*
> *Mike Trobaugh*
> *Chris Adams*
> *Steve Beck*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

> *I recorded my vacation time on my timecards or timesheets.*

20.    If you ever complained to your supervisor or any other NationsBank employee about not receiving overtime pay for the house you claimed you worked in excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *I do not recall the specifics of any conversations with Steve Beck, although I do generally recall having complained about not getting paid overtime. When I would generally complain, while I do not recall the specifics of Mr. Beck's responses, he would generally respond by indicating that the directive that no overtime be recorded came from upper management and that there was nothing he could do about it.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *See above answer.*

(b)    The date you made each such complaint; and

> *See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *See above answer.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *See Answer to Interrogatory No. 16.    I believe each of these individuals have knowledge of the amount of hours I was working, as well as the fact that I was not permitted to record my overtime hours.*

(b)    The subject matter about which each such person has knowledge; and

> *See above answer.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *See above answer.*

22.    Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *Plaintiff PEGGY H. LEE further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE is presently unable to identify each person she may call as a witness at trial.*

23. Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *Plaintiff PEGGY H. LEE further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff PEGGY H. LEE further answers as follows:*
>
> *None.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff PEGGY H. LEE further answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank
of America terminated;

> *In or about December, 1999*

(b)    The reasons for the termination of your employment with NationsBank
and/or Bank of America;

> *I was told I was terminated for a "policy violation."*

(c)    Whether you collected unemployment benefits following your
termination;

> *Did not collect unemployment benefits.*

(d)    The name of your supervisor at the time your employment was
terminated.

> *Rebecca (Last Name Unknown)*

(e)    The name of your supervisor at the time your employment was
terminated;

> *Steven Beck*

STATE OF ___Florida___

COUNTY OF ___Polk___

I, Peggy H. Lee, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Peggy H. Lee served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

 _____ (SEAL)

Peggy H. Lee

SWORN TO and subscribed
before me this the 15th
day of March, 2001.

_____

Notary Public

My Commission expires:

[SEAL]

Pamela Jo Richardson
MY COMMISSION # CC877884 EXPIRES
November 15, 2003
BONDED THRU TROY FAIN INSURANCE, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.



BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

### NOTICE OF FILING PLAINTIFF ANGELA A. MOBLEY'S ANSWERS
### TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, ANGELA A. MOBLEY, through counsel, hereby files her Answers to

the First Set of Interrogatories propounded by Defendant on February 28, 2001, and

hereby certifies that this Notice along with the original Answers were sent this $\angle$ day of

May, 2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S.

Mail); Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of

America Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and

Caryl Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

Page 1 of 31

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By:_____
        SUSAN L. DOLIN, ESQ.
        Fla. Bar No. 708690
        ADAM S. CHOTINER, ESQ.
        Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/

## PLAINTIFF ANGELA A. MOBLEY'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, ANGELA A. MOBLEY, through counsel, and pursuant to Federal Rules

of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1.    Please provide the following information:

        *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*

    (a)    Your full name;

*ANGELA A. MOBLEY*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

*ANGELA ANN JONES*

(c)    Your social security number;

*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*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

*N/A*

(e)    Your residence addresses from January 1, 1997 to the present;

*6815 Simon Ridge Drive, College Park, GA 30349*

(f)    Your telephone numbers from January 1, 1997 to the present; and

*770.969.9078*

(g)    The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Consumer Banker IV*
> *approximately $25,000.00 plus incentives*
> *do not recall supervisor that conducted CBIV training at the Mid-Town*
> *Branch*
> *Second supervisor - Joi Gibson*
> *subsequent supervisor = Tamara Lomax*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Mid-Town*
> *Greenbrier*
> *Bank head*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*

(a)    Regional Executive;

> *Do not remember.*

(b)    Regional Sales Manager;

> *Do not remember.*

(c)    Regional Service Manager;

> *Do not remember.*

(d)    Banking Center Manager; and

> *Tamara Lomax*

(e)    Customer Service Manager

> *Do not remember.*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Do not remember.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Do not remember.*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Tamara Lomax*
> *Bankhead Highway*
> *Atlanta GA*
> *404.792.5525*

8.     State the name, business address, business phone number and job title or
position of all NationsBank personnel who engaged in pay policies, practices and
procedures that "violated the FLSA by failing to provide overtime pay to [you], and other
similarly situated employees, including Consumer Bankers II, III and IV, throughout the
NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in
Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Naomi Billingsley*

10.    For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

11.   Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Tamara Lomax*
> *Naomi Bilingsley*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiff ANGELA A. MOBLEY adopts as her answer to this Interrogatory the testimony given by her during her deposition.*

13. Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Tamara Lomax*

14.    Identify each and every week during your tenure at each NationsBank

location listed in your response to Interrogatory No. 3 during which you contend you

worked in excess of forty (40) hours, and for each such week provide the following

information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiff ANGELA A. MOBLEY adopts as her answer to this*
> *Interrogatory her testimony as given in her deposition.*

15. Describe in specific detail the method, process or formula, including the identification of all documents, you utilized to track or calculate the number of hours in excess of forty (40) that you contend you worked during each week identified in your answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiff ANGELA A. MOBLEY adopts as her answer to this Interrogatory her testimony as given in her deposition.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiff further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege and/or work-product doctrine. With waving the foregoing objection, and subject to same Plaintiff ANGELA A. MOBLEY further answers:*
>
> *Tamara Lomax*
> *Naomi Billingsley*

17.     Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *While I do recall being paid overtime subsequent to December 1, 1997, I cannot specifically recall the weeks for which I received overtime pay nor the amount I was paid for any overtime hours.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiff ANGELA A. MOBLEY adopts as her answer to this Interrogatory her testimony as given in her deposition.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

>    *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
>    *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
>    *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
>    *to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
>    *Plaintiff ANGELA A. MOBLEY adopts as her answer to this*
>    *Interrogatory her testimony as given in her deposition.*

(a)    The date or dates (including the year) on which each occasion of
       leave began and ended;

>    *See above answer.*

(b)    The total number of hours and/or days during which you were absent
       from your employment with NationsBank on or during each occasion
       of leave;

>    *See above answer.*

(c)    The reason or reasons for each occasion of leave, e.g., illness,
       vacation, maternity or paternity leave, disability, authorized or
       unauthorized leave of absence, bereavement, family illness or
       disability, and/or any other reason causing you to take leave on each
       such occasion;

>    *See above answer.*

(d)    Whether you were paid by NationsBank during each occasion on
       which you took leave and, if so, the rate of pay at which you were
       compensated on each such occasion of leave;

>    *See above answer.*

(e)    The name, address and phone number of your supervisor or other

NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

*See above answer.*

(f)   Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*See above answer.*

20.    If you ever complained to your supervisor or any other NationsBank employee about not receiving overtime pay for the house you claimed you worked in excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiff ANGELA A. MOBLEY adopts as her answer to this Interrogatory the testimony given by her at her deposition.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *See above answer.*

(b)    The date you made each such complaint; and

> *See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *See above answer.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiff ANGELA A. MOBLEY adopts as her answer to this Interrogatory the testimony given by her at her deposition.*

(b)    The subject matter about which each such person has knowledge; and

> *See above answer.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *See above answer.*

22.   Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiff ANGELA A. MOBLEY further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine.   Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY is presently unable to identify each person she may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiff ANGELA A. MOBLEY further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Answering further, Plaintiff ANGELA A. MOBLEY adopts as her
> answer to this Interrogatory her testimony as given in her deposition.*
>
> Answering further, Plaintiff ANGELA A. MOBLEY states further:
> spouse/husband Carl Mobley. Objection to revealing the content of
> conversations with spouse pursuant to privilege.

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff ANGELA A. MOBLEY further answers as follows:*
>
> *Plaintiff ANGELA A. MOBLEY adopts as her answer to this Interrogatory her testimony as given in her deposition.*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

> *See above answer.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

> *See above answer.*

(c)    Whether you collected unemployment benefits following your termination;

> *See above answer.*

(d)    The name of your supervisor at the time your employment was terminated.

> *See above answer.*

(e)    The name of your supervisor at the time your employment was terminated;

> *See above answer.*

STATE OF _GEORGIA_

COUNTY OF _FULTON_

I, Angela A. Mobley, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Angela A. Mobley served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____ (SEAL)
Angela A. Mobley

SWORN TO and subscribed
before me this the __12__
day of __May__, 2001.

_____
Notary Public

My Commission expires:    Renita W. Bodiford
                          Notary Public-Clayton County, Georgia
                          My Commission Expires __19 OCT 04__

[SEAL]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/

## NOTICE OF FILING PLAINTIFF GUILBERT M. PARKER'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, GUILBERT M. PARKER, through counsel, hereby files his Answers

to the First Set of Interrogatories propounded by Defendant on February 28, 2001, and

hereby certifies that this Notice along with the original Answers were sent this $\overline{\phantom{X}}$ day of

June, 2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S.

Mail); Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of

America Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and

Caryl Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

   Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

   Defendant.

_____/

## PLAINTIFF GUILBERT M. PARKER'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, GUILBERT M. PARKER, through counsel, and pursuant to Federal

Rules of Civil Procedure 33, hereby serves his Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1. Please provide the following information:

  *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*

  (a) Your full name;

### GUILBERT M. PARKER

(b)  Any past names by which you were known (including maiden names, alias or changed names);

*Gil Parker*

(c)  Your social security number;

*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*

(d)  Any other social security numbers you have used or designated in your lifetime other than your current social security number;

*N/A*

(e)  Your residence addresses from January 1, 1997 to the present;

*1/97 - 7/99*
*3312 Parklawn Drive*
Balto, MD  21281

*7/99 - present*
3627 Lochern Drive
Balto, MD  21207

(f)  Your telephone numbers from January 1, 1997 to the present; and

*410.325.3511 and 410.298.0030, respectively*

(g)  The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

Page 4 of 32

2.      List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *10/96 - 12/97*
> *Telemarketer*
> *$25,000.00*
> *Joyce Moxty*
>
> *1/97 - 2/11/98*
> *CB III*
> *$33,000.00*
> *Mitch Vandiver*
> *Joe Turek*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *12/1/97 - 2/98*
> *1221 Eastern Boulevard*
> *Balto, MD 21221*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff GUILBERT M. PARKER further answers as follows:*

(a)    Regional Executive;

> *Don Woods*

(b)    Regional Sales Manager;

> *Joe Borkowitz*

(c)    Regional Service Manager;

> *Phil Mosco*

(d)    Banking Center Manager; and

> *Mitch Vendiver & Joe Turek*

(d)    Customer Service Manager

> *Theresa Karamian*

.

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Do not remember.*

6.      Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*

> *NBK 534*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Joe Turek*
> *1221 Eastern Boulevard*
> *Balto, MD  21221*

8.      State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *See Answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Loretta Warfield Davis*
> *Doreen Bostik*

10.    For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Do not know*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*

Scott Dickens
Joe Turek
Lenore Giles Parker

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *I recall being told by Joe Turek that I was to record only my "standard"
> hours, meaning only record 8:30 to 4:30 Monday through Friday with
> a half-hour for lunch regardless of actual hours worked.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Mitch Vandiver*
> *Joe Turek*

14.    Identify each and every week during your tenure at each NationsBank location listed in your response to Interrogatory No. 3 during which you contend you worked in excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not remember.*

(b)    The amount of time you reported for each date during each such week.

> *Do not remember.*

(c)    The amount of time you actually worked each day during each such week;

> *Do not remember. From in or about December, 1997 until my termination on or about February 11, 1998, I worked approximately 55 hours per week.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> ·    *Do not remember. On average, I would arrive at the banking center at approximately 8:15 a.m. and leave at approximately 6:30 p.m., with thirty minutes for lunch per day. However, there were also "call nights" where I would stay at the banking center later than 6:30 p.m. to telephone customers.*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

*(e)*    The activities or task which required you to work any overtime which
you claimed you worked during each such week.

*Completing necessary work and "call nights."*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your

answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *No method, process or formula utilized.  Average number of hours*
> *worked per week as indicated in Answer 14(c) based upon memory.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Scott Dickens*
> *Joe Turek*
> *Lenore Giles Parker*

17.    Specify whether you were paid overtime by NationsBank at anytime during your employment tenure after December 1, 1997, including, but not limited to, the identification of each such week for which you received overtime pay, the position which you held at the time when you receive overtime pay and the amount you were paid for your overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Do not specifically recall being paid overtime after December 1, 1997.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Answering further, I do not specifically recall working less than forty (40) hours in any given week during my employment with NationsBank subsequent to December 1, 1997.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Do not specifically recall taking any leave after December 1, 1997.*

(a)    The date or dates (including the year) on which each occasion of
        leave began and ended;

> *See above answer.*

(b)    The total number of hours and/or days during which you were absent
        from your employment with NationsBank on or during each occasion
        of leave;

> *See above answer.*

(c)    The reason or reasons for each occasion of leave, e.g., illness,
        vacation, maternity or paternity leave, disability, authorized or
        unauthorized leave of absence, bereavement, family illness or
        disability, and/or any other reason causing you to take leave on each
        such occasion;

> *See above answer.*

(d)    Whether you were paid by NationsBank during each occasion on
        which you took leave and, if so, the rate of pay at which you were
        compensated on each such occasion of leave;

> *See above answer.*

(e)    The name, address and phone number of your supervisor or other
        NationsBank employee who authorized and/or approved each such
        occasion of leave from your employment; and

Page 23 of 32

*See above answer.*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*See above answer.*

20.    If you ever complained to your supervisor or any other NationsBank employee about not receiving overtime pay for the house you claimed you worked in excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *Joe Turek*

(b)    The date you made each such complaint; and

> *Do not recall*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *Myself, Joe Turek and Scott Dickens*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *do not specifically recall details of complaints. On approximately two or three occasions, I discussed with Mr. Turek the fact that I was working more than forty (40) hours and not getting paid overtime; Mr. Turek's response, in general, was that was the way it was and there was nothing that could be done about it.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *See Answer to Interrogatory 16.  I believe these individuals have knowledge of the number of hours I was working as well as the fact that I was not recording all of the hours I was working.*

(b)    The subject matter about which each such person has knowledge; and

> *See above answer.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *See above answer.*

22.    Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Plaintiff GUILBERT M. PARKER further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER is presently unable to identify each person he may call as a witness at trial.*

.

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs
> retain an expert witness and intend for said witness to testify at trial,
> Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Plaintiff GUILBERT M. PARKER further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you have discussed the claim you are asserting against NationsBank through this action or the subject matter of this action in general including, but not limited to, the current address and phone number of each such person, the date on which you discussed your claim or this lawsuit with each such person, the matters discussed during each such conversation and whether any other person was present, other than your attorneys, during each such conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff GUILBERT M. PARKER further answers as follows:*
>
> *Lenore Giles Parker.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff GUILBERT M. PARKER further answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank
of America terminated;

> *On or about February 11, 1998.*

(b)    The reasons for the termination of your employment with NationsBank
and/or Bank of America;

> *I do not recall the reasons I was given for my termination.*

(c)    Whether you collected unemployment benefits following your
termination;

> *I did collect unemployment benefits.*

(d)    The name of your supervisor at the time your employment was
terminated.

> *Joe Turek*

(e)    The name of your supervisor at the time your employment was
terminated;

> *Joe Turek*

STATE OF _Maryland_

COUNTY OF _Baltimore_

I, Guilbert M. Parker, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Guilbert M. Parker served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____ (SEAL)
Guilbert M. Parker

SWORN TO and subscribed
before me this the _6_
day of _June_, 2001.

_____
Notary Public

My Commission expires:

[SEAL]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF NANCY ROJAS'S ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, NANCY ROJAS, through counsel, hereby files her Answers to the First

Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby certifies

that this Notice along with the original Answers were mailed this $\underline{21^{st}}$ day of May, 2001,

to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790 East

Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220; Richard F. Kane,

Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America Plaza, 101 South

Tyron Street, Charlotte, NC 28280; and Caryl Boies, Esq., Boies, Schiller & Flexner, LLP,

co-counsel for Plaintiff, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

      Defendant.

_____/

## PLAINTIFF NANCY ROJAS'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, NANCY ROJAS, through counsel, and pursuant to Federal Rules of

Civil Procedure 33, hereby serves her Answers to Defendant's First Set of Interrogatories

to Plaintiff as follows:

## INTERROGATORIES

1.    Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

(a)    Your full name;

Page 3 of 18

*Nancy Rojas*

(b)  Any past names by which you were known (including maiden names, alias or changed names);

   *N/A*

(c)  Your social security number;

   *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*

(d)  Any other social security numbers you have used or designated in your lifetime other than your current social security number;

   *N/A*

(e)  Your residence addresses from January 1, 1997 to the present;

   *151 S. Ridgewood Avenue, Ormond Beach, FL 32174*

(f)  Your telephone numbers from January 1, 1997 to the present; and

   *904.673.5636 and 904.671.6845*

(g)  The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

   *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank including, but not limited to, the position's job title, rate of pay, your immediate supervisor while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

> *Plaintiff Nancy Rojas adopts as her answer to this Interrogatory the testimony given by her in her deposition.*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

> *Orchard Instore – Granada, Ormond*
> *Promenade Instore – Nova Road, Daytona*
> *Ormond Town Square – Granada, Ormond*
> *Dates unknown.*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

(a)    Regional Executive;

> *Do not remember.*

    (b)    Regional Sales Manager;

           *Do not remember.*

    (c)    Regional Service Manager;

           *Do not remember.*

    (d)    Banking Center Manager; and

           *Jacqueline Leonard*

    (d)    Customer Service Manager

           *Do not remember.*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

> *Do not remember.*

6.    **Please state each** computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

*Do not remember.*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*
>
> *Jacqueline Leonard*
> *Vicki Mignardi*
> *Doug Ressler*

8.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

*Jacqueline Leonard – Ormond Beach, Florida*
*Sue Worth – Ormond Beach, Florida*
*Douglas Ressler – Ormond Beach, Florida*
*Brian Woods – Daytona Beach, Florida*
*Donald Gilcrest – Ormond Beach, Florida*

9.      State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Nancy Rojas further answers as follows:*
>
> *Raynie Simpson – Ormond Beach, Florida*
> *Judith Kherig – Ormond Beach, Florida*

10.     For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Nancy Rojas further answers as follows:*
>
> *Raynie Simpson: Donald Gilcrest*
> *Judith Kherig: Jackie Leonard*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*
>
> *See answers to Interrogatories 7, 8, 9, and 10.*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*
>
> *Plaintiff Nancy Rojas adopts as her answer to this Interrogatory the testimony given by her during her deposition.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

*Jackie Leonard*
*Douglas Ressler*
*Roberta Powell*

14.    Identify each and every week during your tenure at each NationsBank

location listed in your response to Interrogatory No. 3 during which you contend you

worked in excess of forty (40) hours, and for each such week provide the following

information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Nancy Rojas further answers as follows:*
>
> *Plaintiff Nancy Rojas adopts as her answer to this Interrogatory her*
> *testimony as given in her deposition.*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your

answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Nancy Rojas further answers as follows:*
>
> *Cannot recall specifically the number of hours worked each and every*
> *week during the operative time period. The number of overtime hours*
> *worked is an estimate based on recollection.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

> *Plaintiff further objects to this Interrogatory to the extent it calls for information protected from disclosure by the attorney-client privilege and/or work-product doctrine. With waving the foregoing objection, and subject to same, see answers to Interrogatory Nos. 7, 8, 9, and 10.*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

> *I was paid overtime by NationsBank subsequent to December 1, 1997, although I cannot recall the specific week or weeks for which I received overtime pay, nor do I recall specifically the amount I was paid for any overtime hours.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*

*to same, Plaintiff Nancy Rojas further answers as follows:*

*Answering further, I do not specifically recall working less than forty (40) hours in any given week during my employment with NationsBank subsequent to December 1, 1997.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

*See above answer.*

(b)    The amount of hours you worked during each such week; and

*See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

*See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

*Not applicable; no leave taken.*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

*See above answer.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

*See above answer.*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

*See above answer.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

*See above answer.*

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

*See above answer.*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*See above answer.*

20.    If you ever complained to your supervisor or any other NationsBank

employee about not receiving overtime pay for the house you claimed you worked in

excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

*Plaintiff Nancy Rojas adopts as her answer to this Interrogatory the testimony given by her at her deposition.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

*See above answer.*

(b)    The date you made each such complaint; and

*See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

*See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

*See above answer.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

*Plaintiff Nancy Rojas adopts as her answer to this Interrogatory the testimony given by her at her deposition.*

(b)    The subject matter about which each such person has knowledge; and

*See above answer.*

(c)   Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

*See above answer.*

22.   Identify each person who you may call as witnesses at trial, and provide a brief description of the facts about which each witness is expected to testify. If you are presently unable to provide a complete response to this Interrogatory, please respond as fully as possible at this time and supplement this response as required by the Federal Rules of Civil Procedure at such time as additional names and witnesses become known to you.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

*Plaintiff Nancy Rojas further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas is presently unable to identify each person she may call as a witness at trial.*

23.   Identify each person who you intend to call as an expert witness at trial and state the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify and the summary of the grounds for each opinion you anticipate each such expert will offer at trial.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's*

> *First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.   Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*
>
> *Plaintiff Nancy Rojas further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.   Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*

*to same, Plaintiff Nancy Rojas further answers as follows:*

*Answering further, Plaintiff Nancy Rojas adopts as her answer to this Interrogatory her testimony as given in her deposition.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

*On or about February 21, 2000.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

*Unknown.*

(c)    Whether you collected unemployment benefits following your termination;

*Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.*

(d)    The name of your supervisor at the time your employment was terminated.

*Jacqueline Leonard and Brian Woods.*

(e)    The name of your supervisor at the time your employment was terminated;

*Brian Woods / Bruce McCrory.*

STATE OF _____Florida_____

COUNTY OF _____Volusia_____

I, Nancy M. Rojas, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Nancy M. Rojas served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____(SEAL)
Nancy M. Rojas

Known to me

SWORN TO and subscribed
before me this the ___13___
day of ___March___, 2001.


Notary Public

My Commission expires:

[SEAL]

RAYNIE M. SIMPSON
MY COMMISSION # CC 889209
EXPIRES: July 24, 2001
Bonded Thru Notary Public Underwriters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF FABIOLA G. STEWART'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, FABIOLA G. STEWART, through counsel, hereby files her Answers

to the First Set of Interrogatories propounded by Defendant on February 28, 2001, and

hereby certifies that this Notice along with the original Answers were sent this $\underline{\quad}$ day of

June, 2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant,

790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S.

Mail); Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of

America Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and

Caryl Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

Page 1 of 20

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By:_____
        SUSAN L. DOLIN, ESQ.
        Fla. Bar No. 708690
        ADAM S. CHOTINER, ESQ.
        Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/

## PLAINTIFF FABIOLA G. STEWART'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, FABIOLA G. STEWART, through counsel, and pursuant to Federal

Rules of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

## INTERROGATORIES

1.    Please provide the following information:

        *Plaintiff objects to this Interrogatory specifically, and NationsBank's
        First Set of Interrogatories in general, as being in violation of S.D. Fla.
        L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
        to same, Plaintiff Fabiola G. Stewart answers as follows:*

    (a)    Your full name;

*Fabiola Graciela Stewart*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

*"Faby" Stewart*

(c)    Your social security number;

*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*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

*N/A*

(e)    Your residence addresses from January 1, 1997 to the present;

*1997-1999:*
*5075 Pear Ridge Dr., Apt. 632*
*Dallas, TX 75287*

*2000:*
*18959 North Dallas Pkway, Apt. 2114*
*Dallas, TX 75287*

*Present:*

*1384 Forest Oaks Court*
*Frisco, TX 75034*

(f)    Your telephone numbers from January 1, 1997 to the present; and

*1997-2000:*
*Do not remember.*

*Present:*
*972.668.3627*

(g)    The name, business address, dates of employment, positions held,
rates of pay and your immediate supervisors for each and every
employer for whom you worked either prior or subsequent to your
employment with NationsBank including, but not limited to, military
service and/or self-employment.

> *Objection. The information sought by this Interrogatory is
> irrelevant and not reasonable calculated to lead to the
> discovery of admissible evidence.    Furthermore,    this
> Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Fabiola G. Stewart answers as follows:*

| Dates of employment | Position held | Rate of pay | Supervisor's name |
|---|---|---|---|
| 08/95 to 12/95 | Teller | $7.50 per hour | Do not remember |
| 01/96 to 12/96 | Teller | $8.00 per hour | Brian Voigt |
| 12/96 to 02/01 | Consumer Banker/ Personal Banker | Range of Pay: Approx. $22,000 to $35,776 | Keith Braley and Carolyn Anderson |
| 3/01 to present | Banking Center Manager | Approx. $38,000 | Peter McKee |

3.      Please provide the name, branch or banking center number, and street address (including city and state) for each NationsBank location at which you worked after December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *Up to 02/01:*
> *Carrollton Banking Center*
> *1101 S. Josey Lane*
> *Carrollton, TX 75006*
>
> *03/01 to present:*
> *Webb Chapel Banking Center*
> *10815 Webb Chapel*
> *Dallas, TX 75229*

4.      Please identify each and every individual who held the following job titles during your tenure at each NationsBank location listed in your response to Interrogatory No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*

(a)     Regional Executive;

> *Sue Learberger and Peter McKee*

(b)     Regional Sales Manager;

> *Shirley Stanley and Beverly Johnson*

    (c)    Regional Service Manager;

               *Greg Tabron*

    (d)    Banking Center Manager; and

               *Keith Braley and Carolyn Anderson and myself*

    (e)    Customer Service Manager

               *Jackie Edwards and Scott Chambers*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *I did not have an access code for the alarm at the Carrollton Banking Center, which is the only banking center at issue for my claim in this lawsuit.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *My NBK is NBKT1J2*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Fabiola G. Stewart answers as follows:*

> *Carolyn Anderson*

8.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Fabiola G. Stewart answers as follows:*

> *See answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *Judy Stearnes*
> *1101 S. Josey Lane*
> *Carrollton, TX 75006*
> *972.416.1616*
>
> *Theresa Popiellch*
> *1101 S. Josey Lane*
> *Carrollton, TX 75006*

10. For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *See answer to Interrogatory No. 7.*

11. Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *Cynthia L. Garcia and Joe E. Garcia*

12.   Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *When I initially became a Consumer Banker in or about December 1996, Keith Braley, who offered me the position, indicated that the Consumer Banker position was exempt and that I was thus to record no overtime. In or about January 1998, I was informed that the position had been re-classified as non-exempt, and I began properly and accurately recording my time worked. In or about September 2000, Carolyn Anderson indicated to me that there was a new regional executive and that there was now "zero tolerance" for overtime. She generally stated that hours worked in excess of forty (40) in any given week could be taken as comp-time in subsequent weeks. Occasionally, she would permit me to record a modest amount of overtime.*

13.   Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*

> *Keith Braley and Carolyn Anderson*

14.    Identify each and every week during your tenure at each NationsBank location listed in your response to Interrogatory No. 3 during which you contend you worked in excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not specifically recall*

(b)    The amount of time you reported for each date during each such week.

> *Do not specifically recall*

(c)    The amount of time you actually worked each day during each such week;

> *Do not specifically recall. In general, from in or about September 2000 until in or about February 2001, I worked at the Carrollton Banking Center Monday to Friday and every other Saturday. Monday through Friday I would arrive at approximately 8:00 to 8:30 a.m. and leave at approximately 5:00 to 5:30 p.m. On Friday, I would arrive at approximately 8:00 to 8:30 p.m. and leave at approximatley 6:30 to 7:30 p.m. When I would work on Saturday, I would work from*

Page 11 of 20

> *approximately 8:30 a.m. to approximately 1:30 p.m. I usually did not take a lunch.*

(d)   The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> *See answer to subpart (c).*

(e)   The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Doing all necessary work; the banking center was always short-handed.*

15.   Describe in specific detail the method, process or formula, including the identification of all documents, you utilized to track or calculate the number of hours in excess of forty (40) that you contend you worked during each week identified in your answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *No method, process, or formula utilized.*

16.   Identify all persons with any knowledge that supports or otherwise relates to your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *Judy Stearnes*
> *Keith Braley*

*Jackie Edwards*
*Angie Perez*
*Cynthia Carcia*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *I did receive overtime pay during 1998, 1999, and 2000. In 1998, I believe I received 117.5 hours of overtime, totalling approximately $2,729.77. In 1998, I believe I was paid for approximately 150.5 hour of overtime, totalling approximately $4,004.12. I do not specifically recall receiving overtime pay for 2001.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *Do not specifically recall. From in or about April 1998 until in or about August 1998, I began working on "prime time" which was less than part-time; on average, during this time period I worked approximately 7-20 hours a week.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

   *See above answer.*

(b)    The amount of hours you worked during each such week; and

   *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

   *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

   *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

   *Do not specifically recall.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

   *Do not specifically recall; approximately three (3) weeks vacation per year.*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or

unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

*Vacation.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

*Paid regular rate.*

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

*See answer to Interrogatory No. 2.*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*I did record vacation.*

20.    If you ever complained to your supervisor or any other NationsBank employee about not receiving overtime pay for the house you claimed you worked in excess of forty (40) during any given week after December 1, 1997, the specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*

*Subsequent to September 2000, when Carolyn Anderson spoke to me as reflected in the Answer to Interrogatory No. 12, I asked Ms. Anderson whether this system of taking comp-time in subsequent weeks was correct. She replied that it was.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

*See above answer.*

(b)    The date you made each such complaint; and

*See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

*See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

*See above answer.*

21.    For each person who is believe or known by you, your agents or your attorneys to have any knowledge whatsoever relating to your individual claim for overtime pay against NationsBank, specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*

*See answer to Interrogatory Nos. 7, 9, 11, and 16. I believe these individuals have knowledge over the fact that I was not recording all horus worked per week on my timecards from in or bout September 2000 to in or about February 2001, as well as the actual number of hours I was working.*

(b)    The subject matter about which each such person has knowledge; and

*See above answer.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

*See above answer.*

22.    Identify each person who you may call as witnesses at trial, and provide a brief description of the facts about which each witness is expected to testify. If you are presently unable to provide a complete response to this Interrogatory, please respond as fully as possible at this time and supplement this response as required by the Federal Rules of Civil Procedure at such time as additional names and witnesses become known to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *Plaintiff Fabiola G. Stewart further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola Stewart is presently unable to identify each person she may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and state the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*
>
> *Plaintiff Fabiola G. Stewart further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*

*None.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Fabiola G. Stewart answers as follows:*

*Currently employed with Bank of America.*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

*See above answer.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

*See above answer.*

(c)    Whether you collected unemployment benefits following your termination;

*See above answer.*

(d)    The name of your supervisor at the time your employment was terminated.

*See above answer.*

(e)    The name of your supervisor at the time your employment was terminated;

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

*See above answer.*

STATE OF ___TEXAS___

COUNTY OF ___DALLAS___

I, Fabiola G. Stewart, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Fabiola G. Stewart served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____ (SEAL)
Fabiola G. Stewart

SWORN TO and subscribed
before me this the _13t_
day of _June_, 2001.

_____
Notary Public

My Commission expires:

[SEAL]


CARMEN W. WASHINGTON
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 06-24-03

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF SHERI L. THOMAS' ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, SHERI L. THOMAS, through counsel, hereby files her Answers to the

First Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby

certifies that this Notice along with the original Answers were sent this __/__ day of June,

2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790

East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail);

Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America

Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and Caryl

Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

Page 1 of 19

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

## PLAINTIFF SHERI L. THOMAS' ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, SHERI L. THOMAS, through counsel, and pursuant to Federal Rules

of Civil Procedure 33, hereby serves her Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

## INTERROGATORIES

1.    Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*

    (a)    Your full name;

Sheri L. Thomas

(b)     Any past names by which you were known (including maiden names, alias or changed names);

      *N/A*

(c)     Your social security number;

      *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*

(d)     Any other social security numbers you have used or designated in your lifetime other than your current social security number;

      *N/A*

(e)     Your residence addresses from January 1, 1997 to the present;

      *1/1/97 to 8/31/98:*
      *3001-L Westbury Lake Drive*
      *Charlotte, N.C. 28269*

      *8/31/98 to present:*
      *11916 Little Stoney Court*
      *Charlotte, NC 28269*

(f)     Your telephone numbers from January 1, 1997 to the present; and

      *704.548.0913*

(g)     The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

      *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this*

*Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank

including, but not limited to, the position's job title, rate of pay, your immediate supervisor

while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*

| Dates of employment | Position held | Approx. Rate of pay | Supervisor's name |
|---|---|---|---|
| 10/93 to 8/95 | Teller | $10 per hour | Linda Lee |
| 8/95 to 3/98 | Consumer Banker | $24,000 per year | Ron Crawford Lynn Ivey Melissa Tinsley |
| 4/01 to present | Private Lending Specialist | $50,000 per year | Wes Lazear |

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

*6/1/96 to 6/97:*
*Shiland Hills Banking Center*
*Celanse Road*
*Rock Hill, SC*

*6/97 to 2/98:*
*SouthPark Banking Center*
*Fairview Road*
*Charlotte, NC*

*2/98 to 3/98:*
*Midtown Banking Center*
*Kings Drive*
*Charlotte, NC*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Sheri L. Thomas answers as follows:*

(a)    Regional Executive;

> Eddie Brown and Nat Hyde

(b)    Regional Sales Manager;

> *I do not remember.*

(c)    Regional Service Manager;

> *I do not remember.*

(d)    Banking Center Manager; and

Page 6 of 19

Ron Crawford, Lynn Ivey, Melissa Tinsley.

(e)    Customer Service Manager

*I do not remember.*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Sheri L. Thomas answers as follows:*

> *I do not remember.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Sheri L. Thomas answers as follows:*

> *NBKSLTA*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Sheri L. Thomas answers as follows:*

> *Lynn Ivey*
> *Banking Center Manager*

8.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Sheri L. Thomas answers as follows:*

> *See answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*

*to same, Plaintiff Sheri L. Thomas answers as follows:*

*Myesha Reeves and Tracy (do not recall last name).*

10.    For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *See answer to Interrogatory No. 7.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *Lynn Ivey, Myesha Reeves, and Tracy (do not recall last name).*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *Shortly after the Consumer Banker position was re-classified as non-exempt in or about December, 1997, Banking Center Manager Lynn Ivey stated in a team meeting at the SouthPark Banking Center that the banking center had a budget with respect to overtime and could not go over that amount or she would get in trouble. Ms Ivey said that we could not record any overtime unless it was "approved," although she never approved any of my overtime, but she was aware I was working the overtime and that I needed to work the overtime to complete my work.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *Lynn Ivey.*

14.    Identify each and every week during your tenure at each NationsBank

location listed in your response to Interrogatory No. 3 during which you contend you

worked in excess of forty (40) hours, and for each such week provide the following

information:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*

(a)    The beginning and ending date for each such week;

   *Do not specifically recall*

(b)    The amount of time you reported for each date during each such week.

   *I do not believe I ever recorded more than forty (40) hours.*

(c)    The amount of time you actually worked each day during each such week;

   *Do not specifically recall. On average, I worked approximately 48-50 hours per week.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

   *For the time period in question, I worked Mondays through Fridays. On Monday, I would generally arrive at the banking center at approximately 7:45 a.m. for a meeting. On Tuesdays through Fridays, I would arrive at the banking center at approximately 8:00 a.m. Mondays through Thursdays I would leave the banking center at approximately 6:00 to 7:00 p.m. and on Fridays I would leave the banking center at approximately 7:00 to 7:30 p.m. Sometimes I would take a lunch and if I did so, it would be for approximately one (1/2) an hour.*

(e)    The activities or task which required you to work any overtime which you claimed you worked during each such week.

   *Completing necessary work and dealing with customers.*

15.    Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your

answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *No method, process, or formula utilized.*

16.    Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *Lynn Ivey, Myesha Reeves, Tracy (do not recall last name), and Braton White.*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*

> *I do not specifically recall being paid for overtime subsequent to December 1, 1997.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *Do not specifically recall working less than forty (40) hours in any given week, although I believe I did take some vacation days during this time period which would possibly drop my hours to less than forty (40) for any given week.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*

Page 13 of 19

*First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

> *Do not specifically recall; I believe I took approximately 3-5 vacation days in or about February and March 1998.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

> *See answer to subpart (a).*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

> *Vacation.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

> *Paid for vacation at standard rate.*

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

> *Lynn Ivey.*

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*Recorded all vacation on timecards.*

20.    If you ever complained to your supervisor or any other NationsBank

employee about not receiving overtime pay for the house you claimed you worked in

excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *Did not complain.*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *See above answer.*

(b)    The date you made each such complaint; and

> *See above answer.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *See above answer.*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

.

> *See above answer.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *See answer to Interrogatory No 16. I believe these individuals have knowledge of the amount of hours I was working as well as the fact that I was not recording all hours worked.*

(b)   The subject matter about which each such person has knowledge; and

> *See above answer.*

(c)   Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *See above answer.*

22.   Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *Plaintiff Sheri L. Thomas further objects to this Interrogatory to the*

> *extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas is presently unable to identify each person she may call as a witness at trial.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*
>
> *Plaintiff Sheri L Thomas further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*

> *Nobody.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Sheri L. Thomas answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

> *I am currently employed with Bank of America as of April 23, 2001. Previously, I resigned my Consumer Banker position in or about March 1998.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

> *I voluntarily resigned my Consumer Banker position in or about March 1998 to seek new opportunities.*

(c)    Whether you collected unemployment benefits following your termination;

*Did not collect unemployment benefits.*

(d)    The name of your supervisor at the time your employment was terminated.

*Rob (do not recall last name).*

(e)    The name of your supervisor at the time your employment was terminated;

*Rob (do not recall last name).*

STATE OF ___NC___

COUNTY OF MECKLENBURG

I, Sheri L. Thomas, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Sheri L. Thomas served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____ (SEAL)
Sheri L. Thomas    NOT 12543542
                   EXP 2-6-02

SWORN TO and subscribed
before me this the 17
day of JUNE          2001.

_____
Notary Public

My Commission expires: 8-24-02

[SEAL]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,



vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF RON VALDEZ'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, RON VALDEZ, through counsel, hereby files his Answers to the First

Set of Interrogatories propounded by Defendant on February 28, 2001, and hereby certifies

that this Notice along with the original Answers were mailed this $\underline{21}^{st}$ day of May, 2001,

to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for Defendant, 790 East

Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220; Richard F. Kane,

Esq., McGuireWoods, counsel for Defendant, 3700 Bank of America Plaza, 101 South

Tyron Street, Charlotte, NC 28280; and Caryl Boies, Esq., Boies, Schiller & Flexner, LLP,

co-counsel for Plaintiff, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

*Escudero, et al. v. BankAmerica Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/

## PLAINTIFF RON VALDEZ'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, RON VALDEZ, through counsel, and pursuant to Federal Rules of Civil

Procedure 33, hereby serves his Answers to Defendant's First Set of Interrogatories to

Plaintiff as follows:

## INTERROGATORIES

1.    Please provide the following information:

        *Plaintiff objects to this Interrogatory specifically, and NationsBank's
        First Set of Interrogatories in general, as being in violation of S.D. Fla.
        L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
        to same, Plaintiff Ron Valdez further answers as follows:*

        (a)    Your full name;

*Ron Valdez*

(b)   Any past names by which you were known (including maiden names, alias or changed names);

  *"Ronald"*

(c)   Your social security number;

  *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*

(d)   Any other social security numbers you have used or designated in your lifetime other than your current social security number;

  *None.*

(e)   Your residence addresses from January 1, 1997 to the present;

  *1/1/97 to 10/31/98*
  *210 28th St., Ct. N.W.*
  *Bradenton, FL 34205*
  *941.747.4163*

  *11/1/98 to Present*
  *4123 3rd Ave., N.W.*
  *Bradenton, FL 34209*
  *941.747.4163*

(f)   Your telephone numbers from January 1, 1997 to the present; and

  *See above answer for 1(e).*

(g)   The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

  *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the*

> *discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2. List each and every position you held while employed by NationsBank including, but not limited to, the position's job title, rate of pay, your immediate supervisor while employed in each such position and the dates during which you held each such position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

| Dates | Position | Approx. Pay | Supervisor |
|-------|----------|-------------|------------|
| 7/96 to 10/96 | CB1 | $20,000 | Gerald White |
| 10/96 to 2/97 | CB1 | $20,000 | Pamela O'Dell |
| 2/97 to 10/98 (approx) | CB2 | $20,600 | Pamela O'Dell |
| 10/98 to 12/99 | CB2 CB3 | $21,218 $22,500 | Jacqueline McDowell |

3. Please provide the name, branch or banking center number, and street address (including city and state) for each NationsBank location at which you worked after December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*

to same, Plaintiff Ron Valdez further answers as follows:

*12/1/97 to 10/8/98*
*DeSoto Square Mall*
*U.S. 301 Blvd.*
*Brandeton, Florida*

*10/9/98 to 12/31/99*
*Westside Office*
*4311 Manatee Ave., W.*
*Bradenton, Florida*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory

No. 3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

(a)    Regional Executive;

> *James Barnett and Dan Vigney*
> *DeSoto Square Mall*
>
> *Dan Vigne and Susan Brown*
> *Westside*

(b)    Regional Sales Manager;

> *Stephanie McGowan and Steve Altier*
> *DeSoto Square Mall*
>
> *Terri Hoyle*
> *Westside*

(c)    Regional Service Manager;

Page 6 of 20

> *None*
> *DeSoto Square Mall*
>
> *None*
> *Westside*

(d)    Banking Center Manager; and

> *Pamela O'Dell*
> *DeSoto Square Mall*
>
> *Jacqueline McDowell*
> *Westside*

(e)    Customer Service Manager

> *Tomi Blackketter*
> *DeSoto Square Mall*
>
> *Kim Berger*
> *Westside*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*
>
> *Do not remember.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*
>
> *"NBK" code was "H5E5". Do not recall all passwords; some passwords I do recall were: "diamond", "emerald", "sapphire", "freedom".*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*
>
> *Pamela O'Dell, Asst. V.P, Branch Manager*
> *College Plaza*
> *3400 Plaza*
> *Bradenton, FL*
> *941.751.3308*

8.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

> *See answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all

"similarly situated employees" to whom you contend the allegations contained in Paragraph

15 of the Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

> *Do not remember.*

10.    For each and every person listed in your response to Interrogatory No. 9,

state the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person]

to record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

> *Do not remember.*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

> *See answer to Interrogatory 7.*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

> *Do not remember.*

13.    Identify each NationsBank employee who was responsible for scheduling

your hours of work at each NationsBank location listed in your response to Interrogatory

No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

*DeSoto Square – Pamela O'Dell*
*Westside – Jacqueline MacDonald*

14.    Identify each and every week during your tenure at each NationsBank location listed in your response to Interrogatory No. 3 during which you contend you worked in excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not specifically remember each week, although it happened on a constant basis.*

(b)    The amount of time you reported for each date during each such week.

> *Do not recall specifically, but generally recorded no more than forty (40) hours each week regardless of actual hours worked.*

(c)    The amount of time you actually worked each day during each such week;

> *Do not recall specifically, but on average worked approximately forty-four (44) hours per week.*

(d)    The time at which you started work and stopped work each day within the week including the times taken for meals or breaks; and

> *Do not recall specifically. However, in general, on Mondays, Wednesdays, and Thursdays I would work from approximately 8:30 a.m. to 5:00 p.m. On Tuesdays I would work from approximately 7:45 a.m. until approximately 5:00 p.m. On*

> *Fridays I would work from approximately 8:30 a.m. until approximately 6:00 p.m. I also worked approximately two (2) to three (3) Saturdays each month. When I worked on a Saturday, I would work from approximately 8:45 a.m. until approximately 12:30 p.m. When I did work on a Saturday, I would occasionally be permitted to leave work the immediately preceding Friday at approximately 5:00 p.m. Monday through Friday I would take a lunch break of approximately thirty (30) minutes. There were no such breaks on Saturdays.*

*(e)* The activities or task which required you to work any overtime which you claimed you worked during each such week.

> *Opening and closing procedures; paperwork; and Saturday hours.*

15. Describe in specific detail the method, process or formula, including the identification of all documents, you utilized to track or calculate the number of hours in excess of forty (40) that you contend you worked during each week identified in your answer to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

> *Calculation of hours worked based on recollection of same.*

16. Identify all persons with any knowledge that supports or otherwise relates to your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

*Pamela O'Dell*
*Tomi Blackketter*

17.    Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Ron Valdez further answers as follows:*
>
> *I do not recall getting paid overtime after December 1, 1997.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*
> *First Set of Interrogatories in general, as being in violation of S.D. Fla.*
> *L.R. 26.1.G.1. Without waiving the foregoing objection, and subject*
> *to same, Plaintiff Ron Valdez further answers as follows:*
>
> *Do not recall working less than forty (40) hours in any given week,*
> *other than accounting for vacation and sick time.*

(a)    The beginning and ending date for each such during [sic] which you
        worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

Page 13 of 20

*See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

*See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

*January 1 1998 to January 20, 1998.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

*Eleven (11) business days.*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

*Paternity leave.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

Page 14 of  20

*Yes, paid regular salary.*

(e) The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

> *Approved through Human Resources; do not recall specific names of individuals involved.*

(f) Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

> *Objection. Vague and ambiguous.*

20. If you ever complained to your supervisor or any other NationsBank employee about not receiving overtime pay for the house you claimed you worked in excess of forty (40) during any given week after December 1, 1997, the specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*

(a) The name and title of each supervisor or other NationsBank personnel to whom you complained:

> *Pamela O'Dell - Asst. Vice President; Branch Manager*
> *Tomi Blackketter - Customer Service Manager*

(b) The date you made each such complaint; and

> *Do not remember specific dates of complaints.*

(c) Each and every person who was present while you were informing each person listed above about your complaint(s); and

> *Same as "(a)" above.*

(d)   A detailed description of the substance of each complaint you made
       to each individual listed.

> *Do not recall specifically the substance of each complaint.
> When I would record more than forty (40) hours, Pamela
> O'Dell, after reviewing my timecard with more than forty (40)
> hours recorded, would tell me I could not have more than forty
> (40) hours recorded. She would then instruct me to "correct"
> the timecard. I also generally complained to Tomi Blackketter
> concerning NationsBank's failure to pay overtime.*

21.   For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject
> to same, Plaintiff Ron Valdez further answers as follows:*

(b)   The subject matter about which each such person has knowledge;
       and

> *See answer to Interrogatory No. 20.*

(c)   Each statement, whether oral or written, given by each such person
       with regard to your individual claim in this lawsuit, including the date
       made, the manner recorded, persons present when each such
       statement was made, and the person(s) in possession of each such
       statement at present.

> *See answer to Interrogatory No. 20.*

22.   Identify each person who you may call as witnesses at trial, and provide a

brief description of the facts about which each witness is expected to testify. If you are

presently unable to provide a complete response to this Interrogatory, please respond as

fully as possible at this time and supplement this response as required by the Federal

Rules of Civil Procedure at such time as additional names and witnesses become known

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*
>
> *Plaintiff Ron Valdez further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, see answer to Interrogatory No. 20.*

23.    Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*
>
> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24.    Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*
>
> *Plaintiff Ron Valdez further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*
>
> *None.*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Ron Valdez further answers as follows:*
>
> (a)    The date upon which your employment with NationsBank and/or Bank

Page 18 of  20

of America terminated;

*December 31, 1999.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

*Voluntary termination.*

(c)    Whether you collected unemployment benefits following your termination;

*None.*

(d)    The name of your supervisor at the time your employment was terminated.

*None; voluntary termination.*

(e)    The name of your supervisor at the time your employment was terminated;

*Jacqueline MacDonald*

STATE OF _Florida_

COUNTY OF _Manatee_

I, Ron Valdez, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Ron Valdez served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____ (SEAL)
Ron Valdez

SWORN TO and subscribed
before me this the _28th_
day of _March_, 2001.

_____
Notary Public

My Commission expires:

[SEAL]

JUDY LUKACS
Notary Public - State of Florida
My Commission Expires Apr 16, 2001
Commission # CC 639552

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,



vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## NOTICE OF FILING PLAINTIFF SAMUEL D. WASHINGTON'S ANSWERS
## TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, SAMUEL D. WASHINGTON, through counsel, hereby files his

Answers to the First Set of Interrogatories propounded by Defendant on February 28,

2001, and hereby certifies that this Notice along with the original Answers were sent this

$\overline{Z^q}$ day of May, 2001, to Michael T. Burke, Esq., Johnson, Anselmo et al., co-counsel for

Defendant, 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220

(via U.S. Mail); Richard F. Kane, Esq., McGuireWoods, counsel for Defendant, 3700 Bank

of America Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express); and

Caryl Boies, Esq., Boies, Schiller & Flexner, LLP, co-counsel for Plaintiff, 2435 Hollywood

Boulevard, Hollywood, Florida 33020 (U.S. Mail).

Page 1 of 19

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Blvd., #620 North
Hollywood, FL 33021
(954) 989-8100 Broward
(305) 624-9100 Dade
(954) 989-8700 Fax
e-mail: sldolin@mwdl-law.com
e-mail: aschotiner@mwdl-law.com

By:

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

## PLAINTIFF SAMUEL D. WASHINGTON'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, SAMUEL D. WASHINGTON, through counsel, and pursuant to Federal

Rules of Civil Procedure 33, hereby serves his Answers to Defendant's First Set of

Interrogatories to Plaintiff as follows:

### INTERROGATORIES

1.     Please provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*

    (a)     Your full name;

*Samuel Dennis Washington*

(b)    Any past names by which you were known (including maiden names, alias or changed names);

      *None.*

(c)    Your social security number;

      *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*

(d)    Any other social security numbers you have used or designated in your lifetime other than your current social security number;

      *None.*

(e)    Your residence addresses from January 1, 1997 to the present;

      *RT 2 Box 1377, Kents Store, Va 23084*

(f)    Your telephone numbers from January 1, 1997 to the present; and

      *804.589.9541*

(g)    The name, business address, dates of employment, positions held, rates of pay and your immediate supervisors for each and every employer for whom you worked either prior or subsequent to your employment with NationsBank including, but not limited to, military service and/or self-employment.

> *Objection. The information sought by this Interrogatory is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence. Furthermore, this Interrogatory is overbroad and unduly burdensome.*

2.    List each and every position you held while employed by NationsBank including, but not limited to, the position's job title, rate of pay, your immediate supervisor while employed in each such position and the dates during which you held each such

position.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *6/97 to 12/97 – Consumer Banker – $27,000/year; Shelby Clements 1/98 to 10/98 – Consumer Banker – $27,000/year; Julie Sprinkle*

3.    Please provide the name, branch or banking center number, and street

address (including city and state) for each NationsBank location at which you worked after

December 1, 1997, including your dates of service at each such location.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Nancy Rojas further answers as follows:*
>
> *Orange Banker Center*
> *116 W. Main Street*
> *Orange, Virginia*
> *1/98 to 10/98*

4.    Please identify each and every individual who held the following job titles

during your tenure at each NationsBank location listed in your response to Interrogatory No.

3:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*

(a)    Regional Executive;

> *Russel (do not remember last name)*

Page 5 of 19

(b)    Regional Sales Manager;

      *Do not remember.*

(c)    Regional Service Manager;

      *Do not remember.*

(d)    Banking Center Manager; and

      *Julie Sprinkle*

(e)    Customer Service Manager

      *Joyce (do not remember last name)*

5.    Please state each access code that you used to activate or deactivate the

building alarm, or any other security or alarm system, at each NationsBank location

identified in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Samuel D. Washington further answers as follows:*

> *Do not remember.*

6.    Please state each computer password or "NBK" code that you used to log on

to and log off of any NationsBank computer system during your tenure at each and every

NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Samuel D. Washington further answers as follows:*

*Do not remember.*

7.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who "either refused to permit [you], and, upon

information and belief, other similarly situated employees, to record the number of hours

worked in excess of forty (40) or expressly instructed [you], and, upon information and

belief, other similarly situated employees, against recording the number of hours worked

in excess of forty (40)" as alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *Julie Sprinkle – Banking Center Manager at Orange Banking Center 116 W. Main Street Orange, Virginia 540-672-1820*

8.    State the name, business address, business phone number and job title or

position of all NationsBank personnel who engaged in pay policies, practices and

procedures that "violated the FLSA by failing to provide overtime pay to [you], and other

similarly situated employees, including Consumer Bankers II, III and IV, throughout the

NATIONSBANK system, for those hours worked in excess of forty (40)" as alleged in

Paragraph 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*

*Same as Answer to Interrogatory No. 7.*

9.    State the name, business address and business phone number of all "similarly

situated employees" to whom you contend the allegations contained in Paragraph 15 of the

Complaint pertain.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *I do not recall the names of the other Consumer Bankers.*

10.    For each and every person listed in your response to Interrogatory No. 9, state

the name, business address, business phone number and job title or position of all

NationsBank personnel whom you contend "either refused to permit [each such person] to

record the number of hours worked in excess of forty (40) or expressly instructed [each

such person] against recording the number of hours worked in excess of forty (40)" as

alleged in Paragraph 15 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *Julie Sprinkle*
> *Orange Banking Center Manager*
> *116 West Main Street*
> *Orange, Virginia*
> *540.672.1820*

11.    Identify all persons with any knowledge or information that supports or

otherwise relates to the allegations made in Paragraphs 15 and 16 of the Complaint.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *Customer service manager, Joyce (do not recall last name).*

12.    Identify any and all statements, of which you are aware, of which were made

in your presence by any of your supervisors or other NationsBank personnel about working

overtime after December 1, 1997, and for each such statement provide the date, time and

place when you heard each such statement and the individual who uttered the statement

to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *I was informed by Julie Sprinkle at some point, after having received some overtime pay, that it was Bank policy not to pay overtime and that she had received notice from upper management that there were to be no more timecards submitted which reflected more than forty (40) hours. Ms. Sprinkle indicated that if I wanted to keep my job I would have to act accordingly. At the end of each week, Julie Sprinkle would ask to see the employees' timecards before they were submitted. If I had overtime hours listed, she would have me white-out time on the timecard to make it equal forty (40) hours. This occurred in her office at the Orange Banking Center. I do not recall specific dates.*

13.    Identify each NationsBank employee who was responsible for scheduling your

hours of work at each NationsBank location listed in your response to Interrogatory No. 3.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's*

> *First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Samuel D. Washington further answers as follows:*

> *Julie Sprinkle*

14.    Identify each and every week during your tenure at each NationsBank location

listed in your response to Interrogatory No. 3 during which you contend you worked in

excess of forty (40) hours, and for each such week provide the following information:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Samuel D. Washington further answers as follows:*

(a)    The beginning and ending date for each such week;

> *Do not recall specific dates, although it happened on a constant
> basis.*

(b)    The amount of time you reported for each date during each such
week.

> *Pursuant to Julie Sprinkle, I generally would report only forty
> (40) hours for each week.*

(c)    The amount of time you actually worked each day during each such
week;

> *I worked approximately 9-10 hours per day.*

(d)    The time at which you started work and stopped work each day within
the week including the times taken for meals or breaks; and

> *I would report for work at approximately 8:00 or 8:30 a.m.,
> depending on whether there was a meeting I needed to attend
> (in which case I would report at 8:00 a.m.). On average, I
> would leave at approximately 6:15 p.m. On average, I would*

Page 10 of 19

> take approximately 30-60 minutes for lunch, although
> sometimes I would work through lunch.

(e)   The activities or task which required you to work any overtime which
you claimed you worked during each such week.

> Completing all necessary work and having to stay to close and
> lock up the banking center.

15.   Describe in specific detail the method, process or formula, including the

identification of all documents, you utilized to track or calculate the number of hours in

excess of forty (40) that you contend you worked during each week identified in your answer

to Interrogatory No. 14.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *By taking the approximate time I arrived at work each day, the
> approximate time I left work each day, and the average amount I would
> take for lunch.*

16.   Identify all persons with any knowledge that supports or otherwise relates to

your responses to Interrogatory Nos. 14 and 15.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's
> First Set of Interrogatories in general, as being in violation of S.D. Fla.
> L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to
> same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *Julie Sprinkle.*

17.   Specify whether you were paid overtime by NationsBank at anytime during

your employment tenure after December 1, 1997, including, but not limited to, the

Page 11 of 19

identification of each such week for which you received overtime pay, the position which

you held at the time when you receive overtime pay and the amount you were paid for your

overtime hours.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *At one point I did receive overtime pay, although I do not recall the specific dates.*

18.    If you ever worked less than forty (40) hours in one week during your tenure

at each NationsBank location listed in your response to Interrogatory No. 3 after December

1, 1997, then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *I do not recall working less than forty (40) hours in any given week.*

(a)    The beginning and ending date for each such during [sic] which you worked less than 40 hours;

> *See above answer.*

(b)    The amount of hours you worked during each such week; and

> *See above answer.*

(c)    The reason(s) you worked less than 40 hours during each week listed above.

> *See above answer.*

19.    If you ever took any leave from your employment during your tenure at each

NationsBank location listed in your response to Interrogatory No. 3 after December 1, 1997

then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*

(a)    The date or dates (including the year) on which each occasion of leave began and ended;

> *Do not recall.*

(b)    The total number of hours and/or days during which you were absent from your employment with NationsBank on or during each occasion of leave;

> *Forty (40) hours vacation.*

(c)    The reason or reasons for each occasion of leave, e.g., illness, vacation, maternity or paternity leave, disability, authorized or unauthorized leave of absence, bereavement, family illness or disability, and/or any other reason causing you to take leave on each such occasion;

> *Vacation.*

(d)    Whether you were paid by NationsBank during each occasion on which you took leave and, if so, the rate of pay at which you were compensated on each such occasion of leave;

> *I was paid at my same rate.*

(e)    The name, address and phone number of your supervisor or other NationsBank employee who authorized and/or approved each such occasion of leave from your employment; and

> *Julie Sprinkle*

Page 13 of 19

*Orange Banking Center*
*116 W. Main Street*
*Orange, Virginia*
549.672.1820

(f)    Whether you recorded each you're [sic] the time period of such occasion of leave on the timecard or time sheet that you turned into NationsBank for the particular week or pay period during which you took such leave.

*Yes.*

20.    If you ever complained to your supervisor or any other NationsBank employee about not receiving overtime pay for the house you claimed you worked in excess of forty (40) during any given week after December 1, 1997, the specify:

*Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*

(a)    The name and title of each supervisor or other NationsBank personnel to whom you complained:

*Julie Sprinkle.*

(b)    The date you made each such complaint; and

*Do not recall.*

(c)    Each and every person who was present while you were informing each person listed above about your complaint(s); and

*Customer Service Manager, Joyce (do not recall last name).*

(d)    A detailed description of the substance of each complaint you made to each individual listed.

> *On one occasion I told Ms. Sprinkle that I did not think that I should have to work overtime that I was not being paid for. Ms. Sprinkle responded by telling me that if I did not like it I could go work for Wachovia Bank.*

21.    For each person who is believe or known by you, your agents or your

attorneys to have any knowledge whatsoever relating to your individual claim for overtime

pay against NationsBank, specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*

(b)    The subject matter about which each such person has knowledge; and

> *Customer Service Manager, Joyce (do not recall last name), was aware that I was working overtime and not getting paid for it.*

(c)    Each statement, whether oral or written, given by each such person with regard to your individual claim in this lawsuit, including the date made, the manner recorded, persons present when each such statement was made, and the person(s) in possession of each such statement at present.

> *I recall Joyce telling me that I should sue the Bank for the unpaid overtime. I do not recall the date of this conversation.*

22.    Identify each person who you may call as witnesses at trial, and provide a brief

description of the facts about which each witness is expected to testify. If you are presently

unable to provide a complete response to this Interrogatory, please respond as fully as

possible at this time and supplement this response as required by the Federal Rules of Civil

Procedure at such time as additional names and witnesses become known to you.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*

> *Plaintiff Samuel D. Washington further objects to this Interrogatory to the extent it calls for disclosure of information protected by the attorney-client privilege and/or work-product doctrine. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington is presently unable to identify each person she may call as a witness at trial.*

23. Identify each person who you intend to call as an expert witness at trial and

state the subject matter upon which each such expert is expected to testify, the substance

of the facts and opinions to which each such expert is expected to testify and the summary

of the grounds for each opinion you anticipate each such expert will offer at trial.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*

> *Plaintiffs have not yet retained an expert witness. Should Plaintiffs retain an expert witness and intend for said witness to testify at trial, Plaintiffs will seasonably supplement the answer to this Interrogatory.*

24. Describe in detail the manner by which you learned of this lawsuit including,

but not limited to, the persons or entities who informed you of the pendency of this lawsuit,

the manner by which you were so informed, and the date on which you were so informed.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*

> *Plaintiff Samuel D. Washington further objects to this Interrogatory to the extent it requires disclosure of information protected by the attorney-client privilege and/or work-product doctrine.*

25.    Identify each and every person, other than your attorneys, with whom you

have discussed the claim you are asserting against NationsBank through this action or the

subject matter of this action in general including, but not limited to, the current address and

phone number of each such person, the date on which you discussed your claim or this

lawsuit with each such person, the matters discussed during each such conversation and

whether any other person was present, other than your attorneys, during each such

conversation.

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*
>
> *My wife, Valerie Washington*
> *RT 2, Box 1377*
> *Kents Store, VA 23084*
> *804.589.9541*

26.    If you are not currently employed by NationsBank (including its successor,

Bank of America) then specify:

> *Plaintiff objects to this Interrogatory specifically, and NationsBank's First Set of Interrogatories in general, as being in violation of S.D. Fla. L.R. 26.1.G.1. Without waiving the foregoing objection, and subject to same, Plaintiff Samuel D. Washington further answers as follows:*

(a)    The date upon which your employment with NationsBank and/or Bank of America terminated;

*10/30/99.*

(b)    The reasons for the termination of your employment with NationsBank and/or Bank of America;

*Do not know.*

(c)    Whether you collected unemployment benefits following your termination;

*No.*

(d)    The name of your supervisor at the time your employment was terminated.

*Julie Sprinkle and other individuals whose names I do not recall.*

(e)    The name of your supervisor at the time your employment was terminated;

*Julie Sprinkle.*

STATE OF Virginia

C.ty
COUNTY OF Richmond

I, Samuel D. Washington, state and affirm under oath that I am a Plaintiff in the above-styled proceeding, and that as such I have full authority to make the statements set forth herein; that is, that I have read NationsBank's First Set of Rule 26.1.G Interrogatories to Plaintiff Samuel D. Washington served upon counsel for the Plaintiffs in this case, that I have read the responses set forth above, and that to the best of my present recollection, knowledge, understanding and belief, the foregoing responses are true and accurate.

_____ (SEAL)
Samuel D. Washington

SWORN TO and subscribed
before me this the 2nd
day of _____, 2001.

_____
Notary Public

My Commission expires: My Commission Expires August 31, 2004

[SEAL]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and )
KIMBERLY DRAKE, on behalf of )
themselves and all others similarly )
situated, )
)
            Plaintiffs, )
)
vs. )
)
BANKAMERICA CORPORATION, )
a foreign corporation d/b/a )
BANK OF AMERICA CORPORATION, )
a foreign corporation, f/k/a )
NATIONSBANK, N.A., a national )
association, )
)
            Defendant. )

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF ELKE G. ADAMS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Elke G. Adams** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.     "Plaintiff", as used herein, shall refer to Plaintiff Elke G. Adams.

B.     "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.     The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.     In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.     When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.     If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.     If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

## Requests for Admissions

1.    Admit that the Bank first employed Elke G. Adams as a Consumer Banker

III on or about June 28, 1996.

**Response:**

2.    Admit that Ms. Adams terminated employment with the Bank on or about

May 2, 1998.

**Response:**

3.     Admit that, on or about December 17, 1997, the Bank classified Ms. Adams'

Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Ms. Adams reported 16.50 hours of overtime on the time records

she submitted to the Bank for hours worked between January 1, 1998 and May 2, 1998.

**Response:**

5.    Admit that the Bank paid Ms. Adams overtime pay totaling $328.10 for

overtime hours worked during 1998.

**Response:**

6.    Admit that Ms. Adams was paid for all overtime she recorded on her timesheets/timecards in 1998.

**Response:**

7.    Admit that Ms. Adams recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the _4th_ day of April, 2001.

_Richard F. Kane_

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the ____4____ day of April, 2001, to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021

> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow



ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

        Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

        Defendant.

_____/

## PLAINTIFF ELKE G. ADAMS' REPLY TO BANK OF AMERICA'S
## FIRST REQUESTS FOR ADMISSIONS

        COMES NOW the Plaintiff, ELKE G. ADAMS, by and through her undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

        1.      Admitted that Plaintiff was hired as a Consumer Banker III on or about June

1996.

        2.      Admitted that Plaintiff terminated after May 1998.

        3.      Admitted.

        4.      Admitted. Answering further however, Plaintiff states that the 16.50 hours

submitted are incorrect since these were not the only hours of overtime which Plaintiff

-1-

worked.

5.    Admitted.  Answering further, Plaintiff states that this is an incomplete total

compensation for the total overtime Plaintiff worked.

6.    Denied for want of knowledge.

7.    Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this _____ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC  28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail:  sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Adams.wpd

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and )
KIMBERLY DRAKE, on behalf of )
themselves and all others similarly )
situated, )
)
               Plaintiffs, )
)
    vs. )
)
BANKAMERICA CORPORATION, )
a foreign corporation d/b/a )
BANK OF AMERICA CORPORATION, )
a foreign corporation, f/k/a )
NATIONSBANK, N.A., a national )
association, )
)
               Defendant. )

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF DEBORAH J. AGNEW

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Deborah J. Agnew** and requests that Plaintiff admit or deny these requests

within thirty (30) days of service.

### Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Deborah J. Agnew.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter.  Any denial must fairly meet the substance of the requested admission.  When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

## Requests for Admissions

1.    Admit that the Bank first employed Deborah J. Agnew as a Consumer

Banker IV on or about July 30, 1984.

**Response:**

2.    Admit that Ms. Agnew terminated employment with the Bank on or about

June 18, 1999.

**Response**:

3.    Admit that, on or about December 17, 1997, the Bank classified Ms.

Agnew's Consumer Banker IV position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Ms. Agnew reported 233.75 hours of overtime on the time

records she submitted to the Bank for hours worked in 1998.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

5.    Admit that Ms. Agnew reported 18.50 hours of overtime on the time records

she submitted to the Bank for hours worked between January 1, 1999 and June 18, 1999.

**Response:**

6.    Admit that the Bank paid Ms. Agnew overtime pay totaling $7,093.02 for

overtime hours worked during 1998 and $567.90 for overtime hours worked during 1999.

   **Response:**

7.    Admit that Ms. Agnew was paid for all overtime she recorded on her timesheets/timecards in 1998 and 1999.

**Response:**

8.    Admit that Ms. Agnew recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

_Richard F. Kane_

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-11-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the  4  day of April, 2001 to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021

> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## PLAINTIFF DEBORAH J. AGNEW'S REPLY TO BANK OF AMERICA'S
## FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, DEBORAH J. AGNEW, by and through her undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

1.    Denied for want of knowledge. My recollection is that I was not given the title

of Consumer Banker IV until after July 30, 1994.

2.    Admitted.

3.    Admitted.

4.    Denied for want of knowledge as I do not recall reporting 233.75 hours of

overtime on time records submitted to the Bank for hours worked in 1998.

-1-

5.    Denied for want of knowledge as that I do not recall reporting 18.5 hours of overtime on time records submitted to the Bank for hours worked between January 1, 1999 and June 18, 1999.

6.    Denied for want of knowledge as I do not recall being paid overtime pay totaling $7,093.02 for overtime hours worked during 1998, nor do I recall being overtime pay totaling $567.90 for overtime hours worked during 1999.

7.    Denied for want of knowledge as I do not recall whether I was paid for all overtime recorded on my timesheets/timecards in 1998 and 1999.

8.    Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent, this 1st

day of June, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward

Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail), and Richard

F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC 28280 (via Federal Express), and Caryl Boies, Esquire, Boies, Schiller &

Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

By: _____

ADAM S. CHOINTER, ESQ.
E-mail: aschotiner@mwdl-law.com

F \WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Agnew.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and          )
KIMBERLY DRAKE, on behalf of      )
themselves and all others similarly )
situated,                         )
                                  )
              Plaintiffs,          )
                                  )
    vs.                            )
                                  )
BANKAMERICA CORPORATION,           )
a foreign corporation d/b/a        )
BANK OF AMERICA CORPORATION,       )
a foreign corporation, f/k/a       )
NATIONSBANK, N.A., a national      )
association,                       )
                                  )
              Defendant.           )

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF TEMPY AGUILAR-DEMARCO

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Tempy Aguilar-Demarco** and requests that Plaintiff admit or deny these

requests within thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Tempy Aguilar-Demarco.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

## Requests for Admissions

1.    Admit that the Bank first employed Tempy Aguilar-Demarco as a

Consumer Banker III on or about January 1, 1984.

**Response:**

2.    Admit that Ms. Aguilar-Demarco terminated employment with the Bank on

or about June 20, 1998.

**Response:**

Escudero , et al , v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

3.    Admit that, on or about December 17, 1997, the Bank classified Ms.

Aguilar-Demarco 's Consumer Banker III position as non-exempt for overtime pay

purposes.

**Response**:

4.      Admit that Ms. Aguilar-Demarco reported 70.25 hours of overtime on the

time records she submitted to the Bank for hours worked between January 1, 1998 and

June 20, 1998.

**Response:**

5.    Admit that the Bank paid Ms. Aguilar-Demarco overtime pay totaling

$1,377.43 for overtime hours worked during 1998.

**Response:**

6.     Admit that Ms. Aguilar-Demarco was paid for all overtime she recorded on

her timesheets/timecards.

**Response:**

Escudero , et al., v  Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

7.    Admit that Ms. Aguilar-Demarco recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

_Richard F. Kane_

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
                   305/945-2000 Dade
                   561/640-7448 WPB

**Attorneys for Bank of America Corporation**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-class mail, postage prepaid, on the ___4___ day of April, 2001, to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

_____
Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

       Plaintiffs,



vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

       Defendant.

_____/

### PLAINTIFF TEMPY AGUILAR-DEMARCO'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

       COMES NOW the Plaintiff, TEMPY AGUILAR-DEMARCO, by and through her

undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of

America's First Requests for Admissions as follows:

       1.    Plaintiff admits that she was first employed by the bank on or about January

1, 1984, but denies the remainder of the request.

       2.    Admitted.

       3.    Admitted.

       4.    Denied for want of knowledge.

       5.    Denied for want of knowledge.

-1-

6.    Admitted.

7.    Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this ⁄ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Aguilar.wpd

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and            )
KIMBERLY DRAKE, on behalf of        )
themselves and all others similarly )
situated,                           )
                                    )
            Plaintiffs,             )
                                    )
    vs.                             )
                                    )
BANKAMERICA CORPORATION,            )
a foreign corporation d/b/a         )
BANK OF AMERICA CORPORATION,        )
a foreign corporation, f/k/a        )
NATIONSBANK, N.A., a national       )
association,                        )
                                    )
            Defendant.              )

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF KATHY FOSTER ANDREWS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Kathy Foster Andrews** and requests that Plaintiff admit or deny these requests

within thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Kathy Foster Andrews.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

**Requests for Admissions**

1.    Admit that the Bank first employed Kathy Foster Andrews  as a Consumer

Banker III on or about June 28, 1996.

**Response:**

2.    Admit that Ms. Andrews terminated employment with the Bank on or about

May 2, 1998.

**Response:**

3.      Admit that, on or about December 17, 1997, the Bank classified Ms.

Andrews' Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Ms. Andrews reported 13.25 hours of overtime on the time

records she submitted to the Bank for hours worked between January 1, 1998 and May 2,

1998.

**Response:**

5.    Admit that the Bank paid Ms. Andrews overtime pay totaling $229.99 for

overtime hours worked during 1998.

**Response:**

6.     Admit that Ms. Andrews was paid for all overtime she recorded on her

timesheets/timecards in 1998.

**Response:**

7.    Admit that Ms. Andrews recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the _____4_____ day of April, 2001.

_____
Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
& GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:    954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the _____ day of April, 2001, to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

> Richard F. Kane
> Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow



ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

   Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

   Defendant.

_____/

## PLAINTIFF KATHY FOSTER ANDREWS' REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, KATHY FOSTER ANDREWS, by and through her

undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of

America's First Requests for Admissions as follows:

1. Plaintiff admits that she was a Consumer Banker III on or about June 28,

1996.

2. Denied. Answering further, Plaintiff states that she terminated her

employment with the bank on or about May 28, 1998.

3. Admitted.

4. Denied for want of knowledge.

-1-

5.    Denied for want of knowledge.

6.    Denied for want of knowledge.

7.    Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
     SUSAN L. DOLIN, ESQ.
     Fla. Bar No. 708690
     ADAM S. CHOTINER, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail, this ___18___ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790

East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F.

Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte,

NC  28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood

Boulevard, Hollywood, Florida 33020.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail:  sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Andrews.wpd

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and<br>KIMBERLY DRAKE, on behalf of<br>themselves and all others similarly<br>situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>BANKAMERICA CORPORATION,<br>a foreign corporation d/b/a<br>BANK OF AMERICA CORPORATION,<br>a foreign corporation, f/k/a<br>NATIONSBANK, N.A., a national<br>association,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
### TO PLAINTIFF ANNETTE B. ARMSTRONG

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Annette B. Armstrong** and requests that Plaintiff admit or deny these requests

within thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Annette B. Armstrong.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

**Requests for Admissions**

1.    Admit that the Bank first employed Annette B. Armstrong as a Consumer

Banker II on or about September 1, 1993.

**Response:**

2.    Admit that the Bank first employed Annette B. Armstrong as a Consumer

Banker III on or about October 15, 1995.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Ms.

Armstrong's Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Ms. Armstrong reported 287.00 hours of overtime on the time

records she submitted to the Bank for hours worked in 1998.

**Response:**

5.    Admit that Ms. Armstrong reported 13.00 hours of overtime on the time

records she submitted to the Bank for hours worked in 1999.

**Response:**

6.    Admit that the Bank paid Ms. Armstrong overtime pay totaling $6,481.20

for overtime hours worked during 1998 and $332.55 for overtime hours worked in 1999.

**Response:**

7.    Admit that Ms. Armstrong was paid for all overtime she recorded on her timesheets/timecards in 1998 and 1999.

**Response:**

8.    Admit that Ms. Armstrong recorded on her timecards or timesheets all hours

she worked (including those in excess of forty hours per week) as a Consumer Banker II,

III or IV between December 17, 1997 and the later of December 31, 1999, or the date her

employment with the Bank terminated.

**Response:**

This the ____4____ day of April, 2001.

_____
Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
                   305/945-2000 Dade
                   561/640-7448 WPB

**Attorneys for Bank of America Corporation**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-class mail, postage prepaid, on the __4__ day of April, 2001 to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

### PLAINTIFF ANNETTE B. ARMSTRONG'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, ANNETTE B. ARMSTRONG, by and through her

undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of

America's First Requests for Admissions as follows:

1.    Denied for want of knowledge.

2.    Denied for want of knowledge.

3.    Admitted.

4.    Denied for want of knowledge.

5.    Denied for want of knowledge.

6.    Denied for want of knowledge.  Answering further, Plaintiff admits that she

was paid for the overtime that she recorded, but her manager instructed her that she could

not have any more overtime and Plaintiff quit recording it, and Plaintiff continued to work

20-25 hours per week overtime without recording it per the instructions of her manager.

    7.    See answer to request number 6.

    8.    Denied.

              Respectfully submitted,

              MUCHNICK, WASSERMAN, DOLIN
              & LEVINE, LLP
              Attorneys for Plaintiffs
              4000 Hollywood Boulevard, Ste 620N
              Hollywood, FL 33021
              (954) 989-8100 - Broward
              (305) 624-9100 - Dade
              (954) 989-8700 - Fax

By:_____
              SUSAN L. DOLIN, ESQ.
              Fla. Bar No. 708690
              ADAM S. CHOTINER, ESQ.
              Fla. Bar No. 0146315

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this $\qquad$ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Armstrong.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and<br>KIMBERLY DRAKE, on behalf of<br>themselves and all others similarly<br>situated, | )<br>)<br>)<br>) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION,<br>a foreign corporation d/b/a<br>BANK OF AMERICA CORPORATION,<br>a foreign corporation, f/k/a<br>NATIONSBANK, N.A., a national<br>association, | )<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendant. | ) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF JOHN BARI

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **John Bari** and requests that Plaintiff admit or deny these requests within thirty

(30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff John Bari.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

### Requests for Admissions

1.     Admit that the Bank first employed John Bari as a Consumer Banker II on

or about November 3, 1997.

**Response:**

2.    Admit that Mr. Bari terminated employment with the Bank on or about June

22, 1998.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Mr. Bari's

Consumer Banker II position as non-exempt for overtime pay purposes.

**Response:**

4.      Admit that Mr. Bari reported 52.50 hours of overtime on the time records he

submitted to the Bank for hours worked between January 1, 1998 and June 22, 1998.

**Response:**

5.    Admit that the Bank paid Mr. Bari overtime pay totaling $814.91 for

overtime hours worked in 1998.

**Response:**

This the 27th day of October, 2000.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX 704-373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
& GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:    954/463-0100 Broward
              305/945-2000 Dade
              561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on October 27, 2000 to:

Susan L. Dolin, Esquire
Daniel R. Levine, Esquire
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

-9-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow



ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

     Defendant.

_____/

## PLAINTIFF JOHN BARI'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, JOHN BARI, by and through his undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's

First Requests for Admissions as follows:

1.     Admitted.
2.     Admitted.
3.     Admitted.
4.     Denied for want of knowledge.
5.     Denied for want of knowledge.

                                    Respectfully submitted,

                                    MUCHNICK, WASSERMAN, DOLIN
                                    & LEVINE, LLP
                                    Attorneys for Plaintiffs

4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this __21__ day of November, 2000 to: Michael T. Burke, Esq. (Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq. (McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Discovery\1st RFA.Rsp.Bari.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

      Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

      Defendant.

_____/

## PLAINTIFF JOHN BARI'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, JOHN BARI, by and through his undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's

First Requests for Admissions as follows:

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Denied for want of knowledge.

5.    Denied for want of knowledge.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs

4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.
Mail, this 21 day of November, 2000 to: Michael T. Burke, Esq. (mail) Johnson, Anselmo et
al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and
Richard F. Kane, Esq. (Fax + mail) McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,
Charlotte, NC 28280.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sidolin@mwdl-law.com

F:\WPDOCS\-SLD\Escudero\Discovery\1st RFA.Rsp.Bari.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and<br>KIMBERLY DRAKE, on behalf of<br>themselves and all others similarly<br>situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| BANKAMERICA CORPORATION,<br>a foreign corporation d/b/a<br>BANK OF AMERICA CORPORATION,<br>a foreign corporation, f/k/a<br>NATIONSBANK, N.A., a national<br>association, | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF TRACIE R. LAPPIN-BLITCH

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Tracie R. Lappin-Blitch** and requests that Plaintiff admit or deny these requests

within thirty (30) days of service.

### Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Tracie R. Lappin-Blitch.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

**Requests for Admissions**

1.     Admit that the Bank first employed Tracie R. Lappin-Blitch as a Consumer

Banker II on or about August 15, 1994.

**Response:**

2.    Admit that the Bank first employed Tracie R. Lappin-Blitch as a Consumer

Banker III on or about August 1, 1995.

**Response:**

    3.    Admit that Ms. Lappin-Blitch terminated employment with the Bank on or

about February 14, 1998.

**Response:**

4.    Admit that, on or about December 17, 1997, the Bank classified Ms.

Lappin-Blitch's Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

5.    Admit that Ms. Lappin-Blitch reported 7.00 hours of overtime on the time

records she submitted to the Bank for hours between January 1, 1998 and February 14,

1998.

**Response:**

6. Admit that the Bank paid Ms. Lappin-Blitch overtime pay totaling $136.30

for overtime hours worked during 1998.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

7.     Admit that Ms. Lappin-Blitch was paid for all overtime she recorded on her

timesheets/timecards in 1998.

**Response:**

8.    Admit that Ms. Lappin-Blitch recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the ___4___ day of April, 2001 to:

Susan L. Dolin, Esquire
Adam S. Chotiner, Esquire
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## PLAINTIFF TRACIE R. LAPPIN-BLITCH'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, TRACIE L. LAPPIN-BLITCH, by and through her

undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of

America's First Requests for Admissions as follows:

1.  Admitted.

2.  Admitted.

3.  Admitted.

4.  Admitted.

5.  Denied.

6.  Denied.

-1-

7.  Denied.

8.  Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By:_____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this ___18___ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

By:_____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Blitch.wpd

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and<br>KIMBERLY DRAKE, on behalf of<br>themselves and all others similarly<br>situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| BANKAMERICA CORPORATION,<br>a foreign corporation d/b/a<br>BANK OF AMERICA CORPORATION,<br>a foreign corporation, f/k/a<br>NATIONSBANK, N.A., a national<br>association, | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF MARY F. BOLDEN

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Mary F. Bolden** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.  "Plaintiff", as used herein, shall refer to Plaintiff Mary F. Bolden.

B.  "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.  The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.  In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.  When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.  If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.  If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

### Requests for Admissions

1.    Admit that the Bank first employed Mary F. Bolden as a Consumer Banker

II on or about July 3, 1993.

**Response:**

2.    Admit that the Bank first employed Mary F. Bolden as a Consumer Banker

III on or about July 1, 1996.

**Response:**

3.    Admit that Ms. Bolden terminated employment with the Bank on or about

April 18, 2000.

**Response:**

4.    Admit that, on or about December 17, 1997, the Bank classified Ms.

Bolden's Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

5.      Admit that Ms. Bolden reported 7.25 hours of overtime on the time records

she submitted to the Bank for hours worked in 1998.

**Response:**

6.    Admit that Ms. Bolden reported 25.00 hours of overtime on the time records

she submitted to the Bank for hours worked in 1999.

**Response:**

7.    Admit that the Bank paid Ms. Bolden overtime pay totaling $143.58 for

overtime hours worked during 1998, and $528.73 for overtime hours worked during 1999.

**Response:**

This the 27th day of October, 2000.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX 704-373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
& GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:   954/463-2444
Telephone:   954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on October 27, 2000 to:

> Susan L. Dolin, Esquire
> Daniel R. Levine, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

> Richard F. Kane
> Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow



ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

     Defendant.

_____/

## PLAINTIFF MARY F. BOLDEN'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, MARY F. BOLDEN, by and through her undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First Requests for Admissions as follows:

1.     Admitted.
2.     Admitted.
3.     Admitted.
4.     Admitted.
5.     Denied for want of knowledge.
6.     Denied for want of knowledge.
7.     Denied for want of knowledge.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs

4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this ⟨27⟩ day of November, 2000 to: Michael T. Burke, Esq. (Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq. (McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Discovery\1st RFA.Rsp.Bolden.wpd

| || ||■■■

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

    Defendant.

_____/

### PLAINTIFF MARY F. BOLDEN'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, MARY F. BOLDEN, by and through her undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First Requests for Admissions as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Denied for want of knowledge.
6. Denied for want of knowledge.
7. Denied for want of knowledge.

                Respectfully submitted,

                MUCHNICK, WASSERMAN, DOLIN
                & LEVINE, LLP
                Attorneys for Plaintiffs

4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this $\frac{27}{}$ day of November, 2000 to: Michael T. Burke, Esq. (Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq. (McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280.

By: _____
SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Discovery\1st RFA.Rsp.Bolden.wpd

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

     Defendant.

_____/

### PLAINTIFF MARY F. BOLDEN'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, MARY F. BOLDEN, by and through her undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

1.    Admitted.
2.    Admitted.
3.    Admitted.
4.    Admitted.
5.    Denied for want of knowledge.
6.    Denied for want of knowledge.
7.    Denied for want of knowledge.

                    Respectfully submitted,

                    MUCHNICK, WASSERMAN, DOLIN
                    & LEVINE, LLP
                    Attorneys for Plaintiffs

4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____ .

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this ⟨27⟩ day of November, 2000 to: Michael T. Burke, Esq. (Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq. (McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280.

By: _____ .

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\-SLD\Escudero\Discovery\1st RFA.Rsp.Bolden.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and | ) |
| KIMBERLY DRAKE, on behalf of | ) |
| themselves and all others similarly | ) |
| situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| a foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| a foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association, | ) |
| | ) |
| Defendant. | ) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF BRYAN CROWDER

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Bryan Crowder** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

### Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.　　"Plaintiff", as used herein, shall refer to Plaintiff Bryan Crowder.

B.　　"You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.　　The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.　　In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.　　When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.　　If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.　　If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

**Requests for Admissions**

1.    Admit that the Bank first employed Bryan Crowder as a Consumer Banker

III on or about April 26, 1988.

**Response:**

2.    Admit that Mr. Crowder terminated employment with the Bank on or about

March 31, 1998.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Mr.

Crowder's Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Mr. Crowder reported 26.25 hours of overtime on the time

records he submitted to the Bank for hours worked between January 1, 1998 and March 31,

1998.

**Response:**

5.    Admit that the Bank paid Mr. Crowder overtime pay totaling $654.16 for

overtime hours worked during 1998.

**Response:**

6.     Admit that Mr. Crowder was paid for all overtime he recorded on his timesheets/timecards in 1998.

**Response:**

7.    Admit that Mr. Crowder recorded on his timecards or timesheets all hours he worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date his employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
                  305/945-2000 Dade
                  561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the _4_ day of April, 2001 to:

Susan L. Dolin, Esquire
Adam S. Chotiner, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## PLAINTIFF BRYAN CROWDER'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, BRYAN CROWDER, by and through his undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

1.    Denied.    Answering further, Plaintiff Bryan Crowder states that he was

employed on or about April 26, 1988 but not as a Consumer Banker III.

2.    Admitted.

3.    Admitted.

4.    Denied for want of knowledge.

5.    Denied for want of knowledge.

-1-

6.    Denied for want of knowledge.

7.    Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By:

    SUSAN L. DOLIN, ESQ.
    Fla. Bar No. 708690
    ADAM S. CHOTINER, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this /⁄ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

By:_____

for ·    SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F \WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Crowder.wpd

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and<br>KIMBERLY DRAKE, on behalf of<br>themselves and all others similarly<br>situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>BANKAMERICA CORPORATION,<br>a foreign corporation d/b/a<br>BANK OF AMERICA CORPORATION,<br>a foreign corporation, f/k/a<br>NATIONSBANK, N.A., a national<br>association,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF STEPHANIE DANTOS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Stephanie Dantos** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Stephanie Dantos.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

### Requests for Admissions

1.    Admit that the Bank first employed Stephanie Dantos as a Consumer

Banker II on or about November 25, 1996.

**Response:**

2.     Admit that Ms. Dantos terminated employment with the Bank on or about

May 8, 1998.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Ms. Dantos'

Consumer Banker II position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Ms. Dantos reported 74.25 hours of overtime on the time records

she submitted to the Bank for hours worked between January 1, 1998 and May 8, 1998.

**Response:**

5.    Admit that the Bank paid Ms. Dantos overtime pay totaling $1,542.43 for

overtime hours worked during 1998.

**Response:**

6.    Admit that Ms. Dantos was paid for all overtime she recorded on her timesheets/timecards in 1998.

**Response:**

7.    Admit that Ms. Dantos recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:   954/463-2444
Telephone:  954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-10-

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the ___4___ day of April, 2001, to:

Susan L. Dolin, Esquire
Adam S. Chotiner, Esq.
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

### PLAINTIFF STEPHANIE DANTOS' REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, STEPHANIE DANTOS, by and through her undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

-1-

*Escudero, et al. v. America Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas
Page 2

7.    Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

*Escudero, et al. v. America Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas
Page 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail, this ___/ /___ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790

East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F.

Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte,

NC 28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood

Boulevard, Hollywood, Florida 33020.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Dantos.wpd

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and )
KIMBERLY DRAKE, on behalf of )
themselves and all others similarly )
situated, )
  )
                  Plaintiffs, )
  )
        vs. )
  )
BANKAMERICA CORPORATION, )
a foreign corporation d/b/a )
BANK OF AMERICA CORPORATION, )
a foreign corporation, f/k/a )
NATIONSBANK, N.A., a national )
association, )
  )
           Defendant. )

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF KIMBERLY DRAKE

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.) (collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Kimberly Drake** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Kimberly Drake.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

**Requests for Admissions**

1.    Admit that the Bank first employed Kimberly Drake as a Consumer Banker

11 on or about October 14, 1997.

**Response:**

    2.    Admit that the Bank first employed Kimberly Drake as a Consumer Banker

III on or about July 1, 1999.

3.    Admit that Ms. Drake terminated employment with the Bank on or about

October 30, 1999.

**Response:**

4.    Admit that, on or about December 17, 1997, the Bank classified the

Consumer Banker II and Consumer Banker III positions as non-exempt for overtime pay

purposes.

**Response:**

5.    Admit that Ms. Drake reported 148.50 hours of overtime on the time

records she submitted to the Bank for hours worked in 1998 and 87.75 hours of overtime

on the time records she submitted for hours worked between January 1, 1999 and October

30, 1999.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

6.    Admit that the Bank paid Ms. Drake overtime pay totaling $2,807.02 for

overtime hours worked during 1998 and $1,687.73 for overtime hours worked during 1999.

**Response:**

7.    Admit that Ms. Drake was paid for all overtime she recorded on her timesheets/timecards in 1998 and 1999.

**Response:**

8.  Admit that Ms. Drake recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
              305/945-2000 Dade
              561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-11-

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the  4th  day of April, 2001 to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esq.
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021

> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

-12-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## PLAINTIFF KIMBERLY DRAKE'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, KIMBERLY DRAKE, by and through her undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

1.    Admitted.

2.    Admitted.

3.    Denied.  Answering further, Plaintiff states that the bank terminated her

employment on or about October 30, 1999.

4.    Admitted.

5.    Denied for want of knowledge.

-1-

6.    Denied for want of knowledge.

7.    Denied for want of knowledge.

8.    Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this __18__ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Drake.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and<br>KIMBERLY DRAKE, on behalf of<br>themselves and all others similarly<br>situated,<br><br>                Plaintiffs,<br><br>     vs.<br><br>BANKAMERICA CORPORATION,<br>a foreign corporation d/b/a<br>BANK OF AMERICA CORPORATION,<br>a foreign corporation, f/k/a<br>NATIONSBANK, N.A., a national<br>association,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF ROXANNA L. ESCUDERO

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Roxanna L. Escudero** and requests that Plaintiff admit or deny these requests

within thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.     "Plaintiff", as used herein, shall refer to Plaintiff Roxanna L. Escudero.

B.     "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.     The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.     In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.     When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.     If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.     If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

### Requests for Admissions

1.  Admit that the Bank employed Roxanna Escudero as a Consumer Banker II

on or about October 14, 1997.

**Response:**

2.     Admit that Ms. Escudero terminated employment with the Bank on or about

October 30, 1999.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Ms.

Escudero's Consumer Banker II position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Ms. Escudero reported 139.25 hours of overtime on the time records she submitted to the Bank for hours worked in 1998 and 94.50 hours of overtime between January 1, 1999 and October 30, 1999.

**Response:**

5.    Admit that the Bank paid Ms. Escudero overtime pay totaling $2,983.76 for

overtime hours worked 1998 and $2,402.80 for overtime hours worked during 1999.

**Response:**

6.    Admit that Ms. Escudero was paid for all overtime she recorded on her timecards/timesheets in 1998 and 1999.

**Response:**

7.    Admit that Ms. Escudero recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the  4  day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:  954/463-0100 Broward
                  305/945-2000 Dade
                  561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-class mail, postage prepaid, on the ___4th___ day of April, 2001 to:

Susan L. Dolin, Esquire
Adam S. Chotiner, Esquire
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

_____
Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## PLAINTIFF ROXANNA L. ESCUDERO'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, ROXANNA L. ESCUDERO, by and through her

undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of

America's First Requests for Admissions as follows:

1.    Admitted.

2.    Denied. Answering further, Plaintiff states that the bank terminated Plaintiff's

employment on or about October 30, 1999.

3.    Admitted. Answering further, Plaintiff states that she was told by the bank

that there was no overtime.

4.    Denied for want of knowledge.

-1-

5.     Denied for want of knowledge.

6.     Denied for want of knowledge.

7.     Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By:_____
        SUSAN L. DOLIN, ESQ.
        Fla. Bar No. 708690
        ADAM S. CHOTINER, ESQ.
        Fla. Bar No. 0146315

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail, this  $/\!\!/\!\!\!\!\!$  day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790

East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F.

Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte,

NC  28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood

Boulevard, Hollywood, Florida 33020.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail:  sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Escudero.wpd

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and<br>KIMBERLY DRAKE, on behalf of<br>themselves and all others similarly<br>situated, | )<br>)<br>)<br>) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION,<br>a foreign corporation d/b/a<br>BANK OF AMERICA CORPORATION,<br>a foreign corporation, f/k/a<br>NATIONSBANK, N.A., a national<br>association, | )<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendant. | ) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF LESLIE SLATER HILL

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Leslie Slater Hill** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

**Definitions & Instructions**

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.      "Plaintiff", as used herein, shall refer to Plaintiff Leslie Slater Hill.

B.      "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.      The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.      In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.      When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.      If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.      If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

### Requests for Admissions

1.     Admit that the Bank employed Leslie Slater Hill as a Consumer Banker III

on or about March 1, 1995.

**Response:**

2.    Admit that Ms. Hill terminated employment with the Bank on or about May

28, 1999.

**Response:**

3.     Admit that, on or about December 17, 1997, the Bank classified Ms. Hill's

Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Ms. Hill reported 69.25 hours of overtime on the time records

she submitted to the Bank for hours worked for 1998 and 11.75 hours of overtime on the

time records she submitted between January 1, 1999 and May 28, 1999.

**Response:**

5.    Admit that the Bank paid Ms. Hill overtime pay totaling $1,418.06 for

overtime hours worked during 1998 and $248.71 for overtime hours worked in 1999.

**Response:**

6.    Admit that Ms. Hill was paid for all overtime she recorded on her timesheets/timecards in 1998 and 1999.

**Response:**

7.    Admit that Ms. Hill recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the ____ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
  & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:    954/463-0100 Broward
                   305/945-2000 Dade
                   561/640-7448 WPB

**Attorneys for Bank of America Corporation**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the ___4___ day of April, 2001 to:

Susan L. Dolin, Esquire
Adam S. Chotiner, Esquire
Daniel R. Levine, Esquire
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow



ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

     Defendant.

_____/

## PLAINTIFF LESLIE SLATER HILL'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, LESLIE SLATER HILL, by and through her undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Denied for want of knowledge.

    5.    Denied for want of knowledge.

    6.    Denied for want of knowledge.

-1-

7.    Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.
Mail, this __ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790
East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F.
Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte,
NC 28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood
Boulevard, Hollywood, Florida 33020.

By: _____
SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Hill.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and<br>KIMBERLY DRAKE, on behalf of<br>themselves and all others similarly<br>situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| BANKAMERICA CORPORATION,<br>a foreign corporation d/b/a<br>BANK OF AMERICA CORPORATION,<br>a foreign corporation, f/k/a<br>NATIONSBANK, N.A., a national<br>association, | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF DIANE KIRKLAND

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Diane Kirkland** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Diane Kirkland.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

### Requests for Admissions

1.     Admit that the Bank first employed Diane Kirkland as a Consumer Banker

II on or about December 16, 1993.

**Response:**

2.    Admit that Ms. Kirkland terminated employment with the Bank on or about

March 13, 1998.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Ms.

Kirkland's Consumer Banker II position as non-exempt for overtime pay purposes.

**Response:**

4.      Admit that Ms. Kirkland reported 11.50 hours of overtime on the time

records she submitted to the Bank for hours worked between January 1, 1998 and March

13, 1998.

**Response:**

5.    Admit that the Bank paid Ms. Kirkland overtime pay totaling $280.23 for

overtime hours worked during 1998.

**Response:**

This the 27th day of October, 2000.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX 704-373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:   954/463-2444
Telephone:   954/463-0100 Broward
                   305/945-2000 Dade
                   561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-8-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on October 27, 2000 to:

> Susan L. Dolin, Esquire
> Daniel R. Levine, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

> Richard F. Kane
> Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

    Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

    Defendant.

_____/

## PLAINTIFF DIANE KIRKLAND'S REPLY TO BANK OF AMERICA'S
## FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, DIANE KIRKLAND, by and through her undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First Requests for Admissions as follows:

1.    Admitted that Plaintiff was employed as a Consumer Banker, but denied for want of knowledge as to the exact date.

2.    Admitted.

3.    Admitted.

4.    Admitted that according to the bank, Plaintiff reported 11.50 hours of overtime for hours worked by Plaintiff between January 1, 1998 and March 13, 1998. However, Plaintiff denies that these hours reflect all overtime hours actually worked.

5.    Admitted that according to bank records, Plaintiff was paid overtime totaling $280.23 for overtime hours worked during 1998. However, Plaintiff denies

that that figure represents full compensation for all overtime actually worked by Plaintiff.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail, this 2 9 day of November, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280.

By: _____
SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Kirkland.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and | ) |
| KIMBERLY DRAKE, on behalf of | ) |
| themselves and all others similarly | ) |
| situated, | ) |
| | ) |
|             Plaintiffs, | ) |
| | ) |
|     vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| a foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| a foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association, | ) |
| | ) |
|             Defendant. | ) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF PEGGY H. LEE

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Peggy H. Lee** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Peggy H. Lee.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

**Requests for Admissions**

1.     Admit that the Bank first employed Peggy H. Lee as a Consumer Banker II

on or about May 1, 1995.

**Response:**

-3-

2.    Admit that the Bank first employed Peggy H. Lee as a Consumer Banker III

on or about January 1, 1997.

**Response:**

3.     Admit that Ms. Lee terminated employment with the Bank on or about

December 2, 1999.

**Response:**

4.    Admit that, on or about December 17, 1997, the Bank classified Ms. Lee's

Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

5.    Admit that Ms. Lee reported 151.00 hours of overtime on the time records

she submitted to the Bank for hours in 1998, and 78.50 hours between January 1, 1999 and

December 2, 1999.

**Response:**

6.    Admit that the Bank paid Ms. Lee overtime pay totaling $3,835.92 in 1998,

and $1,704.54 for overtime hours worked between January 1, 1999 and December 2, 1999.

**Response:**

7.    Admit that Ms. Lee was paid for all overtime she recorded on her
timesheets/timecards in 1998 and 1999.

**Response:**

8.    Admit that Ms. Lee recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
& GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:    954/463-0100 Broward
                   305/945-2000 Dade
                   561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-11-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the $\cancel{4}$ day of April, 2001 to:

>   Susan L. Dolin, Esquire
>   Adam S. Chotiner, Esquire
>   Muchnick, Wasserman, Dolin & Levine, LLP
>   Presidential Circle Building, Suite 620 North
>   4000 Hollywood Blvd.
>   Hollywood, FL 33021
>
>   Caryl Boies, Esq.
>   Anne E. Hinds, Esq.
>   Boies, Schiller & Flexner, LLP
>   2435 Hollywood Boulevard, Suite 200
>   Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

-12-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## PLAINTIFF PEGGY H. LEE'S REPLY TO BANK OF AMERICA'S
## FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, PEGGY H. LEE, by and through her undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

1.    Denied for want of knowledge.

2.    Denied for want of knowledge.

3.    Admitted.

4.    Admitted.

5.    Denied for want of knowledge.

6.    Denied for want of knowledge.

-1-

7.   Admitted.

8.   Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By:_____
        SUSAN L. DOLIN, ESQ.
        Fla. Bar No. 708690
        ADAM S. CHOTINER, ESQ.
        Fla. Bar No. 0146315

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.

Mail, this ___ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790

East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and Richard F.

Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte,

NC 28280, and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood

Boulevard, Hollywood, Florida 33020.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Lee.wpd

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and           )
KIMBERLY DRAKE, on behalf of       )
themselves and all others similarly )
situated,                          )
                                   )
                Plaintiffs,        )
                                   )
        vs.                        )
                                   )
BANKAMERICA CORPORATION,           )
a foreign corporation d/b/a        )
BANK OF AMERICA CORPORATION,       )
a foreign corporation, f/k/a       )
NATIONSBANK, N.A., a national      )
association,                       )
                                   )
                Defendant.         )

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF ANGELA MOBLEY

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Angela Mobley** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Angela Mobley.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

Escudero , et al., v. Bank of America
Case No  00-06145-CIV- DIMITROULEAS/JOHNSON

## Requests for Admissions

1.    Admit that the Bank first employed Angela Mobley as a Consumer Banker

III on or about June 30, 1997.

**Response:**

2.    Admit that Ms. Mobley terminated employment with the Bank on or about

February 25, 1998.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Ms.

Mobley's Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

4.      Admit that Ms. Mobley reported 45.25 hours of overtime on the time

records she submitted to the Bank for hours worked between January 1, 1998 and February

25, 1998.

**Response:**

5.    Admit that the Bank paid Ms. Mobley overtime pay totaling $990.99 for

overtime hours worked during 1998.

**Response:**

Escudero , et al., v  Bank of America
Case No  00-06145-CIV- DIMITROULEAS/JOHNSON

This the 27th day of October, 2000.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX 704-373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:   954/463-2444
Telephone:   954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on October 27, 2000 to:

Susan L. Dolin, Esquire
Daniel R. Levine, Esquire
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Snow

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

     Defendant.

_____/

## PLAINTIFF ANGELA MOBLEY'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, ANGELA MOBLEY, by and through her undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

1.     Admitted.

2.     Denied. Angela Mobley's employment with the bank terminated on February

       26, 1998.

3.     Admitted.

4.     Denied for want of knowledge.

5.     Denied for want of knowledge.

                        Respectfully submitted,

                        MUCHNICK, WASSERMAN, DOLIN
                        & LEVINE, LLP
                        Attorneys for Plaintiffs

4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
DANIEL R. LEVINE, ESQ.
Fla. Bar No. 0057861

and

BOIES, SCHILLER & FLEXNER, LLP
2435 Hollywood Boulevard
Hollywood, Florida 33020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S.
Mail, this _6th_ day of December, 2000 to: Michael T. Burke, Esq., Johnson, Anselmo et
al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220, and
Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,
Charlotte, NC 28280.

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Mobley.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and | ) |
| KIMBERLY DRAKE, on behalf of | ) |
| themselves and all others similarly | ) |
| situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| a foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| a foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association, | ) |
| | ) |
| Defendant. | ) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF GUILBERT M. PARKER

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Guilbert M. Parker** and requests that Plaintiff admit or deny these requests

within thirty (30) days of service.

### Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.      "Plaintiff", as used herein, shall refer to Plaintiff Guilbert M. Parker.

B.      "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.      The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.      In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.      When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.      If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter.  Any denial must fairly meet the substance of the requested admission.  When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.      If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

**Requests for Admissions**

1.    Admit that the Bank first employed Guilbert M. Parker as a Consumer

Banker III on or about January 21, 1997.

**Response:**

2.    Admit that Mr. Parker terminated employment with the Bank on or about

February 11, 1998.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Mr.

Parker's Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Mr. Parker reported 11.00 hours of overtime on the time records

he submitted to the Bank for hours worked between January 1, 1998 and February 11,

1998.

**Response:**

5.    Admit that the Bank paid Mr. Parker overtime pay totaling $480.75 for

overtime hours worked during 1998.

**Response:**

6.     Admit that Mr. Parker was paid for all overtime he recorded on his timesheets/timecards in 1998.

**Response:**

7.    Admit that Mr. Parker recorded on his timecards or timesheets all hours he worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date his employment with the Bank terminated.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

This the _____ 4 _____ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIRE WOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-10-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-class mail, postage prepaid, on the _____ day of April, 2001 to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



    Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

    Defendant.

_____/

## PLAINTIFF GUILBERT M. PARKER' REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, GUILBERT M. PARKER, by and through his

undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of

America's First Requests for Admissions as follows:

1.    Admit.

2.    Admit.

3.    Admit.

4.    Denied for want of knowledge as I do not recall reporting 11.00 hours of

overtime on time records submitted to the Bank for hours worked between January 1, 1998

and February 11, 1998.

-1-

5.    Denied for want of knowledge as I do not recall being paid overtime pay

totaling $480.75 for overtime hours worked during 1998.

6.    Denied for want of knowledge as I do not recall reporting overtime or getting

paid for overtime in 1998.

7.    Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla. Bar No. 0146315

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent, this

____ day of June, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East

Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail), and

Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC 28280 (via Federal Express), and Caryl Boies, Esquire, Boies, Schiller &

Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

By: _____
SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com
ADAM S. CHOTINER, ESQ.
E-mail: aschotiner@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Parker.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and )
KIMBERLY DRAKE, on behalf of )
themselves and all others similarly )
situated, )
)
          Plaintiffs, )
)
   vs. )
)
BANKAMERICA CORPORATION, )
a foreign corporation d/b/a )
BANK OF AMERICA CORPORATION, )
a foreign corporation, f/k/a )
NATIONSBANK, N.A., a national )
association, )
)
          Defendant. )

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF NANCY ROJAS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Nancy Rojas** and requests that Plaintiff admit or deny these requests within thirty

(30) days of service.

### Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.      "Plaintiff", as used herein, shall refer to Plaintiff Nancy Rojas.

B.      "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.      The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.      In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.       When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.      If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.      If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

## Requests for Admissions

1.    Admit that the Bank first employed Nancy Rojas as a Consumer Banker II

on or about September 1, 1999.

**Response:**

2.    Admit that Ms. Rojas terminated employment with the Bank on or about

February 22, 2000.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Ms. Rojas'

Consumer Banker II position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Ms. Rojas reported 18.50 hours of overtime on the time records

she submitted to the Bank for hours worked during 1999.

**Response:**

5.    Admit that the Bank paid Ms. Rojas overtime pay totaling $338.84 for

overtime hours worked during 1999.

**Response:**

6.     Admit that Ms. Rojas was paid for all overtime she recorded on her timesheets/timecards in 1999.

**Response:**

7.    Admit that Ms. Rojas recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

Escudero , et al., v Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

This the ___4___ day of April, 2001.

_____
Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:   954/463-2444
Telephone:  954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-10-

Escudero , et al., v. Bank of America
Case No 00-06145-CIV- DIMITROULEAS/JOHNSON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the _____ day of April, 2001, to:

Susan L. Dolin, Esquire
Adam S. Chotiner, Esquire
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,



vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## PLAINTIFF NANCY ROJAS' REPLY TO BANK OF AMERICA'S
## FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, NANCY ROJAS, by and through her undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

1.     Denied. Answering further, to the best of my recollection I was first employed

as a Consumer Banker on or about May 15, 1997.

2.     Admitted to the extent that the Bank terminated my employment on or about

February 22, 2000.

3.     Admitted to the extent that, on or about December 17, 1997, my Consumer

Banker position was classified as non-exempt for overtime pay purposes.

-1-

4.    Denied for want of knowledge as I do not recall reporting 18.50 hours of

overtime on time records submitted to the Bank for hours worked during 1999.

5.    Denied for want of knowledge as I do not recall being paid overtime pay

totaling $338.84 for overtime hours worked during 1999.

6.    Denied for want of knowledge as I do not recall whether I was paid for all

overtime I recorded on my timesheets/timecards in 1999.

7.    Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By:_____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent, this 29th day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail), and Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street, Charlotte, NC 28280 (via Federal Express), and Caryl Boies, Esquire, Boies, Schiller & Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Rojas.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and<br>KIMBERLY DRAKE, on behalf of<br>themselves and all others similarly<br>situated,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>BANKAMERICA CORPORATION,<br>a foreign corporation d/b/a<br>BANK OF AMERICA CORPORATION,<br>a foreign corporation, f/k/a<br>NATIONSBANK, N.A., a national<br>association,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF FABIOLA G. STEWART

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Fabiola G. Stewart** and requests that Plaintiff admit or deny these requests

within thirty (30) days of service.

### Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Fabiola G. Stewart.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

### Requests for Admissions

1.    Admit that the Bank first employed Fabiola G. Stewart as a Consumer

Banker II on or about December 16, 1996.

**Response:**

2.      Admit that the Bank first employed Fabiola G. Stewart as a Consumer

Banker III on or about December 1, 1997.

**Response:**

Escudero , et al., v  Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

3.     Admit that, on or about December 17, 1997, the Bank classified Ms.

Stewart's Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Ms. Stewart reported 117.50 hours in 1998, and 155.50 hours in

1999 of overtime on the time records she submitted to the Bank.

**Response:**

5.     Admit that the Bank paid Ms. Stewart overtime pay totaling $2,729.77 for overtime hours worked during 1998, and $4,004.12 for overtime hours worked during 1999.

**Response:**

6.      Admit that Ms. Stewart was paid for all overtime she recorded on her timesheets/timecards in 1998 and 1999.

**Response:**

7.     Admit that Ms. Stewart recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the $\underline{4}$ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:    954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the ____ day of April, 2001, to:

> Susan L. Dolin, Esquire
> Adam S. Chotiner, Esquire
> Muchnick, Wasserman, Dolin & Levine, LLP
> Presidential Circle Building, Suite 620 North
> 4000 Hollywood Blvd.
> Hollywood, FL 33021
>
> Caryl Boies, Esq.
> Anne E. Hinds, Esq.
> Boies, Schiller & Flexner, LLP
> 2435 Hollywood Boulevard, Suite 200
> Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## PLAINTIFF FABIOLA G. STEWART'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, FABIOLA G. STEWART, by and through her

undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of

America's First Requests for Admissions as follows:

1.    Admitted.

2.    Denied for want of knowledge as I do not specifically recall the date upon

which I was employed as a Consumer Banker III.

3.    Admitted.

4.    Admitted that I reported 117.50 hours in 1998, but denied that I reported

155.50 hours in 1999; I believe I reported 150.50 hours of overtime in 1999.

-1-

5.    Admitted.

6.    Admitted.

7.    Admitted that I recorded on my timesheets all hours worked as a Consumer

Banker between December 17, 1997 and December 31, 1999.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By:_____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent, this

_____ day of June, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East

Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail), and

Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC 28280 (via Federal Express), and Caryl Boies, Esquire, Boies, Schiller &

Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

By:_____
SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp.Stewart.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and | ) |
| KIMBERLY DRAKE, on behalf of | ) |
| themselves and all others similarly | ) |
| situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| a foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| a foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association, | ) |
| | ) |
| Defendant. | ) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF SHERI L. THOMAS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Sheri L. Thomas** and requests that Plaintiff admit or deny these requests within

thirty (30) days of service.

### Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.     "Plaintiff", as used herein, shall refer to Plaintiff Sheri L. Thomas.

B.     "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.     The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.     In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.     When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.     If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.     If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

### Requests for Admissions

1.    Admit that the Bank first employed Sheri L. Thomas as a Consumer Banker

III on or about June 1, 1996.

**Response**:

2.     Admit that Ms. Thomas terminated employment with the Bank on or about

March 25, 1998.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Ms.

Thomas' Consumer Banker III position as non-exempt for overtime pay purposes.

**Response:**

4.    Admit that Ms. Thomas worked no overtime between January 1, 1998 and

March 25, 1998.

**Response:**

5.     Admit that Ms. Thomas recorded on her timecards or timesheets all hours she worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date her employment with the Bank terminated.

**Response:**

This the ___4___ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
& GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:   954/463-0100 Broward
                 305/945-2000 Dade
                 561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-8-

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the _4th_ day of April, 2001 to:

Susan L. Dolin, Esquire
Adam S. Chotiner, Esquire
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,



     Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

     Defendant.

_____/

## PLAINTIFF SHERI L. THOMAS' REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, SHERI L. THOMAS, by and through her undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

1.    Denied. I believe I was first employed as a Consumer Banker III in or about

August, 1995.

    2.    Admitted.

    3.    Admitted.

    4.    Denied.

    5.    Denied.

-1-

*Escudero, et al. v. America Corporation, etc.*
Case No. 00-06145-Civ-Dimitrouleas
Page 2

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By:_____
SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent, this

____ day of June, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East

Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail), and

Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC 28280 (via Federal Express), and Caryl Boies, Esquire, Boies, Schiller &

Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

By: _____

SUSAN L. DOLIN, ESQ.
E-mail: sldolin@mwdl-law.com

F:\WPDOCS\~SLD\Escudero\Trial\1st RFA.Rsp Thomas.wpd

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and          )
KIMBERLY DRAKE, on behalf of      )
themselves and all others similarly )
situated,                         )
                                  )
                Plaintiffs,       )
                                  )
        vs.                       )
                                  )
BANKAMERICA CORPORATION,          )
a foreign corporation d/b/a       )
BANK OF AMERICA CORPORATION,      )
a foreign corporation, f/k/a      )
NATIONSBANK, N.A., a national     )
association,                      )
                                  )
                Defendant.        )

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF RON VALDEZ

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Ron Valdez** and requests that Plaintiff admit or deny these requests within thirty

(30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Ron Valdez.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

**Requests for Admissions**

1.    Admit that the Bank first employed Ron Valdez as a Consumer Banker II on

or about April 1, 1997.

**Response:**

2.    \_\_Admit that the Bank first employed Ron Valdez as a Consumer Banker III

on or about June 1, 1999.

**Response:**

3.    _Admit that Mr. Valdez terminated employment with the Bank on or about

January 2, 2000.

   **Response:**

4.    ⌐Admit that, on or about December 17, 1997, the Bank classified the

Consumer Banker II and Consumer Banker III positions as non-exempt for overtime pay

purposes.

**Response:**

5.    Admit that Mr. Valdez reported 91.00 hours in 1998, and 12.50 hours in

1999 of overtime on the time records he submitted to the Bank.

**Response:**

6.    Admit that the Bank paid Mr. Valdez overtime pay totaling $1,465.12 for

overtime hours worked during 1998, and $208.75 for hours worked during 1999.

**Response:**

7.    Admit that Mr. Valdez was paid for all overtime he recorded on his timesheets/timecards in 1998 and 1999.

**Response:**

8.    ⌐Admit that Mr. Valdez recorded on his timecards or timesheets all hours he worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date his employment with the Bank terminated.

**Response:**

Escudero , et al., v  Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

This the ___4___ day of April, 2001.

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:   954/463-2444
Telephone:  954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

-11-

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the _4_ day of April, 2001, to:

Susan L. Dolin, Esquire
Adam S. Chotiner, Esquire
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

-12-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.

BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## PLAINTIFF RON VALDEZ'S REPLY TO BANK OF AMERICA'S
## FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, RON VALDEZ, by and through his undersigned

attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of America's First

Requests for Admissions as follows:

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Denied for want of knowledge as I do not recall reporting 91.00 hours of

overtime in 1998 on the time records submitted to the Bank, nor do I recall reporting 12.50

-1-

hours of overtime in 1999 on the time records submitted to the Bank.

6.      Denied for want of knowledge. I do not recall being paid overtime pay totaling

$1,465.12 for 1998, nor do I recall being paid overtime pay totalling $208.75 for hours

worked during 1999.

7.      Denied for want of knowledge as I do not recall whether I was paid for all

overtime I recorded on my timesheets/timecards in 1998 and 1999.

8.      Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By: _____
        SUSAN L. DOLIN, ESQ.
        Fla. Bar No. 708690
        ADAM S. CHOTINER, ESQ.
        Fla. Bar No. 0146315

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent, this 1st

day of June, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East Broward

Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail), and Richard

F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC 28280 (via Federal Express), and Caryl Boies, Esquire, Boies, Schiller &

Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

By: _____

ADAM S. CHOINTER, ESQ.
E-mail: aschotiner@mwdl-law.com

F \WPDOCS\~SLD\Escudero\Trial\1st RFA Rsp.RValdez.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

| | |
|---|---|
| ROXANNA L. ESCUDERO, and | ) |
| KIMBERLY DRAKE, on behalf of | ) |
| themselves and all others similarly | ) |
| situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANKAMERICA CORPORATION, | ) |
| a foreign corporation d/b/a | ) |
| BANK OF AMERICA CORPORATION, | ) |
| a foreign corporation, f/k/a | ) |
| NATIONSBANK, N.A., a national | ) |
| association, | ) |
| | ) |
| Defendant. | ) |

## BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS
## TO PLAINTIFF SAMUEL D. WASHINGTON

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and

S.D. Fla. L.R. 26.1, Defendants Bank of America Corporation (f/k/a BankAmerica

Corporation) and Bank of America, N.A., (f/k/a NationsBank, N.A.)(collectively referred

to herein as "Bank of America"), propounds the following Requests for Admissions upon

Plaintiff **Samuel D. Washington** and requests that Plaintiff admit or deny these requests

within thirty (30) days of service.

## Definitions & Instructions

Unless negated by the context of any individual request, the following definitions and instructions are to be considered as applicable to all requests contained herein:

A.    "Plaintiff", as used herein, shall refer to Plaintiff Samuel D. Washington.

B.    "You" and "your" as used herein mean plaintiff and plaintiff's attorneys, investigators, agents, employees, consultants or other representatives.

C.    The term "Bank" shall refer to Bank of America or its predecessor NationsBank, N.A.

D.    In answering these requests, all language shall be given its plain meaning, within context, and the singular shall be read as including the plural.

E.    When used herein the terms "and," "or," and "and/or" are intended to be read either in their disjunctive or conjunctive sense, as necessary to make each request inclusive rather than exclusive.

F.    If plaintiff does not unequivocally admit or deny the matter, set forth in detail the reasons why plaintiff cannot truthfully admit or deny the matter. Any denial must fairly meet the substance of the requested admission. When good faith requires that a request for admission be denied in part or that a response be qualified, specify so much of the request as is true and qualify or deny the remainder.

G.    If any request is not answered due to a claim of privilege or due to an objection, plaintiff is directed to specifically state the objection or privilege claimed, and state the basis of that objection or claim of privilege in sufficient detail to allow the Court to rule on said claim of privilege or objection.

-2-

—          **Requests for Admissions**

1.    Admit that the Bank first employed Samuel D. Washington as a Consumer

Banker II on or about June 30, 1997.

**Response:**

2.    ‾Admit that Mr. Washington terminated employment with the Bank on or

about October 30, 1998.

**Response:**

3.    Admit that, on or about December 17, 1997, the Bank classified Mr.

Washington's Consumer Banker II position as non-exempt for overtime pay purposes.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

4.      Admit that Mr. Washington reported 46.00 hours of overtime on the time

records he submitted to the Bank for hours worked between January 1, 1998 and October

30, 1998.

**Response:**

5.    ⌐Admit that the Bank paid Mr. Washington overtime pay totaling $1,072.38

for overtime hours worked during 1998.

**Response:**

6.    Admit that Mr. Washington was paid for all overtime he recorded on his

timesheets/timecards in 1998.

**Response:**

Escudero , et al., v. Bank of America
Case No. 00-06145-CIV- DIMITROULEAS/JOHNSON

7.    Admit that Mr. Washington recorded on his timecards or timesheets all hours he worked (including those in excess of forty hours per week) as a Consumer Banker II, III or IV between December 17, 1997 and the later of December 31, 1999, or the date his employment with the Bank terminated.

**Response:**

This the _4th_ day of April, 2001.

_Richard F. Kane_

Richard F. Kane, NC State Bar # 5694
Bruce M. Steen, VA State Bar # 31062
McGUIREWOODS LLP
3700 Bank of America Plaza
Charlotte, North Carolina 28280
(704) 373-8999 FAX (704) 373-8990

Michael T. Burke
Florida Bar No. 338771
JOHNSON, ANSELMO, MURDOCH, BURKE
 & GEORGE, P.A.
790 East Broward Blvd., Suite 400
Post Office Box 030220
Fort Lauderdale, Florida 33303-0220
Facsimile:    954/463-2444
Telephone:    954/463-0100 Broward
                    305/945-2000 Dade
                    561/640-7448 WPB

**Attorneys for Bank of America Corporation**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed by first-

class mail, postage prepaid, on the _4 huu_ day of April, 2001, to:

Susan L. Dolin, Esquire
Adam S. Chotiner, Esquire
Muchnick, Wasserman, Dolin & Levine, LLP
Presidential Circle Building, Suite 620 North
4000 Hollywood Blvd.
Hollywood, FL 33021

Caryl Boies, Esq.
Anne E. Hinds, Esq.
Boies, Schiller & Flexner, LLP
2435 Hollywood Boulevard, Suite 200
Hollywood, FL 33020

Richard F. Kane
Bruce M. Steen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-06145-CIV-DIMITROULEAS
Magistrate Judge Johnson

ROXANNA L. ESCUDERO, and
KIMBERLY DRAKE, on behalf of
themselves and all others
similarly situated,

Plaintiffs,

vs.



BANKAMERICA CORPORATION,
a foreign corporation d/b/a
BANK OF AMERICA CORPORATION,
a foreign corporation, f/k/a
NATIONSBANK, N.A., a national association,

Defendant.

_____/

## PLAINTIFF SAMUEL D. WASHINGTON'S REPLY TO BANK OF AMERICA'S FIRST REQUESTS FOR ADMISSIONS

COMES NOW the Plaintiff, SAMUEL D. WASHINGTON, by and through his

undersigned attorneys, and pursuant to Rule 36 of the Fed.R.Civ.P., answers Bank of

America's First Requests for Admissions as follows:

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Denied for want of knowledge as I do not recall reporting 46.00 hours of

overtime on time records submitted to the Bank for hours worked between January 1,

1988 and October 30, 1998.

-1-

5.      Denied for want of knowledge as I do not recall being paid overtime pay

totaling $1,072.38 for overtime hours worked during 1998.

6.      Denied for want of knowledge as I do not recall whether I was paid for all

overtime I recorded on my timesheets/timecards in 1998.

7.      Denied.

Respectfully submitted,

MUCHNICK, WASSERMAN, DOLIN
& LEVINE, LLP
Attorneys for Plaintiffs
4000 Hollywood Boulevard, Ste 620N
Hollywood, FL 33021
(954) 989-8100 - Broward
(305) 624-9100 - Dade
(954) 989-8700 - Fax

By:_____

SUSAN L. DOLIN, ESQ.
Fla. Bar No. 708690
ADAM S. CHOTINER, ESQ.
Fla Bar No. 0146315

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent this

___ day of May, 2001 to: Michael T. Burke, Esq., Johnson, Anselmo et al., 790 East

Broward Boulevard, Suite 400, Fort Lauderdale, Florida 33303-0220 (via U.S. Mail), and

Richard F. Kane, Esq., McGuireWoods, 3700 NationsBank Plaza, 101 South Tyron Street,

Charlotte, NC  28280 (via Federal Express), and Caryl Boies, Esquire, Boies, Schiller &

Flexner, LLP, 2435 Hollywood Boulevard, Hollywood, Florida 33020 (via U.S. Mail).

By: _____
SUSAN L. DOLIN, ESQ.
E-mail:  sldolin@mwdl-law.com
ADAM S. CHOTINER, ESQ.
E-mail:  aschotiner@mwdl-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-8632-CIV-DIMITROULEAS

JACQUELINE MINTZ et al.,
on behalf of herself and all
others similarly situated,

Magistrate Judge Johnson

Plaintiffs,

vs.

NATIONSBANK, N.A.,
a national association,

Defendant.
_____/

FILED by _____ D.C.

MAY 0 8 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

THIS CAUSE is before the Court upon Defendant's Motion for Extension of

Time [DE 56], Defendant's Motion to Reconsider [DE 57] Order Allowing Notification to

Potential Class Members, Plaintiffs' Motion to Revise Notice to Potential Class

Members [DE 58], and Plaintiffs' Motion for Equitable Tolling of Opt-in Plaintiffs' statute of

limitations [DE 66]. The Court has carefully considered the motions, and is otherwise fully

advised in the premises.

### I. BACKGROUND

Plaintiffs' complaint asserts a claim for unpaid overtime under the Fair Labor Standards

Act, 29 U.S.C. §216, ("FLSA") for employees who were employed as a Consumer Banker I for

defendant Nationsbank. This Court granted Plaintiffs' motion to allow notification to potential

class members under the "opt-in" class action provision allowed under Section 216(b).

Defendant has moved for reconsideration of that order, based upon this Court's February 23,

2000 Order in Aldred, et al. v. Nationsbank, 97-7547-C.V.-DIMITROULEAS, as well as an

extension of time to produce to Plaintiffs the mailing list for the potential class members.

Plaintiff Mintz alleges in this case that she and other similarly situated current and former non-exempt employees worked the number of hours required of them, many times in excess of forty (40) hours per week, but were not paid overtime for those hours. Mintz further alleges that Nationsbank supervisory personnel either refused to permit her to record the number of hours she worked in excess of forty (40) or simply instructed her that she was not allowed to record the number of hours she worked in excess of forty (40) hours per week, both in violation of Nationsbank's record-keeping obligation under the FLSA. Nationsbank denies the allegations and further asserts that it has a policy in place for Consumer Banker I workers that overtime must be calculated on a completed workweek and paid at time and a half for hours worked over forty (40) hours.

At the time this Court initially granted the motion for class notification, the Court stated that at least five other persons with the position of Consumer Banker I had opted in to this lawsuit. In reviewing the record as of today, it appears that eight consents to become a party plaintiff were in the record at that time,[1] but since then two of the eight persons have withdrawn their consents,[2] and one additional person may be deceased.[3] Of the five remaining consents, none of these opt-in plaintiffs worked at the same location as Plaintiff Mintz, in Parkland,

---

[1] An additional consent from Traci Briggs-Ratcliff [DE 41] had been withdrawn prior to the Court's September, 1999 ruling.

[2] Lillian Berger [DE 55] and Clytus Turner [DE 67] have withdrawn their consents.

[3] Defendant's counsel reports that Plaintiffs' counsel has advised him that Ms. Pirri is now deceased and her surviving spouse does not intend to pursue her claim. See Footnote 1 to Defendant's Supplement to Defendant's Motion to Reconsider [DE 62].

2

Florida.[4]

### III. MOTION FOR CLASS NOTIFICATION

As discussed in this Court's September 24, 1999 Order, it is settled in the Eleventh Circuit that a district court has the authority under the FLSA to issue an order requiring notice to similarly situated persons. See Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir.1991) (noting a split in the circuits and "concluding that the 'broad remedial purpose of the Act' is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire and by the district court's exercise of that power under appropriate conditions.") (citations omitted). Before determining whether to exercise such power, however, Dybach instructs the district court that it "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Id. at 1567-1568. If the district court concludes that there are such other employees, the court then has the discretion to establish the specific procedures to be followed with respect to such possible opting-in. Id. at 1568.

The Court now reconsiders its conclusion in its September 24, 1999 Order. Since that Order, the Court has had the opportunity to issue rulings in similar cases involving bank tellers (Aldred, et al. v. Nationsbank, 97-7547-C.V.-DIMITROULEAS) and in-store bankers (Perlman, et al. v. Nationsbank, 98-8805-C.V.-DIMITROULEAS), and has been able to compare and contrast these rulings with a prior ruling in a similar case involving consumer bankers II, III, and

---

[4] See Consents of Vasquez (Texas) [DE 49]; Dennis [DE 37] (Salisbury, Maryland); Sanchez (Miami) [DE 33]; Van Brandt (Potomac, Maryland) [DE 21]; and Frost (Tamarac and Davie, Florida) [DE 17]; and affidavits of Frost, Van Brandt, and Dennis at DE 45.

3

IV (Levine, et al. v. Nationsbank, 98-6308-C.V.-DIMITROULEAS). In Perlman and Levine, Nationsbank had a clear policy of exempting all In-Store Bankers and Consumer Bankers II, III and IV from overtime pay. Thus, those individuals were similarly situated. In Aldred, this Court concluded that Plaintiff has not met her burden of showing similarly-situated tellers, as Nationsbank did not exempt all tellers from overtime, but rather left overtime decisions to individual branch mangers.

Turning to the first step of the Dybach test outlined above, this case is distinguishable from Perlman and Levine, as the plaintiffs in those cases were all classified as exempt employees and thus were denied overtime by virtue of a blanket corporate policy. In contrast, the Consumer Bankers I in this action were non-exempt, and thus eligible for overtime, but were allegedly denied such overtime by their branch managers. Plaintiffs argue, however, that upper management discouraged branch managers from approving overtime. See Affidavit of Phyliss Kennedy Brown, Exhibit F of Exhibit A to Defendant's Motion for Reconsideration. The Brown affidavit is not sufficient to show that a corporate policy to deny overtime was in place. Rather, the Brown affidavit states that individual managers had the burden to "manage" the overtime while accomplishing a variety of tasks during a period of downsizing. Therefore, it appears that resolution of the FLSA overtime issue in this case will vary from branch to branch, depending upon how individual branch managers handled overtime for the Consumer Banker I position.

Moreover, Plaintiff Mintz has had ample time to allow for persons to file consents to become party plaintiffs in this case. The record now shows five remaining opt-in plaintiffs, only one of whom even worked in the same state as Mintz, and none worked in the same branch. Therefore, Plaintiffs have not shown that similarly situated persons to Plaintiff Mintz are willing to opt-in to this case.

4

As to the second step of Dybach, Defendants argue that Plaintiffs have not shown that Consumer Banker I employees are similarly situated with respect to their job requirements and with regard to their pay provisions for purposes of allowing notification to potential class members were due overtime or were exempt under the FLSA. Plaintiffs argue that under Grayson v. K Mart Corporation, 79 F.3d 1086, 1097 (11th Cir. 1996), their burden is not a heavy one to allow for notification. The Court concludes that individual differences will certainly exist as to the hours, duration and location worked by individual plaintiffs, and concludes that the affidavits and deposition transcripts provided by Plaintiff Mintz are not sufficient to satisfy this Court that there are other employees of Nationsbank who are similarly situated with respect to their job requirements and with regard to their pay provisions. Dybach, 942 F.2d at 1567-1568; see also Haynes v. Singer Co., Inc., 696 F.2d 884 (11th Cir.1983) (finding that unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores owned by employer not sufficient to authorize notice to other potential class members); Mertz v. Treetop Enterprises, Inc., 1999 U.S. Dist. LEXIS 18386 (N.D.Ala. 1999).

As stated above, the Court notes that Plaintiff Mintz does not dispute that Nationsbank had a written policy of compensating non-exempt employees who worked and recorded in excess of forty hours in a workweek an overtime wage rate of one and one-half times the regular hourly rate. Rather, Plaintiff Mintz alleges there was an unwritten policy of preventing non-exempt employees from reporting such overtime hours. Upon review of the materials submitted by Plaintiff, and for the reasons expressed above, the Court will not permit the widespread notification of numerous current and former employees of Nationsbank of the present action under Dybach, as this Court finds that Plaintiff Mintz has not met her burden of showing similarly-situated tellers.

5

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Plaintiff's Motion for Extension of Discovery Deadline [DE 54] is hereby **DENIED as moot**, given this Court's Order of September 24, 1999 [DE 53];

2.   Defendant's Motion to Reconsider [DE 57] Order Allowing Notification to Potential Class Members, is hereby **GRANTED**. The Court has reconsidered and hereby **VACATES** the relevant part of its Order of September 24, 1999 [DE 53] related to notification of potential class members. This case will now proceed based on at most the particular circumstances of the five remaining opt-in consents listed in footnote 4 above;

3.   Defendant's Motion for Extension of Time [DE 56] is hereby **DENIED as moot.**

4.   Plaintiffs' Motion to Revise Notice to Potential Class Members [DE 58] is hereby **DENIED as moot**;

5.   Plaintiffs' Motion for Equitable Tolling of Opt-in Plaintiffs' statute of limitations [DE 66] is hereby **DENIED as moot.**

6.   The Court will extend some pretrial deadlines to allow the parties to complete discovery and pretrial motions practice prior to trial in this case;

7.   The discovery deadline is hereby extended until June 2, 2000 and the substantive motion deadline is hereby extended until June 16, 2000;

8.   The pretrial stipulation deadline and motions in limine deadline is now August 11, 2000, while responses to motions in limine and proposed jury instructions shall be due August 21, 2000.

9.   This case is reset for Calendar Call at 10:00am on Friday, August 25, 2000, and for trial

6

the two-week period beginning 9:00am on Monday, August 28, 2000;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this _____ day of May, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

copies to:

Daniel R. Levine, Esq./Susan Dolin, Esq.
Caryl L. Boies, Esq.
Michael T. Burke, Esq.
Richard F. Kane, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-7547-CIV-DIMITROULEAS

JULIET ALDRED, on behalf of
herself and all others similarly
situated,

Plaintiffs,

vs.

NATIONSBANK, N.A.,

Defendant.

_____/

```
FILED by _____ D.C.

    SEP 0 2 1998

    . . RLOT  JUDICYE
    CLERK U.S. DIST. CT.
    S.D.  OF FLA. · MIAMI
```

## OMNIBUS ORDER

THIS CAUSE is before the Court upon the following motions:

1. Plaintiff's Motion to Allow Notification to Potential Class Members Pursuant to 29

U.S.C. § 216(b) [DE 29];

2. Plaintiff's Motion to Correct Scrivener's Error in Complaint [DE 31], which the Court

construes as the Plaintiff's Motion for Leave to Amend; and

3. Plaintiff's Motion to Reconsider and Objections to Magistrate Judge's June 23, 1998

Order [DE 46];

The Court has carefully considered the motions and is otherwise fully advised in the

premises.

### I. BACKGROUND

The plaintiff, Juliet Aldred, a former employee and bank teller with Nationsbank, filed

the instant action asserting a claim for unpaid overtime under the Fair Labor Standards Act, 29

U.S.C. § 216, ("FLSA") on behalf of herself and all others similarly situated. Aldred alleges that

she and other similarly situated current and former non-exempt employees worked the number of

hours required of them, many times in excess of forty (40), but were not paid overtime. Aldred

further alleges that Nationsbank supervisory personnel either refused to permit her to record the

number of hours she worked in excess of forty (40) or simply instructed the plaintiff that she was

not allowed to record the number of hours she worked in excess of forty (40), both in clear

violation of Nationsbank's record-keeping obligation under the FLSA. Nationsbank denies the

allegations and further asserts that it has a policy in place that overtime must be calculated on a

completed workweek and paid at time and a half for hours worked over forty (40). To date, no

other plaintiffs have opted-in the present action as permitted by 29 U.S.C. § 216(b).[1]

## II. DISCUSSION

### A. Notification of Putative Class Members

Aldred has filed the instant motion seeking leave of this Court to notify all potential class

members, pursuant to 29 U.S.C. § 216(b), that they have the right to opt-in the present action.

Aldred has defined the potential class, without any geographic limitation, as "all current and

former non-exempt employees" of Nationsbank.

Section 216(b) of the FLSA provides that an action for unpaid overtime compensation

may be maintained by "any one or more employees for and on behalf of [themselves] . . . and

other employees similarly situated." It is settled in this Circuit that a district court has the

authority under the FLSA to issue an order requiring notice of an action to such similarly situated

persons. See Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir.1991)

---

[1] The Court also has a separate class action, Levine v. Nationsbank, Case No. 98-6306
(S.D. Fla.), brought by consumer banker employees, who were classified as exempt employees,
against Nationsbank for unpaid overtime compensation under the FLSA. These plaintiffs are
also represented by the same attorneys representing Aldred. In the Levine case, twenty-five
individuals had already elected to opt-in prior to this Court's resolution of the plaintiffs' motion
to allow notification of potential class members.

2

(noting a split in the circuits and "concluding that the 'broad remedial purpose of the Act' is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire and by the district court's exercise of that power under appropriate conditions.") (citations omitted). Before determining whether to exercise such discretion, however, Dybach instructs the district court that it "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Id. at 1567-1568. The Eleventh Circuit has held that while plaintiffs bear the burden of demonstrating a "reasonable basis" for a class-wide action, the burden "is not heavy." Grayson v. K Mart Corporation, 79 F.3d 1086, 1097 (11th Cir. 1996); Haynes v. Singer Co., Inc., 696 F.2d 884, 887 (11th Cir.1983). If the district court concludes that there are such other employees, the court then has the discretion to establish the specific procedures to be followed with respect to such possible opting-in. Dybach, 942 F.2d at 1568.

Turning to the first step of the Dybach test, Aldred has provided no support that any other non-exempt employees would desire to opt-in to the present action. Rather, Aldred asserts that she needs some discovery to obtain the names of other similarly situated employees in order to ascertain whether they would wish to opt in. The Court will address the discovery issue below. At this point in the litigation, however, the Court is not satisfied that there are other non-exempt employees who desire to opt-in this case.

Turning to the second step of the Dybach test, the parties dispute whether there are other similarly situated employees with respect to their job requirements and with regard to their pay provisions. Specifically, Aldred argues that each non-exempt employee who performed services for Nationsbank on or after December 15, 1994, three years prior to the filing of the instant

3

lawsuit,[2] is a similarly situated employee. Aldred also asserts she has served an interrogatory upon Nationsbank requesting the identity of such potential class members.

The defendants respond by asserting the potential class is overbroad and such potential class members are not similarly situated to Aldred. Specifically, Nationsbank argues that Aldred's employment position code was one of 228 non-exempt job codes used in Florida and there were 899 different job codes for non-exempt personnel nationwide. Further, Nationsbank notes as of December 31, 1997, there were 4,991 non-exempt employees in Florida and 52,353 non-exempt employees nationwide.

In support of her motion, Aldred has submitted an affidavit from herself, an affidavit from Jason Royal, a former consumer banker employee with Nationsbank, and a transcript of a deposition of Cindy Haimowitz, a Nationsbank Regional Sales Support Manager. The Court finds that these affidavits and transcripts, along with the other support provided by Aldred, are not sufficient to satisfy this Court that there are other employees of Nationsbank who are similarly situated with respect to their job requirements and with regard to their pay provisions. Dybach, 942 F.2d at 1567-1568; see also Haynes v. Singer Co., Inc., 696 F.2d 884 (11th Cir.1983) (finding that unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores owned by employer not sufficient to authorize notice to other potential class members).

At the outset, the Court notes that Aldred does not dispute that Nationsbank had a written policy of compensating non-exempt employees who worked and recorded in excess of forty

---

[2] The Court notes that the statute of limitations continues to run with respect to any individual who may wish to opt-in to the present action until such individual files a written consent to specifically opt-in to the present action. Grayson v. K Mart Corporation, 79 F.3d 1086, 1106 (11th Cir. 1996).

4

hours in a workweek an overtime wage rate of one and one-half times the regular hourly rate. Rather, Aldred alleges there was an unwritten policy of preventing non-exempt employees from reporting such overtime hours. At this point, Aldred has not provided any support that this alleged unwritten policy was either a corporate policy from the upper management of Nationsbank or a widespread practice among several Nationsbank's branches. Moreover, the only allegations to date are by Aldred that this practice occurred in the branches where she worked. Therefore, the Court finds that Aldred has failed to provide any support that there were other similarly situated non-exempt employees who were subjected to the same unwritten practices which violate the FLSA, other than at the branches where she worked.

The Court further notes that Aldred was employed as a bank teller, which was only one of numerous categories of non-exempt employees. Aldred has provided no support for the proposition that all non-exempt employees, regardless of the job description and requirements, are similarly situated to bank tellers. The Court notes that the numerous categories of non-exempt jobs would encompass different job responsibilities, salaries, and locations. Most importantly, in light of the allegation of an unwritten policy of supervisors prohibiting employees from reporting overtime hours, the various non-exempt employees would report to different supervisors. Therefore, the Court finds that at a minimum, any potential class should be limited to Aldred's employment position of bank teller.

Turning to the affidavits and transcripts, Aldred's affidavit states that the practices complained of occurred "no matter at which branch [she] worked." Aldred states she was employed by Nationsbank from January 1996 to November 1997, or approximately 100 weeks.[3]

---

[3] Nationsbank argues that Aldred admitted in her deposition that she did not work any overtime at the Coral Ridge or Deerfield branches. Aldred attempts to refute this argument. For

5

Although not stated in her affidavit, Aldred's complaint estimates the total number of overtime hours she worked (in excess of forty hours each week) totaled only fifty hours for the entire period she was employed by Nationsbank, or approximately one hour of overtime every other week. This is insufficient to establish a widespread practice of directing employees not to record and be compensated for hours which the employees actually worked. Further, while Aldred's affidavit also states there were other non-exempt persons she knew of who were not permitted to record their overtime hours, she has not provided affidavits from these individuals nor have any of these individuals sought to opt-in to the present action. See Tucker v. Labor Leasing, Inc., 872 F.Supp. 941, 948-949 (M.D. Fla.1994).

Moreover, neither the affidavit of Jason Royal nor the transcript of Cindy Haimowitz provide much additional support. Jason Royal was an exempt employee who states that several non-exempt employees complained to him that they were required to work overtime but were not allowed to record their overtime hours. However, he fails to give any names and his statement is merely unsupported hearsay. Further, the testimony of Cindy Haimowitz was that Nationsbank prohibited the practices complained of by Aldred. She testified that she became aware of only one instance where an employee worked more than forty hours without recording the overtime. However, this employee received compensation in the form of additional vacation (comp time) in another week. This isolated instance is certainly not sufficient to establish the widespread practice alleged by Aldred.

Finally, Aldred asserts that she has been denied discovery concerning other potential class members, which has hampered her ability to establish the existence of other similarly

_____

purposes of the present motion, the Court assumes that Aldred had unreported overtime at all branches where she worked.

6

situated employees. This argument has some merit, and as discussed below, the Court will permit some limited discovery. At this stage of the proceedings, however, it appears that the plaintiff is merely on a fishing expedition. Therefore, the Court will not permit the widespread notification of numerous current and former employees of Nationsbank of the present action without the sufficient showing under Dybach.

### B. Motion to Correct Scrivener's Error/ Motion for Leave to Amend Complaint

Aldred has filed a motion to correct scrivener's error asserting the original complaint contained scrivener's errors she now seeks to correct. Nationsbank has responded asserting the scrivener's errors amount to an attempt to amend the complaint. This Court agrees, and therefore, the Court will construe the motion as a motion for leave to amend.

Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires." In construing Rule 15(a), the Supreme Court has held that

In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Nationsbank asserts that the time period for filing any amendments passed one month prior to the filing of the present motion, and therefore, any amendment to the complaint would be untimely. The Court notes, however, that the case is not set for trial until November 1998. Accordingly, the Court will grant Aldred leave to file the Corrected Complaint as an Amended Complaint.

7

## C. Discovery Objections

On June 23, 1998, Magistrate Judge Linnea R. Johnson issued an Order granting Aldred's

Motion to Compel in all respects except for the following two interrogatories:

6. Please identify all employees (including former employees) who were
terminated or resigned from employment with Defendant, NATIONSBANK, for
the last three (3) years who held the same or similar position Plaintiff held with
Defendant, and for each, provide their last known residential address and
telephone number.

10. Please identify every past and present "Teller" of Defendant, who worked for
Defendant since December 15, 1994.

Aldred asserts this information is necessary to determine whether other similarly situated

employees exist. To a limited extent, this Court agrees.

As noted above, the Court finds that any potential class members are limited to current or

former bank tellers. Further, the Court notes that Aldred has agreed to limit her discovery

requests to branches located in Broward County, Florida. The Court notes that Aldred has

provided some support for her allegations that the complained of practices occurred at the

branches where she worked as a teller. The Court further notes that former and current tellers at

these branches may have relevant information concerning Aldred's own claim. Therefore, the

Court will permit limited discovery of tellers who were employed at the same branches where

Aldred worked. This information should also provide Aldred with sufficient information to find

additional plaintiffs to opt-in and meet the requirements of Dybach, if possible.

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Allow Notification to Potential Class Members Pursuant to 29 U.S.C. § 216(b) [DE 29] is hereby **DENIED**, without prejudice, for leave to refile at a later point if Aldred can meet the requirements for such notification under <u>Dybach</u>.

2. Plaintiff's Motion to Correct Scrivener's Error in Complaint [DE 31], which the Court construes as the Plaintiff's Motion for Leave to Amend, is hereby **GRANTED** and the Plaintiff's Corrected Complaint [annexed to DE 31] is deemed filed; and

3. Plaintiff's Motion to Reconsider and Objections to Magistrate Judge's June 23, 1998 Order [DE 46] is hereby **GRANTED** in part and **DENIED** in part as follows:

   A. Within fifteen (15) days of the date of this Order, the Defendant shall respond to Plaintiff's Interrogatories 6 and 10 solely with respect to all bank tellers who worked at the same branches as Aldred after December 15, 1994; and

   B. In all other respects, Plaintiff's Motion to Reconsider and Objections to Magistrate Judge's June 23, 1998 Order [DE 46] is hereby **DENIED**;

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this ___ day of September, 1998.

WILLIAM P. DIMITROULEAS
United States District Judge

9

Copies furnished to:

Susan L. Dolin, Esq.
Daniel R. Levine, Esq.
Richard F. Kane, Esq.
Gary K. Harris, Esq.
Michael T. Burke, Esq.